# Exhibit A

FILED
Secretary of State
State of Washington
Date Filed: 02/11/2022
Effective Date: 02/11/2022
UBI No: 604 465 046

# ARTICLES OF CONVERSION

Pursuant to 25.15 and Nevada statutes, the NEVADA Limited Liability Company, MAVERICK GAMING LLC is converting to a Washington Limited Liability Company, MAVERICK GAMING LLC

1) The converting entity, MAVERICK GAMING LLC a NEVADA Limited Liability Company, has been converted into MAVERICK GAMING LLC, a Washington Limited Liability Company;
2) The name of the converting entity before the conversion was MAVERICK GAMING LLC;
3) The name of the converted entity after conversion is MAVERICK GAMING LLC, a Washington Limited Liability Company;
4) The conversion was approved as required by the governing statute of Nevada;
5) The conversion was approved as required by RCW 25.15;
6) The effective date of the conversion is February 9, 2022;
7) A Certificate of Formation for the Washington Limited Liability Company is attached.

By: _____
Eric Persson, Manager of Maverick Gaming LLC

110539297.3

Work Order #: 2022021000102013 - 1
Received Date: 02/11/2022
Amount Received: $240.00

## PLAN OF CONVERSION

This Plan of Conversion (the "**Plan**") is adopted as of this 9th day of February, 2022 ("**Effective Date**") by Maverick Gaming LLC, a Nevada limited liability company (the "**Company**").

### Recitals

A.   Eric Persson (the "**Manager**"), is the manager of the Company.

B.   Prior to taking into account the effect of this Plan, the Company was a limited liability company formed under the laws of the State of Nevada.

C.   The Company is governed by the Amended and Restated Operating Agreement of the Company dated as of February 6, 2020 (the "**Operating Agreement**"). Capitalized terms that are used, but not defined, herein shall have the meanings given to those terms in the Operating Agreement.

D.   Pursuant to Nevada Revised Statutes Section 92A.005 *et seq*. (the "**Nevada Conversion Statute**") and Washington RCW 25.15.436 (the "**Washington Conversion Statute**"), a Nevada limited liability company may be converted into a Washington limited liability company.

E.   In accordance with the Operating Agreement, the Nevada Conversion Statute, and the Washington Conversion Statute, the Manager desires to cause the conversion of the Company from a Nevada limited liability company into a Washington limited liability company, upon the terms and conditions provided herein.

### Plan

1.   **Terms and Conditions**

1.1   **Conversion**.  The Company shall be converted from a Nevada limited liability company into a Washington limited liability company, effective upon the Effective Date by the filing of (a) Articles of Conversion for the Company with the Nevada Secretary of State; (b) a Plan of Conversion for the Company with the Washington Secretary of State (the "**Washington Plan of Conversion**"); and (c) a Certificate of Formation for the Company with the Washington Secretary of State (collectively with the Washington Certificate of Conversion, the "**Washington Formation Documents**").

1.2   **Succession**.  On the Effective Date, the Company shall cease its existence as a limited liability company under the laws of the State of Nevada and shall continue its existence as a limited liability company under the laws of the State of Washington (the "**Conversion**").

1.3   **Effect of Conversion - Entity Unchanged**.  On the Effective Date, by operation of law through application of the Nevada Conversion Statute and the Washington Conversion

110539297.3

Statute, the effect of the Conversion shall be as expressly provided in the Nevada Conversion Statute and the Washington Conversion Statute.

    1.3.1    More specifically, the Conversion shall have the following effect as specified in the Nevada Conversion Statute, among the other effects set forth in the Nevada Conversion Statute:

    (A)    The Company, in its capacity as a Nevada limited liability company, is converted into the Company, in its capacity as a Washington limited liability company, and is governed by and subject to the law of the of the State of Washington.

    (B)    The conversion is a continuation of the existence of the Company.

    (C)    The title to all real estate and other property owned by the Company, in its capacity as a Nevada limited liability company, is vested in the Company, in its capacity as a Washington limited liability company, without reversion or impairment.

    (D)    The Company, in its capacity as a Washington limited liability company, has all the liabilities of the Company, in its capacity as a Nevada limited liability company.

    (E)    A proceeding pending against the Company, in its capacity as a Nevada limited liability company, may be continued as if the conversion had not occurred or the Company, in its capacity as a Washington limited liability company, may be substituted in the proceeding for the Company, in its capacity as a Nevada limited liability company.

    1.3.2    Furthermore, the Conversion shall also have the following effect as specified in the Washington Conversion Statute:

    (A)    All of the rights, privileges and powers of the Company, and all property, real, personal and mixed, and all debts due to such other entity, as well as all other things and causes of action belonging to the Company, shall remain vested in the Company and shall be the property of the Company, and the title to any real property vested by deed or otherwise in the Company shall not revert or be in any way impaired by reason of the Conversion;

    (B)    All rights of creditors and all liens upon any property of the Company shall be preserved unimpaired, and all debts, liabilities and duties of the Company shall remain attached to the Company, and may be enforced against it to the same extent as if said debts, liabilities and duties had originally been incurred or contracted by it in its capacity as a Washington limited liability company;

    (C)    The rights, privileges, powers and interests in property of the Company, as well as the debts, liabilities and duties of the Company, shall not be deemed, as a consequence of the Conversion, to have been transferred to the Company, in its capacity as a Washington limited liability company, for any purpose of the laws of the State of Washington; and

110539297.3

    (D) For all purposes of the laws of the State of Washington, the Company shall not be required to wind up its affairs or pay its liabilities and distribute its assets, and the Conversion shall not be deemed to constitute a dissolution of the Company. The Company, in its capacity as a Washington limited liability company, shall be deemed to be the same Company that existed as a Nevada limited liability company and the Conversion shall constitute a continuation of the existence of the Company.

  1.4 **Membership Interests in the Company.** On the Effective Date, by virtue of the Conversion and without any further action on the part of the Company, the Manager or the Members, the Membership Interests of the Company shall continue to be Membership Interests of the Company having the same rights, duties and obligations set forth in the Amended Operating Agreement. The Membership Interests were not certificated prior to the Effective Date, and shall continue to not be certificated after the Effective Date.

2. **Amendment.** This Plan Conversion may only be amended in writing by an instrument signed by the Manager.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

110539297.3

Work Order #: 2022021000102013 - 1
Received Date: 02/11/2022
Amount Received: $240.00

This Plan is hereby executed by the following as of the Effective Date.

Maverick Gaming LLC,
a Nevada limited liability company

By: _____
Name: Eric Persson
Its:    Lead Manager

Signature Page to Plan of Conversion

110539297.3

Work Order #: 2022021000102013 - 1
Received Date: 02/11/2022
Amount Received: $240.00



BARBARA K. CEGAVSKE
Secretary of State
202 North Carson Street
Carson City, Nevada 89701-4201
(775) 684-5708
Website: www.nvsos.gov



*050106*

# Articles of Organization
# Limited-Liability Company
(PURSUANT TO NRS CHAPTER 86)

Filed in the office of /s/ Barbara K. Cegavske
Barbara K. Cegavske
Secretary of State
State of Nevada

Document Number: 20180544286-50
Filing Date and Time: 12/19/2018 12:34 PM
Entity Number: E0580242018-3

(This document was filed electronically.)
ABOVE SPACE IS FOR OFFICE USE ONLY

USE BLACK INK ONLY - DO NOT HIGHLIGHT

**1. Name of Limited-Liability Company:** (must contain approved limited-liability company wording; see instructions)
MAVERICK GAMING LLC

[ ] Check box if a Series Limited-Liability Company
[ ] Check box if a Restricted Limited-Liability Company

**2. Registered Agent for Service of Process:** (check only one box)
[X] Commercial Registered Agent: L AND R SERVICE COMPANY OF NEVADA, LLC - LAS VEGAS
[ ] Noncommercial Registered Agent (name and address below) OR [ ] Office or Position with Entity (name and address below)

**3. Dissolution Date:** (optional)
Latest date upon which the company is to dissolve (if existence is not perpetual):

**4. Management:** (required)
Company shall be managed by: [X] Manager(s)  OR  [ ] Member(s)

**5. Name and Address of each Manager or Managing Member:** (attach additional page if more than 3)
1) Name: ERIC PERSSON
   Street Address: 2926 MONTESSOURI STREET  City: LAS VEGAS  State: NV  Zip Code: 89117
2) Name:
3) Name:

**6. Name, Address and Signature of Organizer:** (attach additional page if more than 1 organizer)
I declare, to the best of my knowledge under penalty of perjury, that the information contained herein is correct and acknowledge that pursuant to NRS 239.330, it is a category C felony to knowingly offer any false or forged instrument for filing in the Office of the Secretary of State.
Name: ERIC PERSSON
Organizer Signature: X ERIC PERSSON
Address: 2926 MONTESSOURI STREET  City: LAS VEGAS  State: NV  Zip Code: 89117

**7. Certificate of Acceptance of Appointment of Registered Agent:**
I hereby accept appointment as Registered Agent for the above named Entity.
X L AND R SERVICE COMPANY OF NEVADA, LLC - LAS VEGAS      Date: 12/19/2018
Authorized Signature of Registered Agent or On Behalf of Registered Agent Entity

This form must be accompanied by appropriate fees.    Nevada Secretary

Work Order #: 2022021000102013 - 1
Received Date: 02/11/2022
Amount Received: $240.00

**ADDENDUM TO ARTICLES OF ORGANIZATION
OF MAVERICK GAMING LLC**

**ARTICLE 8
COMPLIANCE WITH GAMING LAWS**

A.     <u>Definitions</u>. For purposes of Article 8, the following terms shall have the meanings specified below:

(a)     "Act" shall mean Title 7, Chapter 86 of the Nevada Revised Statutes, as amended from time to time or any corresponding provisions of succeeding law.

(b)     "Affiliate" shall mean a Person who, directly or indirectly, through one or more intermediaries, controls, is controlled by or is under common control with, a specified Person. For the purpose of this Section A of ARTICLE 8, "**control**," "**controlled by**" and "**under common control with**" means the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a Person, whether through ownership of voting securities, by contract, or otherwise. "**Affiliated Companies**" shall mean those partnerships, corporations, limited liability companies, trusts or other entities that are Affiliates of the Company, including, without limitation, subsidiaries, holding companies and intermediary companies (as those and similar terms are defined in the Gaming Laws of the applicable Gaming Jurisdictions) that are registered or licensed under applicable Gaming Laws.

(c)     "Gaming" or "Gaming Activities" shall mean the conduct of gaming and gambling activities, or the use of gaming devices, equipment and supplies in the operation of a casino or other enterprise, including, without limitation, race books, sports pools, slot machines, gaming devices, gaming tables, cards, dice, gaming chips, player tracking systems, cashless wagering systems and associated equipment and supplies.

(d)     "Gaming Authorities" shall mean all international, foreign, federal, state, local and other regulatory and licensing bodies and agencies with authority over Gaming within any Gaming Jurisdiction. "Gaming Jurisdiction" shall mean all jurisdictions, domestic and foreign, and their political subdivisions, in which Gaming Activities are lawfully conducted.

(e)     "Gaming Laws" shall mean all laws, statutes, ordinances and regulations pursuant to which any Gaming Authority possesses regulatory and licensing authority over Gaming within any Gaming Jurisdiction, and all orders, decrees, rules and regulations promulgated by such Gaming Authority thereunder.

(f)     "Gaming Licenses" shall mean all licenses, permits, approvals, authorizations, registrations, findings of suitability, franchises, concessions and entitlements issued by a Gaming Authority necessary for or relating to the conduct of Gaming Activities.

(g)     "Own," "Ownership," or "Control," (and derivatives thereof) shall mean (i) ownership of record, (ii) "beneficial ownership" as defined in Rule 13d-3 promulgated by the United States Securities and Exchange Commission (as now or hereafter amended), or (iii) the possession, direct or indirect, of the power to direct or cause the direction of the management and

1

Work Order #: 2022021000102013 - 1
Received Date: 02/11/2022
Amount Received: $240.00

policies of a Person or the disposition of Securities, by agreement, contract, agency or other manner.

(h) "Person" shall mean an individual, partnership, corporation, limited liability company, trust or any other entity.

(i) "Redemption Date" shall mean the date specified in the Redemption Notice as the date on which the membership interests of the Securities Owned or Controlled by an Unsuitable Person or an Affiliate of an Unsuitable Person are to be redeemed by the Company.

(j) "Redemption Notice" shall mean that notice of redemption given by the Company to an Unsuitable Person or an Affiliate of an Unsuitable Person pursuant to this Article 8. Each Redemption Notice shall set forth (i) the Redemption Date, (ii) the number and type of units of the Securities to be redeemed, (iii) the Redemption Price and the manner of payment therefor, (iv) the place where any certificates for such units shall be surrendered for payment, and (v) any other requirements of surrender of the certificates, including how they are to be endorsed, if at all.

(k) "Redemption Price" shall mean the price to be paid by the Company for the Securities to be redeemed pursuant to this ARTICLE 8, which shall be that price (if any) required to be paid by the Gaming Authority making the finding of unsuitability, or if such Gaming Authority does not require a certain price to be paid, that amount determined by the Manager to be the fair value of the Securities to be redeemed.

(l) "Securities" shall mean the membership interests of the Company.

(m) "Unsuitable Person" shall mean a Person who (i) is determined by a Gaming Authority to be unsuitable to Own or Control any Securities or unsuitable to be connected or affiliated with a Person engaged in Gaming Activities in a Gaming Jurisdiction, or (ii) causes the Company or any Affiliated Company to lose or to be threatened with the loss of any Gaming License, or (iii) in the sole discretion of the members of the Company, is deemed likely to jeopardize the Company's or any Affiliated Company's application for, receipt of approval for, right to the use of, or entitlement to, any Gaming License.

B.  Purpose and Powers

The Company shall exist under the laws of the State of Nevada and is organized for any legal and lawful purpose permitted under these articles and the Act, including but not limited to the operation and management of lawful gaming activities. The Company shall have all the powers granted to a limited liability company under the laws of the State of Nevada. If the Company qualifies to do business in a foreign jurisdiction, the Company may transact all business permitted in that jurisdiction. There is no jurisdictional restriction upon the Company's assets or activities.

C.  Finding of Unsuitability.

Work Order #: 2022021000102013 - 1
Received Date: 02/11/2022
Amount Received: $240.00

(a) The Securities Owned or Controlled by an Unsuitable Person or an Affiliate of an Unsuitable Person shall be subject to redemption by the Company, out of funds legally available therefor, by action of the Manager of the Company, to the extent required by the Gaming Authority making the determination of unsuitability or to the extent deemed necessary or advisable by the Manager. If a Gaming Authority requires the Company, or the Manager deems it necessary or advisable, to redeem any such Securities, the Company shall give a Redemption Notice to the Unsuitable Person or its Affiliate and shall purchase on the Redemption Date the number of units of the Securities specified in the Redemption Notice for the Redemption Price set forth in the Redemption Notice. From and after the Redemption Date, such Securities shall no longer be deemed to be outstanding, such Unsuitable Person or any Affiliate of such Unsuitable Person shall cease to be a unit holder with respect to such units and all rights of such Unsuitable Person or any Affiliate of such Unsuitable Person therein, other than the right to receive the Redemption Price, shall cease. Such Unsuitable Person or its Affiliate shall surrender the certificates representing any membership interests to be redeemed in accordance with the requirements of the Redemption Notice.

(b) Notwithstanding anything to the contrary expressed or implied in these articles, the sale, assignment, transfer, pledge or other disposition of any interest in the Company is ineffective unless approved in advance by the Gaming Authority. If at any time the Gaming Authority finds that a member which owns any Securities is an Unsuitable Person, the Gaming Authority shall immediately notify the Company of that fact. The Company shall, within ten (10) days from the date that it receives the notice from the Gaming Authority (or such shorter period as the Gaming Authority may impose), return to the Unsuitable Person the amount of his capital account as reflected on the books of the Company. Beginning on the date when the Gaming Authority serves notice of a determination of unsuitability upon the Company, it is unlawful for the Unsuitable Person: (a) To receive any share of the distribution of profits or cash or any other property of, or payments upon dissolution of, the Company, other than a return of capital as required above; (b) To exercise directly or through a trustee or nominee, any voting right conferred by such interest; (c) To participate in the management of the business and affairs of the Company; or (d) To receive any remuneration in any form from the Company, for services rendered or otherwise.

(c) Any member that is found unsuitable by the Gaming Authority shall return all evidence of any ownership in the Company to the Company, at which time the Company shall within ten (10) days (or such shorter period as the Gaming Authority may impose), after the Company receives notice from the Gaming Authority, return to the Unsuitable Person in cash, the amount of his capital account as reflected on the books of the Company, and the Unsuitable Person shall no longer have any direct or indirect interest in the Company.

D. <u>Notices</u>. All notices given by the Company pursuant to this Article, including Redemption Notices, shall be in writing and may be given by mail, addressed to the Person at such Person's address as it appears on the records of the Company, with postage thereon prepaid, and such notice shall be deemed given at the time deposited in the United States mail. Written notice may also be given personally or by telegram, facsimile, telex or cable and such notice shall be deemed to be given at the time of receipt thereof, if given personally, or at the time of transmission thereof, if given by telegram, facsimile, telex or cable.

Work Order #: 2022021000102013 - 1
Received Date: 02/11/2022
Amount Received: $240.00

E.  **Indemnification.** Any Unsuitable Person and any Affiliate of an Unsuitable Person shall indemnify and hold harmless the Company and its Affiliated Companies for any and all losses, costs, and expenses, including attorneys' fees, incurred by the Company and its Affiliated Companies as a result of, or arising out of, such Unsuitable Person's or Affiliate's continuing Ownership or Control of Securities, the neglect, refusal or other failure to comply with the provisions of this ARTICLE 8, or failure to promptly divest itself of any Securities when required by the Gaming Laws or this ARTICLE 8.

F.  **Injunctive Relief.** The Company is entitled to injunctive or other equitable relief in any court of competent jurisdiction to enforce the provisions of this ARTICLE 8 and each holder of the Securities of the Company shall be deemed to have acknowledged, by acquiring the Securities of the Company, that the failure to comply with this ARTICLE 8 will expose the Company to irreparable injury for which there is no adequate remedy at law and that the Company is entitled to injunctive or other equitable relief to enforce the provisions of this Article.

G.  **Non-exclusivity of Rights.** The Company's rights of redemption provided in this ARTICLE 8 shall not be exclusive of any other rights the Company may have or hereafter acquire under any agreement, provision of the operating agreement or otherwise.

H.  **Further Actions.** Nothing contained in this ARTICLE 8 shall limit the authority of the Manager to take such other action to the extent permitted by law as it deems necessary or advisable to protect the Company or its Affiliated Companies from the denial or threatened denial or loss or threatened loss of any Gaming License of the Company or any of its Affiliated Companies. Without limiting the generality of the foregoing, the Manager may conform any provisions of this ARTICLE 8 to the extent necessary to make such provisions consistent with Gaming Laws. In addition, the Manager may, to the extent permitted by law, from time to time establish, modify, amend or rescind the operating agreement, regulations, and procedures of the Company not inconsistent with the express provisions of this ARTICLE 8 for the purpose of determining whether any Person is an Unsuitable Person and for the orderly application, administration and implementation of the provisions of this ARTICLE 8. Such procedures and regulations shall be kept on file with the Secretary of the Company, the secretary of its Affiliated Companies and with the transfer agent, if any, of the Company and any Affiliated Companies, and shall be made available for inspection by the public and, upon request, mailed to any holder of Securities. The Manager shall have exclusive authority and power to administer this ARTICLE 8 and to exercise all rights and powers specifically granted to the Manager or the Company, or as may be necessary or advisable in the administration of this ARTICLE 8. All such actions which are done or made by the Manager in good faith shall be final, conclusive and binding on the Company and all other Persons; provided, however, that the Manager may delegate all or any portion of its duties and powers under this ARTICLE 8 to a committee as the Manager deems necessary or advisable.

I.  **Severability.** If any provision of this ARTICLE 8 or the application of any such provision to any Person or under any circumstance shall be held invalid, illegal, or unenforceable in any respect by a court of competent jurisdiction, such invalidity, illegality or unenforceablilty shall not affect any other provision of this ARTICLE 8.

4

Work Order #: 20220210000102013 - 1
Received Date: 02/11/2022
Amount Received: $240.00

J.   <u>Termination and Waivers</u>. Except as may be required by any applicable Gaming Law or Gaming Authority, the Manager may waive any of the rights of the Company or any restrictions contained in this ARTICLE 8 in any instance in which the Manager determines that a waiver would be in the best interests of the Company. The Manager may terminate any rights of the Company or restrictions set forth in this ARTICLE 8 to the extent that the Manager determines that any such termination is in the best interests of the Company. Except as may be required by a Gaming Authority, nothing in this ARTICLE 8 shall be deemed or construed to require the Company to repurchase any Securities Owned or Controlled by an Unsuitable Person or an Affiliate of an Unsuitable Person.

Work Order #: 20220210000102013 - 1
Received Date: 02/11/2022
Amount Received: $240.00



**Office of the Secretary of State**
Corporations & Charities Division

**Physical/Overnight address**
801 Capitol Way S
Olympia, WA 98501-1226
Tel: 360.725.0377

**Mailing Address**
PO Box 40234
Olympia, WA 98504-0234
www.sos.wa.gov/corps

This Box For Office Use Only

☐ Filing Fee $180

☐ To Expedite Filing Add $50

## Certificate of Formation
## Limited Liability Company
## RCW 23.95 and RCW 25.15

**All fields required unless otherwise specified**

**(1) Do you already have a UBI Number?** (Check one) ☒ Yes ☐ No  If Yes, provide UBI # 604 465 046

If No, a new UBI# will be issued to you upon successful completion of the filing.

**(2) ENTITY NAME:** Maverick Gaming LLC

**If designation is not provided, it will be defaulted to LLC**

**For name requirements review the following RCW(s):** RCW 23.95.305

Does the entity have a name reserved? (Check one) ☐ Yes ☒ No

If Yes, provide the Name Reservation Number and Name    If No, provide only the name

Reservation Number: _____

Name: Maverick Gaming LLC

**(3) PERIOD OF DURATION :** Please check **ONE** of the following

☒ This Company shall have a perpetual duration (default)  ☐ This Company shall have a duration of _____ years.

☐ This Company shall expire on _____

**(4) EFFECTIVE DATE:** Please check **ONE** of the following:

☒ Date of filing   ☐ Specify a date _____   cannot be more than 90 days following received date

Certificate of Formation - Limited Liability Company
Pg 1 | Revised 10.2019

Page: 12 of 15

Work Order #: 2022021000102013 - 1
Received Date: 02/11/2022
Amount Received: $240.00

## (5) REGISTERED AGENT:

Is the Registered Agent a Commercial Registered Agent?  ☐ Yes  ■ No

**If Yes**, provide the name of the Commercial Registered Agent: _____

A Commercial Registered Agent is an entity or individual that is registered with the Office of the Secretary of State to receive legal documents on behalf of a corporation. A Commercial Registered Agent has the entities/individual's address on record with the office.

**A Registered Agent consent is still required for a Commercial Registered Agent located below.**

**If No**, please continue below

Please complete **ONE** type of Registered Agent below. Be sure to include the name below the checked box. Then continue to provide the required street address. Mailing address if needed.

| ■ Individual | ☐ Entity | ☐ Office or Position |
|---|---|---|
| Phyllis Ermey | | |
| First and last name of a Non-commercial Registered Agent. (Any person not registered as a Commercial Registered Agent.) | Name of a Non-commercial Registered Agent. (Any business not registered as a Commercial Registered Agent.) | List the Office or Position serves as agent. (Only if using the specific office or position as the registered agent, no matter who holds the position like: Secretary, Member or Treasurer.) |

Phone: _____   Email: _____

**Registered Agent Street Address (required)**
(Must be a physical address No PO Box or PMB)

Country: United States   State: Washington
Address: 12530 NE 144th St
Zip: 98034   City: Kirkland

**Registered Agent Mailing Address (optional)**
■ Check if mailing address is the same as street address

Country: United States   State: Washington
Address: _____
Zip: _____   City: _____

### CONSENT TO SERVE AS REGISTERED AGENT - REQUIRED FOR ALL TYPES

I hereby consent to serve as Registered Agent in the State of Washington for the named entity. I understand it will be my responsibility to accept service of process, notices, and demands on behalf of the entity; to forward mail to the entity; and to immediately notify the Office of the Secretary of State if I resign or change the Registered Office Address.

*[signature]*                              Phyllis Ermey                           2/9/2022
Signature of Registered Agent         Printed Name/Title                      Date

Certificate of Formation - Limited Liability Company
Pg 2 | Revised 10.2019

Page: 13 of 15

Work Order #: 2022021000102013 - 1
Received Date: 02/11/2022
Amount Received: $240.00

**(6) PRINCIPAL OFFICE:** *The place where the entity's records are kept*

| Principal Office Street Address<br>(Must be a physical address; No PO Box or PMB) | Mailing Address (optional)<br>■ Check if mailing address is the same as street address. |
|---|---|
| Address: 12530 NE 144th St | Address: |
| Zip: 98034   City: Kirkland | Zip:   City: |
| State: WA   Country: USA | State:   Country: |

Phone: (optional) _____   Email: (optional) _____

**(7) RETURN ADDRESS FOR THIS FILING:** *(Optional)*

This address will be sent document(s) regarding this specific filing in addition to document(s) being sent to the Registered Agent's street/mailing address.

Attention to: Richard McCann    Email: RMcCann@LewisRoca.com
Address: 3993 Howard Hughes Parkway, Suite 600
City: Las Vegas    State: Nevada    Zip: 89169

**(8) EXECUTOR INFORMATION:**

Name, address, and signature required. Attach additional sheets if necessary.

I herby certify, under penalty of law, that the above information is accurate and complies with the filing requirements of state law.

Name: Jeffrey Steffen
Address: 3993 Howard Hughes Parkway, Suite 600
City: Las Vegas    State: Nevada    Zip: 89169    Country: USA

_[signature]_    Jeffrey Steffen    2/9/2022
Signature of Executor    Printed Name/Title    Date

Certificate of Formation - Limited Liability Company
Pg 3 | Revised 10.2019

Work Order #: 2022021000102013 - 1
Received Date: 02/11/2022
Page: 14 of 15
Amount Received: $240.00



**Office of the Secretary of State**
**Corporations & Charities Division**

Physical/Overnight address
801 Capitol Way S
Olympia, WA 98501-1226
Tel: 360.725.0377

Mailing Address
PO Box 40234
Olympia, WA 98504-0234
www.sos.wa.gov/corps

This Box For Office Use Only

# COVER SHEET FOR CONVERSION OF BUSINESS ENTITY

*This form does not replace the documents required to be submitted for a conversion. Please refer to the RCWs below for additional guidance.*

## Converting From:
*(current domicile and business type)*

⬇ **Select current domicile**
- ☐ Domestic (Washington)
- ☒ Foreign (list domicile below)
  Nevada

⬇ **Select current business type** — Governing Statute
- ☐ Profit Corporation — RCW 23.B
- ☒ Limited Liability Company (LLC) — RCW 25.15
- ☐ Limited Partnership (LP or LLP) — RCW 25.10
- ☐ Limited Liability Partnership (LLP) — RCW 25.05
- ☐ Unincorporated Entity
- ☐ Other: (list below)

## Converting to:
*(new domicile and business type)*

⬇ **Select new domicile**
- ☒ Domestic (Washington)
- ☐ Foreign (list domicile below)

⬇ **Select new business type** — Governing Statute
- ☐ Profit Corporation — RCW 23.B
- ☒ Limited Liability Company (LLC) — RCW 25.15
- ☐ Limited Partnership (LP or LLP) — RCW 25.10
- ☐ Limited Liability Partnership (LLP) — RCW 25.05
- ☐ Unincorporated Entity
- ☐ Other: (list below)

1. Current name of business: Maverick Gaming LLC
2. UBI No.: (if available): 604 465 046
3. Name of new business: Maverick Gaming LLC
4. Date conversion is to be effective: 2/9/2022
5. Address for Service of Process if converted business is foreign:
   Address: 12530 NE 144th St
   City: Kirkland    State or Country: Washington    Postal Code: 98034

☒ Attach required documents per RCW: 25.15.436

Contact Name: Richard McCann    Phone Number: (702) 474-2653

Conversion Cover Sheet
Pg 1 | Revised 6.2021

Work Order #: 2022021000102013 - 1
Received Date: 02/11/2022
Amount Received: $240.00