UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAVERICK GAMING, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>UNITED STATES DEPARTMENT OF<br>THE INTERIOR, DEB HAALAND,<br>BRYAN NEWLAND, JAY INSLEE,<br>ROBERT FERGUSON,<br>BUD SIZEMORE, JULIA PATTERSON,<br>ALICIA LEVY, KRISTINE REEVES,<br>SARAH LAWSON, STEVE CONWAY,<br>JEFF HOLY, SHELLEY KLOBA,<br>BRANDON VICK, and TINA GRIFFIN,<br><br>　　　　　Defendants. | Civil Action NO. 1:22-cv-00068-FYP |

**MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS**

## I.     INTRODUCTION

Concurrently with this Motion, the State Defendants filed a Motion to Transfer this action to the U.S. District Court for the Western District of Washington. The State Defendants' deadline to respond to the Complaint is less than one month away; the content of dispositive motions may depend on the law of the circuit in which this action proceeds, and strategic litigation decisions may hinge on resolution of the venue question. To serve the interests of justice and efficiency, this action should be stayed until the State Defendants' Motion to Transfer is resolved.

## II.     LCvR 7(m) STATEMENT

Pursuant to LCvR 7(m), Defendants conferred with Plaintiff by telephone on February 23, 2022 on whether Plaintiff would agree to a stay of proceedings until the State Defendants' Motion to Transfer (which Plaintiff indicated it would oppose) is resolved. Plaintiff indicated it would respond to a proposal by email, and the State Defendants followed up shortly after the telephonic conference by emailing a proposal that included a stay of proceedings until the Motion to Transfer is resolved. On February 24, 2022, Plaintiff rejected the proposal by email, instead proposing to amend its Complaint to drop the State Defendants as parties.[1]

The Federal Defendants join the State Defendants' request to stay proceedings in this action pending resolution of the State Defendants' Motion to Transfer.

## III.     BACKGROUND

On January 11, 2022, Plaintiff Maverick Gaming, LLC (Maverick) filed its Complaint in the U.S. District Court for the District of Columbia. The State Defendants' response to the Complaint is due on March 22, 2022.

---

[1] The State Defendants indicated that they oppose Plaintiff's proposal, as this lawsuit challenges State compacts negotiated, agreed to, and administered pursuant to State law.

1

For the reasons explained in their pending Motion to Transfer, the State Defendants moved to transfer the case to the U.S. District Court for the Western District of Washington.

## IV.     ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In exercising its sound discretion, the Court must " 'weigh competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (internal citations omitted) (quoting *Landis*, 299 U.S. at 254–55). Courts consider three factors to decide a motion to stay: "(1) harm to the nonmoving party if a stay does issue; (2) the moving party's need for a stay—that is, the harm to the moving party if a stay does not issue; and (3) whether a stay would promote efficient use of the court's resources." *Ctr. for Biol. Div. v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019). Here, postponing further proceedings until the preliminary question of proper venue is resolved would not prejudice any party but would serve the interests of justice and efficiency.

First, a stay would not harm Maverick. The instant motion and the State Defendants' Motion to Transfer are the only motions currently pending; Maverick has not moved for any relief, expressed any need for urgency, or given any indication that a temporary stay to determine the proper venue for this action would harm Maverick in any way. Indeed, the tribal gaming compacts that Plaintiff challenges in this case have been in place for up to 30 years; the federal statute that authorizes such compacts, the Indian Gaming Regulatory Act (IGRA), has been in place for over

34 years; and the Washington State criminal statutes that Maverick claims are unconstitutional have been in place for up to 49 years.

Second, a stay would avoid the harm of requiring Defendants to address merits issues or other matters in the wrong forum. The question of which court will decide this case has important implications for all parties, including Defendants, and it would not be an efficient use of the parties' resources to proceed with this case until the question of the proper forum is determined. In particular, any dispositive motions will need to address the governing law, which may not be identical between the Ninth Circuit and the D.C. Circuit. Aside from the merits, any other preliminary issues or requests for relief should be addressed in the proper forum, by the court that will ultimately preside over the case. It would not be economical for Defendants to formulate circuit-specific strategy or to sequentially research and argue the law of two different circuits.

Third, a stay would promote the efficient use of judicial resources by avoiding serial decisions on related issues by two different courts. It would be especially inefficient for this Court to address any issues in this case that relate to the State Defendants, over which the Court lacks personal jurisdiction (as explained in the concurrently filed motion to transfer). The most efficient allocation of judicial resources is for a single court to handle the case.

## V.    CONCLUSION

The Court should stay proceedings in this action, including the deadline to respond to the Complaint, any briefing deadlines, and any other deadlines established by the Federal Rules of Civil Procedure and the Local Rules, other than the briefing deadlines related to the instant motion and the State Defendants' Motion to Transfer, until resolution of the State Defendants' Motion to Transfer to the U.S. District Court for the Western District of Washington.

DATED this 24th day of February, 2022.

                              ROBERT W. FERGUSON
Attorney General of Washington

*/s/ Kristin Beneski*
KRISTIN BENESKI, WSBA #45478
First Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
kristin.beneski@atg.wa.gov
*Attorneys for State Defendants*

4

## CERTIFICATE OF SERVICE

I certify, under penalty of perjury under the law of the District of Columbia, that the foregoing was electronically filed in the United States District Court for the District of Columbia and electronically served on the following parties:

Theodore B. Olson
Matthew D. McGill
Lochlan F. Shelfer
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955 – 8668
tolson@gibsondunn.com
*Attorneys for Plaintiff*

DATED this 24th day of February 2022, at Seattle, Washington.

ROBERT W. FERGUSON
Attorney General of Washington

*/s/ Kristin Beneski*
KRISTIN BENESKI, WSBA #45478
First Assistant Attorney General