IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAVERICK GAMING LLC,<br><br>12530 NE 144th Street,<br>Kirkland, WA 98034<br><br>    Plaintiff,<br><br> v.<br><br>THE UNITED STATES OF AMERICA,<br><br>555 4th Street, NW, Washington, DC 20001,<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>1849 C Street, NW, Washington, DC 20240,<br><br>DEB HAALAND, in her official capacity as Secretary of the Interior,<br><br>1849 C Street, NW, Washington, DC 20240,<br><br>BRYAN NEWLAND, in his official capacity as Assistant Secretary – Indian Affairs,<br><br>1849 C Street, NW, Washington, DC 20240,<br><br>JAY INSLEE, in his official capacity as the Governor of Washington,<br><br>Office of the Governor, P.O. Box 40002, Olympia, WA 98504,<br><br>ROBERT FERGUSON, in his official capacity as the Attorney General of Washington,<br><br>1125 Washington Street, SE, P.O. Box 40100, Olympia, WA 98504,<br><br>BUD SIZEMORE, in his official capacity as Chair of the Washington State Gambling Commission,<br><br>P.O. Box 42400, Olympia, WA 98504, | Civil Action No. 1:22-cv-00068-FYP |

JULIA PATTERSON, in her official capacity as Vice-Chair of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

ALICIA LEVY, in her official capacity as Commissioner of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

KRISTINE REEVES, in her official capacity as Commissioner of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

SARAH LAWSON, in her official capacity as Commissioner of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

STEVE CONWAY, in his official capacity as ex officio member of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

JEFF HOLY, in his official capacity as ex officio member of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

SHELLEY KLOBA, in her official capacity as ex officio member of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

BRANDON VICK, in his official capacity as ex officio member of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

TINA GRIFFIN, in her official capacity as Interim Director of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

        Defendants.

# MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO DROP THE WASHINGTON STATE DEFENDANTS

Plaintiff Maverick Gaming LLC ("Maverick"), by and through its undersigned counsel, hereby respectfully moves, pursuant to Rules 15(a)(2) and 21 of the Federal Rules of Civil Procedure, for leave to file its First Amended Complaint and to drop the Washington State defendants from this action. The points of law and authority supporting this motion are set forth in the accompanying memorandum.

Dated:  March 10, 2022

Respectfully submitted,

/s/ *Theodore B. Olson*

THEODORE B. OLSON
   D.C. Bar No. 367456
MATTHEW D. MCGILL
   D.C. Bar No. 481430
LOCHLAN F. SHELFER
   D.C. Bar No. 1029799
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone:  202.955.8668
Email:  tolson@gibsondunn.com

*Counsel for Maverick Gaming LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MAVERICK GAMING LLC,

12530 NE 144th Street,
Kirkland, WA 98034

        Plaintiff,

  v.

THE UNITED STATES OF AMERICA,

555 4th Street, NW, Washington, DC 20001,

UNITED STATES DEPARTMENT OF THE INTERIOR,

1849 C Street, NW, Washington, DC 20240,

DEB HAALAND, in her official capacity as Secretary of the Interior,

1849 C Street, NW, Washington, DC 20240,

BRYAN NEWLAND, in his official capacity as Assistant Secretary – Indian Affairs,

1849 C Street, NW, Washington, DC 20240,

JAY INSLEE, in his official capacity as the Governor of Washington,

Office of the Governor, P.O. Box 40002, Olympia, WA 98504,

ROBERT FERGUSON, in his official capacity as the Attorney General of Washington,

1125 Washington Street, SE, P.O. Box 40100, Olympia, WA 98504,

BUD SIZEMORE, in his official capacity as Chair of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

Civil Action No. 1:22-cv-00068-FYP

JULIA PATTERSON, in her official capacity as Vice-Chair of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

ALICIA LEVY, in her official capacity as Commissioner of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

KRISTINE REEVES, in her official capacity as Commissioner of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

SARAH LAWSON, in her official capacity as Commissioner of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

STEVE CONWAY, in his official capacity as ex officio member of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

JEFF HOLY, in his official capacity as ex officio member of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

SHELLEY KLOBA, in her official capacity as ex officio member of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

BRANDON VICK, in his official capacity as ex officio member of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

TINA GRIFFIN, in her official capacity as Interim Director of the Washington State Gambling Commission,

P.O. Box 42400, Olympia, WA 98504,

           Defendants.

# MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO DROP THE WASHINGTON STATE DEFENDANTS

**TABLE OF CONTENTS**

BACKGROUND ............................................................................................................................. 1

ARGUMENT ................................................................................................................................. 2

    I.      Maverick Is Entitled To Amend Its Complaint As Of Right. ................................. 3

    II.     In The Alternative, This Court Should Grant Maverick Leave To Amend Its Complaint.................................................................................................................. 5

    III.    This Court Should Drop The State Defendants From This Action........................ 7

CONCLUSION............................................................................................................................... 8

## TABLE OF AUTHORITIES

**CASES**

*Atchinson v. District of Columbia*,
  73 F.3d 418 (D.C. Cir. 1996) ............................................................................................5

*Borda v. Exec. Off. for U.S. Att'y*,
  125 F. Supp. 3d 196 (D.D.C. 2015) ..................................................................................3

*\*Crane v. Carr*,
  814 F.2d 758 (D.C. Cir. 1987) ..........................................................................................7

*\*Hayes v. Buttigieg*,
  2021 WL 6619326 (D.D.C. May 3, 2021) ........................................................................3

*James V. Hurson Assocs., Inc. v. Glickman*,
  229 F.3d 277 (D.C. Cir. 2000) ..........................................................................................4

*Jenkins v. Kerry*,
  928 F. Supp. 2d 122 (D.D.C. 2013) ..................................................................................3

*\*Levinson v. Wilmer Cutler Pickering Hale & Dorr LLP*,
  999 F. Supp. 2d 226 (D.D.C. 2013) ..................................................................................5

*\*Villery v. District of Columbia*,
  277 F.R.D. 218 (D.D.C. 2011) ..........................................................................................3

**STATUTES**

28 U.S.C.
  § 1404(a) ...........................................................................................................................2
  § 1406 ................................................................................................................................2
  § 1631 ................................................................................................................................2

**RULES**

Fed. R. Civ. P. 15(a) ...............................................................................................................2

Fed. R. Civ. P. 15(a)(1) ..........................................................................................................4

Fed. R. Civ. P. 15(a)(1)(A) ....................................................................................................4

*Fed. R. Civ. P. 15(a)(1)(B) ............................................................................................1, 3, 4, 5

*Fed. R. Civ. P. 15(a)(2) ....................................................................................................1, 5

*Fed. R. Civ. P. 21 .............................................................................................................1, 7

On February 24, 2022, the Washington State defendants ("State Defendants") moved to transfer this case to the Western District of Washington. The State Defendants argue that this Court lacks personal jurisdiction over them and that transferring the case would serve the interests of convenience and justice. *See* Dkt. 30-1. To eliminate any possible concerns, streamline the issues before this Court, and promote judicial efficiency, Plaintiff Maverick Gaming LLC ("Maverick") is amending its complaint to drop the State Defendants and Counts Two and Three. Maverick's First Amended Complaint limits its challenge in this action to Count One of the initial complaint, which requests relief against the federal defendants alone. Because defendants have not yet filed an answer or a Rule 12 motion, Maverick is entitled to amend its complaint as of right. *See* Fed. R. Civ. P. 15(a)(1)(B). But because there is a split of authority in this district on whether a plaintiff may amend his complaint as of right pursuant to Rule 15(a)(1)(B) *before* a defendant files an answer or Rule 12 motion, Maverick therefore moves, in the alternative, for leave to file its First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Finally, because its First Amended Complaint would eliminate all claims against the State Defendants, Maverick respectfully requests that this Court drop the State Defendants from this action pursuant to Federal Rule of Civil Procedure 21. Maverick has conferred with the defendants pursuant to D.D.C. Local Rule 7(m). The State Defendants oppose this request. The federal defendants take no position.

## BACKGROUND

On January 11, 2022, Maverick filed its initial complaint in this case. The initial complaint brought three counts: Count One alleged that the Secretary of the Interior violated the Administrative Procedure Act ("APA") by approving tribal-state gaming compact amendments that give Indian tribes a monopoly over sports betting because those amendments violate the Indian Gaming Regulatory Act ("IGRA") and related federal statutes, the U.S. Constitution's guarantee

1

of equal protection, and the anticommandeering principle of the Tenth Amendment. Dkt. 1, at 34–35 (Compl. ¶¶ 161–73). Count Two challenged the State Defendants' execution and administration of the tribal-state compacts and compact amendments. *Id.* at 36–38 (Compl. ¶¶ 174–88). Count Three challenged the State Defendants' racially discriminatory enforcement of the State's criminal prohibitions against most forms of class III gaming. *Id.* at 38–40 (Compl. ¶¶ 189–203).

On February 24, 2022, the State Defendants moved to transfer this case to the Western District of Washington. *See* Dkt. 30-1. The State Defendants argue that this Court should transfer the case under 28 U.S.C. §§ 1631 and 1406 on the ground that this Court lacks personal jurisdiction over them. *See* Dkt. 30-1, at 12–20. Alternatively, they argue that this Court should transfer the case pursuant to 28 U.S.C. § 1404(a) on the grounds of convenience and the interest of justice. *See* Dkt. 30-1, at 20–27.

## ARGUMENT

The State Defendants' motion to transfer would require the parties to litigate—and this Court to decide—questions of jurisdiction and venue that are ancillary to the core legal questions in this case. To avoid this unnecessary expenditure of resources and simplify the issues before this Court, Maverick is amending its complaint to drop the State Defendants and to limit its challenge in this action to Count One, which challenges the Secretary of the Interior's approval of tribal-state compact amendments that give Indian tribes a monopoly over sports betting in Washington. *See* Fed. R. Civ. P. 15(a). These changes would moot many of the arguments in the State Defendants' transfer motion, saving the parties and this Court the expense of litigating and deciding that motion.

Maverick accordingly is filing its First Amended Complaint and requesting this Court to drop the State Defendants from this action.[1]

**I.      Maverick Is Entitled To Amend Its Complaint As Of Right.**

Rule 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier" "if the pleading is one to which a responsive pleading is required." Fed. R. Civ. P. 15(a)(1)(B). Because a defendant is required to file an answer in response to a complaint, Rule 15(a)(1)(B) permits Maverick to amend its original complaint once as a matter of right any time before 21 days after service of an answer or Rule 12 motion. *See Hayes v. Buttigieg*, 2021 WL 6619326, at *1 (D.D.C. May 3, 2021) (alteration in original) (quoting *Villery v. District of Columbia*, 277 F.R.D. 218, 219 (D.D.C. 2011)) (noting that Rule 15(a)(1)(B) gives a plaintiff "an absolute right to amend its complaint . . . at any time from the moment the complaint is filed until [twenty-one] days after the earlier of the filing of a responsive pleading or a motion under Rule 12(b), (e), or (f)").

Because no defendant has filed an answer or a Rule 12 motion, the 21-day clock has not yet started and Maverick is entitled to amend its complaint to drop all claims against the State Defendants as of right.

Maverick notes, however, that some judges in this district have held that Rule 15(a)(1)(B) permits a plaintiff to amend its complaint as a matter of right only *after* an answer or Rule 12 motion has been filed. *See Borda v. Exec. Off. for U.S. Att'y*, 125 F. Supp. 3d 196, 198–99 (D.D.C. 2015) (noting the "split of authority on [this] issue"); *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 136

---

[1] Maverick has attached its First Amendment Complaint as Exhibit 1 to this motion and has attached a redline comparison of the initial complaint and the First Amended Complaint as Exhibit 2.

3

(D.D.C. 2013) (holding that a plaintiff was not entitled to amend her complaint as of right under Rule 15(a)(1)(B) before the defendants filed their motion to dismiss).

The authorities recognizing that Rule 15(a)(1)(B) permits a plaintiff to amend his complaint any time before the filing of an answer or Rule 12 motion are correct. A previous version of Rule 15 "guarantee[d] a plaintiff an absolute right to amend its complaint once at any time before the defendant has filed a responsive pleading." *James V. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282–83 (D.C. Cir. 2000). But this rule had a different effect depending on the means a defendant used to attack the pleading: service of a responsive pleading immediately terminated the right to amend, but service of a *motion* attacking the pleading did not. Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment.

To eliminate this differential treatment, Rule 15(a)(1) was amended in 2009 to (1) provide that the right to amend as a matter of course terminates 21 days after the service of a Rule 12 motion, whereas such motions previously did not affect the right; and (2) provide that the right to amend as a matter of course also terminates 21 days after the service of a responsive pleading, whereas service of a responsive pleading previously terminated the right *immediately*. *Id.* The 2009 amendment also extended from 20 to 21 days "the period to amend a pleading to which no responsive pleading is allowed." *Id.*

There is no indication that the 2009 amendment to Rule 15(a)(1) eliminated a plaintiff's traditional right to amend his complaint at any time before the filing of a required responsive pleading. Instead, Rule 15(a)(1), properly construed, sets two different deadlines by which a party may amend a pleading as of right, depending on whether it is one that requires a responsive pleading. If no responsive pleading is required, a party has 21 days after serving his pleading to amend it as of right. Fed. R. Civ. P. 15(a)(1)(A). But if a pleading requires a responsive pleading

4

(as Maverick's complaint does), a party may amend it as of right any time before 21 days after service of a responsive pleading or Rule 12 motion. Fed. R. Civ. P. 15(a)(1)(B). Maverick is thus entitled to amend its complaint as a matter of right and drop the claims against the State Defendants.

**II.   In The Alternative, This Court Should Grant Maverick Leave To Amend Its Complaint.**

Should the Court determine that Maverick requires leave to amend its complaint, this Court should grant leave. Rule 15(a)(2) instructs that "[t]he court should freely" allow amendment "when justice so requires." In considering whether to grant a motion for leave to amend a complaint, a court considers: "(1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *Levinson v. Wilmer Cutler Pickering Hale & Dorr LLP*, 999 F. Supp. 2d 226, 227 (D.D.C. 2013). "[A] district court should grant leave to amend a complaint" in the absence of any such factors. *Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996). Because none of these factors are present, and because Maverick's proposed amendments to its complaint would simplify the issues before this Court and resolve many of the concerns in the State Defendants' transfer motion, this Court should grant Maverick leave to amend its complaint.

Maverick has not delayed in moving to amend its complaint, but has promptly done so within the time period for responding to the State Defendants' transfer motion. Nor has Maverick previously amended its complaint. And no party will be prejudiced by Maverick's amended complaint. First, Maverick's amended complaint *removes* all claims against the State Defendants and drops them from the action. Far from prejudicing them, Maverick's amended complaint benefits the State Defendants by voluntarily dismissing them from this litigation. Second, Maverick's amended complaint will not prejudice the federal defendants because they would have

5

to answer Maverick's APA claim against them regardless of whether the claims against the State defendants remain in this litigation.

Maverick's proposed amendments also are neither futile nor made in bad faith. On the contrary, Maverick is proposing to drop the two counts against the State Defendants in a good-faith effort to resolve any possible concerns raised by the State Defendants in their transfer motion and to avoid unnecessary litigation. Maverick's First Amended Complaint would no longer challenge the State Defendants' execution or administration of the tribal-state gaming compacts or their enforcement of Washington's criminal prohibition of most forms of class III gaming. Instead, the First Amended Complaint would argue only that the U.S. Secretary of the Interior's approval of tribal-state compact amendments giving Indian tribes a monopoly over sports betting violates federal statutory and constitutional law.

The State Defendants note that Counts Two and Three "likely involve only the State Defendants," and that any necessary witnesses and proof on these claims are likely to be located in Washington State. Dkt. 30-1, at 26. Maverick's First Amended Complaint obviates these concerns by removing those counts and limiting its challenge to the actions of the federal defendants in the District of Columbia.

Additionally, Maverick's removal of the State Defendants from its First Amended Complaint moots their argument that this Court lacks personal jurisdiction over them. *See* Dkt. 30-1, at 12–20. Because Maverick's amended complaint would resolve the State Defendants' concerns and avoid unnecessary litigation over jurisdiction and venue by focusing on the actions committed by federal officials in this district, the Court should grant Maverick leave to amend its complaint.

**III.     This Court Should Drop The State Defendants From This Action.**

For the same reasons that this Court should permit Maverick to amend its complaint (if it determines that leave is required), it should also drop the State Defendants from this action. Rule 21 of the Federal Rules of Civil Procedure provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Because the only claim remaining in Maverick's First Amended Complaint is its APA challenge to the Secretary of the Interior's approval of Washington's tribal-state sports-betting compact amendments, it would be just to drop the State Defendants from this challenge to federal agency action. *See Crane v. Carr*, 814 F.2d 758, 761 (D.C. Cir. 1987) (opinion of Ruth Bader Ginsburg, J.) (noting that "defendants are appropriately dropped from the party lineup" because the plaintiff "is pursuing no relief against them"). Dropping the State Defendants would not prejudice them. Indeed, they argue that this Court has no personal jurisdiction over them, Dkt. 30-1, at 13–17, so they cannot simultaneously claim that dismissing them from this action would prejudice them. As explained above, the federal defendants would not be prejudiced either because they will have to answer Maverick's APA claim against them whether or not the State Defendants remain in this case.

Therefore, Maverick asks that this Court drop the following defendants from this action:

- Jay Inslee, in his official capacity as the Governor of Washington;

- Robert Ferguson, in his official capacity as the Attorney General of Washington;

- Bud Sizemore, in his official capacity as Chair of the Washington State Gambling Commission;

- Julia Patterson, in her official capacity as Vice-Chair of the Washington State Gambling Commission;

- Alicia Levy, in her official capacity as Commissioner of the Washington State Gambling Commission;

- Kristine Reeves, in her official capacity as Commissioner of the Washington State Gambling Commission;

- Sarah Lawson, in her official capacity as Commissioner of the Washington State Gambling Commission;

- Steve Conway, in his official capacity as ex officio member of the Washington State Gambling Commission;

- Jeff Holy, in his official capacity as ex officio member of the Washington State Gambling Commission;

- Shelley Kloba, in her official capacity as ex officio member of the Washington State Gambling Commission;

- Brandon Vick, in his official capacity as ex officio member of the Washington State Gambling Commission; and

- Tina Griffin, in her official capacity as Interim Director of the Washington State Gambling Commission.

## CONCLUSION

For these reasons, Maverick respectfully requests that this Court grant it leave to file its First Amended Complaint and drop the State Defendants from this action.[2]

---

[2] After Maverick filed its complaint on January 11, 2022, it converted from a Nevada limited liability company to a Washington limited liability company. Maverick has also revised the complaint to reflect that change.

9

Dated:  March 10, 2022							Respectfully submitted,

/s/ *Theodore B. Olson*

THEODORE B. OLSON
   D.C. Bar No. 367456
MATTHEW D. MCGILL
   D.C. Bar No. 481430
LOCHLAN F. SHELFER
   D.C. Bar No. 1029799
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone:  202.955.8668
Email:  tolson@gibsondunn.com