UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAVERICK GAMING, LLC,<br><br>               Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF THE INTERIOR, DEB HAALAND, BRYAN NEWLAND, JAY INSLEE, ROBERT FERGUSON, BUD SIZEMORE, JULIA PATTERSON, ALICIA LEVY, KRISTINE REEVES, SARAH LAWSON, STEVE CONWAY, JEFF HOLY, SHELLEY KLOBA, BRANDON VICK, and TINA GRIFFIN,<br><br>               Defendants. | Civil Action NO. 1:22-cv-00068-FYP |

**REPLY MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO**

**TRANSFER VENUE**

STATE DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO TRANSFER
NO. 1:22-CV-00068-FYP

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .........................................................................................................................2

    A. The Court Should Transfer This Case to the Western District of Washington Because This Court Lacks Personal Jurisdiction over the State Defendants ..............................2

    B. The Court Should Transfer This Case to the Western District of Washington on the Independent Grounds of Convenience and in the Interest of Justice ............................5

        1. Plaintiff Could Have Brought This Case in the Western District of Washington..6

        2. The Interests of Justice Weigh Overwhelmingly in Favor of Transfer to the Western District of Washington ...................................................................................6

            a. The Public Interest Factors Support Transfer ..................................................6

                (1) Local interests in local decisions regarding local controversies favor transfer..................................................................................................6

                (2) The Western District of Washington's familiarity with Washington State law favors transfer. ......................................................................8

                (3) The relative congestion of the courts is not a significant factor...........9

            b. The Private Interest Factors Support Transfer ..............................................10

                (1) Plaintiff's choice of forum should not receive deference ..................10

                (2) State Defendants' choice of forum favors transfer.............................11

                (3) Transfer is appropriate because Maverick's allegations arise from Washington State................................................................................11

                (4) The convenience of the parties and witnesses and the ease of access to proof favor transfer ......................................................................12

III. CONCLUSION ..................................................................................................................13

STATE DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO TRANSFER
NO. 1:22-CV-00068-FYP

i

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## TABLE OF AUTHORITIES

**Cases**

*Barnstead Broad. Corp. v. Offshore Broad. Corp.*,
  869 F. Supp. 35 (D.D.C. 1994) .................................................................................................5

Celanese Corp. v. Fed. Energy Admin.,
  410 F. Supp. 571 (D.D.C. 1976) ...............................................................................................4

*Kickapoo Tribe of Indians of Kickapoo Rsrv. In Kansas v. Babbitt*,
  43 F.3d 1491 (D.C. Cir. 1995) ..................................................................................................2

*Mandan, Hidatsa & Arikara Nation v. United States Dep't of the Interior*,
  358 F. Supp. 3d 1 (D.D.C. 2019) ............................................................................................11

*McIntire v. Mariano*,
  No. 18-CV-60075, 2019 WL 78982 (S.D. Fla. Jan. 2, 2019) ..................................................12

*MGM Glob. Resorts Dev., LLC v. United States Dep't of the Interior*,
  No. CV 19-2377 (RC), 2020 WL 5545496 (D.D.C. Sept. 16, 2020) .......................................3

*Naartex Consulting Corp. v. Watt*,
  722 F.2d 779 (D.C. Cir. 1983) ..................................................................................................4

*New Hope Power Co. v. U.S. Army Corps of Engineers*,
  724 F. Supp. 2d 90 (D.D.C. 2010) ..........................................................................................12

*Pharm. Rsch. & Mfrs. of Am. v. Thompson*,
  259 F. Supp. 2d 39 (D.D.C. 2003), *aff'd* 362 F.3d 817 (D.C. Cir. 2004) .................................4

*S. Utah Wilderness All. v. Norton*,
  315 F. Supp. 2d 82 (D.D.C. 2004) ..........................................................................................12

*Shawnee Tribe v. United States*,
  298 F. Supp. 2d 21 (D.D.C. 2002) .....................................................................................11, 12

*Stand Up for California! v. Dep't of Interior*,
  204 F. Supp. 3d 212 (D.D.C. 2016), *aff'd* 879 F.3d 1177 (D.C. Cir. 2018) .............................2

*Starnes v. McGuire*,
  512 F.2d 918 (D.C. Cir. 1974) ..................................................................................................7

STATE DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO TRANSFER
NO. 1:22-CV-00068-FYP

ii

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

*Stewart v. Azar*,
   308 F. Supp. 3d 239 (D.D.C. 2018) .................................................................... 7, 9, 10

*Trans World Airlines, Inc. v. Maddox*,
   897 F.2d 773 (5th Cir. 1990) ........................................................................................ 5

*W. Flagler Assocs. v. Haaland*,
   No. 21-CV-2192 (DLF), 2021 WL 5492996 (D.D.C. Nov. 22, 2021) ......................... 7

## **Statutes**

25 U.S.C. § 2710(d)(3)(A)) .................................................................................................... 9

28 U.S.C. § 1406 .............................................................................................................. 1, 5

28 U.S.C. § 1631 .............................................................................................................. 1, 5

28 U.S.C. § 2403(b) ............................................................................................................. 5

Wash. Rev. Code § 9.46.360(2) ........................................................................................... 9

## **Rules**

Fed. R. Civ. P. 19(b) ........................................................................................................ 2, 3

STATE DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO TRANSFER
NO. 1:22-CV-00068-FYP

iii

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## I. INTRODUCTION

The appropriate forum for this case remains in Washington State—the locus of the controversy and where the State Defendants are subject to personal jurisdiction.

Maverick does not dispute that a lack of personal jurisdiction over the State Defendants would warrant transfer to the Western District of Washington under 28 U.S.C. §§ 1631 and 1406. Instead, Maverick argues that personal jurisdiction is moot in light of Maverick's proposal to file an amended complaint dropping the State Defendants. But Maverick's procedural gambit is short-sighted: the State Defendants remain indispensable parties under Maverick's proposed amendment, and they may move for dismissal on that ground (and may intervene for this or other purposes if necessary). Accordingly, Maverick's assumption that the State Defendants will cease involvement in this case after Maverick amends its complaint is unfounded, and transfer is still warranted.

Maverick's abandonment of its non-APA claims does nothing to alter the essence of its challenge to the validity of Washington State's tribal compacts and authorization of class III gaming, or the fact that the impacts of any decision in this case would fall squarely in Washington State. Though Maverick now wishes to focus exclusively on the Secretary of the Interior's approval of tribal compacts with Washington State, the facts remain clear even in Maverick's amended complaint: this case is about Washington State's compacts with Indian tribes, its gambling laws that authorize the state to enter such compacts, and the legality of its entire framework for the regulation of gambling. The Western District of Washington remains the more convenient and appropriate forum, and justice requires the case be transferred there.

STATE DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO TRANSFER
NO. 1:22-CV-00068-FYP

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## II.     ARGUMENT

A.    **The Court Should Transfer This Case to the Western District of Washington Because This Court Lacks Personal Jurisdiction over the State Defendants**

The Court should transfer this case for the simple reason that it lacks personal jurisdiction over the State Defendants. Maverick does not dispute the jurisdictional defect, but instead purports to "dispose[] of" it through an amended complaint that would drop the State Defendants as parties. ECF No. 37 (Opp.) at 3. However, because this case challenges the State's laws and compacts, at least some of the State Defendants or Washington State itself are indispensable, and Maverick's amended complaint would be subject to dismissal for failure to join them.[1] *See, e.g.*, *Kickapoo Tribe of Indians of Kickapoo Rsrv. In Kansas v. Babbitt*, 43 F.3d 1491, 1495 (D.C. Cir. 1995) (holding that state was indispensable party where tribal–state compact's validity was at issue, reasoning that a state "has an interest in the validity of a compact to which it is a party, and this interest would be directly affected by the relief" sought); *Stand Up for California! v. Dep't of Interior*, 204 F. Supp. 3d 212 (D.D.C. 2016), *aff'd*, 879 F.3d 1177, 1186 (D.C. Cir. 2018) (State of California was indispensable party in case challenging Interior Secretary's acceptance of California Governor's concurrence in Secretary's decision to place site into trust for tribe's benefit).

Similarly, here, Maverick's proposed amended complaint directly implicates Washington State's interests. Maverick alleges, *inter alia*, that Washington State law authorizing the compacts at issue "violates" IGRA, that Washington State's actions contravene equal protection, and that Washington's Governor "lacked authority" to execute the compact amendments. ECF No. 35-1

---

[1] The State Defendants' arguments pursuant to Fed. R. Civ. P. 19(b) will be fully briefed separately if necessary. But instead of awaiting such briefing, this Court could simply transfer the case for the reasons discussed herein and in the State Defendants' Motion to Transfer Venue.

STATE DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO TRANSFER
NO. 1:22-CV-00068-FYP

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

(Prop. Am. Compl.) ¶¶ 82–87, 92–100. Maverick further alleges that it is injured "[b]ecause of Washington's tribal sports-betting monopoly," *id.* ¶ 116, and that "[v]acating the Secretary's approval would make Washington's tribal sports-betting monopoly unlawful," *id.* ¶ 123. Maverick seeks a declaration that Washington State's compact amendments "violate IGRA, . . . the Constitution's guarantee of equal protection, and the Tenth Amendment, and therefore were not validly entered into" by the State. *Id.* ¶ 135. Any judgment on these issues rendered in Washington State's absence would be incurably prejudicial, such that the lawsuit could not proceed under Fed. R. Civ. P. 19(b). If the Court grants Maverick's motion to amend its complaint, one or more State Defendants or Washington State itself may urge dismissal on that ground.

Participation in litigation to raise an indispensable-party argument would not waive the State Defendants' defense as to personal jurisdiction, as Maverick suggests, but would preserve that defense as the basis for transfer. For example, in *MGM Glob. Resorts Dev., LLC v. United States Dep't of the Interior*, the plaintiff sued the Department of the Interior and federal agency officials, seeking their approval of amendments to agreements between Connecticut and certain Indian tribes. No. CV 19-2377 (RC), 2020 WL 5545496, at *1 (D.D.C. Sept. 16, 2020). Connecticut and the Indian tribes moved to intervene "on a limited basis": to argue for dismissal based on their status as indispensable parties and the plaintiff's inability to join them "because their sovereign immunity makes their joinder here impossible." *Id.* The plaintiff opposed "limited intervention," arguing that any intervention should be as "full parties to the litigation." *Id.* at *3. The court rejected the plaintiff's "'all or nothing' approach to intervention" and granted the state and tribes' motion for limited intervention. *Id.* at *7.

Likewise, in *Celanese Corp. v. Fed. Energy Admin.*, a group of plaintiffs brought a declaratory judgment action against a Michigan public utility (Consumers), the Federal Energy

STATE DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO TRANSFER
NO. 1:22-CV-00068-FYP

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Administration (FEA), and other defendants. 410 F. Supp. 571, 573–74 (D.D.C. 1976). Consumers moved to dismiss the complaint as against itself for "lack of personal jurisdiction" and in its entirety for "lack of an indispensable party, namely, Consumers." *Id.* at 577. The court held it lacked personal jurisdiction over Consumers because Consumers' only contacts with the District were "in its capacity as a participant in the FEA proceeding that engendered this lawsuit." *Id.* at 578. But since Consumers was the beneficiary of a regulatory allocation that the lawsuit challenged, the Court "faced . . . the argument that the entire case must be dismissed" because "Consumers is an indispensable party to this proceeding within the meaning of Federal Rule 19(b)." *Id.* The court found that "transfer of this case provides an appropriate alternative to deciding this complex issue, since even if Consumers were held indispensable, transfer would be appropriate under § 1404(a) and § 1406(a) as well." *Id.* Here, too, the State Defendants have objected to personal jurisdiction and will, if necessary, argue for dismissal due to their indispensability as parties, and the Court should transfer the case as it did in *Celanese*. *Cf. also Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 785–89 (D.C. Cir. 1983) (affirming dismissal because of lack of personal jurisdiction over certain defendants and also because those defendants were indispensable parties).

In other words, the State Defendants' personal jurisdiction defense does not evaporate upon their potential intervention as Maverick suggests. None of Maverick's cited cases involve the present situation, where the State Defendants are indispensable parties who have raised their jurisdictional defense at the outset and have not proceeded to defend on the merits. *See* Opp. at 4. In *Pharm. Rsch. & Mfrs. of Am. v. Thompson*, 259 F. Supp. 2d 39, 59–60 (D.D.C. 2003), *aff'd* 362 F.3d 817 (D.C. Cir. 2004), the defendant "voluntarily intervened" and waived jurisdictional objections "because it never raised [them] in any of its earlier filings," which included a cross-

STATE DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO TRANSFER
NO. 1:22-CV-00068-FYP

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

motion for summary judgment. In *Trans World Airlines, Inc. v. Maddox*, 897 F.2d 773, 785–87 (5th Cir. 1990), thirty-three attorneys general—who did not formally intervene, but "came voluntarily into court" and joined the Attorney General of Kansas to seek dismissal of an injunctive action—raised a jurisdictional defense only after a preliminary injunction had been granted against them. Likewise, in *Barnstead Broad. Corp. v. Offshore Broad. Corp.*, 869 F. Supp. 35, 38 (D.D.C. 1994), the defendant filed and argued an opposition to a motion for preliminary injunction without raising any objections on the basis of personal jurisdiction. Here, in contrast, the State Defendants raised their personal jurisdiction objection in their first filing—and they may further advance that defense in this forum if this case is not transferred.

Accordingly, while transfer to the Western District of Washington is appropriate as long as the State Defendants are parties to this case, dismissal would be warranted if they are not. Moreover, transfer would remain appropriate with one or more State Defendants as intervenors. To avoid forcing the State Defendants to litigate in a forum where they are not subject to personal jurisdiction, the Court should transfer the case to the Western District of Washington under 28 U.S.C. §§ 1631 and 1406.

**B.     The Court Should Transfer This Case to the Western District of Washington on the Independent Grounds of Convenience and in the Interest of Justice**

Independently of personal jurisdiction, the Court should transfer this case for convenience and in the interest of justice. Even if no State Defendants are deemed indispensable (an issue that, again, will be fully briefed separately if necessary), they may still intervene of right[2] or

---

[2] *See, e.g.*, 28 U.S.C. § 2403(b) (state attorney general shall be permitted to intervene in any action wherein the constitutionality of a state statute "is drawn in question"); Prop. Am. Compl. ¶ 5 (alleging that "Washington's tribal monopoly . . . violates the Constitution's guarantee of equal protection . . .").

permissively—and as such, they will have a stake in proceeding in a forum that is the true locus of the controversy. And the Federal Defendants, who joined the State Defendants' motion to transfer on grounds of convenience and the interests of justice, will remain in the case under any circumstances.

> 1. **Plaintiff Could Have Brought This Case in the Western District of Washington**

Maverick does not dispute that it could have brought this case in the Western District of Washington, and it separately acknowledges that it recently reincorporated there. *See* ECF No. 35 at 8 n.2. That leaves only consideration of the interests of justice, which weigh strongly in favor of transfer.

> 2. **The Interests of Justice Weigh Overwhelmingly in Favor of Transfer to the Western District of Washington**
>
>> a. **The Public Interest Factors Support Transfer**
>>
>>> (1) **Local interests in local decisions regarding local controversies favor transfer**

This case is still inexorably local. Maverick's proposed amended complaint challenges the legality of tribal gambling rights in Washington State—and only in Washington State. *See* Prop. Am. Compl. ¶¶ 43–74, 77–101. These are quintessentially local interests that give rise to a local controversy. And because Maverick's APA claim would challenge federal approvals of Washington compacts that have no effect outside of Washington State—and is based on the exact same legal theories as Maverick's dropped claims (IGRA, Equal Protection, and the Tenth Amendment)—Maverick's amended complaint would make this case no less local.

Maverick offers no support for its bare assertion that this case is of such importance outside of Washington State as to outweigh the concrete local interests at stake. Maverick's lawsuit pertains exclusively to Washington State compacts entered pursuant to Washington State law, and

STATE DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO TRANSFER
NO. 1:22-CV-00068-FYP

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

to gaming activities on tribal lands located within Washington State, which is why Maverick initially named twelve Washington State officials as defendants and asserted claims against them. But Maverick did not name any other states or their officials as defendants, nor challenge any non-Washington compacts with non-Washington tribes. Moreover, Maverick does not claim to have separately sued over similar laws and regulations in other states, or even point to ongoing litigation brought by other parties that might conceivably be consolidated with this case. Instead, Maverick only vaguely asserts that "resolution of this question will have implications beyond Washington" without identifying any other state that would actually be implicated. Opp. at 13. Maverick's citation to the already-decided *West Flagler* case is unavailing, because that case involved the distinct issue of an extension of tribal gaming to bettors *off* tribal land—whereas the Court recognized the validity of federally approved compacts that allow class III gaming "solely on Indian lands," as Washington State's compacts do. *See W. Flagler Assocs. v. Haaland*, No. 21-CV-2192 (DLF), 2021 WL 5492996, at *12 (D.D.C. Nov. 22, 2021). Regardless of any hypothetical national importance, there is no "blanket rule that 'national policy' cases should be brought [in the District]." *Starnes v. McGuire*, 512 F.2d 918, 928 (D.C. Cir. 1974).

Maverick also relies on *Stewart*, a decision involving federal action that *directly applied* to multiple states, in contrast to Maverick's hypothetical "implications" for other states arising from its challenge to Washington State compacts only. Opp. at 13; *see Stewart v. Azar*, 308 F. Supp. 3d 239, 243–44 (D.D.C. 2018) (noting that "*ten states* have applied" for the Medicaid waivers at issue, in context of allegation that "Defendants violated the Constitution and the Administrative Procedures Act by . . . sending the January 11 letter to state Medicaid *directors*") (emphases added). In contrast, Maverick's own proposed amended complaint tells an exclusively Washington State-centric story, involving a state statutory framework in place for decades, a new

STATE DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO TRANSFER
NO. 1:22-CV-00068-FYP

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

state law passed in 2020, negotiations between tribes and the Washington State Gambling Commission, and the Washington State Governor's consideration and execution of compacts and amendments thereto. *See* Prop. Am. Compl. ¶¶ 43–63. And although Maverick seeks to drop claims directly challenging the validity of Washington State's compacts, laws, and enforcement thereof—attempting to focus solely on the Secretary's approval of the compact amendments—such approval is merely the last formal step in a long chain of events spanning decades in Washington State.

### (2) The Western District of Washington's familiarity with Washington State law favors transfer

Inescapably, by claiming that the Secretary's approval of Washington State's tribal gaming compacts violates IGRA and the constitution, Maverick is also putting at issue the validity of Washington State's laws authorizing such compacts and its negotiation and execution of the compacts on the exact same grounds. Maverick's own allegations in its proposed amended complaint make this abundantly clear. Because the validity of Washington State gambling laws and tribal gaming compacts remains fully at issue in Maverick's proposed amended complaint, the Court hearing this dispute may be called on to interpret related matters of local law.

This Court may receive "more APA claims than its western colleagues," but the Western District of Washington is equally responsible for applying federal law and is no less competent to do so—as Maverick concedes: "[a]ll federal courts are 'competent to decide federal issues correctly." Opp. at 15 (citations omitted). The only difference in the courts' respective familiarities, then, concerns state law. Though Maverick focuses exclusively on issues of federal law for purposes of the motion to transfer, its proposed amended complaint contains dozens of citations to Washington State law. Prop. Am. Compl. ¶¶ 44–48, 52–56, 59–61, 82–83, 93–94, 113.

STATE DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO TRANSFER
NO. 1:22-CV-00068-FYP

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

This is no surprise, as Maverick's APA claim necessarily raises issues of State law, in that it challenges the validity of compacts negotiated and executed pursuant to Washington State law. Indeed, Washington's entire statutory structure for tribal gaming is dependent upon the prevailing view of IGRA and its constitutionality that is embodied in the Secretary's approval of Washington's compacts, which Maverick challenges in this case. For example, in the context of Maverick's Equal Protection theory, challenging the Secretary's approval of Washington's tribal compacts necessarily raises the question of whether Washington State's gambling laws classify on the basis race or political association. *See* Prop. Am. Compl. ¶¶ 90–103. And Maverick's Tenth Amendment anti-commandeering theory (which also remains part of its APA claim) poses just as much of a challenge to Washington State law, which contains a provision for negotiating tribal–state compacts that mirrors the provision in IGRA. *Compare* 25 U.S.C. § 2710(d)(3)(A)) *with* Wash. Rev. Code § 9.46.360(2). Maverick cannot challenge state law through the APA while disclaiming the strong local aspects of its challenge.

### (3) The relative congestion of the courts is not a significant factor

Maverick acknowledges that the factor of relative congestion "is likely neutral." Opp. at 15. Maverick merely points to an eight-percent difference in cases per judgeship, but that does not make either court's docket "substantially more congested" so as to be a significant factor. *Id.* (citing *Stewart*, 308 F. Supp. 3d at 248). Other statistics, such as the time from filing to trial, point to the Western District of Washington as the less-congested forum. *See* ECF No. 30 (Mot.) at 15. On balance, this is not a significant factor here—a point on which Maverick apparently agrees.

STATE DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO TRANSFER
NO. 1:22-CV-00068-FYP

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

### b.  The Private Interest Factors Support Transfer

#### (1)  Plaintiff's choice of forum should not receive deference

Maverick's narrow emphasis on the Secretary's approval—the only allegation it cites in asserting a "strong nexus to the District," Opp. at 6—cannot overcome the much stronger links between this case and Washington State, which is now Maverick's home forum, ECF No. 35 at 8 n.2. Indeed, Maverick makes no effort to explain how the Secretary's approval of compact amendments constitutes the sort of "substantial" or "personalized" involvement that in theory could establish a meaningful connection with the District of Columbia. Opp. at 7–8. Maverick again relies heavily on *Stewart*, 308 F. Supp. 3d at 242—but in that case, the federal officials had far more substantive and significant involvement than any federal official here: they "announc[ed] a new policy," "committed to 'support state efforts'" with respect to the new policy, "encouraged states" to apply for Medicaid waivers, and "'identified a number of issues for states to consider'." *Stewart*, 308 F. Supp. 3d at 243. There is no comparable involvement of federal officials here—Maverick's allegations are limited to the simple and minimal contention that "the Secretary approved the compact amendments." Prop. Am. Compl. ¶ 64.

Indeed, every factual link leading to the approval of the compact amendments occurred in Washington State: the State's establishment of a regulatory regime that allows certain gaming activities only on tribal lands, the State's negotiation of compacts and amendments with tribes, and the State's passage of laws providing for tribes to negotiate compacts for sports betting and other class III gaming activities. *See* Prop. Am. Compl. ¶¶ 43–74. Accordingly, and because Maverick's home forum is not the District of Columbia but Washington State, Maverick's choice of forum is not entitled to deference. *See Shawnee Tribe v. United States*, 298 F. Supp. 2d 21, 24

STATE DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO TRANSFER
NO. 1:22-CV-00068-FYP

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

(D.D.C. 2002) (citing cases holding that plaintiff's choice of forum "is conferred less deference . . . when a plaintiff's choice of forum is not the plaintiff's home forum).

### (2) State Defendants' choice of forum favors transfer

This case centers on Washington State law and tribal–state gaming compacts, and the impacts of any decision will be felt in Washington State, not in the District of Columbia. Maverick points to no impacts outside of Washington State, and the State Defendants' choice of forum thus easily outweighs Maverick's opposition.

Maverick rests its argument here on the point that its amended complaint "drops all claims against the State Defendants and would remove them from the action." Opp. at 8. But Washington State must be given a voice in this proceeding; if necessary, one or more State Defendants may move to intervene to preserve that voice. Accordingly, the Court should not assume that the State Defendants will be excluded from this action, even if Maverick is permitted to amend its complaint as proposed. As long as the State Defendants are involved in this case, their choice of forum favors transfer.

### (3) Transfer is appropriate because Maverick's allegations arise from Washington State

The Secretary's approval was the last step in a process emanating from Washington State, and its legal significance derives from the Washington State laws under which the compacts were negotiated and amended. In considering where a claim arose for this factor, courts do not focus exclusively on the location of one involved federal agency or official, but look more broadly to the involvement of other actors and where the impacts will be felt. *See, e.g., Mandan, Hidatsa & Arikara Nation v. United States Dep't of the Interior*, 358 F. Supp. 3d 1, 10 (D.D.C. 2019) ("That some of the federal defendants are located in the District of Columbia does not create a substantial

STATE DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO TRANSFER
NO. 1:22-CV-00068-FYP

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

factual nexus between the Tribe's complaint and the District."); *New Hope Power Co. v. U.S. Army Corps of Engineers*, 724 F. Supp. 2d 90, 97 (D.D.C. 2010) (noting local impact, finding transfer warranted despite "brief and limited" "personal involvement by an official in D.C. after the Issue Paper was released"); *S. Utah Wilderness All. v. Norton*, 315 F. Supp. 2d 82, 87 (D.D.C. 2004) (granting transfer despite allegation that "policy changes made by Norton and other senior officials [in the District] had a direct impact on the lease sales in Utah"); *Shawnee Tribe v. United States*, 298 F. Supp. 2d 21, 25–26 (D.D.C. 2002) ("mere involvement on the part of federal agencies, or some federal officials who are located in Washington D.C. is not determinative"). Here, the Secretary's approval is the *only* allegation connected to the District; the preceding background and potential impacts all lie in Washington State, where the case arose.

### (4) The convenience of the parties and witnesses and the ease of access to proof favor transfer

Any efforts by State Defendants to remain parties to a case that directly implicates the validity of Washington State's laws and compacts would not negate the inconvenience of litigating in this forum. Maverick cites nothing for its illogical proposition that an intervenor's "inconvenience would be self-imposed." Opp. at 11. There is no reason a party cannot resist an effort to drop it from a case where its interests are at stake and seek transfer to a more convenient forum—especially when justice requires that party's voice. *See, e.g.*, *McIntire v. Mariano*, No. 18-CV-60075, 2019 WL 78982, at *8 (S.D. Fla. Jan. 2, 2019) (granting motion to intervene and transfer).

Maverick does not suggest any inconvenience with litigating in its home forum, and any discovery is likely to take place in Washington State. Accordingly, this factor favors transfer or is at least neutral.

STATE DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO TRANSFER
NO. 1:22-CV-00068-FYP

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

### III.  CONCLUSION

This case should be transferred to the U.S. District Court for the Western District of Washington.

DATED this 17th day of March 2022.

ROBERT W. FERGUSON
Attorney General of Washington

*s/ Brian H. Rowe*
KRISTIN BENESKI, WSBA No. 45478
First Deputy Attorney General
BRIAN H. ROWE, WSBA No. 56817
Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
kristin.beneski@atg.wa.gov
brian.rowe@atg.wa.gov
TERA HEINTZ, WSBA No. 54921
Deputy Solicitor General
1125 Washington Street SE
Olympia, WA 98504-0100
(360) 753-6200
tera.heintz@atg.wa.gov

STATE DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO TRANSFER
NO. 1:22-CV-00068-FYP

13

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# CERTIFICATE OF SERVICE

I certify, under penalty of perjury under the law of the District of Columbia, that the foregoing was electronically filed in the United States District Court for the District of Columbia and electronically served on the following parties:

Theodore B. Olson, DCBA No.
Matthew D. McGill, DCBA 481430
Lochlan F. Shelfer, DCBA No. 1029799
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955 – 8668
tolson@gibsondunn.com

Daron T. Carreiro
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
(202) 305-1117
daron.carreiro@usdoj.gov

DATED this 17th day of March 2022.

ROBERT W. FERGUSON
Attorney General of Washington

*s/ Brian H. Rowe*
BRIAN H. ROWE, WSBA No. 56817
Assistant Attorney General

STATE DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO TRANSFER
NO. 1:22-CV-00068-FYP

14

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744