# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MAVERICK GAMING, LLC,

                Plaintiff,

   v.

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF
THE INTERIOR, DEB HAALAND,
BRYAN NEWLAND, JAY INSLEE,
ROBERT FERGUSON, BUD
SIZEMORE, JULIA PATTERSON,
ALICIA LEVY, KRISTINE REEVES,
SARAH LAWSON, STEVE CONWAY,
JEFF HOLY, SHELLEY KLOBA,
BRANDON VICK, and TINA GRIFFIN,

                Defendants.

Civil Action NO. 1:22-cv-00068-FYP

## STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO

## FILE FIRST AMENDED COMPLAINT

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................1

II.  LEGAL BACKGROUND AND PROCEDURAL HISTORY ........................2

    A.  IGRA and Washington Law .........................................................2

    B.  This Lawsuit ...............................................................................3

III. LEGAL STANDARD.........................................................................5

IV.  ARGUMENT ....................................................................................7

    A.  Washington State Is a Required Party under Rule 19(a)...........................7

    B.  Washington State Cannot Be Joined as a Party.......................................10

    C.  This Suit Cannot Proceed in Washington State's Absence......................12

V.   CONCLUSION.................................................................................18

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

i

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## TABLE OF AUTHORITIES

## <u>Cases</u>

*Akiachak Native Cmty. v. U.S. Dep't of Interior*,
    584 F. Supp. 2d 1 (D.D.C. 2008) ..........................................................................16

*Cerebral Palsy Ass'n of Nassau County, Inc. v. Cochran*,
    No. 20-cv-3718 (EGS), 2021 WL 1037865 (D.D.C. Feb. 10, 2021)...............9, 13

*Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Washington*,
    699 F.2d 1274 (D.C. Cir. 1983) ............................................................................13

*De Csepel v. Republic of Hungary*,
    27 F.4th 736, 2022 WL 678076 (D.C. Cir. March 8, 2022) ................................13

*Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*,
    932 F.3d 843 (9th Cir. 2019)...................................................................................9

*Foman v. Davis*,
    371 U.S. 178 (1962) ................................................................................................6

*Gensetix, Inc. v. Bd. of Regents of Univ. of Tex. Sys.*,
    966 F.3d 1316 (Fed. Cir. 2020) ............................................................................13

*James Madison Ltd. by Hecht v. Ludwig*,
    82 F.3d 1085 (D.C. Cir. 1996) ...............................................................................6

*Kickapoo Tribe of Indians of Kickapoo Rsrv. in Kansas v. Babbitt*,
    43 F.3d 1491 (D.C. Cir. 1995) ......................................................................passim

*Lewis v. Government of District of Columbia*,
    324 F.R.D. 296 (D.D.C. 2018) ...............................................................................6

*M.K. v. Tenet*,
    216 F.R.D. 133 (D.D.C. 2002) ...............................................................................6

*Micomonaco v. State of Washington*,
    45 F.3d 316 (9th Cir. 1995)...................................................................................10

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

ii

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

*Naartex Consulting Corp. v. Watt*,
    722 F.2d 779 (D.C. Cir. 1983) ....................................................................11, 18

*Pueblo of Sandia v. Babbitt*,
    47 F. Supp. 2d 49 (D.D.C. 1999) .............................................................8, 13, 17

*Republic of Philippines v. Pimentel*,
    553 U.S. 851 (2008) ............................................................................6, 10, 13, 18

*Seminole Tribe of Florida v. Florida*,
    517 U.S. 44 (1996) ..............................................................................................10

*Sierra Club v. Hodel*,
    848 F.2d 1068 (10th Cir. 1988), *overruled on other grounds by*
    *Vill. of Los Ranchos De Albuquerque v. Marsh*,
    956 F.2d 970 (10th Cir. 1992) ..............................................................................9

*Stand Up for California! v. U.S. Dep't of Interior*,
    204 F. Supp. 3d 212 (D.D.C. 2016), *aff'd*, 879 F.3d 1177 (D.C. Cir. 2018)
    ....................................................................................................................passim

*United States v. Spokane Tribe of Indians*,
    139 F.3d 1297 (9th Cir. 1998) ..............................................................................2

*West Flagler Assocs. v. Haaland*,
    No. 21-cv-2192 (DLF), 2021 WL 5492996 (D.D.C. Nov. 22, 2021).................14

*Wichita & Affiliated Tribes of Oklahoma v. Hodel*,
    788 F.2d 765 (D.C. Cir. 1986) ............................................................6, 8, 11, 13

## **Statutes**

Indian Gaming Regulatory Act (IGRA),
    25 U.S.C. § 2701 *et seq.* ................................................................................2, 7, 8

25 U.S.C. § 2710(d)(3)(A) ...........................................................................................5

25 U.S.C. § 2710(d)(8)(A)-(B) ....................................................................................2

Administrative Procedure Act,
42 U.S.C. § 1983 ...................................................................................................4

Wash. Rev. Code § 9.46.0364...............................................................1, 5, 10, 17

Wash. Rev. Code § 9.46.220...................................................................................5

Wash. Rev. Code § 9.46.222...................................................................................5

Wash. Rev. Code § 9.46.360...................................................................................3

Wash. Rev. Code § 9.46.360(2)..............................................................................5

## Other Authorities

Engrossed Substitute H.B. 2638, 66th Leg. Reg. Sess. (Wash. 2020) ......................3

Session Law available at:
https://lawfilesext.leg.wa.gov/biennium/2019-20/Pdf/Bills/
Session%20Laws/House/2638-S.SL.pdf?q=20220322174944..............................3

Wash. State Gambling Comm'n, Gaming Compacts,
https://www.wsgc.wa.gov/tribal-gaming/gaming-compacts (last visited
Mar. 22, 2022) ........................................................................................................3

## Rules

Fed. R. Civ. P. 4(d)(5)..........................................................................................11

Fed. R. Civ. P. 15(a)(2)...........................................................................................6

Fed. R. Civ. P. 19.........................................................................................2, 6, 19

Fed. R. Civ. P. 19(a)...............................................................................7, 8, 10, 11

Fed. R. Civ. P. 19(a)(1)(B)(i)..................................................................................7

Fed. R. Civ. P. 19(a)(2)............................................................................................6

Fed. R. Civ. P. 19(b) .............................................................................6, 12, 15, 18

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

iv

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Fed. R. Civ. P. 19(b)(3)..................................................................................18

## **Constitutional Provisions**

U.S. Const. amend. X....................................................................................5, 7

U.S. Const. amend. XI ...........................................................................2, 7, 10, 11

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

v

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# I.    INTRODUCTION

Maverick Gaming, LLC seeks to litigate issues that are centrally focused on class III gaming within Washington State and the State's negotiation and entry into tribal-state gaming compacts with federally recognized tribes within Washington. Maverick initially filed suit against a dozen Washington public officials, along with several federal defendants, challenging Washington State laws and tribal gaming compacts as violating the Constitution and the Indian Gaming Regulatory Act (IGRA). But when faced with a valid motion to transfer the case to Washington due to Maverick's choice to file suit in a forum lacking personal jurisdiction over the State Defendants, Maverick responded by seeking to drop the State Defendants from this case—albeit while continuing to challenge the legality of Washington State's gaming laws and practices, and its tribal-state gaming compacts. Maverick's proposed amended complaint, for example, continues to allege, among other things, that "Wash. Rev. Code § 9.46.0364 violates IGRA's state-permission requirement" and that Washington's Governor "lacked authority" to enter into the challenged compacts because they allegedly violate IGRA and the Equal Protection Clause. ECF No. 35-1 (Prop. Am. Compl.) ¶¶ 83, 100. Maverick now seeks to litigate these Washington-centric issues without participation from the State or any state official who could adequately represent the State's unique interests in defending its own laws, policy choices, economic interests, and relationships with tribes in Washington.

Maverick's procedural maneuvers cannot save its suit from transfer or dismissal. If this Court were to accept Maverick's proposed amended complaint dropping all Washington State defendants from this case, it would also have to dismiss the amended complaint for failure to join Washington State as an indispensable party under controlling Circuit law. The D.C. Circuit's decision in *Kickapoo Tribe of Indians of Kickapoo Reservation in Kansas v. Babbitt*, 43 F.3d 1491,

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1495 (D.C. Cir. 1995), squarely addresses this issue and requires dismissal of a complaint challenging a state's tribal gaming compacts under Rule 19 if the state cannot be joined as a party due to sovereign immunity. As in *Kickapoo*, Maverick does not and cannot join Washington State here because the State is immune from suit under the Eleventh Amendment and because this Court lacks personal jurisdiction over the State and its officials. Because there is no existing party who can adequately represent Washington's interests, and litigating in its absence would unavoidably prejudice the State, if Maverick's complaint is amended as proposed, this action should be dismissed under Rule 19.

## II.    LEGAL BACKGROUND AND PROCEDURAL HISTORY

### A.    IGRA and Washington Law

The Indian Gaming Regulatory Act (IGRA), 25 U.S.C. § 2701 *et seq.*, as passed by Congress in 1988, "sets up a complex procedure for states and Indian tribes to work out their differences concerning gambling on Indian reservations." *United States v. Spokane Tribe of Indians*, 139 F.3d 1297, 1298 (9th Cir. 1998). "The first step in that process is for tribes wishing to conduct commercial gaming to negotiate compacts with the states within whose borders their reservations are located." *Id.* "Under IGRA, class III activities must be authorized by a tribal ordinance approved by the National Indian Gaming Commission, permitted by the state for some person or organization, and covered by a tribal-state compact." *Id.* at 1299. The tribal–state compact is "pivotal to the IGRA provisions governing class III gaming. Without a compact in place, a tribe may not engage in class III gaming." *Id.* IGRA provides no role for the federal government in negotiating compacts between Indian tribes and states. The Secretary of the Interior merely holds authority to disapprove such tribal gaming compacts based on a narrow and exclusive set of statutory factors. 25 U.S.C. § 2710(d)(8)(A)-(B).

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

In 1992, shortly after the enactment of IGRA, Washington State codified its process for negotiating class III gaming compacts with Indian tribes. Wash. Rev. Code § 9.46.360. Class III gaming includes several kinds of casino games and sports betting. Under Washington State's statutory process, the director of the Washington State Gambling Commission "shall negotiate compacts for class III gaming on behalf of the state with federally recognized Indian tribes in the state of Washington." *Id.* Once a tentative compact has been reached, the director shares it with members of the Gambling Commission and solicits comment from committees designated by the state legislature. *Id.* Within forty-five days after receiving a tentative compact, the members of the Gambling Commission vote on whether to return the compact to the director for further negotiation or to forward it to the governor for review and execution. *Id.* Since 1991, Washington State has entered into gaming compacts with all 29 federally recognized tribes in Washington.[1]

In 2020, Washington State enacted Engrossed Substitute House Bill 2638 (ESHB 2638),[2] which allows for the amendment of tribal gaming compacts to authorize sports betting as an additional type of class III gaming. In 2021, 16 of the 29 tribes amended their compacts in accordance with ESHB 2638 to authorize sports betting, and the Interior Secretary approved the compact amendments. Under ESHB 2638, sports wagering is prohibited under Washington State law unless a gaming compact authorizes it. *See id.* § 1.

## B.    This Lawsuit

Maverick filed its original complaint on January 11, 2022. Its original complaint named four federal defendants and twelve individual state defendants, including the Washington State

---

[1] *See* Wash. State Gambling Comm'n, Gaming Compacts, https://www.wsgc.wa.gov/tribal-gaming/gaming-compacts (last visited Mar. 22, 2022).
[2] Session Law available at: https://lawfilesext.leg.wa.gov/biennium/2019-20/Pdf/Bills/Session%20Laws/House/2638-S.SL.pdf?q=20220322174944.

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Attorney General, the Governor, and ten members of the Washington State Gambling Commission. Maverick asserted claims under the Administrative Procedure Act, 42 U.S.C. § 1983, "Equity," and the Declaratory Judgment Act, based on allegations that Washington state law and Washington's tribal gaming compacts violated IGRA, Equal Protection, and the Tenth Amendment.

On February 24, 2022, the State Defendants, joined by the Federal Defendants, filed a motion to transfer this case to the U.S. District Court for the Western District of Washington. ECF No. 30. The motion was grounded in part on the lack of personal jurisdiction over the State Defendants in the District of Columbia. On March 10, 2022, Maverick simultaneously opposed the transfer of this case and moved for leave to file an amended complaint that would drop the State Defendants as parties and eliminate Maverick's non-APA claims, arguing that the personal-jurisdiction basis for transfer would be moot if leave to amend were granted.

Though couched as an APA claim, Maverick's amended complaint continues to centrally focus on challenges to Washington State laws, practices and its tribal gaming compact. The amended complaint challenges Washington State's criminal prohibitions on gambling. *See* Prop. Am. Compl. ¶¶ 44–50. It challenges Washington State's policy choices regarding the scope of class III gaming conducted under tribal-state gaming compacts, and the process for negotiating tribal-state gaming compacts under Washington law. *Id.* ¶¶ 51–56. It also challenges the compacts and compact amendments themselves, which Maverick mischaracterizes as a "monopoly." *Id.* ¶¶ 57–58, .62–63, 66–70. Maverick further alleges that Governor Inslee "had no authority" or "lacked authority" to enter into the compact amendments on behalf of Washington State. *Id.* ¶¶ 87, 100.

Maverick's allegations concerning the Federal Defendants are limited to their approval of various compact amendments. *Id.* ¶ 75. Maverick alleges their approval was illegal because the

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

compact amendments—duly adopted under Washington State law, and to which the State itself is a party—violate IGRA, Equal Protection, and the Tenth Amendment. First, Maverick claims the compact amendments violate IGRA because Washington State has allegedly granted Indian tribes a "monopoly" over sports betting and "criminally prohibits such gaming by any non-tribal entities." *Id.* ¶¶ 78–89 (citing Wash. Rev. Code §§ 9.46.0364, 9.46.220–.222). Second, Maverick claims the compact amendments violate the constitutional principle of Equal Protection because Washington State has "purported to grant the Tribes a right to offer sports betting" while "criminally prohibit[ing] any entities other than those affiliated with Washington Indian tribes from offering sports betting in Washington." *Id.* ¶¶ 90–103 (citing Wash. Rev. Code §§ 9.46.0364, 9.46.220–.222). Third, Maverick claims the compact amendments violate the anti-commandeering principle under the Tenth Amendment "and were not validly entered into" because of the language IGRA uses in providing for negotiation of tribal-state gaming compacts: "the State shall negotiate with the Indian tribe . . . ." *Id.* ¶¶ 104–110 (citing 25 U.S.C. § 2710(d)(3)(A)). Notably, Washington State law contains a nearly identical provision for the negotiation of tribal-state gaming compacts: "The gambling commission . . . shall negotiate compacts for class III gaming on behalf of the state with federally recognized Indian tribes in the state of Washington." Wash. Rev. Code § 9.46.360(2).

Maverick's challenges to Washington State's gambling laws and compact amendments form the sole basis of its APA claim: that the Federal Defendants' approval of Washington's tribal gaming compacts was "not in accordance with law." Prop. Am. Compl. ¶ 124–135.

## III.    LEGAL STANDARD

"The court should freely give leave [to amend] when justice so requires."

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Fed. R. Civ. P. 15(a)(2).[3] Typically, a court should grant leave to amend "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). But if a complaint would not survive a motion to dismiss, amendment is futile and leave to amend should be denied. *See M.K. v. Tenet*, 216 F.R.D. 133, 137 (D.D.C. 2002); *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). The futility rule applies with equal force where a complaint, as amended, would be subject to dismissal under Rule 19. *Lewis v. Government of District of Columbia*, 324 F.R.D. 296, 305 (D.D.C. 2018).

Rule 19 sets out the criteria for dismissing an action for failure to join a required party. Fed. R. Civ. P. 19; *see also Republic of Philippines v. Pimentel*, 553 U.S. 851 (2008). The inquiry is divided into three parts. First, the court must determine whether an absent party is "required" under Rule 19(a). Second, if so, the court must determine if it can feasibly join the party. Fed. R. Civ. P. 19(a)(2). Third, if the party cannot be joined, then the court determines "whether, in equity and good conscience the action should proceed among the existing parties or should be dismissed" with reference to four non-exclusive factors. Fed. R. Civ. P. 19(b). "[T]he determination whether to proceed will turn upon factors that are case specific." *Pimentel*, 553 U.S. at 862–63. The Court has an independent duty to dismiss a case *sua sponte* under Rule 19 if justice

---

[3] Both Maverick and the State Defendants recognize the "split of authority" on the question of whether Maverick may amend as of right at this stage. Mot. at 3–4. The Court need not decide this issue, because the outcome is the same either way: if Maverick amends either by right or by leave, its complaint is subject to dismissal under Rule 19(b). Alternatively, the Court may transfer the case without deciding the Rule 19 issue. *See* ECF Nos. 30-1 and 41.

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

requires it. *Wichita & Affiliated Tribes of Oklahoma v. Hodel*, 788 F.2d 765, 772 n. 6 (D.C. Cir. 1986).

## IV.    ARGUMENT

Because Maverick continues to predicate its APA claim on challenges to the validity of Washington State law under IGRA, the Equal Protection Clause, and the Tenth Amendment, Washington State is a required party to Maverick's proposed amended complaint under Rule 19(a). Further, because Washington State is immune from suit under the Eleventh Amendment, and also because this Court lacks personal jurisdiction over Washington State, it is not possible to join Washington State as a party to this action. Finally, actions challenging state gaming compacts may not proceed in equity and good conscience under established Circuit precedent without Washington's involvement because the State's interests would be unavoidably prejudiced, and no party to the proposed amended complaint is capable of adequately representing Washington's unique interests in defending its laws, its economic and sovereign interests, and its relationships with tribes. Because Maverick's proposed amended complaint is subject to dismissal under Rule 19, leave to amend should be denied. Alternatively, the complaint, if amended, should be dismissed.

### A.    Washington State Is a Required Party under Rule 19(a)

A party is "required" under Rule 19(a) where, *inter alia*, "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede that person's ability to protect the interest[.]" Fed. R. Civ. P. 19(a)(1)(B)(i). Here, Washington State easily meets this part of the test because its interests are central to this case: Maverick seeks to invalidate Washington's compacts and laws—not by implication, but by directly challenging those laws and compacts. In other words,

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

not only are Washington's interests "relat[ed] to" the subject matter of this action, they are directly at issue. Washington has an interest in protecting the economic benefits and job opportunities for Washington residents that arise from the gaming compacts. Moreover, as a practical matter, Washington State's interest in continuing to work with tribes to provide for legal tribal gaming enterprises, as contemplated by IGRA, is at stake—and its ability to protect that interest will be seriously impaired if this case is adjudicated in Washington's absence. Washington State is, therefore, a required party under Rule 19(a).

The decision in *Kickapoo* directly addressed whether a state is a required party under Rule 19(a) in a suit challenging whether gambling is permitted within a state pursuant to IGRA, and the D.C. Circuit unequivocally held that it is. 43 F.3d at 1495 ("[T]he State of Kansas has an interest in the validity of a compact to which it is a party . . . ."). District courts have recognized the same. *See, e.g.*, *Stand Up for California! v. U.S. Dep't of Interior*, 204 F. Supp. 3d 212, 253 (D.D.C. 2016), *aff'd*, 879 F.3d 1177 (D.C. Cir. 2018) ("California's interests would be directly affected by the relief sought by the plaintiffs, who ask this Court to make determinations about the propriety and continuing viability of Governor action significantly affecting the State's statutory obligations, relationship with its citizens and federally-recognized Indian tribes, and fiscal interests with respect to regulating Indian gaming within its borders under the IGRA."); *Pueblo of Sandia v. Babbitt*, 47 F. Supp. 2d 49, 54 (D.D.C. 1999) ("[T]he State has a legitimate interest in the regulation of gaming within its territorial limits, including the Indian reservations, and in the state resources that must be spent in conjunction with the permissible regulation of Indian gaming pursuant to the compacts.").

These holdings in the IGRA context are consistent with authority in other contexts recognizing that where federal agency action is challenged, and the challenge implicates the

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

interests of another government, the other government is a required party under Rule 19(a). *Wichita*, 788 F.2d 765 (D.C. Cir. 1986) (holding that an Indian tribe was a required party in APA challenge to decision of the Bureau of Indian Affairs); *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843, 855 (9th Cir. 2019) (holding that corporate arms of an Indian tribe were required parties in APA challenge seeking to overturn approval of mining operations engaged in by the tribe); *Sierra Club v. Hodel*, 848 F.2d 1068, 1077 (10th Cir. 1988), *overruled on other grounds by Vill. of Los Ranchos De Albuquerque v. Marsh*, 956 F.2d 970 (10th Cir. 1992) (holding that county government was a required party in APA challenge to approval of improvement of dirt road where the county maintained the road); *Cerebral Palsy Ass'n of Nassau County, Inc. v. Cochran*, No. 20-cv-3718 (EGS), 2021 WL 1037865 (D.D.C. Feb. 10, 2021) (State of New York was a required party in APA challenge to approval of Medicaid waiver submitted by State of New York).

Like in the above cited cases, Washington State is a required party here. Maverick seeks to invalidate gaming compacts and compact amendments that Washington State negotiated with 29 federally recognized Indian Tribes. Maverick's argument for their invalidity is that Washington State's gaming statutes violate federal law by authorizing the State to negotiate compacts allowing certain types of class III gaming only on Indian lands. Prop. Amend. Compl. at ¶¶ 84, 93-99. Maverick argues that because these state statutes allegedly violate IGRA and the Constitution, Governor Inslee "had no authority" or "lacked authority" to sign the compacts on behalf of Washington State. *Id.* at ¶¶ 87, 100. Washington State has obvious interests under Rule 19(a) in the regulation of gambling within its territory. *See Kickapoo*, 43 F.3d at 1495. And the State also has obvious interests in the continued validity of its laws and the authority of its Governor. *See Stand Up for California!*, 204 F. Supp. 3d at 253. It further has a recognized interest in preserving

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

its relationships with federally recognized tribes in Washington, as well as an economic interest in the continuation of its gaming compacts with tribes. *Id.* at 253. As such, Washington State clearly has interests that may be impaired as a practical matter in this litigation.

Washington State also has an interest in the types of gaming offered within the state, and an interest in ensuring that such gaming is conducted in compliance with IGRA and other state and federal laws. *See*, *e.g.*, Wash. Rev. Code § 9.46.0364. Maverick seeks to bar the Interior Secretary from ever approving compacts on the terms established by Washington law. Washington State therefore has interests that may be impeded as a practical matter as a result of this litigation, and it is a required party under Rule 19(a).

**B.    Washington State Cannot Be Joined as a Party**

Washington State cannot be joined in this litigation for two reasons. First, Washington State is immune from suit under the Eleventh Amendment's preservation of state sovereign immunity. Second, this Court lacks personal jurisdiction over Washington State and over any state officials who may be capable of representing its interests. Therefore, joinder of Washington State in this action is not feasible.

It is well established that states are immune from suit in federal court absent a waiver of sovereign immunity under the Eleventh Amendment. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *see also Micomonaco v. State of Washington*, 45 F.3d 316, 320 n. 2 (9th Cir. 1995) (holding Washington State has not waived its sovereign immunity from suit in federal court). A court cannot feasibly join a required party where that party has sovereign immunity from suit. *See Pimentel*, 553 U.S. at 867 ("[W]here sovereign immunity is asserted, and the claims of the sovereign are not frivolous, dismissal of the action must be ordered where there is a potential for injury to the interests of the absent sovereign."); *Kickapoo*, 43 F.3d at 1495–96

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

(recognizing State of Kansas's sovereign immunity in suit challenging tribal gaming compact entered into by Kansas Governor); *Stand Up for California!*, 204 F. Supp. 3d at 252 ("California cannot be joined in the lawsuit. As a state sovereign, it is immune from suit under the Eleventh Amendment . . ."); *see also Wichita*, 788 F.2d at 774 (holding that Indian tribe asserting sovereign immunity against a cross-claim "could not have been made a party against their will"). Washington State, too, is immune from suit under the Eleventh Amendment. It is not feasible, therefore, to join the State as a party to this litigation.

Equally significant, joinder is not feasible where, as here, the Court lacks personal jurisdiction over the party. *See* Fed. R. Civ. P. 19(a) ("A person *who is subject to service of process* . . . must be joined as a party . . .") (emphasis added);[4] *see also Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 788-89 (D.C. Cir. 1983) (upholding dismissal under Rule 19(b) where district court lacked personal jurisdiction over defendants, and those same defendants were indispensable parties). As argued in the State Defendants' pending Motion to Transfer Venue, this Court lacks personal jurisdiction over the State Defendants because there are insufficient contacts with the District of Columbia to establish such jurisdiction. ECF No. 30-1 at 12–17. The same is equally true of Washington State itself. This case's only connection to the District of Columbia is the final federal approval of compacts negotiated, amended, and signed within and on behalf of Washington State, which alone is insufficient to establish jurisdiction under D.C.'s long-arm statute. *Id.* Maverick did not argue in favor of personal jurisdiction in its opposition to the State Defendants' Motion to Transfer Venue; instead, Maverick effectively conceded lack of personal jurisdiction by attempting instead to drop the State Defendants from this lawsuit. *See* ECF No. 37

---

[4] Waiving service of a summons does not waive any objection to personal jurisdiction or to venue. Fed. R. Civ. P. 4(d)(5).

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

at 10-12. This Court lacks personal jurisdiction over the State, just as it lacks personal jurisdiction over the State Defendants.

In sum, due to both sovereign immunity and lack of personal jurisdiction, it is not feasible to join Washington State as a party to this action.

**C.     This Suit Cannot Proceed in Washington State's Absence**

At the final stage of the inquiry, the Court must consider whether it can proceed in the required party's absence; if not, the party is considered "indispensable" and the action must be dismissed. Fed. R. Civ. P. 19(b); *see also* advisory committee's note to 2007 amendment ("indispensable" describes the "conclusion that an action should be dismissed [under Rule 19(b)] for inability to join a Rule 19(a) party"). Here, Washington State is an indispensable party. Because Washington would be prejudiced if the case proceeds in its absence (and the absence of any state officials who may be able to adequately represent its interests), and because Washington cannot be compelled to waive its sovereign immunity to avoid that prejudice, Rule 19(b) would require dismissal of this action if Maverick were to amend its complaint as proposed.

Rule 19(b) lists four non-exclusive factors for courts to weigh in deciding whether to dismiss a case where it is not feasible to join a required party. Paraphrased, they are:

1.  The extent to which a judgment rendered in the required party's absence might prejudice the required party or existing parties;

2.  The extent to which any prejudice can be lessened or avoided;

3.  Whether a judgment rendered in the required party's absence would be adequate; and

4.  Whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

District courts generally have discretion to determine "which factors to weigh and how heavily to emphasize certain considerations." *Kickapoo*, 43 F.3d at 1496 (citing *Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Washington*, 699 F.2d 1274, 1277 (D.C. Cir. 1983)). But, where an action threatens to prejudice an absent party immune from suit, "there is very little room for balancing of other factors." *Wichita*, 788 F.2d at 777 n. 13; *see also Kickapoo*, 43 F.3d at 1496. In that scenario, a district court is "confronted with a more circumscribed inquiry." *Kickapoo*, 43 F.3d at 1497. Thus, dismissal may be appropriate even where the plaintiff would have no adequate remedy because any prejudice to the plaintiff "is outweighed by prejudice to the absent entities invoking sovereign immunity." *Pimentel*, 553 U.S. at 872.

Courts considering whether a party is indispensable generally begin by examining the extent of the prejudice caused to the required party who is immune from suit. *See, e.g.*, *Stand Up for California!*, 204 F. Supp. 3d at 253–54. As a general rule, if no existing party can adequately represent the required sovereign's interest, dismissal is required. *See id.*; *Pueblo of Sandia v. Babbitt*, 47 F. Supp. 2d 49, 53–56 (D.D.C. 1999) (dismissing action where state was a required party and no existing party to the action could adequately represent state's interest); *see also Cerebral Palsy Ass'n*, 2021 WL 1037865, at *6 (ruling that state was an indispensable party and dismissing action because state's interests "may diverge" from those of existing parties to the action "given state specific interests"). Conversely, where existing parties *do* adequately represent the absent sovereign's interests, dismissal is generally not required. *See De Csepel v. Republic of Hungary*, 27 F.4th 736, 2022 WL 678076 at *8 (D.C. Cir. March 8, 2022) (holding Republic of Hungary was required, but not indispensable, because existing parties to the action—particularly a state-owned company that was "fully able" to "step into [Hungary's] shoes"—could adequately

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

13

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

represent the absent sovereign's interests); *Gensetix, Inc. v. Bd. of Regents of Univ. of Tex. Sys.*, 966 F.3d 1316, 1325–27 (Fed. Cir. 2020) (holding that dismissal was not required under Rule 19(b) where state's interests could be adequately represented by an existing party, a licensee of a state university with an "identical interest in the validity of the patents-in-suit"); *West Flagler Assocs. v. Haaland*, No. 21-cv-2192 (DLF), 2021 WL 5492996 (D.D.C. Nov. 22, 2021) (finding that Seminole Tribe was required, but not indispensable, in challenge to IGRA compact where both federal and state governments were defending the compact at issue).

As framed by Maverick's proposed amended complaint, no party shares the interest of Washington State in the continued validity of its statutory law, nor its interest in the compact terms the State negotiated with tribes. The courts in *Kickapoo* and *Stand Up for California!* each recognized the unique interests of states in cases challenging tribal-state gaming compacts and the unavoidable prejudice that would ensue in litigating such cases in their absence. For example, in *Kickapoo*, the D.C. Circuit Court of Appeals held that it was an abuse of discretion not to dismiss a case under Rule 19(b) where a tribe brought an APA claim to force the Interior Secretary to approve an IGRA compact negotiated and signed by the Governor of Kansas. *Kickapoo*, 43 F.3d at 1500. There, after the compact was forwarded to the Secretary for approval, the Kansas Supreme Court held that the Governor of Kansas could negotiate such a compact, but lacked statutory authority to sign the compact and thus bind the state to its terms. *Id.* at 1494. The Interior Secretary, defending its action not to approve the compact, moved to dismiss the Tribe's complaint under Rule 19(b) for failure to join the State as an indispensable party. *Id.* The district court held that the State of Kansas was a required party, but not an indispensable one, and refused to dismiss the case. *Id.* The D.C. Circuit reversed, holding that the State of Kansas was an indispensable party, not as a mere formality, but because the litigation implicated Kansas's "contractual rights" under the

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

14

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

tribal gaming compacts as well as its "fiscal interests" in connection with those compacts. The Court further held that "Kansas' immunity from the Tribe's lawsuit coupled with the district court's assessment of the first two Rule 19(b) factors [prejudice to the state and the ability to avoid such prejudice] indicate that the district court should have dismissed the lawsuit" without consideration of the other Rule 19(b) factors. *Id.* at 1500.

Similarly, in *Stand Up for California!*, the district court dismissed a complaint for failure to join the State of California as an indispensable party in a challenge to the Interior Secretary's acceptance of the California Governor's concurrence in a decision to place a particular site into trust for the purposes of Indian gaming under IGRA. 204 F. Supp. 3d at 254. The court held that "California unquestionably has an interest in its Governor's authority, under its own law, to comply with federal law, as well as in the continuing validity . . . of its Governor's concurrence, pursuant to which gaming will be permitted on the [trust] site." *Id.* at 253. Because California enjoyed sovereign immunity, and it could not be joined to the lawsuit, the court examined whether the litigation could proceed in equity and good conscience and found that it could not. *Id.* Following *Kickapoo*, 43 F.3d at 1498, the court held that, "[s]ince California would be unavoidably prejudiced by a judgment rendered in its absence related to the Governor's concurrence, these claims are appropriately dismissed without consideration of any additional factors." *Stand Up for California!*, 204 F. Supp. 3d at 253-54. The Court reasoned that "California's interests would be directly affected by the relief sought by the plaintiffs, who ask this Court to make determinations about the propriety and continuing viability of Governor action significantly affecting the State's statutory obligations, relationship with its citizens and federally-recognized Indian tribes, and fiscal interests with respect to regulating Indian gaming within its borders under the IGRA." *Id.* at 253. It further held that the Interior Secretary "absolutely cannot represent the interests of

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

15

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

California or its Governor," again quoting *Kickapoo*, 43 F.3d at 1499, because "the Secretary is not in a position to champion the State's position in view of his or her trust obligations to the Tribe." *Stand Up for California!*, 204 F. Supp. 3d at 254 (internal quotation marks and punctuation omitted). The court likewise held that "the Secretary cannot represent California's legal and financial interests in the outcome of the plaintiffs' claims because the Secretary does not share these interests." *Id*. Finally, the court rejected the plaintiffs' argument that California's interests were not directly implicated in claims brought solely against federal defendants, an argument the court found "defies logic" because the State and its Governor have an "immutable interest" in defending the continuing validity of the State's compacts, laws, and practices. *Id.*

As amended, Maverick's complaint suffers from the same defects as the complaints in *Kickapoo* and *Stand Up for California!*, and would be subject to dismissal on the same basis. Maverick contends that Governor Inslee lacked legal authority to enter into the compacts Maverick challenges. Prop. Am. Compl. ¶¶ 87, 100. And the central premise of Maverick's APA claim is that Washington State statutes violate federal law. *Id.* at ¶¶ 83, 93–99. Like Kansas and California, Washington has a unique interest in the faithful execution of its laws, the authority of its Governor, and the validity of compacts that it negotiated and entered into. It also has a unique interest in preserving its relationships with tribes and the economic benefits the gaming compacts provide to the State. As described above, these interests are not co-extensive with the interests of the Interior Secretary in accepting these compacts for two key reasons. First, Washington's interests are concomitant with Washington's sovereignty and its interest in governing within its borders, which is not an interest that the federal government can share or adequately represent. Second, the Interior Secretary has a trust relationship with Indian tribes that the State of Washington does not have. *See Stand Up for California!*, 204 F. Supp. 3d at 254. Indeed, courts often recognize the potential

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

16

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

for divergent interests between federal and state officials in cases involving tribal issues for this very reason. *See, e.g.*, *Akiachak Native Cmty. v. U.S. Dep't of Interior*, 584 F. Supp. 2d 1, 7 (D.D.C. 2008) (finding the Interior Secretary did not adequately represent Alaska's interests).

Washington State also has an interest that the federal government does not share in preserving to the maximum extent the State's ability to make future policy choices. The Interior Secretary may argue that a compact Washington State negotiated is lawful, for example, but may be satisfied with rationales that constrain future choices by the State. Or, since Maverick's claims depend on the interpretation of Washington law (*see* Prop. Am. Compl. at ¶¶ 82–89), the Secretary may advance an interpretation of the law that conflicts with the State's interpretation. Washington has an interest not shared by the Secretary in what its own laws mean and in how Washington's Legislature may be able to legislate in the future. These interests are substantial and demand Washington's treatment in this case as an indispensable party. *See Stand Up for California!*, 204 F. Supp. 3d at 254 ("[T]he Secretary cannot represent California's legal and financial interests in the outcome of the plaintiffs' claims because the Secretary does not share these interests . . . .").

Further, no existing party shares Washington State's specific interests in the regulation of non-tribal gaming and the government-to-government relationship it has with the tribes conducting class III gaming within its borders. *See Pueblo of Sandia*, 47 F. Supp. 2d at 53–54 (state had an interest in the regulation of gaming within its territorial limits such that "a finding that the State is not an indispensable party to this action would in practical terms constitute an intrusion on the State's rights under the Tenth and Eleventh Amendments."). Maverick specifically challenges Washington's statutory authorization of compacts that provide for class III gaming on Indian lands (specifically sports wagering under Wash. Rev. Code § 9.46.0364). *See* Prop. Am. Compl. ¶¶ 82–87, 93–99. Washington State has unique interests in the manner in which gambling is

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

17

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

conducted within the State and in the terms of its gaming compacts with Tribes. These interests are not shared by the federal government because they are uniquely sovereign interests of the State. *See Pueblo of Sandia*, 47 F. Supp. 2d at 53-54. Because proceeding with this case in Washington's absence has the potential to injure Washington's interests, and the State cannot be compelled to defend an action in federal court against its will, this case must be dismissed. *See Pimentel*, 553 U.S. at 867.

To the extent that such prejudice to Washington State could be reduced or eliminated by joining certain Washington State officials (as Maverick attempted to do in its original complaint), dismissal here is still required. As the State Defendants argued in their Motion to Transfer—an argument that was never rebutted—the District of Columbia lacks personal jurisdiction over Washington State officials in connection with this case. ECF No. 30-1 at 12–17. Lack of personal jurisdiction over a required party is grounds for dismissal, especially where the party is subject to suit in another forum. *See* Fed. R. Civ. P. 19(b)(3) ("whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder" is a factor relevant to indispensability); *Naartex Consulting Corp.*, 722 F.2d at 788–89. If Maverick wanted to argue that joining Washington State officials would reduce the prejudice to Washington State in failing to join the State itself as a party, it could always re-file its lawsuit in the Western District of Washington, where State officials are subject to service of process, and make such arguments there.

In sum, Washington State is an indispensable party to Maverick's proposed amended complaint because the State has vital and unique interests that will be affected by this lawsuit, and no existing party is capable of representing those interests. Because Washington is immune from suit in federal court under the Eleventh Amendment, and the prejudice to Washington in litigating

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

18

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

in its absence cannot be avoided, Maverick's amended complaint would be subject to dismissal under Rule 19(b).

## V.    CONCLUSION

This Court should deny Maverick leave to amend its complaint, because as amended the complaint would not survive a motion to dismiss pursuant to Rule 19. Amendment would be futile, and so leave to amend should be denied. Alternatively, if Maverick's complaint is amended as proposed, this Court should dismiss the amended complaint under Rule 19.

DATED this 24th day of March, 2022.

ROBERT W. FERGUSON
Attorney General of Washington

*s/ Kristin Beneski*
KRISTIN BENESKI, WSBA No. 45478
First Assistant Attorney General
BRIAN H. ROWE, WSBA No. 56817
Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
kristin.beneski@atg.wa.gov
brian.rowe@atg.wa.gov
TERA HEINTZ, WSBA No. 54921
Deputy Solicitor General
1125 Washington Street SE
Olympia, WA 98504-0100
(360) 753-6200
tera.heintz@atg.wa.gov

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

19

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## CERTIFICATE OF SERVICE

I certify, under penalty of perjury under the law of the District of Columbia, that the foregoing was electronically filed in the United States District Court for the District of Columbia and electronically served on the following parties:

Theodore B. Olson, DCBA No.
Matthew D. McGill, DCBA 481430
Lochlan F. Shelfer, DCBA No. 1029799
Gibson, Dunn & Cruther LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955 – 8668
tolson@gibsondunn.com

Daron T. Carreiro
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
(202) 305-1117
daron.carreiro@usdoj.gov

DATED this 24th day of March 2022.

ROBERT W. FERGUSON
Attorney General of Washington

*s/ Kristin Beneski*
KRISTIN BENESKI, WSBA No. 45478
First Assistant Attorney General

STATE DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
NO. 1:22-CV-00068-FYP

20

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744