**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MAVERICK GAMING LLC,

              Plaintiff,

    v.

THE UNITED STATES OF AMERICA, et al.,

              Defendants.

Civil Action No. 1:22-cv-00068-FYP

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND**
**TO DROP THE WASHINGTON STATE DEFENDANTS**

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 3

    I.    The Washington State Officials' Rule 19 Arguments Provide No Basis To Deny
    Maverick Leave To Amend Its Complaint ............................................................ 4

    II.    Washington State Is Not A Required Or Indispensable Party Under Rule 19........ 4

        A.    Washington State Is Not A "Required" Party Under Rule 19(a) ............... 5

        B.    Even If Washington State Were A Required Party, This Case Should Still
        Continue In Its Absence Under Rule 19(b) ............................................... 12

            1.    Washington Will Not Be Prejudiced Because The Federal
            Defendants Will Adequately Defend Its Interests ....................... 13

            2.    Because Washington State Would Suffer No Prejudice, There Is
            No Need To Shape Relief To Minimize Prejudice ...................... 18

            3.    A Judgment Rendered In Washington's Absence Would Be
            Adequate .................................................................................... 18

            4.    Maverick Would Have No Remedy If This Action Were Dismissed
            For Nonjoinder Of Washington ................................................... 19

CONCLUSION.................................................................................................................. 22

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alto v. Black*,
    738 F.3d 1111 (9th Cir. 2013) .......................................................................14, 17

*Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth.*,
    795 F.3d 351 (2d Cir. 2015).............................................................................4, 13

*Amador Cnty. v. Salazar*,
    640 F.3d 373 (D.C. Cir. 2011) ............................................................................20

*Apache Tribe of Okla. v. United States*,
    2007 WL 2071874 (W.D. Okla. July 18, 2007)...................................................21

*Atl. Refinishing & Restoration, Inc. v. Travelers Cas. & Sur. Co. of Am.*,
    272 F.R.D. 26 (D.D.C. 2010)...............................................................................14

*Coal. on Sensible Transp., Inc. v. Dole*,
    631 F. Supp. 1382 (D.D.C. 1986)...........................................................................6

*Cobell v. Jewell*,
    2016 WL 10704595 (D.D.C. Mar. 30, 2016)......................................................14

*De Csepel v. Republic of Hungary*,
    27 F.4th 736, 2022 WL 678076 (D.C. Cir. 2022)......................5, 9, 10, 13, 14, 16

*Direct Supply, Inc. v. Specialty Hosps. of Am., LLC*,
    878 F. Supp. 2d 13 (D.D.C. 2012) ........................................................................8

*Forest Cnty. Potawatomi Cmty. v. United States*,
    317 F.R.D. 6 (D.D.C. 2016)...................................................................................8

*Forest Cnty. Potawatomi Cmty. v. United States*,
    330 F. Supp. 3d 269 (D.D.C. 2018)......................................................................20

*Gensetix, Inc. v. Bd. of Regents*,
    966 F.3d 1316 (Fed. Cir. 2020).............................................................................13

*Kickapoo Tribe of Indians of Kickapoo Rsrv. in Kan. v. Babbitt*,
    43 F.3d 1491 (D.C. Cir. 1995) ...............................................9, 11, 13, 16, 17, 21

*Knox v. U.S. Dep't of Interior*,
    759 F. Supp. 2d 1223 (D. Idaho 2010) .......................................................8, 14, 21

*MGM Glob. Resorts Dev., LLC v. U.S. Dep't of the Interior*,
    2020 WL 5545496 (D.D.C. 2020) ........................................................................21

*Michigan v. Bay Mills Indian Cmty.*,
  572 U.S. 782 (2014)............................................................................................11, 18

*Nanko Shipping, USA v. Alcoa, Inc.*,
  850 F.3d 461 (D.C. Cir. 2017) ....................................................................................3

*Pueblo of Sandia v. Babbitt*,
  47 F. Supp. 2d 49 (D.D.C. 1999) ...........................................................7, 9, 17, 19

*Ramah Navajo Sch. Bd., Inc. v. Babbitt*,
  87 F.3d 1338 (D.C. Cir. 1996) ............................................................................6, 14

*Ransom v. Babbitt*,
  69 F. Supp. 2d 141 (D.D.C. 1999) .......................................................................6, 8

*Republic of Philippines v. Pimentel*,
  553 U.S. 851 (2008)............................................................................................12, 13

*Sac & Fox Nation of Mo. v. Norton*,
  240 F.3d 1250 (10th Cir. 2001) ..................................................................................6

*Seminole Tribe of Fla. v. Florida*,
  517 U.S. 44 (1996).....................................................................................................11

*Stand Up for Cal.! v. U.S. Dep't of the Interior*,
  204 F. Supp. 3d 212 (D.D.C. 2016) ..........................................................10, 11, 17

*Three Affiliated Tribes of Fort Berthold Indian Rsrv. v. United States*,
  637 F. Supp. 2d 25 (D.D.C. 2009) ...........................................................................19

*Victim Rights L. Ctr. v. Rosenfelt*,
  988 F.3d 556 (1st Cir. 2021) ...............................................................................14, 16

*W. Flagler Assocs. v. Haaland*,
  2021 WL 5492996 (D.D.C. Nov. 22, 2021) .........................................8, 14, 15, 17, 18, 19, 20

*Wichita & Affiliated Tribes of Okla. v. Hodel*,
  788 F.2d 765 (D.C. Cir. 1986) ...........................................................9, 10, 12, 21

**STATUTES**

5 U.S.C. § 702.........................................................................................................6, 20

5 U.S.C. § 706.............................................................................................................6

5 U.S.C. § 706(2).........................................................................................................8

25 U.S.C. § 2710(d)(1) ...............................................................................................7

25 U.S.C. § 2710(d)(1)(C) ....................................................................................................10

**RULES**

Fed. R. Civ. P. 15(a)(2) ..........................................................................................................3

Fed. R. Civ. P. 19(a)(1)(A) ..................................................................................................5, 6

Fed. R. Civ. P. 19(a)(1)(B) ....................................................................................................5

Fed. R. Civ. P. 19(a)(1)(B)(i) .................................................................................................3

Fed. R. Civ. P. 19(b) ..........................................................................................................3, 12

## INTRODUCTION

When Maverick filed this action challenging state-tribal compact amendments that the Secretary of the Interior had approved under the Indian Gaming Regulatory Act ("IGRA"), the Washington state officials objected to litigating in this forum and moved to transfer venue. In an effort to accommodate their objections, Maverick amended its complaint to drop the claims for relief against the Washington state officials. The First Amended Complaint limits its challenge to an Administrative Procedure Act ("APA") claim against the Federal Defendants for approving the compact amendments giving Indian tribes a monopoly over sports betting in the state.

Now, in their opposition to Maverick's motion for leave to file its amended complaint, the Washington state officials go much further and claim that *Washington state* is an indispensable party to Maverick's APA claim, and that Maverick's claims therefore must be dismissed due to Washington's sovereign immunity. What began as an objection to litigating before this Court has thus shifted into a sweeping objection to the ability of *any* plaintiff to *ever* bring an APA challenge to the Secretary's approval of a state-tribal gaming compact.

At the outset, there is no reason for this Court to decide the Washington state officials' indispensable-party arguments at this stage. If the Washington state officials believed that Washington is an indispensable party, then they should have filed a motion to dismiss pursuant to Rule 12(b)(7), rather than attempting to shoehorn a truncated Rule 19 analysis into the briefing on Maverick's motion to amend its complaint.

In any event, the Washington state officials' arguments are meritless. The Washington state officials take the stunning position that states must be joined as parties in all APA challenges to the Secretary's approvals of state-tribal gaming compacts, and that those challenges must then be dismissed because of sovereign immunity. This position would render these APA claims unreviewable, a result at odds with common sense, fundamental principles of review of agency

action, and the practice of federal courts—including the D.C. Circuit—which routinely hear APA claims challenging the Secretary's approval of state-tribal compacts.

Rule 19 does not require the presence of Washington state or any Washington state officials in this litigation. *First*, neither the state nor its officials are required parties because the United States adequately represents their interest in defending the compacts. When a plaintiff challenges an agency's action under the APA, the federal government is the only required party to defend the agency action. *Second*, even if Washington state or its officials were required parties that could not be joined, this challenge can and should "in equity and good conscience" proceed against the United States alone under Rule 19(b). Washington will not be prejudiced because the United States will defend its interests. Nor is Washington's presence in this action required to award Maverick complete relief on its APA claim. And dismissal of this action for nonjoinder of Washington state would deprive Maverick of any remedy for its injuries, because APA claims can be brought in federal court alone. Indeed, the United States has made clear that states are not indispensable parties under Rule 19 in APA challenges to the Secretary's approval of a compact under IGRA brought in this district.

This Court should grant Maverick's motion to file its amended complaint and drop the Washington state defendants.[1]

---

[1]  Moreover, particularly given that Rule 19 is now the Washington state officials' principal basis for moving to transfer venue, *see* Reply Memorandum in Support of Motion to Transfer Venue, Dkt. 41 (Mar. 17, 2022), that motion is baseless and should be denied.

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that a "court should freely give leave" to amend a complaint "when justice so requires."[2]  The Washington state officials nonetheless argue that this Court should not grant Maverick leave to file its First Amended Complaint on the ground that Washington state is an indispensable party under Federal Rule of Civil Procedure 19 that cannot be joined due to sovereign immunity, and that the First Amended Complaint would have to be dismissed.  Opp. 25.  The Washington state officials' arguments rest on a misstatement of the claims in Maverick's amended complaint, a misunderstanding of the nature of Washington's interest in this litigation, and a misapplication of the standards of Rule 19.

Rule 19(a)(1)(B)(i) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest.

If such a person cannot be joined, "the court must determine whether, in equity and conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).  Importantly, "[a] decision under Rule 19 *not* to decide a case otherwise properly before the court is a power to be exercised only in rare instances."  *Nanko Shipping, USA v. Alcoa, Inc.*, 850 F.3d 461, 465 (D.C. Cir. 2017) (internal quotation marks omitted).  Here, there would be no basis to dismiss this action in Washington state's absence, and thus Maverick's proposed amendments

---

[2]  Maverick continues to assert that it is entitled to amend its complaint as of right and did not require leave of Court under Rule 15(a)(2).  *See* Mot. to Amend Compl., Dkt. 35, at 11–13. Should this Court conclude that Maverick was entitled to amend its complaint as of right, it need not consider the arguments raised in the Washington state officials' opposition memorandum.

would not be futile.  This Court should grant Maverick leave to file its amended complaint and should drop the Washington state officials from this action.

## I.    The Washington State Officials' Rule 19 Arguments Provide No Basis To Deny Maverick Leave To Amend Its Complaint.

As a preliminary matter, this Court should reject as procedurally improper the Washington state officials' contention that this Court should deny Maverick leave to amend its complaint on the ground that Washington state is an indispensable party.  The Washington state officials do not deny that Maverick's motion for leave to file an amended complaint, if granted, would moot the argument in their motion to transfer that this Court lacks personal jurisdiction over them.  *See* Dkt. 30-1, at 12–20.  Faced with the impending mootness of their principal argument for transferring this case, the Washington state officials have moved the goalposts in their opposition, forcing Maverick to oppose a hypothetical Rule 12(b)(7) motion in a reply memorandum.  But "Rule 19 is about protecting absent persons from unfair prejudice—it is not about giving a named defendant veto power over the plaintiff's chosen forum."  *Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth.*, 795 F.3d 351, 360 (2d Cir. 2015).  The Court should not permit the Washington state officials to invoke Rule 19 in a last-ditch effort to salvage their moot motion to transfer venue.

Because leave to amend a complaint should be freely given, there is no need for this Court to address the Rule 19 arguments before granting Maverick leave to amend.  After this Court's disposition of the pending motions, the remaining defendants may (if they wish) file a Rule 12(b)(7) motion, and this Court will have the opportunity to decide these issues after full briefing.

## II.    Washington State Is Not A Required Or Indispensable Party Under Rule 19.

In any event, the Washington state officials' arguments fail because Washington state is neither a required nor an indispensable party under Federal Rule of Civil Procedure 19.

Rule 19 has two steps. Courts "first determine whether an absent party is 'required'" under Rule 19(a); if so, the court then asks under Rule 19(b) "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *De Csepel v. Republic of Hungary*, 27 F.4th 736, 2022 WL 678076, at *7 (D.C. Cir. 2022). The Washington state officials' arguments fail at each step.

### A.    Washington State Is Not A "Required" Party Under Rule 19(a).

The Washington state officials contend that Washington is a "required" party under Rule 19(a), but they are mistaken. A party is "required" under Rule 19(a)(1) if "the court cannot accord complete relief among existing parties" in the nonparty's absence, Fed. R. Civ. P. 19(a)(1)(A), or if the nonparty "claims an interest relating to the subject of the action" and their absence may "impair or impede" its ability to protect that interest or could "leave an existing party subject to a substantial risk of" duplicate or inconsistent obligations, *id.* 19(a)(1)(B). Neither of these describe Washington here. Indeed, just last year the federal government explained at length why an absent state is not a "required" party under Rule 19 in a very similar APA challenge to the Secretary's approval of a compact: An absent state is "not [a] required part[y] under Rule 19(a)" because in an "APA case challenging federal agency and officer actions, the only required parties to defend such actions are Federal Defendants," given that they "are capable of adequately protecting any interests of [the absent state], who share[s] Federal Defendants' interest in seeing the actions upheld." Ex. A, at 4 (Federal Defendants' Response and Opposition to Intervenor-Defendants' Motion to Dismiss, *MGM Glob. Resorts Dev. v. U.S. Dep't of the Interior*, No. 1:19-cv-02377-RC (D.D.C. Jan. 29, 2021), Dkt. 54).

*First*, the Court can afford complete relief among the existing parties without the presence of Washington state or any Washington state officials. Maverick's APA claim challenges a federal agency action, alleging that it violated federal statutory and constitutional law. There is no

question of state law at issue.  Indeed, the APA does not authorize relief against non-federal entities at all.  *See* 5 U.S.C. §§ 702, 706.  And Maverick's amended complaint seeks no relief against non-federal entities; rather, it is limited to one claim under the APA challenging the Secretary of the Interior's approvals of the state-tribal sports-betting compact amendments as contrary to IGRA and the U.S. Constitution.  Dkt. 35-1, at 28 (Am. Compl. ¶ 136).  Maverick can obtain complete relief under the APA without the presence of any state parties.  *See Sac & Fox Nation of Mo. v. Norton*, 240 F.3d 1250, 1258 (10th Cir. 2001) (holding that tribe was not a necessary or indispensable party because, given that "plaintiffs' action focuses solely on the propriety of the Secretary's determinations, the absence of the [tribe] does not prevent the plaintiffs from receiving their requested declaratory relief").  Thus, Washington's presence is not required for the court to "accord complete relief among existing parties."  Fed. R. Civ. P. 19(a)(1)(A); *see also* Ex. A, at 13 (federal government noting that "Plaintiffs seek relief only against Federal Defendants; if Plaintiffs were to succeed on the merits of this case," the "Plaintiffs could obtain all the relief possible under the APA and IGRA without [the state's] presence as a party").

*Second*, the United States adequately represents Washington state's interests.  The federal government, federal agencies, and federal officers are the only required defendants in an APA challenge directed solely at a federal action undertaken by a federal decision maker.  *See, e.g.*, *Ramah Navajo Sch. Bd., Inc. v. Babbitt*, 87 F.3d 1338, 1352 (D.C. Cir. 1996) (tribes not required parties in case alleging Secretary exceeded federal statutory authority in initiating plan to distribute funds).  Thus, "in cases where plaintiffs have challenged the propriety of decisionmaking by federal administrative agencies, courts frequently have concluded that states and municipalities affected by that decisionmaking are not indispensable parties."  *Ransom v. Babbitt*, 69 F. Supp. 2d 141, 148 (D.D.C. 1999) (brackets and internal quotation marks omitted); *see also Coal. on Sensible*

6

*Transp., Inc. v. Dole*, 631 F. Supp. 1382, 1386 (D.D.C. 1986) (holding that state entities were not indispensable parties in challenge to federal agency's failure to prepare an environmental impact statement, explaining that "there is substantial identity of interests among the federal defendants and the state entities" because "all seek defeat of plaintiffs' claims").  As the United States has explained, "the [federal] agency itself is the best—and only required—party to defend" the Secretary's approval of a state-tribal gaming compact under IGRA.  Ex. A, at 11.

The only question to be decided in an APA challenge like this one is whether a federal agency action was consistent with federal law.  *See Pueblo of Sandia v. Babbitt*, 47 F. Supp. 2d 49, 53 (D.D.C. 1999) ("Secretarial approval is agency action like any other, reviewable under the APA, and presenting only issues of federal administrative law.").  Yet, despite the fact that Maverick is challenging only whether the actions of *federal officials* complied with *federal law*, the Washington state officials persist in describing Maverick's amended complaint as a "challenge [to] the legality of Washington State's gaming laws and practices."  Opp. 7; *see also id.* at 10–11, 13, 15, 22–23.  They are incorrect.  Maverick's amended complaint does not seek any relief against Washington or any Washington state official.  It does not ask this Court to enjoin the enforcement of or declare unlawful any provision of Washington law.  *See* Dkt. 35-1, at 28 (Am. Compl. ¶ 136). The Washington state officials point to allegations from Maverick's amended complaint explaining how the compact amendments violate the U.S. Constitution and do not satisfy IGRA's requirements, such as its state-permission requirement.  Opp. 7, 10, 15; *see* 25 U.S.C. § 2710(d)(1) (listing requirements for lawful class III gaming activities on Indian lands).  But these allegations do not challenge the validity of Washington state law; rather, they demonstrate that the Secretary had an obligation under IGRA to disapprove the compact amendments under 25 U.S.C. § 2710(d)(8)(B) and the U.S. Constitution.  "The interpretation of tribal-state gaming compacts is

a question of federal law." *W. Flagler Assocs. v. Haaland*, --- F. Supp. 3d ---, 2021 WL 5492996, at *10 (D.D.C. Nov. 22, 2021). The Secretary has an obligation under IGRA to disapprove compacts if they do not comply with the requirements of federal law. Maverick's claim that the Secretary violated this obligation when she approved the compact amendments is not—as the Washington state officials assert—a challenge to Washington's gambling laws. *Contra* Opp. 13. It is a standard APA claim that a federal department head took action that was not in accordance with federal law. *See* 5 U.S.C. § 706(2).

Because the only actions challenged in this suit are the Secretary of the Interior's decision to approve the compact amendments, the federal government adequately represents Washington's interest in this case: that the agency action be upheld. *See, e.g.*, *Ransom*, 69 F. Supp. 2d at 148 (explaining that non-federal governmental entities were not indispensable where "plaintiffs have challenged the propriety of decisionmaking by federal administrative agencies" (internal quotation marks omitted)). The United States "has every incentive to zealously defend" its decisions, and therefore "no provision of Rule 19(a)(1) applies to the State." *Knox v. U.S. Dep't of Interior*, 759 F. Supp. 2d 1223, 1236–37 (D. Idaho 2010) (noting in challenge to Secretary's approval of gaming compact under IGRA that there was no indication "that the State would offer something that the Secretary would neglect"). The Washington state officials have pointed to no conflict between their position and the United States, and, given that they bear the burden of proof on the issue, *Direct Supply, Inc. v. Specialty Hosps. of Am., LLC*, 878 F. Supp. 2d 13, 24 (D.D.C. 2012), this failure is fatal, *see also Forest Cnty. Potawatomi Cmty. v. United States*, 317 F.R.D. 6, 15 n.10 (D.D.C. 2016) (movant must "identify the alleged conflict of interest" and also "demonstrate how such a conflict might actually arise under the facts of the case" (brackets and internal quotation marks omitted)); Ex. A, at 15 ("Since Federal Defendants and [the state] share a broad interest in

having the federal decision making upheld, Federal Defendants can adequately represent [the state] in this APA case." (internal quotation marks omitted)).

The absence of any conflict between Washington's interests and the United States' interest distinguishes this case from those on which the Washington state officials rely. For example, the Washington state officials repeatedly cite *Kickapoo Tribe of Indians of Kickapoo Reservation in Kansas v. Babbitt*, 43 F.3d 1491 (D.C. Cir. 1995), in which a tribe had sued to compel the Secretary to approve a state-tribal compact that the Kansas Supreme Court had held invalid as a matter of state law. But the "problem in *Kickapoo*" was that the interests of the "defendants were misaligned with those of the absent sovereign." *De Csepel*, 2022 WL 678076, at *10. The district court had erroneously assumed that the Governor of Kansas would adequately protect Kansas's interests, but a conflict of interest had arisen after the Kansas Supreme Court ruled that the governor "lacked authority to finalize binding compacts on Kansas's behalf," meaning that no one in the litigation represented the interests of the state of Kansas. *Id.* Similarly, in *Sandia*, 47 F. Supp. 2d 49, the Secretary of the Interior did not represent New Mexico's interests—indeed, the federal government's position was directly *contrary* to the state's position that the compact should be upheld. Although the Secretary had approved the compact under IGRA by taking no action, he had stated that the Department of the Interior was "particularly concerned" about the two provisions in the compact that the tribe was challenging—provisions that the state had drafted in a take-it-or-leave-it offer to the tribe—"that appear inconsistent with IGRA." *Id.* at 50–51 (internal quotation marks omitted). The Secretary then explained "in some detail the Department's concerns regarding" the provisions that the Department had "called into question." *Id.* at 51. Accordingly, the parties did not offer any "real dispute that the State of New Mexico is a necessary party under Rule 19(a)(2)(i)." *Id.* at 52. And in *Wichita & Affiliated Tribes of Oklahoma v. Hodel*,

788 F.2d 765, 775 (D.C. Cir. 1986), the dispute involved "three competing tribes," so the United

States necessarily could not represent all of them, *id.* at 775; *see also id.* at 775 n.11 (United States

was "apparently willing to concede a large portion of [one tribe's] claim").  By contrast, when the

interests of the absent sovereign and the remaining defendants are "closely aligned," there is no

risk of prejudice, the factor "that required reversal in *Kickapoo* is absent," and dismissal is

improper.  *De Csepel*, 2022 WL 678076, at *10.  Because Washington's interests are adequately

represented by the Federal Defendants, the Washington state officials' reliance on *Kickapoo*,

*Sandia*, and *Wichita* is misplaced.

The Washington state officials also argue that the state has "interests in the continued

validity of its laws and the authority of its Governor."  Opp. 15.  But Maverick's amended

complaint does not ask this Court to declare unlawful or enjoin the enforcement of any Washington

law.  Nor does it ask this Court to declare that the Governor of Washington lacks any authority or

enjoin him from taking any action whatsoever.  The Washington state officials seize on language

stating that IGRA did not permit the Governor to execute compact amendments that violate federal

law, Opp. 15 (citing Dkt. 35-1, at 20–21 (Am. Compl. ¶¶ 87, 100)), but these allegations are not

challenges to the Governor's authority; rather, they are statements that a compact amendment that

violates federal law cannot properly be "entered into" under 25 U.S.C. § 2710(d)(1)(C).

Maverick's argument turns on whether the substance of the compact amendments is consistent

with federal law—not on whether the Governor had authority to execute the amendments on behalf

of the State of Washington, on which there is no dispute.  *See* Dkt. 35-1, at 13 (Am. Compl. ¶ 55).

This distinction is precisely what makes *Stand Up for California! v. U.S. Department of

the Interior*, 204 F. Supp. 3d 212 (D.D.C. 2016), inapt.  *Contra* Opp. 15–16  In that case, the

plaintiffs alleged that the Governor of California's concurrence in an IGRA record of decision was

invalid because the governor lacked authority under California law. *Stand Up for Cal.!*, 204 F. Supp. at 248. The court determined that California had an interest "in its Governor's authority, under its own law." *Id.* at 253. Indeed, the United States has distinguished this case on the basis that "the United States may not be able to adequately represent a non-federal governmental entity where the plaintiff is challenging the actions of that non-federal governmental entity, rather than squarely challenging federal agency decision making," but those concerns are not present when the state "share[s] the same goal as Federal Defendants," *i.e.*, defending the federal action. Ex. A, at 17–19. Thus, another principal reason that the D.C. Circuit in *Kickapoo* ruled that the state was an indispensable party was that the case involved a disputed question of state law on which the federal government could not adequately represent Kansas: namely, whether the Governor had the authority under state law to execute the compact in the first place. 43 F.3d at 1493–94. Maverick's amended complaint makes no challenge to the Governor's authority and raises no question of state law. It claims only that the Secretary's approval of compact amendments violated federal law.

The Washington state officials also claim that "Washington State has obvious interests under Rule 19(a) in the regulation of gambling within its territory." Opp. 15. But the federal government has exclusive authority over Indian gaming, and the "States lack[] any regulatory authority over gaming on Indian lands." *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 794 (2014). Indeed, Congress passed IGRA precisely because the states have no constitutional regulatory authority over gaming on Indian lands, and they may exercise such authority only to the extent Congress permits. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996) (stating that IGRA "extends to the States a power withheld from them by the Constitution"). Washington state therefore has no interest in regulating gaming on Indian lands that is not already adequately represented by the United States.

In sum, this APA litigation raises no question regarding the interpretation of state laws, and raises no question regarding the actions of state governmental entities or officials. The claims are solely within the realm of federal law—the APA, IGRA, and the U.S. Constitution.

**B.      Even If Washington State Were A Required Party, This Case Should Still Continue In Its Absence Under Rule 19(b).**

Even if Washington state were a required party that cannot be joined due to sovereign immunity, the action can still proceed "in equity and good conscience" in its absence under Rule 19(b).

"If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). In deciding whether an action may proceed "in equity and good conscience" a court considers four factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.* Each of these factors weighs decisively in Maverick's favor.[3]

---

[3] The Washington state officials rely on the D.C. Circuit's past statements that when an action threatens to prejudice a nonparty that is immune from suit, "there is very little room for balancing of other factors." Opp. 19 (quoting *Wichita*, 788 F.2d at 777 n.13). But the Supreme Court abrogated that reasoning in *Republic of Philippines v. Pimentel*, 553 U.S. 851 (2008), where it carefully considered all the Rule 19(b) factors even though the party that could not be

### 1.    Washington Will Not Be Prejudiced Because The Federal Defendants Will Adequately Defend Its Interests.

The first factor "asks whether a party might suffer prejudice not simply from an adverse result, but specifically from the decision being rendered in its absence." *De Csepel*, 2022 WL 678076, at *8 (brackets and internal quotation marks omitted). The "prejudice to absent parties approaches the vanishing point when the absent and remaining parties' interests are aligned in all respects, including in cases in which the absent party is an immune sovereign." *Id.* (citation and internal quotation marks omitted); *see also Gensetix*, 966 F.3d at 1327 (reversing Rule 19 dismissal of action because a private party was "fully able (and willing) to step into [the state's] shoes and protect the absent sovereign's interests"); *Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth.*, 795 F.3d 351, 360 (2d Cir. 2015) (vacating the dismissal of an action because there was no adversity between the absent sovereign and the remaining party, which was capable of protecting the state's interests). As the D.C. Circuit has explained, the rule "is straightforward: If a party remaining in the case is both capable of and interested in representing the interests of the absent party, the party's exit or exclusion from the suit exposes it to no additional risk of an adverse decision." *De Csepel*, 2022 WL 678076, at *8.

As explained at length above, the Federal Defendants will adequately represent Washington's interests in opposing Maverick's APA claim, so Washington will not be prejudiced by a judgment rendered in its absence. *See Kickapoo*, 43 F.3d at 1497 n.9 ("The inquiry as to prejudice under Rule 19(b) is the same as the inquiry under Rule 19(a)[(1)(B)] regarding whether continuing the action will impair the absent party's ability to protect its interest."). There is a

---

joined was entitled to sovereign immunity, *id.* at 865–72; *see also Gensetix, Inc. v. Bd. of Regents*, 966 F.3d 1316, 1327 n.9 (Fed. Cir. 2020) (rejecting the D.C. Circuit's statements in *Kickapoo* as unpersuasive because they "pre-date *Pimentel*").

"rebuttable presumption that the government will defend adequately its action" and the absent party's burden of persuasion of showing inadequate representation when the government is a party "is ratcheted upward." *Victim Rights L. Ctr. v. Rosenfelt*, 988 F.3d 556, 561 (1st Cir. 2021) (internal quotation marks omitted).  For example, the Ninth Circuit has held that an Indian tribe's interests were adequately represented by the Assistant Secretary of Indian Affairs because he was "defending the very order" requested by the tribe, and no conflict of interest between the United States and the tribe had "surfaced to this point in this case." *Alto v. Black*, 738 F.3d 1111, 1128 (9th Cir. 2013).  The court therefore affirmed the district court's denial of a motion to dismiss for failure to join the tribe as an indispensable party. *Id.* at 1129.

Courts also presume that an absent party's interests are adequately represented if it has the "same ultimate objective" as an existing party. *Cobell v. Jewell*, No. CV 96-01285 (TFH), 2016 WL 10704595, at *2 (D.D.C. Mar. 30, 2016); *see also Atl. Refinishing & Restoration, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 272 F.R.D. 26, 30 (D.D.C. 2010) (same); *De Csepel*, 2022 WL 678076, at *9 (holding that an absent sovereign was adequately represented when, "[a]t bottom, both [it] and the remaining defendants seek the same result").  To rebut this presumption, the absent party must "demonstrat[e] special circumstances that make the representation inadequate, such as adversity of interest, collusion, or nonfeasance." *Cobell*, 2016 WL 10704595, at *2 (internal quotation marks omitted).  When there is "no conflict" between the Secretary's interest and a nonparty sovereign, that sovereign's interest will not be prejudiced by a decision in its absence. *Ramah*, 87 F.3d at 1351–52; *see also W. Flagler Assocs.*, 2021 WL 5492996, at *7 ("[W]here there is no conflict between the Secretary's interest and the interest of the nonparty Tribe, the D.C. Circuit has held that the Secretary may adequately represent the Tribes interests." (brackets, ellipsis, and internal quotation marks omitted)); *Knox*, 759 F. Supp. 2d at 1237 (denying

the Secretary's motion to dismiss challenge to approval of state-tribal gaming compacts for failure to join Idaho because the Secretary "has not shown that the State would offer something that the Secretary would neglect").

Maverick's APA claim challenges the Secretary's approval of Washington's sports-betting compact amendments. There is no reason to believe that the Federal Defendants will not adequately defend the federal agency action that Maverick challenges, and the Washington state officials do not suggest otherwise. The Federal Defendants and Washington also share the same ultimate objective in this action: the affirmance of the Secretary's decision to approve Washington's sports-betting compact amendments. The Federal Defendants will therefore adequately represent Washington's interests in opposing Maverick's APA claim, and Washington will suffer no prejudice from a judgment rendered in its absence. *See W. Flagler Assocs.*, 2021 WL 5492996, at *7 (holding that an absent Indian tribe could not show prejudice under Rule 19(b) because the Secretary shared its "position on the key issue in this case—*i.e.*, that the Compact is consistent with IGRA").

The Washington state officials attempt to show that the Federal Defendants might not adequately represent Washington's interests, but none of their arguments is persuasive. The Washington state officials claim that the Federal Defendants cannot adequately represent Washington's "interest in the faithful execution of its laws, the authority of its Governor, . . . the validity of compacts that it negotiated and entered into[,] . . . its relationships with tribes[,] and the economic benefits the gaming compacts provide to the State." Opp. 22. Again, the Washington state officials' repeated assertions that Maverick's amended complaint puts into question the execution of Washington law or the Governor's authority are baseless; Maverick's amended complaint challenges only the Secretary's approval of the sports-betting compact amendments.

More fundamentally, however, the Washington state officials do not explain how the Federal Defendants will not adequately protect the interests they identify. For purposes of Rule 19(b), it is not enough to show that an absent party's interests are "distinct" from an existing party; it must be shown that the "distinction could impair" the absent party's interests. *De Csepel*, 2022 WL 678076, at *9; *see also Victim Rights L. Ctr.*, 988 F.3d at 562 (noting that "perfect identity of motivational interests" between an absent party and the government is not "necessary to a finding of adequate representation"). The Washington state officials' position appears to be that a judicial determination that the Secretary's approval of the compact amendments was unlawful could affect its interests. That is not enough. The Federal Defendants will fully protect these interests by defending the Secretary's approvals of the compact amendments, and the Washington state officials have not shown otherwise.

The Washington state officials also argue that the federal government has a trust relationship with Indian tribes that Washington does not have. Opp. 22–23. But the Washington state officials do not explain how that trust obligation creates a conflict of interest with Washington. Nor could they. The parties to the challenged compact amendments are Washington state and federally recognized Indian tribes, so their interests in upholding the validity of the amendments are aligned. To the extent the United States' trust obligations to Indian tribes are relevant, they confirm that the Federal Defendants will adequately represent Washington's interests by defending the challenged compact amendments.

In those cases where courts have held that an absent state's interest was inadequately represented, the court found a conflict of interest stemming from the federal government's trust obligations to a tribe. For example, in *Kickapoo*, the D.C. Circuit held that "the Secretary was not in a position to champion the State's position in view of his trust obligations to the Tribe," where

16

a tribe had sued to compel the Secretary to approve a state-tribal compact that the Kansas Supreme Court had held invalid as a matter of state law.  43 F.3d at 1493–94, 1499.  And in *Stand Up for California!*, the court noted that the Secretary had "a *conflicting* trust obligation to the North Fork Tribe."  204 F. Supp. 3d at 254 (emphasis added).  The Washington state officials here identify no conflict of interest created by the federal government's trust obligations in this case.

The Washington state officials also posit a series of hypothetical conflicts of interests that might arise in the course of this litigation.  They contend that the "Secretary may argue that a compact Washington State negotiated is lawful, for example, but may be satisfied with rationales that constrain future choices by the State," and that "the Secretary may advance an interpretation of [state] law that conflicts with the State's interpretation."  Opp. 23.  But such vague conjectures are insufficient to show the prejudice with which Rule 19 is concerned.  A court will not "simply assume that . . . interests conflict," because such a "request is inconsistent with applying Rule 19(b) based on 'practical considerations in the context of particular litigation.'"  *W. Flagler Assocs.*, 2021 WL 5492996, at *7 (quoting *Kickapoo*, 43 F.3d at 1495); *see also Alto*, 738 F.3d at 1128 (noting that, although "conflicts can arise between the United States and an Indian tribe, . . . no such conflict has surfaced to this point").  Furthermore, to the extent that Washington wishes to have discretion to negotiate and execute state-tribal compacts that violate federal law, "[i]t should go without saying that the State's interest in the continuing effectiveness of compact provisions that violate federal law must be small, if not altogether insignificant."  *Sandia*, 47 F. Supp. 2d at 54.

Finally, the Washington state officials claim that no existing party shares its "specific interests in the regulation of *non-tribal* gaming."  Opp. 23 (emphasis added).  Washington's interests in non-tribal gaming are irrelevant.  Maverick's amended complaint challenges only the

Secretary's approval of the sports-betting compact amendments, which concern *tribal* gaming only on *Indian lands*. *See Bay Mills Indian Cmty.*, 572 U.S. at 795 (noting that IGRA concerns "gaming on Indian lands, and nowhere else"); *W. Flagler Assocs.*, 2021 WL 5492996, at *9 ("[I]t is well-settled that IGRA authorizes sports betting only on Indian lands.").

Because the Federal Defendants will adequately represent Washington's interests in the approvals of the challenged compact amendments, and the Washington state officials have not identified any conflict of interest, Washington would not suffer any prejudice from a judgment rendered in its absence. As the federal government has explained, "the potential for prejudice is minimal, if not nonexistent, due not only to the derivative nature of [the state's] interest in this APA case but because Federal Defendants can adequately represent [the state's] interests." Ex. A, at 22. The first Rule 19(b) factor therefore would weigh against dismissing Maverick's amended complaint.

> **2.       Because Washington State Would Suffer No Prejudice, There Is No Need To Shape Relief To Minimize Prejudice.**

When the extent of any prejudice to an absent sovereign "does not warrant dismissal, it makes little sense to ask whether" protective provisions or shaping judicial relief "would lessen that prejudice." *W. Flagler Assocs.*, 2021 WL 5492996, at *8. "The ability to minimize prejudice, in other words, bears on indispensability only when there is prejudice to be minimized." *Id.* Because Washington would not suffer any prejudice from a judgment rendered in its absence, the second Rule 19(b) factor is irrelevant.

> **3.       A Judgment Rendered In Washington's Absence Would Be Adequate.**

The third factor also weighs decisively in Maverick's favor. Maverick's amended complaint seeks relief against only the Federal Defendants under the APA, so a judgment rendered in Washington's absence would be fully adequate. Maverick seeks vacatur of the Secretary's

approvals of the sports-betting amendments and declarations that the amendments, the Secretary's approvals, and the sports-betting activities undertaken pursuant to those amendments violate IGRA and the U.S. Constitution.  *See* Dkt. 35-1, at 28 (Am. Compl. ¶ 136).  There is no need for Washington state or any state official to be a party to this action to award Maverick the full relief it requests.  *See W. Flagler Assocs.*, 2021 WL 5492996, at *8; *Pueblo of Sandia*, 47 F. Supp. 2d at 55 (holding that this factor weighed against dismissal when "[t]he full extent of relief requested by plaintiffs can be rendered in this case without the State" (internal quotation marks omitted)).  In this circumstance, "it is hard to see how the presence or absence of a state-party could affect the adequacy of the judgment in this sense." *Id.*

### 4. Maverick Would Have No Remedy If This Action Were Dismissed For Nonjoinder Of Washington.

Finally, if the Washington state officials were correct that Washington state were an indispensable party to Maverick's First Amended Complaint under Rule 19, Maverick would have no remedy for its injuries.  There is no non-federal forum capable of granting an adequate remedy for Maverick, nor even of hearing Maverick's APA claim.  This factor therefore weighs heavily against dismissal of Maverick's amended complaint.  *See, e.g.*, *Three Affiliated Tribes of Fort Berthold Indian Rsrv. v. United States*, 637 F. Supp. 2d 25, 33 (D.D.C. 2009) ("[T]he strong presumption in favor of reviewability of agency action underscores the Court's holding that the [absent tribes] are not required parties under Rule 19." (citation and internal quotation marks omitted)).

Indeed, this factor demonstrates the stunning breadth of the Washington state officials' Rule 19 argument.  In their view, the relevant state is an indispensable party in APA challenges to the Secretary's approval of state-tribal gaming compacts, and therefore no such action may proceed absent a waiver of the state's sovereign immunity.  *See* Opp. 24–25.  The Washington

state officials' preferred application of Rule 19 would bar any party injured by an illegal IGRA compact from obtaining relief in federal court from the Secretary's approval of the compact, no matter how flagrantly illegal the Secretary's action was.  It would make the Secretary's decision whether to approve state-tribal gaming compacts effectively unreviewable, thereby nullifying the APA's cause of action.  *See* 5 U.S.C. § 702.

Federal courts have declined to adopt the Washington state officials' extreme position.  As the court explained in *West Flagler*, if a tribe were "indispensable in *every* case that challenges the Secretary's approval of a gaming compact"—even "where the Tribe has made no particularized showing of prejudice"—it would mean that "those approvals will *never* be subject to judicial review because the nonjoinder of a tribe will *always* require dismissal," 2021 WL 5492996, at *8, a logic that applies equally to states.  "The D.C. Circuit, which reached the merits in another compact-approval case, has not adopted that extreme and unworkable conclusion."  *Id.* (citing *Amador Cnty. v. Salazar*, 640 F.3d 373, 378–84 (D.C. Cir. 2011)).

Indeed, courts in this Circuit and other circuits routinely adjudicate IGRA challenges under the APA like this one without suggesting that they are precluded under Rule 19.  The plaintiff in *Amador County* challenged the Secretary's no-action approval of a gaming compact between an Indian tribe and the State of California, and the D.C. Circuit reached the merits even though neither the State of California nor any state officials were parties to the action.  *Amador Cnty.*, 640 F.3d at 383.  The State of Florida filed an amicus brief in *West Flagler*, but it was not a party.  2021 WL 5492996, at *7.  Nor was a state or state official a party in *Forest County Potawatomi Community v. United States*, 330 F. Supp. 3d 269, 274 (D.D.C. 2018), which involved an APA challenge to the Secretary's disapproval of an amendment to a Wisconsin tribal gaming compact. Challenges to the Secretary's approvals of state-tribal gaming compacts have also been brought in

other circuits, and courts have not dismissed the actions under Rule 19(b), even though neither the relevant state nor any state official had been joined. *See, e.g.*, *Knox*, 759 F. Supp. 2d at 1237; *Apache Tribe of Okla. v. United States*, 2007 WL 2071874 (W.D. Okla. July 18, 2007). If the Washington state officials were correct, all of these decisions would have been wrongly decided, because "court[s] ha[ve] a duty to raise *sua sponte* the issue of whether [the relevant state] is an indispensable party." *Kickapoo*, 43 F.3d at 1495 n.3; *see also Wichita*, 788 F.2d at 772 n.6 ("[W]e have an independent duty to raise [immunity] *sua sponte*."); *MGM Glob. Resorts Dev., LLC v. U.S. Dep't of the Interior*, 2020 WL 5545496, at *4 n.3 (D.D.C. 2020) ("The Court has an independent obligation to raise and look into Rule 19 issues *sua sponte*."). The Washington state officials would have this Court effectively hold that all of these courts, including the D.C. Circuit, violated their duty under Rule 19 to dismiss the actions for failure to join the state that was a party to the challenged compact, and that none of these cases were justiciable. As the United States has explained:

> [I]t is Federal Defendants' position that the sovereign interests of non-federal entities are not implicated in APA cases. Any interest of a non-federal sovereign derives from that of the federal government in having its administrative decisions upheld. Thus, dismissal for nonjoinder should be disfavored here because dismissal would produce the anomalous result of potentially foreclosing judicial review of federal agency decision making where a tribe or state has any interest in that federal decision or action.

Ex. A, at 24–26. This Court should reject the Washington state officials' invitation to hold that sovereign immunity bars any challenges to the Secretary's approval of state-tribal compacts.[4]

---

[4] The Washington state officials do not even concede that a suit against them in the Western District of Washington could proceed. To the contrary, they admit that they would move to dismiss pursuant to Rule 12(b)(7) and Rule 19 even in that event and force Maverick to "make [these same] arguments there." Opp. 24. In any event, even if the Washington state officials took the position that there would be no sovereign-immunity problem in that situation—which they do not—accepting that argument would still eliminate APA challenges of this sort from ever proceeding in this Court, a result that is squarely at odds with numerous cases cited above.

\*          \*          \*

Because the Rule 19(b) factors weigh decisively against dismissal of Maverick's amended complaint, amendment would not be futile, and this Court should grant Maverick leave to file its amended complaint.

## CONCLUSION

Neither Washington state nor the Washington state officials are required parties in this lawsuit; the federal government is the only required party to a challenge to a federal agency's action under the APA, and the federal government can adequately represent Washington's interests. And even if Washington were a required party under Rule 19(a), it would not be prejudiced by its absence, given the federal government's participation, the fact that a judgment rendered in Washington's absence would be adequate, and that Maverick would otherwise not have any adequate forum for judicial review. Maverick respectfully requests that this Court grant it leave to file its First Amended Complaint and drop the State Defendants from this action.

Dated: March 31, 2022                    Respectfully submitted,

/s/ *Theodore B. Olson*

THEODORE B. OLSON
    D.C. Bar No. 367456
MATTHEW D. MCGILL
    D.C. Bar No. 481430
LOCHLAN F. SHELFER
    D.C. Bar No. 1029799
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: 202.955.8668
Email: tolson@gibsondunn.com

## CERTIFICATE OF SERVICE

I hereby certify that this document has been electronically filed and served using the Court's ECF System on March 31, 2022.

/s/ *Theodore B. Olson*
Theodore B. Olson

*Counsel for Maverick Gaming LLC*