**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MAVERICK GAMING LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 1:22-cv-00068-FYP |
| THE UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MGM GLOBAL RESORTS DEVELOPMENT, et al.,

        *Plaintiffs*,

        v.

UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,

        *Federal Defendants*,

        and

MASHANTUCKET PEQUOT TRIBE, et al.

        *Intervenor-Defendants*.

Civil Action No. 19-cv-2377-RC

## FEDERAL DEFENDANTS' RESPONSE AND OPPOSITION TO INTERVENOR-DEFENDANTS' MOTION TO DISMISS

Federal Defendants the United States Department of the Interior et al., through undersigned counsel, hereby respond in opposition to the Motion to Dismiss, ECF No. 49, filed by the State of Connecticut, the Mohegan Tribe of Indians of Connecticut, and the Mashantucket Pequot Tribe which is based on Fed. R. Civ. P. 19. Movants are not required parties under Rule 19; therefore, the Court should deny the Motion.

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 1

FACTUAL BACKGROUND .............................................................................. 2

    I.    Factual and Procedural History ............................................................. 2

    II.    Movants' Motion .................................................................................. 4

LEGAL BACKGROUND ................................................................................... 5

ARGUMENT ........................................................................................................ 7

    I.    The United States is the Only Required Defendant in APA Litigation ................... 7

    II.    Movants are Not Required or Indispensable Parties under the Rule 19 Framework in This APA Litigation ......................................................... 10

        A.  Federal Defendants are the Only Required Defendants in This Case ................ 10

        B.  Even if Movants are Required Parties, This APA Case May Proceed in Equity and Good Conscience Despite Their Absence ........................................ 17

CONCLUSION ..................................................................................................... 22

# INTRODUCTION

The State of Connecticut ("State"), the Mohegan Tribe of Indians of Connecticut ("Mohegan"), and the Mashantucket Pequot Tribe ("Pequot") (collectively, "Movants") moved to dismiss the above-captioned Administrative Procedure Act, 5 U.S.C. §§ 701-06 ("APA"), case on the basis that they are required parties which cannot be joined due to their respective sovereign immunities. ECF No. 49 ("Motion"). In this suit, MGM Resorts Global Development, LLC et al. ("Plaintiffs") challenge the United States Department of the Interior et al.'s ("Federal Defendants" or "Interior") approval, by operation of law, of an amendment to a gaming compact entered into between the State and Mohegan, as well as Interior's approval of an amendment to Secretarial procedures governing Pequot's gaming under the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701-21 ("IGRA"). Federal Defendants agree with Movants that the State and the Tribes are sovereign entities that cannot be joined to this suit without their consent. Federal Defendants further recognize that the State and the Tribes have an interest in the outcome of this APA litigation.

Nevertheless, Fed. R. Civ. P. 19 ("Rule 19") does not require dismissal of this suit because Movants are not required parties under Rule 19(a). Even if they are required, considerations of equity and good conscience do not dictate dismissal. In this APA case challenging federal agency and officer actions, the only required parties to defend such actions are Federal Defendants. Federal Defendants have a unique interest in defending their own actions and are capable of adequately protecting any interests of Movants, who share Federal Defendants' interest in seeing the actions upheld against Plaintiffs' meritless claims. For these reasons, Federal Defendants urge the Court to either grant Federal Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), *see* ECF No. 47, and render Movants' Motion moot, or if

Federal Defendant's motion is denied, also deny Movants' Motion and proceed to the merits of Plaintiffs' claims.[1]

## FACTUAL BACKGROUND

### I.      Factual and Procedural History.

Mohegan and Pequot each operate gaming facilities within the State of Connecticut pursuant to IGRA, 25 U.S.C. §§ 2701-21. Mohegan engages in Class III gaming under IGRA as authorized by a gaming compact it has entered into with the State. ECF No. 46-2 at 74-139; 25 U.S.C. § 2710(d) (Class III gaming). Pequot engages in Class III gaming under IGRA as authorized by gaming procedures issued by it to the Secretary. ECF No. 46-2 at 10-72. In 1993 and 1994 respectively, Pequot and Mohegan reached agreements with the State that, in exchange for possessing the exclusive right to operate Class III gaming facilities, the Tribes would share a portion of their gaming revenue with the State. Pequot, Mohegan, and the State memorialized this agreement in a Memorandum of Understanding ("MOU"). *See id.* at 141-155 ("Pequot MOU"); *id.* at 157-62 ("Mohegan MOU").

On July 20, 2017, Mohegan and the State executed an amendment to its tribal-state gaming compact and the Mohegan MOU to confirm that the opening of a state-sanctioned commercial facility, operated by the Tribes' joint venture formed under state law, would not violate the exclusivity arrangement between Mohegan and the State. *Id.* at 174-98 (together,

---

[1] Federal Defendants' opposition to Movants' motion to dismiss on Rule 19 grounds in no way signifies agreement with the merits of Plaintiffs' claims. While Federal Defendants' oppose dismissal of Plaintiffs' claims on joinder grounds, *see, e.g.*, *Three Affiliated Tribes of Fort Berthold Indian Reservation v. United States*, 637 F. Supp. 2d 25, 33 (D.D.C. 2009) (discussing the "strong presumption in favor of reviewability of agency action"), it continues to believe that Plaintiffs' complaint should be dismissed pursuant to Federal Defendants' Rule 12(b)(6) motion, ECF No. 47.

"Mohegan Amendments"). On the same date, Pequot and the State amended its MOU and the procedures to confirm the same understanding. *Id.* at 200-23 (together, "Pequot Amendments"). On August 2, 2017, the Tribes submitted their respective amendments (collectively, "Amendments") to the Secretary for approval under IGRA. *Id.* at 174-75 (Mohegan submission); *id.* at 200-01 (Pequot submission). On September 15, 2017, then Acting Assistant Secretary – Indian Affairs Michael S. Black sent letters to Pequot, Mohegan, and the State, stating that he was "returning" the amendments to them "as action on [them] is premature and likely unnecessary." *Id.* at 228-230. Movants then filed suit against Interior. *See Connecticut v. U.S. Dep't of Interior*, 363 F. Supp. 3d 45, 50 (D.D.C. 2019).

On June 1, 2018, Interior published notice in the Federal Register that no action was taken on the Mohegan Amendments within forty-five days of submission and thus "the Amendment[s are] considered to have been approved, but only to the extent the Amendment[s are] consistent with IGRA." 83 Fed. Reg. 25,484-01 (June 1, 2018); *see also* ECF No. 46-2 at 259. Thereafter, "the parties stipulated to the dismissal of Mohegan's claims." *Connecticut v. U.S. Dep't of Interior*, 344 F. Supp. 3d 279, 293 (D.D.C. 2018). The Court later dismissed Pequot's claims, concluding "that the procedural requirements governing the Secretary's approval of tribal-state compacts and compact amendments . . . do not govern the Secretary's approval of secretarial procedures and procedures amendments." *Connecticut*, 363 F. Supp. 3d at 54.

The State and Pequot then sought leave to amend their complaint, asserting new claims. *Id.* In response, the Court concluded in its February 15, 2019 decision, among other things, that Mr. Black's 2017 Letters reflected agency inaction for judicial review purposes, *id.* at 59, and that such letters "failed to sufficiently explain [its] treatment of the proposed Pequot

[Amendment]," *id.* at 63. The Court then permitted Pequot to amend its complaint to pursue its

claim that Mr. Black's 2017 Letter "was 'arbitrary and capricious on its face.'" *Id.* at 60.

On March 15, 2019 and March 19, 2019, Assistant Secretary Sweeney approved the

Pequot Amendments (including the Pequot MOU). ECF No. 46-2 at 267-69, 271-74. In

explaining her decision, the Assistant Secretary noted that Interior "did not approve or

disapprove [Pequot's] proposed Amendments, as requested in 2017." *Id.* at 271. Assistant

Secretary Sweeney further noted that while the Court dismissed some of Pequot's claims, it

allowed others to proceed. *Id.* After consulting with agency legal counsel regarding this

development, as well as "the posture of the litigation, and the status of [Pequot's] August 2, 2017

submission," the Assistant Secretary decided to review the Amendments and concluded that they

could be approved under IGRA because they were

> narrowly tailored to affirm only that [Pequot's] exclusive rights to operate
> certain forms of IGRA-sanctioned Class III gaming under its procedures . . . will
> remain unaffected if the Tribe and Mohegan are authorized by the State under
> its laws to operate a gaming facility located outside of the Tribe's or Mohegan's
> Indian lands.

*Id.* Notice of such approval was subsequently published in the Federal Register. 84 Fed. Reg.

11,122 (Mar. 25, 2019).

## II.     Movants' Motion.

On August 7, 2019, Plaintiffs filed the above-captioned suit, seeking judicial review

under the APA of Interior's approval of the Pequot Amendments, as well as the deemed approval

of the Mohegan Amendments. ECF No. 3. Thereafter, Pequot, Mohegan, and the State moved for

limited intervention under Fed. R. Civ. P. 24 to advance their own motion to dismiss. ECF No.

24. The Court granted the Rule 24 motion for limited intervention. ECF No. 37. On November

30, 2020, Plaintiffs filed an Amended Complaint, ECF No. 46-1, which mooted the motions

pending before the Court, including Federal Defendants' previously-filed motion to dismiss

(ECF No. 16). On January 5, 2021, Movants filed their Rule 19 Motion to Dismiss. ECF No. 49.

The United States now files this Response and Opposition to Movants' Motion.

## LEGAL BACKGROUND

Fed. R. Civ. P. 12(b)(7) permits dismissal of a complaint for failure to join an

indispensable party under Rule 19, "but courts are generally 'reluctant to grant motions to

dismiss of this type.'" *Pyramid Lake Paiute Tribe v. Burwell*, 70 F. Supp. 3d 534, 539 (D.D.C.

2014) (quoting *16th & K Hotel, LP v. Commonwealth Land Title Ins. Co.*, 276 F.R.D. 8, 12

(D.D.C. 2011)). Dismissal for failure to join an indispensable party under Rule 19 is "warranted

only when the defect is serious and cannot be cured." *Id*. at 540 (quoting *Direct Supply, Inc. v.

Specialty Hospitals of Am., LLC*, 878 F. Supp. 2d 13, 23 (D.D.C. 2012)); *see also Nanko

Shipping USA v. Alcoa, Inc*., 850 F.3d 461, 465 (D.C. Cir. 2017) ("A decision under Rule 19 not

to decide a case otherwise properly before the court is a power to be exercised only [i]n rare

instances.") (internal quotations omitted). "As with all Rule 12 motions, the moving party bears

the burden of persuasion." *Three Affiliated Tribes*, 637 F. Supp. 2d at 28. The court "accepts as

true the allegations in the complaint, but also considers extrinsic evidence." *Pyramid Lake*, 70 F.

Supp. 3d at 540.

This Court employs a three-step analysis to determine whether to dismiss a suit on these

grounds. *Ali v. Carnegie Inst. of Wash.,* 306 F.R.D. 20, 25 (D.D.C. 2014). The Court first

determines whether a party is "required" and must therefore be joined if feasible. Rule 19(a)(1).

A nonparty is "required" if the court cannot accord complete relief among existing parties in the

nonparty's absence. Rule 19(a)(1)(A). A nonparty is also "required" if the nonparty "claims an

interest relating to the subject of the action" and their absence may "impair or impede" their

ability to protect that interest or could leave an existing party subject to substantial risk of duplicate or inconsistent obligations. Rule 19(a)(1)(B).

If the nonparty is required under Rule 19(a), the Court must consider if it is feasible to join the nonparty. *Ali*, 306 F.R.D. at 25. If the required nonparty cannot be joined–as, for example, when the nonparty is protected from suit by sovereign immunity–the final step is for the Court to determine whether in "equity and good conscience" the action should proceed in the nonparty's absence or should be dismissed, *i.e.*, whether the nonparty is "indispensable" to the action. Rule 19(b). Rule 19(b) enumerates four factors the Court considers in determining whether to proceed, including if prejudice, *vel non*, to the nonparty could be lessened or avoided, if judgment rendered in the nonparty's absence would be adequate, and if the plaintiff would have an adequate remedy were the case to be dismissed for nonjoinder. *Id.* But, these factors are neither exclusive nor dispositive. The Court's determination is case-specific and heavily influenced by the facts and circumstances of each case. *Republic of Philippines v. Pimentel*, 553 U.S. 851, 862-63 (2008); *Kickapoo Tribe of Indians of Kickapoo Reservation in Kan. v. Babbitt,* 43 F.3d 1491, 1495 (D.C. Cir. 1995) ("*Kickapoo II*") (Rule 19 "calls for a pragmatic decision based on practical considerations in the context of particular litigation"). The factors "are not rigid," technical tests, "but rather 'guides the overarching equity and good conscience determination.'" *Ali*, 306 F.R.D. at 27 (quoting *Cloverleaf Standardbred Owners v. Nat'l Bank*, 699 F.2d 1274, 1279 n.11 (D.C. Cir. 1983)); *see also Davis v. United States*, 192 F.3d 951, 961 (10th Cir. 1999) (quoting *Sokaogon Chippewa Cmty. v. Wisconsin, Oneida Cty.*, 879 F.2d 300, 304 (7th Cir. 1989)) ("The nature of the Rule 19(b) inquiry–a weighing of intangibles–limits the force of precedent and casts doubt on generalizations . . . .").

When a civil action involves the interests of a government entity that cannot be joined due to sovereign immunity, Rule 19 may require dismissal. *See Pimentel*, 553 U.S. at 872 (discussing foreign sovereigns). But tribal and state sovereign immunity and Rule 19 do not bar every suit where an absent tribe, tribal entity, or state claims an interest. *See, e.g.*, *Ramah Navajo Sch. Bd. v. Babbitt*, 87 F.3d 1338, 1352 (D.C. Cir. 1996), *amended* (Aug. 6, 1996) (holding tribes were not required parties); *Pyramid Lake*, 70 F. Supp. 3d at 541 (same); *Three Affiliated Tribes*, 637 F. Supp. 2d at 33 (same); *see also Alto v. Black*, 738 F.3d 1111, 1125-29 (9th Cir. 2013) (holding that tribe was not a required party in APA challenge to federal resolution of a tribal enrollment dispute); *Sac and Fox Nation of Mo. v. Norton*, 240 F.3d 1250, 1258-60 (10th Cir. 2001) (affirming district court decision to exercise jurisdiction despite impacts on tribal interests).

## ARGUMENT

### I.     The United States is the Only Required Defendant in APA Litigation.

Federal agencies and officers are often the only required defendants in an APA action directed solely at a federal decision maker. *See, e.g.*, *Ramah*, 87 F.3d at 1352 (tribes were not required in challenge alleging Secretary exceeded his statutory authority in initiating plan to distribute contract support funds); *People for the Ethical Treatment of Animals, Inc. v. Perdue*, 464 F. Supp. 3d 300, 315 (D.D.C. 2020) ("*PETA*") (in action alleging license renewal decisions by the USDA violated the APA, license-holders where not required); *Pyramid Lake*, 70 F. Supp. 3d at 541 (tribes were not required parties in suit alleging that the Secretary lacked authority to deny a tribal contract proposal); *Three Affiliated Tribes*, 637 F. Supp. 2d at 33 (tribes were not required in suit challenging federal defendants' declination of tribes' proposals for contract support costs and provision of health care services); *Ransom v. Babbitt*, 69 F. Supp. 2d 141, 148

(D.D.C. 1999) (quoting *Coal. on Sensible Transp., Inc., v. Dole*, 631 F. Supp. 1382, 1387

(D.D.C. 1986)) ("[i]n cases where plaintiffs have challenged the propriety of decisionmaking by

federal administrative agencies, courts frequently have concluded that states and municipalities

affected by that decisionmaking are not indispensable parties"); *Coal. on Sensible Transp.*, 631

F. Supp. at 1386 (state entities were not indispensable parties in case challenging federal

agency's decision making in an environmental impact statement, explaining that "there is

substantial identity of interests among the federal defendants and the state entities"); *see also*

*Alto*, 738 F.3d at 1125-29 (tribe was not a required party in APA challenge to federal resolution

of a tribal enrollment dispute); *Kansas v. United States*, 249 F.3d 1213, 1225-27 (10th Cir. 2001)

(tribe was not required or indispensable in APA action challenging federal "Indian lands"

determination); *Sac and Fox Nation*, 240 F.3d at 1258-59 (tribe was not required party in APA

action challenging federal decision to acquire land in trust for tribe).

The only question to be decided in APA litigation is whether a federal agency action was

arbitrary, capricious, or otherwise contrary to law. Given that agency action is judged on the

basis articulated by the agency itself, there can be no question that the agency itself is the best–

and only required–party to defend that action. *See Motor Vehicle Mfrs. Ass'n v. State Farm*, 463

U.S. 29, 50 (1983). The APA does not authorize any relief against non-federal entities, *see* 5

U.S.C. §§ 702, 706, and Plaintiffs' complaint seeks no such relief against non-federal entities in

any event, *see* ECF No. 46-1 at 36-37. Thus, Movants' interests derive from Federal Defendants'

interests in seeing agency action upheld, which the agency itself adequately represents. *See, e.g.*,

*Ransom*, 69 F. Supp. 2d at 148 (explaining that non-federal governmental entities were not

indispensable where "plaintiffs have challenged the propriety of decisionmaking by federal

administrative agencies"); *Coal. on Sensible Transp.*, 631 F. Supp. at 1387 ("courts frequently

have concluded that states and municipalities affected by that [federal] decisionmaking are not indispensable parties").

Here, there is no dispute that the claims Movants seek to dismiss are claims directed only against a federal agency and federal officials, challenging the federal actors' compliance with federal law. *See* ECF No. 46-1 at 36-37. The claims do not challenge Movants' actions. *Cf. Stand Up for California! v. United States Dep't of Interior*, 204 F. Supp. 3d 212, 250-54 (D.D.C. 2016), *aff'd sub nom. Stand Up for California! v. United States Dep't of Interior*, 879 F.3d 1177 (D.C. Cir. 2018) (California was a necessary and indispensable party where plaintiff challenged the California governor's concurrence to an IGRA rule of decision). Nor do Plaintiffs' claims delve into state or tribal law. *Cf. Kickapoo II*, 43 F.3d at 1495 (holding state to be necessary and indispensable party where plaintiff tribe sought to obtain validation of the tribe-state compact that the Supreme Court of Kansas "held was not approved by an official empowered to do so under state law"); *Detroit Int'l Bridge Co. v. Gov't of Canada*, 192 F. Supp. 3d 54, 68 (D.D.C. 2016) (citing *Kickapoo II*, 43 F.3d at 1500) (state was necessary and indispensable "since [plaintiff]'s allegation require[d] a finding that the Crossing Agreement," as between Canada and Michigan and approved by the United States Department of State, "was executed in violation of Michigan law," making Rule 19 "an insurmountable obstacle to [plaintiff]'s claim"); *St. Pierre v. Norton*, 498 F. Supp. 2d 214, 220-21 (D.D.C. 2007) (absent tribe was necessary and indispensable in suit challenging the Secretary's decisions regarding plaintiff tribe's membership since "[p]laintiffs request relief which would completely reverse current tribal law regarding membership"). Simply put, this APA litigation raises no interest in the interpretation or adjudication of state or tribal laws, nor raises questions about the actions of state or tribal governmental entities or officials. The claims Movants seeks to dismiss are solely within the

realm of federal law–the APA and IGRA–and federal decision making. Although the claims in this case should be dismissed for having failed to state plausible claims for relief, Federal Defendants contend that dismissal on Rule 19 grounds would be improper.

For these reasons, and for the reasons discussed below, the Court should deny the Motion.

## II.     Movants are Not Required or Indispensable Parties under the Rule 19 Framework in This APA Litigation.

Aside from the United States' position that federal agencies and officers are the only required defendants in APA actions, and especially so when strictly focused on federal law and federal decision makers, Movants here have failed to show that they are required under Rule 19(a). And, even if Movants could show that they are required under Rule 19(a), this APA case may still proceed in equity and good conscience despite Movants' absence. *See* Rule 19(b).

### A.  Federal Defendants are the Only Required Defendants in This Case.

A nonparty may be deemed required if, "in that person's absence, the court cannot accord complete relief among existing parties." Rule 19(a)(1)(A). As explained above, when a plaintiff sues under the APA, relief can only run against the federal government. *See* 5 U.S.C. §§ 702, 706. Here, Plaintiffs seek relief only against Federal Defendants; if Plaintiffs were to succeed on the merits of this case, which they should not, Plaintiffs could obtain all the relief possible under the APA and IGRA without Movants' presence as a party. *See Sac and Fox Nation*, 240 F.3d at 1258 (tribe was not a necessary or indispensable party "[b]ecause plaintiffs' action focuses solely on the propriety of the Secretary's determinations, the absence of the . . . [t]ribe does not prevent the plaintiffs from receiving their requested declaratory relief"). Thus, Movants are not required in order for the court to "accord complete relief among existing parties." Rule 19(a)(1)(A).

Nor are Movants required under Rule 19(a)(1)(B)(i).[2] "A party is 'interested' under Rule 19[(a)(1)(B)] if it has a legally protected interest in property or rights to be adjudicated by the case." *Pyramid Lake*, 70 F. Supp. 3d at 541 (citing *Ramah*, 87 F.3d at 1351).[3] However, the question under Rule 19(a)(1)(B)(i) is not just if the nonparty has an interest in the litigation, but if the nonparty's absence will "impair or impede" their ability to protect that interest. And, if a nonparties' interests "are adequately represented by a party, the suit will not impede or impair the nonparties' interests, and therefore the nonparties will not be considered 'necessary.'" *Ramah*, 87 F.3d at 1351 (United States could adequately represent the absent tribes). That is, Federal Defendants can adequately represent Movants in lieu of the harsh resolution of dismissal for nonjoinder if Movants "share [Federal] [D]efendants' interest" in the outcome of the litigation, *Three Affiliated Tribes*, 637 F. Supp. 2d at 31, and "as long as no conflict exists between the United States and the nonparty . . . ." *Ramah*, 87 F.3d at 1351 (speaking of

---

[2] And Movants are not required under Rule 19(a)(1)(B)(ii), where absence of the interested nonparty would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." "[T]he possibility of being subject to multiple or inconsistent obligations must be real, and not a mere possibility." *PETA*, 464 F. Supp. 3d at 315-16 (quoting *Fed. Deposit Ins. Corp. (FDIC) v. Bank of N.Y.*, 479 F Supp. 2d 1, 12 (D.D.C. 2007), *aff'd*, 508 F.3d 1 (D.C. Cir. 2007)). "[T]he mere risk of potential litigation is not enough to require joinder." *Id*. at 316 (quoting *16th & K Hotel*, 276 F.R.D. at 16). Thus, any speculation that Federal Defendants would be subject to further suits would be "too speculative to justify joinder." *See id.*

[3] Despite Movants' citation to out-of-circuit case law for the proposition that nonparties must be joined due to their being a party to the contract, ECF No. 49 at 27 (citing *Crouse-Hinds Co. v. InterNorth, Inc*., 634 F.2d 690, 701 (2d Cir. 1980)), this Court has distinguished cases that lie in contract from suits for review of agency action under the APA, *Pueblo of Sandia v. Babbitt*, 47 F. Supp. 2d 49, 53 (D.D.C. 1999) ("Contrary to defendant's suggestion, however, this case is not an ordinary contracts case. The plaintiffs' action does not lie in contract; rather, the plaintiff Pueblos are suing for review of agency action under the Administrative Procedure Act."). That Movants are parties to the underlying Amendments is therefore not dispositive in the Rule 19(a), (b) analysis.

"conflict" in present tense). The adequate representation finding is dispositive for the Rule 19 inquiry. *See id*. at 1352; *Three Affiliated Tribes*, 637 F. Supp. 2d at 31 (citing *Ramah*, 87 F.3d at 1352) (explaining that "the Secretary's ability to represent the nonparty tribes adequately was dispositive"). And, despite Movants citing the Rule 24 "adequate representation" standard in error, ECF No. 49 at 22 (citing *Forest Cty. Potawatomi Cmty. v. United States*, 317 F.R.D. 6, 15 (D.D.C. 2016)); *see Forest Cty. Potawatomi*, 317 F.R.D. at 14 n.10 (in a Rule 24 case noting that Rule 19(a)'s "adequate representation" analysis "involves an entirely different standard" than Rule 24), Federal Defendants easily meet the requirements to adequately represent Movants in this APA litigation. *See, e.g.*, *Ramah*, 87 F.3d at 1351-52; *PETA*, 464 F. Supp. 3d at 315 ("[T]he [nonparties]' interests will be fully represented by the USDA because they are aligned in their desire to uphold the decision to renew the licenses.").

Here, Federal Defendants and Movants share the same interest in this APA litigation: for Plaintiffs' unsubstantiated and baseless claims to be dismissed on Federal Defendants' Rule 12(b)(6) motion, or for Federal Defendants' actions and decisions to be upheld on the merits. This Court has held that the broad interest in having the United States' administrative decisions upheld is sufficient to find adequate representation under Rule 19(a). *PETA*, 464 F. Supp. 3d at 315; *Pyramid Lake*, 70 F. Supp. 3d at 541; *Three Affiliated Tribes*, 637 F. Supp. 2d at 30. In *Three Affiliated Tribes*, for example, the Court explained that the absent tribes "share [federal] defendants' interest in following existing [Indian Health Services] policy," and further noted that the absent tribes "share an interest in having their contracts funded as fully as possible under this policy." 637 F. Supp. 2d at 31. Since Federal Defendants and Movants share a "broad interest" in having the federal decision making upheld, Federal Defendants can adequately represent Movants in this APA case. *Id.* at 32 (citing *Ramah*, 87 F.3d at 1351-52).

And, Movants do not identify any additional arguments they would make in this APA litigation that Federal Defendants would not already be arguing, could not argue, or would not be able to argue as well as Movants. *Ramah*, 87 F.3d at 1351 (citing *Cassidy v. United States*, 875 F. Supp. 1438, 1445 (E.D. Wash. 1994)) ("the United States would have the court construe the law in essentially the same fashion as the Tribes and therefore the United States can adequately represent the Tribes' interests"); *see also Mikulay Co., Inc. v. Urban Mass Transp. Admin.,* 90 F.R.D. 250, 253 (D.D.C. 1980) (holding, in case challenging actions taken by federal defendants in the processing of a funding application made by the City of Minneapolis, that the City was not an indispensable party, in part because the federal defendants' "position in this action is not inconsistent with that which would be taken by the City"). Thus, where Federal Defendants and Movants share the same interest in this APA litigation–for Federal Defendants' decisions and actions to be upheld–and where Federal Defendants and Movants would be making the same arguments to that end, Federal Defendants can adequately represent the Movants in lieu of dismissal for nonjoinder. *See Alto*, 738 F.3d at 1128 (because APA action limited the court to the administrative record, "the Tribe could not offer new evidence in the judicial proceeding that would materially affect the outcome of [the] claims").

Further, there is no conflict between Movants and Federal Defendants that would prevent a finding of adequate representation. *See Ramah*, 87 F.3d at 1351 (the United States can adequately represent a nonparty "as long as no conflict exists between the United States and the nonparty"); *see also Southwest Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1154 (9th Cir. 1998) (the "possibility of conflict" is insufficient to render the United States an inadequate representative). Movants point to no indication that Federal Defendants will concede points that would hinder any interest of Movants, *cf. Wichita and Affiliated Tribes of Okla. v. Hodel*, 788

F.2d 765, 775 (D.C. Cir. 1986) (the United States could not adequately represent absent tribes, in part because the United States was "apparently willing to concede a large portion of the [intervener/cross-claimants]' claim for retroactive relief"), and Federal Defendants have in fact doggedly defended against Plaintiffs' meritless claims throughout the duration of this case, *see, e.g.*, ECF Nos. 16, 47. While the D.C. Circuit has cited to prior conflict between the United States' and an absent tribe's positions to hold that the United States could not adequately represent the absentee in that litigation, *Cherokee Nation of Okla. v. Babbitt*, 117 F.3d 1489, 1495, 1497 (D.C. Cir. 1997) (noting that "the Department ha[d] twice reversed its position" on whether to recognize absent tribe as an independent sovereign), that is a nonissue here. The prior litigation between Federal Defendants and Movants raises no conflict relevant to this litigation. The prior litigation challenged Federal Defendants' inaction with respect to the Pequot Amendments and the Mohegan Amendments. ECF No. 49 at 12. The litigation was resolved after the Secretary confirmed the deemed approval of the Mohegan Amendments and approved the Pequot Amendments. *Id.* at 13-14. Thus, on the facts of this APA litigation, there was and is no conflict between Federal Defendants and Movants that would prevent a finding of adequate representation.

To be sure, there are instances where the United States may not be able to adequately represent a non-federal governmental entity in APA litigation.[4] But this is not one of them. For example, the United States may not be able to adequately represent a non-federal governmental

---

[4] And, indeed, in some instances the reviewing court did not engage in the wholly dispositive "adequate representation" analysis at all. *See Citizen Potawatomi Nation v. Salazar*, 624 F. Supp. 2d 103, 112-15 (D.D.C. 2009) (holding nonparty tribes to be necessary and indispensable without considering if the Secretary could adequately represent the nonparty tribes in the administrative review action); *St. Pierre*, 498 F. Supp. 2d at 220-21 (holding absent tribe to be necessary without analyzing adequate representation); *Pueblo of Sandia*, 47 F. Supp. 2d at 52-53.

entity where the plaintiff is challenging the actions of that non-federal governmental entity, rather than squarely challenging federal agency decision making. *See Stand up for California!*, 204 F. Supp. 3d at 254 (California had "an immutable interest in the plaintiffs' challenges regarding the [state]'s authority and action in this case and . . . the Secretary absolutely cannot represent the interests of the [state]"). Similarly, the United States recognizes that it may not be able to adequately represent a non-federal governmental entity when plaintiffs raise issues of state or tribal law. *See Detroit Int'l Bridge Co.*, 192 F. Supp. 3d at 67-68, 70 (holding that State of Michigan was a necessary and indispensable party where the plaintiff alleged that federal agency acted unlawfully and in excess of its authority in approving an agreement that was alleged to be invalid under Michigan law)[5]; *Kickapoo Tribe of Okla. v. Lujan*, 728 F. Supp. 791, 796 (D.D.C. 1990) ("*Kickapoo I*") (federal government could not adequately represent nonparty tribe since the suit brought by plaintiff tribe was to enjoin the Secretary from recognizing nonparty tribe as a sovereign, and the absent tribe had "an interest in protecting its own sovereignty"). Further, courts may find that the United States may not be able to adequately represent a nonparty where there are diverging interests among the absentees, or where the litigation poses conflicting trust obligations for the United States. *See, e.g.*, *Kickapoo II*, 43 F.3d at 1499 (stressing that "the Secretary was not in a position to champion the State's position in view of his trust obligations to the Tribe" where tribe brought suit against the Secretary seeking declaration that state-tribal compact was approved); *Wichita and Affiliated Tribes*, 788 F.2d at 775 (the United States could not adequately represent absent tribes, in part since "allegiance the

---

[5] The Court further explained that, since the plaintiff's allegation required a finding that the agreement to which Michigan was a party "was executed in violation of Michigan law, Rule 19 pose[d] an insurmountable obstacle to [plaintiff]'s claim." *Id.* at 67-68 (citing *Kickapoo II*, 43 F.3d at 1500).

government owes to the tribes as trustee, is necessarily split among the three competing tribes involved in the case").[6] The specific facts and posture of this case raise none of those concerns. *See, e.g.*, *Kickapoo II*, 43 F.3d at 1495 ("The rule calls for a pragmatic decision based on practical considerations in the context of particular litigation."). Here, Movants share the same goal as Federal Defendants: Plaintiffs claims should be dismissed, but if they are not, then the Court should reject them on the merits. The concerns identified in *Kickapoo II* and *Wichita and Affiliated Tribes* are thus not present here.

The fact that the United States and a nonparty might have different *motivations* for defending the challenged agency decision does not mean that they have conflicting *interests*. A federal agency action will always affect members of the public differently from how it affects the agency itself. That truism is insufficient to show that the agency's interest in seeing its action upheld diverges from that of a nonparty, including a tribe or state, who stand to benefit significantly from the action. *See, e.g.*, *United States. v. Kansas*, 249 F.3d at 1225-27 (holding that tribe was not required party in APA action challenging federal "Indian lands" determination); *Sac & Fox Nation*, 240 F.3d at 1258-59 (holding that tribe was not required party in APA action challenging federal decision to acquire land in trust for tribe); *PETA*, 464 F. Supp. 3d at 315 (holding federal government could adequately represent license-holders in APA case).

---

[6] *See also Ramah*, 87 F.3d at 1352 (citing *Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992) *cert. denied* 509 U.S. 903 (1993)) (explaining that, in *Shermoen*, the United States could not adequately represent the interests of a nonparty tribe where "competing interests and divergent concerns of the tribes" might have conflicted with United States' role as trustee); *Three Affiliated Tribes,* 637 F. Supp. 2d at 32 (citing *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993 (10th Cir. 2001)) ("Unlike [*Citizen Potawatomi Nation v. Norton*], however, the ongoing contractors in the present case do not have divergent interests, but rather share the common interest of having their self-determination contracts funded in full under existing IHS policy.").

A contrary rule would risk foreclosing judicial review to all but non-federal sovereigns where those sovereigns have any circumstantial or derivative interest in the agency action.

Courts "must take a practical approach to the joinder issue, and carefully assess what interests are at stake for parties and non-parties." *Citizen Potawatomi Nation*, 624 F. Supp. 2d at 113. On the facts of this APA litigation, as explained above, Movants are not required parties to adjudicate claims challenging agency decision making brought solely against the federal government.

### B. Even if Movants are Required Parties, This APA Case May Proceed in Equity and Good Conscience Despite Their Absence.

Even if the Court holds Movants to be required under Rule 19(a), the Court still must consider, in light of Movants' immunity from suit,[7] "whether, in equity and good conscience, the action should proceed" in Movants' absence. Rule 19(b). Under Rule 19(b), the Court weighs four factors: (1) the potential for prejudice to absent or existing parties; (2) the extent to which any such prejudice could be lessened or avoided; (3) whether judgment rendered in party's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action is dismissed for nonjoinder. *See Ali*, 306 F.R.D. at 27. These four factors are not rigid, but rather "guides to the overarching 'equity and good conscience determination.'" *Id.* (quoting *Cloverleaf*, 699 F.2d at 1279 n.11). Thus, under Rule 19(b), "whether to proceed will turn upon factors that are case specific." *Pimentel*, 553 U.S. at 863; *see also Mikulay Co.*, 90 F.R.D. at 252 (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 (1968)) (noting that a Rule 19 finding "can only be determined in the context of the particular litigation").

---

[7] Federal Defendants agree that it is not feasible to join Movants on the grounds that they enjoy sovereign immunity.

Federal Defendants acknowledge that there is D.C. Circuit precedent and D.D.C. case law stating that a state or tribe's sovereign immunity weighs in favor of dismissal under Rule 19(b). *See, e.g.*, *Kickapoo II*, 43 F.3d at 1495-96 (explaining that "there is very little room for balancing of other factors set out in Rule 19(b) where a necessary party under Rule 19(a) is immune from suit"); *Wichita & Affiliated Tribes*, 788 F.2d at 777 n.13. However, Federal Defendants' position is that APA litigation does not implicate the sovereign interests of non-federal sovereign entities. Instead, any interest a non-federal sovereign might have in the litigation is derivative of the federal government's primary interest in seeing its own action upheld. In this context, the default assumption should be against dismissal and in favor of judicial review.

Aside from the United States' position, the four factors of Rule 19(b) must be considered even where required parties are sovereigns. *Pueblo of Sandia*, 47 F. Supp. 2d at 52-53 (rejecting a "per se rule" that "there is no need to balance other factors" where the absentee enjoys sovereign immunity, since such a rule "would be inconsistent with the clear purpose of the current Rule 19, which was to abolish the prior system of labeling certain types of parties 'indispensable' in favor of a pragmatic case-by-case analysis"). Therefore, the Court must "address each of the four factors set out in Rule 19(b)." *Id* at 53; *see also Ali,* 306 F.R.D. at 27 (analyzing the four 19(b) factors). Here, the Rule 19(b) factors weigh heavily in favor of finding dismissal on Rule 19 grounds improper.

The first two factors are concerned with prejudice to the absent and existing parties and the extent to which any such prejudice can be lessened or avoided. Rule 19(b)(1), (2). "The inquiry as to prejudice under Rule 19(b) is the same as the inquiry under Rule 19(a)[(1)(B)] regarding whether continuing the action will impair the absent party's ability to protect its

interest." *Kickapoo II*, 43 F.3d at 1497 n.9; *see also Detroit Int'l Bridge*, 192 F. Supp. 3d at 69.

For the reasons stated above, Movants will not be prejudiced, regardless of any derivative interest they have in this case,[8] because Federal Defendants have vigorously defended the federal actions being challenged and will continue to do so. *See Kickapoo I*, 728 F. Supp. at 797 (in the 19(b) context, "there are times when prejudice to an absent party can be eliminated or at least mitigated by the presence of a party in the action who can represent the absent party's interests"). With Movants' and Federal Defendants' interests aligned–both sharing the goal of having Plaintiffs' unfounded claims dismissed–Federal Defendants can adequately represent Movants' interests in this APA litigation. *See Coal. on Sensible Transp.*, 631 F. Supp. at 1386 (while the absent state entities had an interest in the litigation, "there [was] substantial identity of interests among the federal defendants and the state entities," where all were seeking to defeat the plaintiffs' claims, and therefore the identity of interests "obviate[d] any serious possibility of prejudice" to the state). Since Movants would not be prejudiced, this factor weighs heavily in favor of finding that dismissal under Rule 19(b) is not proper.

Because the potential for prejudice is minimal, if not nonexistent, due not only to the derivative nature of Movants' interest in this APA case but because Federal Defendants can adequately represent Movants' interests, the Court "need not be concerned with the second factor, which addresses the availability of means for lessening or avoiding prejudice." *Sac and Fox Nation*, 240 F.3d at 1260 (quoting *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1412 (10th Cir. 1996)).

---

[8] That Movants are parties to the Amendments does not automatically mean Movants are indispensable in an APA action challenging the propriety of federal agency decision making. *See Pueblo of Sandia*, 47 F. Supp. 2d at 53 ("[T]he fact that a compact is involved does not (alone) mandate a finding that the State will be so prejudiced as to require dismissal.").

And, if the Court disagrees with that contention, this Court can minimize whatever derivative prejudice an adverse judgment might pose to Movants by narrowly tailoring any relief granted. Specifically, the Court can ensure, as is required under the APA, that any relief granted runs against the federal actors rather than directly against Movants or the specific terms of their compact. Further, the APA does not deprive reviewing courts of traditional equitable powers when fashioning a remedy. *See* 5 U.S.C. § 702 (noting that nothing in the APA deprives courts of the power to apply equitable factors to its remedies analysis). The Court could minimize any potential for circumstantial prejudice to Movants by remanding any of Federal Defendants' decision making the Court finds unlawful without vacatur. *See, e.g*., *Natural Res. Def. Council v. EPA*, 808 F.3d 556, 584 (2d Cir. 2015) (remand without vacatur is permitted under the APA); *Black Warrior RiverKeeper, Inc. v. U.S. Army Corps of Eng'rs*, 781 F.3d 1271, 1290 (11th Cir. 2015) (same); *Heartland Reg'l Med. Ctr. v. Sebelius*, 566 F.3d 193, 198 (D.C. Cir. 2009) (same); *but see Wichita and Affiliated Tribes*, 788 F.2d at 776 (explaining that, even if the court limited the remedy to a remand to the agency for renewed consideration, a remand "premised on a holding that the agency made a substantive mistake" would still bind the agency, and such a limited remedy would "not in fact mitigate the prejudice" to the absent party). Fashioning relief in such a way would allow judicial review of a federal agency action while simultaneously diminishing any potential prejudice to Movants. Thus, this factor weighs in favor of finding that dismissal under Rule 19(b) is not proper.

The third factor weighs heavily against dismissal. This factor, whether the judgment would not be adequate in the absence of Movants, is meant to "promote[] judicial economy by avoiding going forward with actions in which the court may end up rendering hollow or incomplete relief because of the inability to bind persons who could not be joined." *Ali*, 306

F.R.D. at 31 (quoting Charles Alan Wright & Arthur R. Miller, et al., 7 Fed. Prac. & Proc. Civ. § 1608 (3d ed.)). Plaintiffs seek relief only against the Federal Defendants, ECF No. 46-1 at 36-37, since that is the only relief the APA allows, *see* 5 U.S.C. §§ 702, 706. There is nothing Movants could do to further effectuate any relief the Court may decide to award. Therefore, judgment would be complete in the absence of Movants, *see Pueblo of Sandia*, 47 F. Supp. 2d at 55 (emphasizing, where the plaintiff challenged a federal agency decision under the APA, that "it is hard to see how the presence or absence of a state-party could affect the adequacy of the judgment in this sense"), and this factor thus weighs heavily against dismissal on Rule 19 grounds.

The fourth and final factor asks "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Rule 19(b)(4). There is no alternative forum capable of granting an adequate remedy for Plaintiff, nor even hearing Plaintiffs' claims, in this APA litigation. While Federal Defendants contend that dismissal of all claims in this case is warranted, *see* ECF No. 47, dismissal of an otherwise proper APA case on the basis that a non-federal sovereign cannot be joined would be improper. *See, e.g.*, *Three Affiliated Tribes*, 637 F. Supp. 2d at 33 (quoting *Ramah,* 87 F.3d. at 1343) ("[T]he 'strong presumption in favor of reviewability of agency action' . . . underscores the Court's holding that the ongoing contractors are not required parties under Rule 19.").

The D.C. Circuit has explained that "dismissing an action where there is no alternative forum . . . is less troublesome" where tribal and state immunity is involved. *Wichita and Affiliated Tribes*, 788 F.2d at 777. Nevertheless, it is Federal Defendants' position that the sovereign interests of non-federal entities are not implicated in APA cases. Any interest of a non-federal sovereign derives from that of the federal government in having its administrative

decisions upheld. Thus, dismissal for nonjoinder should be disfavored here because dismissal would produce the anomalous result of potentially foreclosing judicial review of federal agency decision making where a tribe or state has any interest in that federal decision or action.

In sum, the Rule 19(b) factors weigh in favor of finding dismissal for nonjoinder improper. Therefore, even if the Court concludes that Movants are required under 19(a), application of the four factors enumerated by Rule 19(b) should render dismissal under Rule 12(b)(7) improper.

## CONCLUSION

Movants are not required parties in this lawsuit. Where, as here, a plaintiff challenges an agency's action under the APA, the federal government is the only required party to defend the agency's action, and the federal government can adequately represent the interests of absent non-federal sovereigns. And, even if Movants are held to be required parties under Rule 19(a) that cannot feasibly be joined, dismissal is still not warranted in their absence because they will not be prejudiced; relief can be lessened to prevent any potential prejudice; and Plaintiffs would otherwise not have an adequate forum to pursue judicial review. Therefore, Federal Defendants request that the Court deny Movants' Motion.

Respectfully submitted this 29th day of January, 2021.

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division

/s/ Hillary K. Hoffman
HILLARY K. HOFFMAN, Trial Attorney
REBECCA M. ROSS, Trial Attorney
Indian Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 598-3147
Facsimile: (202) 305-0275
Email: hillary.hoffman@usdoj.gov

*Attorneys for Federal Defendants*

OF COUNSEL:
ANDREW S. CAULUM
Senior Attorney
Office of the Solicitor
Division of Indian Affairs

**CERTIFICATE OF SERVICE**

I, Hillary K. Hoffman, hereby certify that on January 29, 2021, I caused the foregoing

FEDERAL DEFENDANTS' RESPONSE AND OPPOSITION TO INTERVENOR-

DEFENDANTS' MOTION TO DISMISS to be sent electronically to the registered participants

as identified on the Notice of Electronic Filing.

> */s/ Hillary K. Hoffman*
> Hillary K. Hoffman, Trial Attorney
> Indian Resources Section
> Environment and Natural Resources Division
> United States Department of Justice