Exhibit B-4

# CONSTITUTION
## OF THE
## SHOALWATER BAY INDIAN TRIBE



## SHOALWATER BAY INDIAN RESERVATION
### TOKELAND, WASHINGTON

Approved:   MARCH 10, 1971

Ratified:   MAY 22, 1971

Amended:   1975 and 1978

Approved:   JANUARY 19, 1982

Amended:   SEPTEMBER 17, 1993

Amended:   APRIL 22, 1998

Amended:   AUGUST 6, 2005

Amended:   NOVEMBER 16, 2005

# CONSTITUTION
of the
**Shoalwater Bay Indian Tribe**
of the
**Shoalwater Bay Indian Reservation**



## TABLE OF CONTENTS

| ARTICLE/SECTION | PAGE |
|---|---|
| **PREAMBLE** | **1** |
| **ARTICLE I – SOVEREIGNTY AND JURISDICTION** | **1** |
| Section 1. | 1 |
| Section 2. | 1 |
| **ARTICLE II   MEMBERSHIP** | **2** |
| Section 1.  Members. | 2 |
| Section 2.  Enrollment. | 2 |
| Section 3.  Dual Enrollment Prohibited. | 3 |
| **ARTICLE III – THE GENERAL COUNCIL** | **3** |
| Section 1.  Membership. | 3 |
| Section 2.  Regular Meetings. | 3 |
| Section 3.  Meetings By Petition. | 3 |
| Section 4.  Quorum. | 3 |
| Section 5.  Agenda. | 3 |
| Section 6.  Powers of the General Council. | 4 |
| **ARTICLE IV – THE TRIBAL COUNCIL** | **5** |
| Section 1.  Composition of the Tribal Council. | 5 |
| Section 2.  Regular Meetings. | 5 |
| Section 3.  Emergency Meetings. | 5 |

# TABLE OF CONTENTS continued

**ARTICLE V – ELECTIONS, REMOVALS, RECALL AND**
                **FILLING VACANCIES**      **5**
Section 1.  Tribal Elections.    5
Section 2.  Removal.    7
Section 3.  Recall.    8
Section 4.  Filling of Vacancies.    8

**ARTICLE VI – POWERS OF THE TRIBAL COUNCIL**    **9**
Section 1.  General Powers.    9
Section 2.  Public Hearings.    11

**ARTICLE VII – INITIATIVE AND REFERENDUM**    **11**
Section 1.  Initiative.    11
Section 2.  Referendum.    12
Section 3.    12

**ARTICLE VIII – RATIFICATION OF CONSTITUTION**    **12**

**ARTICLE IX – AMENDMENTS**    **12**

**ARTICLE X – SAVINGS CLAUSE**    **12**

**ARTICLE XI – APPROVAL**    **13**

**ARTICLE XII – CERTIFICATION OF RESULTS OF ELECTIONS**    **13**

## ATTACHMENTS

**TRIBAL COUNCIL RESOLUTION:**    **NO. 09-17-93-68**    **14**
**09/22/1997 CONSTITUTIONAL AMENDMENT VOTING RESULTS**    **15**
**TRIBAL COUNCIL RESOLUTION:**    **NO. 04-22-98-30**    **16**
              **NO. 04-22-98-31**    **17**
**08/06/2005 CONSTITUTIONAL AMENDMENT VOTING RESULTS**    **18**
**TRIBAL COUNCIL RESOLUTION:**    **NO. 11-16-05-43**    **19**
**VOTER REGISTRATION FORM**    **20**

# CONSTITUTION
### of the
### Shoalwater Bay Indian Tribe
### of the
### Shoalwater Bay Indian Reservation



## PREAMBLE

We, the members of the Shoalwater Bay Indian Tribe of the Shoalwater Bay Indian Reservation, in order to improve the Tribal Organization established by the Constitution ratified on March 10, 1971, and amended in 1975 and 1978, to secure the rights and powers inherent in our sovereign status and guaranteed to us by the laws of the United States, develop and protect the Shoalwater Bay Indian Reservation, and all other Tribal resources, preserve peace and order in our community, promote the general welfare of our people and our descendants, protect the rights of the Tribe and of its members, and preserve our land base, culture and identity, do hereby establish this Constitution.

## ARTICLE I – SOVEREIGNTY AND JURISDICTION

**Section 1.**   The jurisdiction and governmental power of the Shoalwater Bay Indian Tribe shall extend over the following, to the fullest extent permitted by Federal Law:

(a)   All lands, waters, property, airspace, other resources and any interest therein, within the boundaries of the Shoalwater Bay Indian Reservation as established by the Executive Order of September 22, 1866, or as hereafter constituted, notwithstanding the issuance of any patent or right-of-way;

(b)   All persons, property and activities located or found within the Tribe's jurisdiction;

(c)   All persons exercising or purporting to exercise any rights reserved by the Tribe by treaty or authority granted to the Tribe by Federal Law.

**Section 2.**    Nothing in this Article shall be construed to limit the ability of the Shoalwater Bay Indian Tribe to exercise its jurisdiction to the fullest extent permitted by Federal Law.

# ARTICLE II – MEMBERSHIP

**Section 1.   Members.**   The membership of the Shoalwater Bay Indian Tribe shall consist of:

(a)   All persons whose names appear on the Membership Roll of the Tribe to be prepared as of the effective date of this Constitution.  The Roll shall be approved by the Secretary of the Interior or his authorized representative;

(b)   The following persons who have applied for and established membership in accordance with those procedures and requirements set forth pursuant to Section 2 of this Article:

   (1)   All children born to, or legally adopted by, any Tribal member on or before the effective date of this Constitution who are not on the officially approved Membership Roll of the Tribe;

   (2)   Any child born to a Tribal member after the effective date of this Constitution, <u>provided however, that a child whose parent has been enrolled under Section 1 (b)(3) shall not be entitled to enrollment under this Constitution after the effective date of this Amendment to this Section.  Nothing herein shall prevent each child of these Tribal members from independently applying for membership and establishing membership in accordance with the procedures and requirements of this Constitution if they are entitled to enrollment.</u>

   (3)   All other persons of one-quarter (1/4) degree or more Indian blood enrolled into the Tribe by, and at the sole discretion of, the General Council.

   (4)   All persons whose names appear on the Official Voters List which was prepared for the purpose of voting in the election in which the residents of the Shoalwater Bay Reservation rejected the provisions of the ***Indian Reorganization Act*** of June 18, 1934 (48 Stat. 984 <u>et. seq.</u>) and their direct descendants; <u>and the brothers and sisters of those persons whose names appear on the official voters list and their direct descendants.</u>

**Section 2.   Enrollment.**   The Tribal Council shall have the power:

(a)   To enact ordinances governing enrollment, disenrollment, and maintenance and correction of the Tribal Roll; <u>provided</u>, however, that no ordinance herein shall be effective until approved by the General Council, and that no person shall be enrolled as a member of the Tribe under Section 1 (b)(3) of this Article until the General Council has approved

such enrollment by a majority vote, and <u>provided</u>, <u>further</u>, that the ordinance setting forth procedures for disenrollment shall be subject to the approval of the Secretary of the Interior or his authorized representative;

(b)     To correct the original or current Tribal Roll at any time by adding the names of persons who should have been included or by deleting the names of persons who have relinquished their Tribal Membership or who were incorrectly included on the Roll; provided, that disenrollment shall be in line with the provisions of the ordinance governing that action, enacted pursuant to Section 2 (a) of this Article.

<u>Section 3.</u>  <u>Dual Enrollment Prohibited.</u>    No person who is an enrolled member of another Tribe or band of Indians or Alaskan Natives shall, at the same time, be a member of the Shoalwater Bay Indian Tribe.

# ARTICLE III – THE GENERAL COUNCIL

<u>Section 1.</u>  <u>Membership.</u>    All Tribal members shall be members of the General Council.  Members of the General Council who are eighteen (18) years of age or older shall be entitled to vote in all Tribal elections and to participate in all open meetings.

<u>Section 2.</u>  <u>Regular Meetings.</u>    The General Council shall meet annually during the month of January and at such other times as may be designated by the Tribal Council or upon petition by members of the General Council.  Notice of all meetings of the General Council—other than recall meetings—shall be provided by the Secretary of the Tribal Council to all members of the General Council who are entitled to vote, at least fourteen (14) days prior to such meeting, and shall be posted at conspicuous places on the Reservation.  Procedures for recall meetings shall be determined by Article V, Section 3.

<u>Section 3.</u>  <u>Meetings By Petition.</u>    Upon receipt of a valid petition requesting a meeting of the General Council, signed by at least twenty-five percent (25%) of the eligible voters, the Tribal Secretary shall schedule the meeting to be held not later than twenty (20) days from receipt of such petition, unless otherwise agreed upon by the Tribal Council and the spokesperson for the petitioners.  Notice of the meeting shall be provided by the Tribal Council Secretary to all members of the General Council who are entitled to vote, and shall be posted at conspicuous places on the Reservation.

<u>Section 4.</u>  <u>Quorum.</u>    A quorum for conducting business at any General Council meeting shall be twenty-five percent (25%) of the eligible voters.

<u>Section 5.</u>  <u>Agenda.</u>    The agenda for each meeting of the General Council shall be posted by the Secretary of the Tribal Council in advance of such meeting. Members of the General Council may submit to the Secretary, items to be placed

on the agenda.  Items on the agenda shall be considered before issues are raised from the floor.

### Section 6.   Powers of the General Council.

(a)   The General Council shall have the powers enumerated in this subsection, subject to any limitations imposed by Federal Law or provisions of this Constitution.  The Tribal Council, all Tribal officers and agents, and all subordinate Tribal organizations shall be required to obtain the approval of the General Council prior to taking any action with regard to these powers.  Any action taken with regard to these powers without first obtaining the approval of the General Council shall be void.

    (1)   To relinquish any area of Tribal jurisdiction to any government, person, organization, or agency, whether public or private; provided, however, that cooperative law enforcement agreements shall not be considered a relinquishment of Tribal jurisdiction;

    (2)   To deal with questions concerning the termination of all or any part of the Shoalwater Bay Indian Reservation;

    (3)   To enroll persons into membership in the Shoalwater Bay Indian Tribe under Article II, Section 1 (b)(3) and (4) and to approve all ordinances and resolutions adopted by the Tribal Council affecting membership and enrollment in the Tribe as provided in Article II, Section 2 (a);

    (4)   To take final Tribal action concerning the alienation or encumbrance of Tribal real property, waters, natural resources, or interests therein, as outlined in Article VI, Section 1 (p), whether owned by the Shoalwater Bay Indian Tribe or held by the United States in trust for the Tribe;

    (5)   To condemn property or any interests therein which is within the jurisdiction of the Tribe;

    (6)   To delegate such powers to the Tribal Council, Tribal officers, and agents or subordinate Tribal organizations as it deems appropriate.

(b)   All other inherent Tribal powers not expressly delegated by the General Council in this Constitution or in the future to the Tribal Council or to any officer or agency of the Tribe are reserved to the General Council and may be exercised without amendment to this Constitution, subject to the limitations set forth in subsection (a) of this Section.

(c)     In addition to, and furtherance and implementation of, all powers currently held by the General Council or Tribal Council, the General Council shall have the power to exclude any Tribal Member from the Shoalwater Bay Indian Reservation and other Tribal lands, and to enact ordinances and procedures allowing and governing the exclusion of Tribal Members from the Shoalwater Bay Indian Reservation and other Tribal lands, under such terms and conditions as it may deem to be appropriate.

## ARTICLE IV – THE TRIBAL COUNCIL

**Section 1.     Composition of the Tribal Council.**     The Shoalwater Bay Tribal Council shall consist of five (5) members duly elected to serve staggered terms of two (2) years each as provided in Article V, Section 1 (g).  The Tribal Council shall include a Chairperson, a Vice-Chairperson, a Secretary, a Treasurer, and a Member-at-Large.

**Section 2.     Regular Meetings.**     The Tribal Council shall meet at least once a month at a designated regularly scheduled time.  The Council may set additional meetings as necessary.  Such additional meetings may be called by either the Chairperson or by any three (3) Council members; provided, however, that persons calling such meeting shall post the schedule of those additional meetings.  Any meeting additional to the designated regular monthly meeting shall be preceded by actual notice to all persons on the Council.  A quorum of the Tribal Council shall be three (3) members.

**Section 3.  Emergency Meetings.**   Emergency meetings of the Tribal Council may be called by either the Chairperson or by any three (3) Council members.  The persons calling such meetings shall make reasonable efforts to provide notice of the meetings to every Council member and to the Tribal Membership.

## ARTICLE V – ELECTIONS, REMOVAL, RECALL, AND FILLING VACANCIES

**Section 1.  Tribal Elections.**

(a)     Voter Qualifications.    Any duly enrolled member of the Tribe who is at least eighteen (18) years of age on the date of the election shall be considered an eligible voter and is entitled to cast a ballot in that Tribal election.

(b)     Qualifications of Candidates.    Any duly enrolled member of the Tribe who is at least twenty-one (21) years of age on the election date shall be eligible to become a candidate for election to membership on the Tribal Council and serve in that capacity if such person meets the following conditions, provided that, no person shall be a candidate for more than one (1) position in any election:

(1)     Has physically resided within Pacific or Grays Harbor Counties of Washington for a period of at least six (6) months immediately preceding the date of the election in which he or she seeks office; provided, however, that any Tribal member shall be eligible to run for the Member-at-Large position if he or she physically resides for a period of six months immediately preceding the election at a location no more than 200 miles from the Reservation as measured by travel by motor vehicle on public highways.

(2)     Has not been convicted of a crime punishable by imprisonment for more than one (1) year, excepting State fishing or hunting convictions, or, within the year immediately preceding the election, of a crime punishable by imprisonment of less than one (1) year;

(3)     Is not employed in a salaried policy-making position with any agency of the State or Federal Government engaged in community service on the Reservation.

(c)     Election Date.   General elections shall be held annually on the second Saturday of January.   In case the date of the regular election shall conflict with a holiday or if circumstances require that the regular election be postponed, the election shall be held within thirty (30) days thereafter.

(d)     Election Board.   There shall be an Election Board appointed by the Tribal Council whose duties shall be to supervise and administer all Tribal elections to insure that they are objectively and fairly conducted. The Election Board shall certify the election of Tribal Council members within five (5) days after the election.  No member of the Election Board shall at the same time be a member of the Tribal Council a candidate for Tribal office.

(e)     Election Ordinance.   The Tribal Council shall enact an Election Ordinance, consistent with this Constitution, setting forth the procedures to be followed in conducting each of the various types of Tribal elections called for in this Constitution.  The ordinance shall include provisions for conducting all Tribal elections by secret ballot, absentee voting, maintenance of a current list of eligible voters, screening of prospective candidates, and settling election disputes.  Further, the ordinance shall spell out the procedures and format to be used whenever it is necessary to submit petitions for any purpose, to the Tribal Council or any office of the Tribe and set forth a procedure for determining the validity of such petitions.

(f)     Inaugurations.   Every person elected to the Tribal Council shall, after certification of the election, assume office when he or she takes an oath or swears to uphold the Constitution and laws of the Shoalwater Bay Indian Tribe.  Those appointed to office shall also take such oath.  Tribal

Council members shall hold office after expiration of their terms of office until their successors are duly elected and take the oath of office.

(g)    First Election.

(1)    Incumbent members of the Tribal Council on the effective date of this Constitution shall continue to serve on the Council until replaced in accordance with this Section.

(2)    Within sixty (60) days following the effective date of this Constitution, or as soon thereafter as is practicable, a special election shall be called to elect a Treasurer and Member-at-Large; provided, however, that if the effective date of this Constitution is within ninety (90) days before the next regularly scheduled election under the preceding Constitution, the Tribal Council shall appoint the two (2) new Council members to serve until the next regular election.  Following the special election or appointment of the two (2) new Council members, the incumbent Secretary-Treasurer shall become the Secretary of the Tribal Council.

(3)    The Council members elected or appointed under subsection (2) of this Section shall, with the three (3) incumbent Council members, serve until the first regular election scheduled under this Constitution.   At the first regular election, a Chairperson, a Treasurer, and a Secretary shall be elected for a two (2) year period and a Vice-Chairperson and a Member-at-Large shall be elected for a one (1) year period.  In January of the year following the first regularly scheduled election provided for under this Constitution, a Vice-Chairperson and a Member-at-Large shall each be elected to serve a period of two (2) years.

**Section 2.    Removal.**    Should any of the following circumstances occur involving a Tribal Council Member, the remaining members of the Tribal Council shall, by Resolution, remove such person from office:

(a)    Failure to continue to satisfy any of the requirements to hold office in Article V, Section 1 (b);

(b)    Absence from three (3) successive meetings without being excused;

(c)    Gross misconduct in office or neglect of duty;

(d)    Becoming physically or mentally incapable of performing his or her duties.

Any Tribal Council member who is the object of a removal resolution shall, before a vote is taken, be provided with reasonable and detailed written notice of the charges against him or her and with a fair opportunity to reply to such charges and present evidence on his or her behalf.  A Council member may appeal to the General Council from a decision by the Tribal Council to remove him or her from office under this Section.  The decision of the General Council shall be final.  A General Council meeting shall be called for appeal of the removal of a Tribal Council member according to the same procedures for a recall meeting.

### Section 3.   Recall.

(a)    Tribal members shall have the power to recall any member of the Tribal Council.  The recall process shall be initiated by filing with the Secretary of the Tribal Council, a valid petition asking for such recall, signed by at least twenty-five percent (25%) of the eligible voters, setting forth reasons for the petition.  If the Secretary of the Tribal Council is the object of a recall petition, the petition shall be filed with the Vice-Chairperson of the Tribal Council.  A copy of the petition shall be provided to the Tribal Council member who is the object of that petition.

(b)    Within forty (40) days after receipt of a valid recall petition, the Secretary of the Tribal Council, or if he or she is the object of a recall petition, the Vice-Chairperson, shall call a General Council meeting to be held within sixty (60) days, unless the annual meeting is scheduled within that period.  The Tribal Council member who is being considered for recall shall be provided with written notice of the meeting, and be provided with a fair opportunity to reply to such charges and present evidence on his or her behalf at the General Council meeting.  A majority vote by secret ballot shall determine whether such Council member is recalled from office.

(c)    Notice of all recall meetings shall be provided to the eligible voters of the General Council at least thirty (30) days prior to such meeting, and shall be posted at conspicuous places on the Reservation.

(d)    No Tribal Council member, validly elected, shall be subject to recall under this Section during the first six (6) months of his or her term of office.

### Section 4.   Filling of Vacancies.

(a)    In the event that the position of Chairperson becomes vacant, the Vice-Chairperson shall automatically succeed to the Chairpersonship.  The Vice-Chairperson shall serve as Chairperson until the next regularly scheduled election for Chairperson.

(b)     If any vacancies, other than that of Chairperson, occur in the membership of the Tribal Council, due to resignation, removal, recall, succession to another office, or death, the remaining Tribal Council members shall appoint someone to fill the position until the next regularly scheduled election for that position; provided, that such appointee shall meet the same qualifications as a candidate for election to that office.

## ARTICLE VI – POWERS OF THE TRIBAL COUNCIL

**Section 1.**   **General Powers.**   The following powers are hereby delegated by the General Council to the Tribal Council subject to any limitations contained in this Constitution or Federal Law:

(a)     To consult, negotiate, contract, and conclude agreements, on behalf of the Tribe, with Federal, State, local and Tribal governments and officers and agencies thereof, and with public and private persons and organizations;

(b)     To regulate and define the duties and procedures of the Tribal Council, of all Tribal Council members and of subordinate Tribal committees and organizations and otherwise establish policies and procedures for the employment of Tribal governmental personnel;

(c)     To enact ordinances and regulations consistent with this Constitution for the conduct and administration of all Tribal elections, the appointment of the Election Board and the regulation of its duties;

(d)     To impose taxes on all persons, property and activities within the Tribe's jurisdiction;

(e)     To license and regulate the conduct of business activities within the Tribe's jurisdiction;

(f)     To enact ordinances and laws governing the conduct of all persons and defining offenses against the Shoalwater Bay Indian Tribe; maintain order and protect the safety and welfare of all persons within the Shoalwater Bay Tribe's jurisdiction; and pass any ordinances or laws necessary to govern the administration of justice and the enforcement of all laws, ordinances or regulations;

(g)     To establish and maintain a Tribal Court or Courts;

(h)     To set aside and spend for Tribal purposes, any available Tribal funds;

(i)     To regulate the social and domestic relations of persons and provide for the guardianship of minors and incompetent persons within the Tribe's

jurisdiction; and provide services for the health, education and welfare of all persons within the Tribe's jurisdiction;

(j)     To establish any business enterprise as an agency or department of the Tribal government and otherwise engage in any lawful business, program, or project that may further the economic well-being of the Tribe or its members;

(k)     To borrow money from the Federal Government or other source and use such funds for the benefit of the Tribe; and pledge, mortgage or assign Tribal assets or income due or to become due; provided, that any pledge or mortgage of Tribal real property shall be void without the approval of the General Council;

(l)     To prescribe and enforce the conditions upon which non-Tribal members may enter and remain on the Reservation, and establish procedures for the exclusion of non-Tribal members from the Reservation and for the extradition from areas within the jurisdiction of the Tribe of persons accused of crimes in other jurisdictions;

(m)    To employ legal counsel on behalf of the Tribe or on behalf of the Tribal members, the choice of counsel and fixing of fees to be subject to the approval of the Secretary of the Interior, or his authorized representative, so long as such approval is required by Federal Law;

(n)     To regulate the inheritance of property within the jurisdiction of the Tribe and provide for escheat to the Tribe of property which is within the Tribal jurisdiction belonging to persons who die intestate and without ascertainable heirs;

(o)     To develop, manage, protect and regulate the use of water, fish, animals, wildlife, minerals, timber and all other natural resources within the Tribe's jurisdiction;

(p)     To deal with questions concerning the encumbrance, lease, use, management, assignment, zoning, exchange, mortgage, purchase, acquisition, sale, placement in trust and disposal of land and other assets owned by the Tribe or held in trust for the Tribe; and regulate land use and development in areas within the Tribe's jurisdiction provided, however, that any alienation, encumbrance, lease, assignments, sale, mortgage or pledge of Tribal real property shall be void unless approved by the General Council;

(q)     To approve or veto any sale, disposition, lease, or encumbrance of Tribal land or assets which may be proposed or executed by the Secretary of the Interior or other agency or official of the Federal Government; provided, that any approval shall be void unless approved by the General Council;

(r)     To condemn for public purposes, real property or interests in real property within the jurisdiction of the Shoalwater Bay Indian Tribe; provided, however, that owners of property proposed to be condemned shall be provided with a fair hearing and, if the property is condemned, shall be paid the fair market value of their land and all improvements on it; provided, further, that no condemnation shall be valid unless approved by the General Council;

(s)     To assert as a defense to lawsuits against the Tribe and to waive by express written agreement the sovereign immunity of the Shoalwater Bay Tribe;

(t)     To charter and regulate corporations, cooperatives, associations, special districts, educational, and charitable institutions, political subdivisions and other entities;

(u)     To delegate to subordinate Tribal boards, groups and committees, or qualified individuals, any of the foregoing powers, unless otherwise limited by this Constitution; provided, that subordinate entities or individuals shall be under the supervision of, and accountable to, the Tribal Council;

(v)     To exercise any power or duty which may now or in the future be delegated to it by the Federal or State governments;

(w)     To enact ordinances governing persons, property, lands, water, air space and resources within the Tribe's jurisdiction to the extent necessary to implement and protect those rights and powers reserved by the Tribe by treaty and the authority granted to the Tribe by the Constitution and laws of the United States;

(x)     To take any and all actions necessary and proper for the exercise of the foregoing powers and duties and all other powers and duties hereafter delegated to or vested in the Tribal Council.

**Section 2.   Public Hearings.**   Before enacting any ordinance or resolution that will apply generally to private persons or property, the Tribal Council shall hold a hearing at which interested adult members of the General Council shall have the opportunity to comment on the proposed legislation.

## ARTICLE VII – INITIATIVE AND REFERENDUM

**Section 1.      Initiative.**      The eligible voters shall have the right to propose legislation and vote by secret ballot to determine whether it will be adopted or rejected.   Upon receipt of a valid petition signed by at least twenty-five percent (25%) of the eligible voters, the Secretary of the Tribal Council shall call an election

to be conducted pursuant to the Tribal Election Ordinance no later than thirty (30) days after receipt of the petition.  An affirmative vote by at least a majority of the eligible voters shall be required to determine such issues and/or questions contained in the petition.

**Section 2.**   **Referendum.**   The Tribal Council, by an affirmative vote of at least three (3) of its members, shall call an election, to be conducted pursuant to the Tribal Election Ordinance within thirty (30) days of such Tribal Council decision, for the purpose of deciding by secret ballot issues or questions that are either within the authority of the General Council or those powers vested in the Tribal Council. An affirmative vote by at least a majority of the eligible voters shall be required to determine the issues or questions submitted to the voters.

**Section 3.**   The decisions of the voters in both initiative and referendum elections shall be binding on the Tribal Council and the Tribe and shall remain in force until amended or rescinded by subsequent action of the voters, or expire by its own terms.

## ARTICLE VIII – RATIFICATION OF CONSTITUTION

This Constitution shall take effect after it has been approved by the Secretary of the Interior, or his authorized representative, and it has been duly ratified by a majority of the qualified voters in an election authorized by the Secretary of the Interior in which at least thirty percent (30%) of those entitled to vote, cast ballots.

## ARTICLE IX – AMENDMENTS

Proposals to amend this Constitution may be initiated by the Tribal Council or by a valid petition signed by at least twenty-five percent (25%), or a minimum of ten (10), of the eligible voters, whichever is greater.  Upon determination that the petition is valid, or by its own initiative, the Tribal Council shall provide all eligible voters with a complete text of the proposed amendment(s) at least thirty (30) days prior to the General Council meeting at which an election shall be conducted on the proposed amendment(s).  The Election Board shall supervise and administer the election in accordance with the Tribal Election Ordinance.  Adoption of an amendment shall require a majority vote of the eligible voters who cast ballots in the election; provided that at least thirty percent (30%) of the eligible voters of the Tribe, cast ballots.

## ARTICLE X – SAVINGS CLAUSE

The Constitution of the Shoalwater Bay Indian Tribal Organization of the Shoalwater Bay Indian Reservation approved on March 10, 1971, and ratified on May 22, 1971, as amended in 1975 and 1978, is hereby superseded by this Constitution.

All ordinances and resolutions heretofore enacted by the Tribe shall remain in effect to the extent that they are consistent with this Constitution.

## ARTICLE XI – APPROVAL

ARTICLE XI - APPROVAL

I, _____, Acting Deputy Assistant Secretary - Indian Affairs (Operations), by virtue of the authority granted to me by 209 DM 8.3, and in line with Article X of the 1971 tribal Constitution, do hereby approve this Constitution which shall not become effective until it is duly ratified pursuant to Article VIII of this Constitution; provided, that nothing in this approval shall be construed as authorizing any action under this document that would be contrary to Federal Law.

Acting Deputy Assistant Secretary - Indian Affairs (Operations)

Washington, D.C.

Date: 1/19/82

## ARTICLE XII – CERTIFICATION OF RESULTS OF ELECTIONS

Following the _____, 20___, approval of the proposed governing document by the Deputy Assistant Secretary – Indian Affairs (Operations), this Constitution was submitted to the qualified voters of the Tribe on _____, 20___, and was duly ratified by a vote of _____ for, and _____ against, in an election in which at least thirty percent (30%) of the _____ entitled to vote cast their ballots, in accordance with the ratification provisions of this Constitution.

_____
Chairperson, Election Board

_____
Election Board Member

_____
Election Board Member

Date: _____



# SHOALWATER BAY INDIAN TRIBE

P.O. Box 130 • Tokeland, Washington 98590
Telephone (206) 267-6766 • FAX (206) 267-6778

SHOALWATER BAY INDIAN TRIBE
RESOLUTION#09-17-93-68

WHEREAS, The Shoalwater Bay Indian Tribe is a Federally Recognized Tribe headquartered on the Shoalwater Bay Indian Reservation in the State of Washington; and

WHEREAS, The Shoalwater Bay Tribal Council is the governing body of the Shoalwater Bay Indian Tribe in accordance with their Constitution;and

WHEREAS, At least 25% of the Shoalwater Bay Voting Membership initiated by petition their desire to amend the Constitution of the Shoalwater Bay Indian Tribe; and

WHEREAS, The Shoalwater Bay Tribal Council provided   a complete text of the proposed amendment and the Shoalwater Bay Election Board conducted an Election in accordance to the Tribal Election Ordinance in which at least 30% of the Shoalwater Bay Voting Membership participated; and

WHEREAS, The Shoalwater Bay Election Board certified that the majority of the Shoalwater Bay Voting Membership approved by ballot measure to amend the Constitution; now

THEREFORE BE IT RESOLVED, That the Shoalwater Bay General Council and Tribal Council are hereby Amending the Constitution of the Shoalwater Bay Indian Tribe by addition to the end of  Article V, Section 1 (b)(1): PROVIDED, HOWEVER, THAT ANY TRIBAL MEMBER SHALL BE ELIGIBLE TO RUN FOR THE MEMBER-AT-LARGE POSITION IF HE OR SHE PHYSICALLY RESIDES FOR A PERIOD OF SIX MONTHS IMMEDIATELY PRECEDING THE ELECTION AT A LOCATION NO MORE THAN 200 MILES FROM THE RESERVATION AS MEASURED BY TRAVEL BY MOTOR VEHICLE ON PUBLIC HIGHWAYS.

C E R T I F I C A T I O N

The above Resolution was passed at a Regular Tribal Council Meeting in which a quorum was present on September 17, 1993.  _4_ FOR  _0_ AGAINST AND _0_ ABSTENTION.

_Herbert Mark Whitish_
Herbert Mark Whitish, Chairman
Shoalwater Bay Tribal Council

_Lynn Clark_
Lynn Clark, Secretary
Shoalwater Bay Tribal Council



**SHOALWATER BAY INDIAN TRIBE**

P.O. Box 130   •   Tokeland, Washington 98590

Telephone (360) 267-6766   •   FAX (360) 267-6778

September 22, 1997

TO:     The Shoalwater Bay Tribal Council

FROM:       the Shoalwater Bay Election Board

RE:     The Results of the Enrollment Ballot Voting

The Results of the Enrollment Ballot Voting are as follows:

Amendment #1        8 yes & 16 no

Amendment # 2        6 yes &  13 no

Amendment # 3       19 yes &  6 no    ★

Amendment #4        29 yes & 2 no    ✦

Amendment #5        12 yes & 11 no

There are 101 voting members of the Tribe.
31 members of the Tribe voted on this issue.

Present to count ballots were:      Election Board Chairman Lorraine Anderson, Vice-Chairman Richard Anderson, & Secretary, Rose Shipman.

We Started at 4:45 and finished  at 5:55

Thank You

*Rose Shipman*

Rose Shipman, Secretary



# SHOALWATER BAY INDIAN TRIBE

P.O. Box 130　•　Tokeland, Washington 98590
Telephone (360) 267-6766　•　FAX (360) 267-6778

## SHOALWATER BAY INDIAN TRIBE
### RESOLUTION #04-22-98-30

WHEREAS, The Shoalwater Bay Indian Tribe is a Federally Recognized Tribe headquartered on the Shoalwater Bay Indian Reservation in the State of Washington; and

WHEREAS, The Shoalwater Bay Tribal Council is the governing body of the Shoalwater Bay Indian Tribe in accordance with the Tribal Constitution and By-Laws; and

WHEREAS, The Shoalwater Bay General Council voted by ballot in accordance to their Tribal Election Ordinance with at least 30% of the eligible voters casting ballots voting their approval to Amend the Shoalwater Bay Tribal Constitution; now

THEREFORE BE IT RESOLVED, That the Shoalwater Bay Tribal Council does hereby approve these Amendment(s) to the Constitution of the Shoalwater Bay Indian Tribe of the Shoalwater Bay Indian Reservation for the Shoalwater Bay General Council direction to:

Article II, Sec. 1 (b.) (2) Now Reads: (2.) Any child born to a tribal member after the effective date of this Constitution, provided however, that a child whose parent has been enrolled under Section 1 (b) (3) shall not be entitled to enrollment under this Constitution after the effective date of this amendment to this section. Nothing herein shall prevent each child of these Tribal members from independently applying for membership and establishing membership in accordance with the procedures and requirements of this Constitution if they are entitled to enrollment.

And, Article II, Sec. 1 (b.) (4) Now Reads: (4.) All persons whose names appear on the official voters list which was prepared for the purpose of voting in the election in which the residents of the Shoalwater Bay Indian Reservation rejected the provisions of the Indian Reorganization Act of June 18, 1934 (48 Stat. 984 et. Seq.) and their direct descendants; and the brothers and sisters of those persons whose names appear on the official voters list and their direct descendants.

## CERTIFICATION

This Resolution was passed at a Regular Meeting of the Shoalwater Bay Tribal Council at which a quorum was present on April 22, 1998 by vote of 5 FOR   0 AGAINST   0 ABSTAINING.

_____
Herbert Mark Whitish, Chairman
Shoalwater Bay Tribal Council

_____
Lynn Clark, Secretary
Shoalwater Bay Tribal Council



# SHOALWATER BAY INDIAN TRIBE

P.O. Box 130 ● Tokeland, Washington 98590
Telephone (360) 267-6766 ● FAX (360) 267-6778

## SHOALWATER BAY INDIAN TRIBE
### RESOLUTION #04-22-98-31

WHEREAS, The Shoalwater Bay Indian Tribe is a Federally Recognized Tribe headquartered on the Shoalwater Bay Indian Reservation in the State of Washington; and

WHEREAS, The Shoalwater Bay Tribal Council is the governing body of the Shoalwater Bay Indian Tribe in accordance with the Tribal Constitution and By-Laws; and

WHEREAS, The Shoalwater Bay General Council voted by ballot to Amend the Shoalwater Bay Tribal Constitution regarding membership; now

THEREFORE BE IT RESOLVED, That the necessary membership amendments be reflected in the Tribal ENROLLMENT Ordinance and shall read: 15.2.010 ELIGIBILITY FOR ENROLLMENT. b) (2.) Any child born to a tribal member after the effective date of this Constitution, provided however, that a child whose parent has been enrolled under Section 1 (b) (3) shall not be entitled to enrollment under this Constitution after the effective date of this amendment to this section. Nothing herein shall prevent each child of these Tribal members from independently applying for membership and establishing membership in accordance with the procedures and requirements of this Constitution if they are entitled to enrollment.

15.2.010 ELIGIBILITY FOR ENROLLMENT. (b.) (4.) All persons whose names appear on the official voters list which was prepared for the purpose of voting in the election in which the residents of the Shoalwater Bay Indian Reservation rejected the provisions of the Indian Reorganization Act of June 18, 1934 (48 Stat. 984 et. Seq.) and their direct descendants; and the brothers and sisters of those persons whose names appear on the official voters list and their direct descendants.

## CERTIFICATION

This Resolution was passed at a Regular Meeting of the Shoalwater Bay Tribal Council at which a quorum was present on April 22, 1998, by vote of : 5 FOR   ○ AGAINST   ○ ABSTAINING.

_____        _____
Herbert Mark Whitish, Chairman          Lynn Clark, Secretary
Shoalwater Bay Tribal Council           Shoalwater Bay Tribal Council



## SHOALWATER BAY INDIAN TRIBE

P.O. Box 130 • Tokeland, Washington 98590
Telephone (360) 267-6766 • FAX (360) 267-6778

DATE:      August 26, 2005

TO:        All Tribal Members

FROM:      Election Board

SUBJECT:   Constitutional Amendment of August 6, 2005 Election Results

The results for the August 6, 2005 Election pertaining to the Amendment to Article III, Section 6 of the Constitution to add a new subsection 6(c):

> *In addition to, and furtherance and implementation of, all powers currently held by the General Council or Tribal Council, the General Council shall have the power to exclude any Tribal member from the Shoalwater Bay Indian Reservation and other Tribal lands, and to enact ordinances and procedures allowing and governing the exclusion of tribal members from the Shoalwater Bay Indian Reservation and other tribal lands, under such terms and conditions as it may deem to be appropriate.*

A total of 81 ballots (50% of eligible voters) were received and counted on August 26, 2005.  The results are as follows:

### I DO APPROVE 48

### I DO NOT APPROVE 33

Respectfully,

_____         _____
Carolyn Moore, Election Board Chairperson      Leatta Anderson, Election Board Vice-Chairperson

_____
Lisa Shipman, Election Board Member



# SHOALWATER BAY INDIAN TRIBE

P.O. Box 130   •   Tokeland, Washington 98590

Telephone (360) 267-6766   •   FAX (360) 267-6778

### SHOALWATER BAY INDIAN TRIBE
### RESOLUTION 11-16-05-43

WHEREAS, The Shoalwater Bay Indian Tribe is a Federally Recognized Tribe headquartered on the Shoalwater Bay Indian Reservation in the State of Washington; and

WHEREAS, The Shoalwater Bay Tribal Council is the governing body of the Shoalwater Bay Indian Tribe in accordance to their Constitution and By-Laws; and

WHEREAS, At least 25% of the Shoalwater Bay Voting Membership initiated by petition their desire to amend the Constitution of the Shoalwater Bay Indian Tribe; and

WHEREAS, The Shoalwater Bay Tribal Council provided a complete text of the proposed amendment and the Shoalwater Bay Election Board conducted an Election in accordance to the Tribal Election Ordinance in which at least 30% of the Shoalwater Bay Voting Membership participated; and

WHEREAS, The Shoalwater Bay Election Board certified that the majority of the Shoalwater Bay Voting Membership approved by ballot measure to amend the Constitution; now

THEREBY BE IT RESOLVED That the Shoalwater Bay General Council and Tribal Council are hereby amending the Constitution of the Shoalwater Bay Indian Tribe pertaining to the Amendment to Article III, Section 6 of the Constitution to add a new subsection 6 (c):

> In addition to, and furtherance and implementation of, all powers currently held by the General Council or Tribal Council, the General Council shall have the power to exclude any Tribal member from the Shoalwater Bay Indian Reservation and other Tribal lands, and to enact ordinances and procedures allowing and governing the exclusion of tribal members from the Shoalwater Bay Indian Reservation and other tribal lands, under such terms and conditions as it may deem to be appropriate.

### CERTIFICATION

This Resolution was passed at a Special Meeting of the Shoalwater Bay Tribal Council on November 16, 2005 at which a quorum was present ⑤FOR ⓪AGAINST ⓪ABSTAIN.

_Charlene Nelson_
Charlene Nelson, Chairperson
Shoalwater Bay Tribal Council

_Lynn Clark_
Lynn Clark, Secretary
Shoalwater Bay Tribal Council

Form BIA – 8302
6-81

OMB Clearance No. 1076-003
Expires June 30, 1983

United States Department of the Interior
Bureau of Indian Affairs

**VOTER REGISTRATION FORM**

Name: _____

Address: _____

_____

I, _____, hereby certify that I am a member of the
              (Print Name)

_____ Tribe and that I am at least 18 years of age or will be
     (Name of Tribe)

at least 18 years of age on the date of the election: _____, or will be such age
                                                       (Election Date)

within 150 days (180 days for Alaska Tribes) from the date the election is authorized

_____.
  (Authorization Date)

_____    _____
               (Signature)                         (Date)

Completion of and return of this Registration Form is necessary is you desire to become
qualified to vote in the forthcoming **Constitution or Charter Election** as required by
**Title 25, Code of Federal Regulations, Part 52.11.**

This form, upon completion and return to the election board, shall be the basis for determining
whether you qualify to have your name placed upon the list of registered voters and to receive
a ballot.

Completion and return of this form is voluntary.