**HONORABLE DAVID G. ESTUDILLO**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

MAVERICK GAMING LLC,

        Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

Case No.: 22-cv-05325-DGE

**SHOALWATER BAY TRIBE'S MOTION FOR RELIEF FROM SUMMARY JUDGMENT DEADLINES**

**Note on Motion Calendar: August 12, 2022**

<u>**ORAL ARGUMENT REQUESTED**</u>

Motion for Relief from Summary Judgment Deadlines
Case No. 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Offices-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Tel: (425) 802-5369

**TABLE OF CONTENTS**

I.   Introduction ................................................................................................................1

II.  Legal Standards Applicable to Instant Motion for Relief From Summary Judgment
     Deadlines. ..................................................................................................................3

III. Discussion ..................................................................................................................6

IV.  Conclusion .................................................................................................................7

i

## TABLE OF AUTHORITIES

**Cases**

*Biere v. Board of Trustees of Metropolitan State College*,
  2009 WL 2242209 (D. Colo. 2009) ............................................................................... 6

*Burlington Northern & Santa Fe Ry. Co. v. Vaughn*,
  509 F.3d 1085 (9th Cir. 2007) ...................................................................................... 4

*Crawford-El v. Britton*,
  523 U.S. 574 (1998) ...................................................................................................... 4

*Crowe & Dunlevy, P.C. v. Stidham*,
  640 F.3d 1140 (10th Cir. 2011) .................................................................................... 5

*Goerenc v. Klaasen*,
  2018 WL 5311885 (D. Kan. 2018) ............................................................................... 5

*Goin v. Kansas*,
  2007 WL 60939 (D. Kan. 2006) ................................................................................... 5

*Harlow v. Fitzgerald*,
  457 U.S. 800, 818 (1982) ......................................................................................... 3, 4

*Heckman v. Washington*,
  2005 WL 1287888 (W.D. Wash. 2005) ....................................................................... 5

*Hunter v. Bryant*,
  502 U.S. 224 (1991) ...................................................................................................... 4

*In re Greene*,
  950 F.2d 590 (9th Cir. 1992) ........................................................................................ 5

*Ingrassia v. Chicken Ranch Bingo & Casino*,
  676 F. Supp. 2d 953 (E.D. Cal. 2009) ......................................................................... 5

*Kansas City S. Ry. Co. v. United States*,
  282 U.S. 760 (1931) ...................................................................................................... 3

ii

Motion for Relief from Summary Judgment Deadlines
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Offices-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Tel: (425) 802-5369

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)................................................................................................3

*Lieva-Perez v. Holder*,
   640 F.3d 962 (9th. Cir. 2011)..................................................................................3

*Little v. City of Seattle*,
  863 F.2d 681 (9th Cir. 1988)....................................................................................4

*Lowe v. New Mexico*,
  2010 WL 11619171 (D. N.M. 2010)........................................................................5

*Parks v. State*,
  2006 WL 2331162 (D. Kan. 2006)...........................................................................5

*Pfuetze v. Kansas*,
  2010 WL 3718836 D. Kan. 2010).............................................................................5

*Pina v. Lewis*,
  717 Fed.Appx.739 (2018)..........................................................................................4

*Prairie Band of Potawatomi Indians v. Pierce*,
  253 F.3d 1234 (10th Cir. 2001).................................................................................4

*Siegert v. Gilley*,
  500 U.S. 226 (1991)..................................................................................................4

*United States v. Wheeler*,
  435 U.S. 131 (1978)..................................................................................................5

*Wallulatum v. Confederated Tribes*,
  2009 WL 1416067 (D. Ore. 2009)............................................................................5

*Williams v. Metcalfe,*
  2010 WL 2640293 (N.D. Cal. 2010)........................................................................4

*Woltkamp v. Kansas*,
  2017 WL 373381 (D. Kan. 2017)..............................................................................5

iii

Motion for Relief from Summary Judgment Deadlines
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Offices-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Tel: (425) 802-5369

*Woods v. Wyandotte County Dist. Attorney*,

  2010 WL 4361912 (D. Kan. 2010) ..................................................................................5

*Zabeti v. Arkin*,

  2014 WL 1764358 (D. Nev. 2014) ..................................................................................5

**Statutes**

15 U.S.C. § 1175 ...............................................................................................................1

18 U.S.C. § 1166 ...............................................................................................................1

18 U.S.C. § 1955 ...............................................................................................................1

**Rules**

Fed. R. Civ. P. 12(b)(7) ..................................................................................................2, 6

Fed. R. Civ. P. 19 ...........................................................................................................2, 6

Fed. R. Civ. P. 24 ...............................................................................................................2

Fed. R. Civ. P. 26(a)(1) ......................................................................................................5

Local Rule 7(d)(2)(A) ........................................................................................................1

iv

Motion for Relief from Summary Judgment Deadlines  
Case No.: 22-cv-05325-DGE

Scott D. Crowell  
Crowell Law Offices-Tribal Advocacy Group  
1487 W. State Route 89A, Suite 8  
Sedona, AZ 86336  
Tel: (425) 802-5369

Specially-appearing Proposed Intervenor, the Shoalwater Bay Indian Tribe of the Shoalwater Bay Indian Reservation ("Shoalwater Bay Tribe" or "Tribe") which has not and does not waive its sovereign immunity from suit and has not and does not consent to this Court's jurisdiction to hear the claims of Maverick Gaming LLC ("Maverick"), pursuant to Local Rule 7(d)(2)(A), seeks an Order for relief from the current deadlines set for the filing and briefing of dispositive motions in this matter (items 4 through 7 of this Court's Order of June 28, 2022) (Dkt. 63 at 2-3) (hereafter referred to as "Summary Judgment Deadlines")[1]. Specifically, the Tribe proposes that the Summary Judgment Deadlines be suspended for the time for the briefing and Court's deliberation of the Tribe's Motion for Limited Intervention, filed simultaneously herewith, and if granted, deliberation of the Tribe's Motion to Dismiss, attached to the Tribe's Motion for Limited Intervention as Ex. A.

**I.      Introduction**

In this lawsuit, Maverick seeks to invalidate the compacts between the State of Washington (the "State") and twenty-nine Indian tribes ("Washington Tribes") entered into under the Indian Gaming Regulatory Act ,15 U.S.C. § 1175, 18 U.S.C. § 1955, and 18 U.S.C. § 1166. ("IGRA"). Maverick has made clear that the Washington Tribes are the true target of its suit. The requested relief is intended to shutter the Washington Tribes' casinos and deprive Washington Tribes of their primary source of funding governmental programs. Yet, Maverick has not brought this action against any of the Washington Tribes, each of which possesses Indian lands within the boundaries of the State of Washington.  Instead, Maverick sues the United States, various federal

---

[1] The Federal Defendants and State Defendants consent to the Tribe's Motion for Relief for Summary Judgment Deadlines.  Maverick opposes the Tribe's Motion.

1

Motion for Relief from Summary Judgment Deadlines
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Offices-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Tel: (425) 802-5369

officials (collectively, "Federal Defendants"), and various officials of the State of Washington (collectively, "State Defendants").

The Tribe seeks a narrow suspension of the Summary Judgment Deadlines pending the deliberation and disposition of the Tribe's Motion for Limited Intervention pursuant to Fed. R. Civ. P. 24, and if granted, the Tribe's [Proposed] Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(7) and 19, filed simultaneously herewith, for lack of jurisdiction as the Tribe is a required and indispensable party that cannot be joined because of its sovereign immunity from suit. The litigation, in equity and good conscience, cannot proceed without the absent Tribe.

The Court's Order setting the Summary Judgment Deadlines was entered prior to the Tribe seeking limited intervention and a dismissal of the lawsuit. The current schedule requires Maverick to file its motion for summary judgment on or before August 12, 2022 (Dkt. 63 at 2, item 4); requires responses and cross motions by the State Defendants and Federal Defendants on or before September 12, 2022 (Dkt. 63 at 2, item 5); requires Maverick's response thereto and reply on or before October 12, 2022 (Dkt. 63 at 3, item 6); and requires the Defendants' replies thereto on or before November 2, 2022 (Dkt. 63 at 3, item 7). As discussed below, it is prudent that this Court first address the issues in the Tribe's anticipated motions for limited intervention and to dismiss. If this Court agrees with the Tribe that this Court lacks jurisdiction in the Tribe's absence, the briefing on the merits will have been moot and an unnecessary waste of the limited resources of this Court and the named parties. If the Court disagrees with the Tribe and concludes that the litigation may proceed in the Tribe's absence, then the Tribe, as well as the twenty-eight other Washington Tribes with Indian lands within Washington State's boundaries, should have the

2

Motion for Relief from Summary Judgment Deadlines
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Offices-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Tel: (425) 802-5369

opportunity to decide whether to waive their immunity and seek intervention on the merits of Maverick's claims.

The Tribe is entitled to have questions of immunity and jurisdiction resolved before the named parties engage in further proceedings. The Supreme Court has made it clear that until the threshold question of a court's jurisdiction to hear a matter in a tribe's absence is resolved, further proceedings should be suspended or stayed. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

### II. Legal Standards Applicable to Instant Motion for Relief From Summary Judgment Deadlines.

The power to grant relief from deadlines and otherwise suspend the Summary Judgment Deadlines in this matter is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

The instant Motion for Relief from the Summary Judgment Deadlines simply seeks to suspend the disposition of the merits on cross motions for summary judgment until the threshold jurisdictional issues are resolved. This is not a motion for stay pending interlocutory appeal, or pending a state or federal court proceeding. In those contexts, a number of factors are considered by the federal courts in determining whether to grant a stay. *Lieva-Perez v. Holder*, 640 F.3d 962, 968 (9th. Cir. 2011). In those circumstances, a court, *inter alia,* must consider and balance the irreparable harm to the parties if a stay is granted or denied. *Id.*  Even in that context, if a court allows proceedings to continue even though the court lacks jurisdiction, the infringement on tribal sovereign immunity constitutes irreparable harm in that it invades tribal self-government in

3

Motion for Relief from Summary Judgment Deadlines
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Offices-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Tel: (425) 802-5369

a way that "cannot be adequately compensated for in the form of monetary damages," and in that the loss of tribal sovereignty may not be subject to remedy upon final determination on the merits. *See Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250-51 (10th Cir. 2001); *see also Burlington Northern & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1090 (9th Cir. 2007) (tribal sovereign immunity is effectively lost if the case is allowed to proceed).

It is appropriate and prudent to address the Tribe's motions at the earliest possible stage in the proceedings, prior to addressing all other matters in this litigation, including pending matters, namely, the briefing and deliberation on the merits. Well-established precedent supports a stay of all other proceedings when a defendant (or proposed intervenor) raises an immunity defense. *See e.g., Harlow*, 457 U.S. at 818 (holding that "until the threshold immunity question is resolved, discovery should not be allowed"); *Crawford-El v. Britton*, 523 U.S. 574 (1998)("if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery); *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Pina v. Lewis*, 717 Fed.Appx.739 (2018); *Williams v. Metcalfe*, 2010 WL 2640293, at *2 (N.D. Cal. 2010) ("The U.S. Supreme Court has made it abundantly clear that a district court should stay discovery until the threshold question of qualified immunity is settled"). The decision regarding immunity should be made at the earliest possible stage in the litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

Although *Harlow* was decided in the context of staying discovery, the analysis equally applies to the Tribe's Motion for Relief from the Summary Judgment Deadlines. Relying on the Supreme Court precedent cited above, numerous courts have granted stays where the parties assert

4

Motion for Relief from Summary Judgment Deadlines  
Case No.: 22-cv-05325-DGE

Scott D. Crowell  
Crowell Law Offices-Tribal Advocacy Group  
1487 W. State Route 89A, Suite 8  
Sedona, AZ 86336  
Tel: (425) 802-5369

the analogous[2] State Eleventh Amendment immunity. *See, e.g., Zabeti v. Arkin*, 2014 WL 1764358 at *3 (D. Nev. 2014) (Defendants assert Eleventh Amendment immunity, which is absolute immunity both from liability and from process, accordingly, all proceedings are stayed and the scheduling order is vacated); *Heckman v. Washington*, 2005 WL 1287888 at *2 (W.D. Wash. 2005) ("it is appropriate that the court stay discovery, and vacate the dates for the initial disclosure of documents, the discovery conference, and the joint status report until the court rules on the State of Washington's motion for summary judgment"); *Goerenc v. Klaasen*, 2018 WL 5311885 at *2 (D. Kan. 2018) ("all pretrial proceedings in this case, including discovery and the scheduling of deadlines are stayed"); *Woltkamp v. Kansas*, 2017 WL 373381 at *1 (D. Kan. 2017) ("all pretrial proceedings in this case, including discovery and initial disclosures are stayed"); *Lowe v. New Mexico*, 2010 WL 11619171 at *1-3 (D. N.M. 2010) (stay order enforced even against separate records request under state public records statute); *Woods v. Wyandotte County Dist. Attorney*, 2010 WL 4361912 at *1 (D. Kan. 2010) ("all discovery and pretrial proceedings are hereby stayed until the Court has ruled on Defendant's Motion to Dismiss"); *Pfuetze v. Kansas*, 2010 WL 3718836 D. Kan. 2010)("a stay of pretrial proceedings and discovery is appropriate); *Parks v. State*, 2006 WL 2331162 at *1 (D. Kan. 2006) ("All pretrial and Rule 26 proceedings including the planning conference, the scheduling conference, Rule 26(a)(1) disclosures and discovery are hereby stayed. . . "); *Goin v. Kansas*, 2007 WL 60939 *1 (D. Kan. 2006) ("all settings and

---

[2] *See Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1154 (10th Cir. 2011); *Ingrassia v. Chicken Ranch Bingo & Casino*, 676 F. Supp. 2d 953, 959 (E.D. Cal. 2009); *Wallulatum v. Confederated Tribes*, 2009 WL 1416067 at *1 (D. Ore. 2009). Tribal sovereign immunity and state Eleventh Amendment immunity are substantially similar, however tribal immunity is subject to abrogation by Congress, while Eleventh Amendment immunity is not. *United States v. Wheeler*, 435 U.S. 131, 323 (1978). Such distinctions, however, are not relevant to the issue of whether a stay should be granted pending resolution of a motion to dismiss based on immunity are analogous, but not precisely the same. *In re Greene*, 950 F.2d 590, 600 (9th Cir. 1992).

5

Motion for Relief from Summary Judgment Deadlines
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Offices-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Tel: (425) 802-5369

deadlines. . . are vacated and all pretrial and Rule 26 proceedings, including discovery are hereby stayed. . . "); *Biere v. Board of Trustees of Metropolitan State College*, 2009 WL 2242209 at *2(D. Colo. 2009).

### III.     Discussion

The appropriateness of granting the Motion for Relief from Summary Judgment Deadlines is straightforward. Maverick seeks to void the tribal-state gaming compact, negotiated and entered into between the Tribe and the State of Washington, and approved by the United States Department of the Interior. Moreover, the Tribe seeks to have this Court dismiss the lawsuit in its entirety pursuant to Fed.R.Civ.P. 12(b)(7) and 19 because the Tribe is a proper party that cannot be joined due to its immunity, and the litigation in equity and good conscience cannot proceed without the absent Tribe.  As set forth in the Tribe's Motions for Limited Intervention and to Dismiss, the Tribe has not waived its tribal sovereign immunity regarding Maverick's lawsuit. Accordingly, based on the extensive case law cited above, further proceedings in this matter, specifically the Summary Judgment Deadlines, should be suspended pending resolution of the Tribe's Motion to Dismiss.

Prudent case management also dictates that this Court should first address the issues in the Tribe's motion for limited intervention and proposed motion to dismiss. If this Court agrees with the Tribe that this Court lacks jurisdiction in the Tribe's absence, the briefing on the merits will have been moot and an unnecessary waste of the limited resources of the Court and the named parties. If the Court disagrees with the Tribe and concludes that the litigation may proceed in the Tribe's absence, then the Tribe, as well as the twenty-eight other Washington Tribes with Indian lands within Washington State's boundaries, should have the opportunity to decide whether to

6
Motion for Relief from Summary Judgment Deadlines
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Offices-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Tel: (425) 802-5369

waive their immunity and seek intervention on the merits of Maverick's claims. There is no prejudice to Maverick. The Tribe is not seeking an indefinite stay; rather, its seeks a short and temporary suspension of the Summary Judgment Deadlines. If this Court denies the Tribe's motions, this Court can set a reasonable and short deadline for the Tribe, or the other Washington Tribes, to file motions to intervene on the merits of Maverick's claims. Accordingly, in light of prudent concerns for effective case management, the Summary Judgment Deadlines should be suspended pending resolution of the Tribe's Motions for Limited Intervention and to Dismiss.

### IV.   Conclusion

For the reasons set forth herein, the Summary Judgement Deadlines in this matter, as set forth in items 4 – 7 of this Court's Order of June 28, 2022 (Dkt. 63), should be suspended until this Court has deliberated and ruled on the Tribe's Motion for Limited Intervention, and if the Motion for Limited Intervention is granted, then the Tribe's Motion to Dismiss.

Dated: August 3, 2022                            Respectfully submitted,


*s/ Scott D. Crowell*
SCOTT CROWELL (WSBA No. 18868)
CROWELL LAW OFFICE-TRIBAL ADVOCACY GROUP
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Telephone: (425) 802-5369
Fax: (509) 290-6953
Email: scottcrowell@hotmail.com

LAEL ECHO-HAWK (WSBA No. 34525)
MThirtySix, PLLC
700 Pennsylvania Avenue SE
The Yard – 2nd Floor
Washington, D.C. 20003
Telephone: (206) 271-0106
Email: Lael@MThirtySixPLLC.com

7

Motion for Relief from Summary Judgment Deadlines
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Offices-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Tel: (425) 802-5369

*Attorneys for Proposed Limited Interventor Shoalwater Bay Indian Tribe*

8

Motion for Relief from Summary Judgment Deadlines
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Offices-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Tel: (425) 802-5369

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2022, I filed the foregoing Motion for Relief from Summary Judgment Deadlines with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record in this matter.

DATED: August 3, 2022

*s/ Scott D. Crowell*
SCOTT CROWELL (WSBA No. 18868)
CROWELL LAW OFFICE-TRIBAL ADVOCACY GROUP
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Telephone: (425) 802-5369
Fax: (509) 290-6953
Email: scottcrowell@hotmail.com

9

Motion for Relief from Summary Judgment Deadlines
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Offices-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Tel: (425) 802-5369