THE HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAVERICK GAMING LLC, | No. 22-cv-05325 DGE |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO SHOALWATER BAY TRIBE'S MOTION FOR RELIEF FROM SUMMARY JUDGMENT DEADLINES** |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | NOTED ON MOTION CALENDAR:  August, 12, 2022 |

PLAINTIFF'S OPPOSITION TO
MOTION FOR RELIEF FROM DEADLINES
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................1

BACKGROUND ................................................................................................2

ARGUMENT ....................................................................................................4

    I.    Staying The Agreed-Upon Briefing Schedule Would Prejudice Maverick ...........5

    II.    The Shoalwater Bay Tribe Cannot Demonstrate A Compelling Showing Of Hardship If The Agreed-Upon Briefing Schedule Is Maintained ...................7

    III.    A Stay Would Not Further Judicial Economy ....................................................8

CONCLUSION.................................................................................................11

i

PLAINTIFF'S OPPOSITION TO
MOTION FOR RELIEF FROM DEADLINES
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

# TABLE OF AUTHORITIES

CASES

*Amador Cnty. v. U.S. Dep't of the Interior,*
    772 F.3d 901 (D.C. Cir. 2014) ............................................................................6

*Burlington N. & Santa Fe Ry. Co. v. Vaughn,*
    509 F.3d 1085 (9th Cir. 2007) ............................................................................7

*CMAX, Inc. v. Hall,*
    300 F.2d 265 (9th Cir. 1962) ..............................................................................4

*Crowe & Dunlevy, P.C. v. Stidham,*
    640 F.3d 1140 (10th Cir. 2011) ..........................................................................8

*Eastman Chem. Co. v. Nestle Waters Mgmt. & Tech.,*
    2014 WL 1316772 (S.D.N.Y. Apr. 1, 2014) ......................................................5

*Hunter v. Bryant,*
    502 U.S. 224 (1991) ............................................................................................8

*Johnson v. Mammoth Recreations, Inc.,*
    975 F.2d 604 (9th Cir. 1992) ..............................................................................6

*Kalbers v. U.S. Dep't of Justice,*
    22 F.4th 816 (9th Cir. 2021) ...............................................................................5

*Knox v. U.S. Dep't of Interior,*
    759 F. Supp. 2d 1223 (D. Idaho 2010) ...............................................................9

*Landis v. N. Am. Co.,*
    299 U.S. 248 (1936) .......................................................................................4, 7

*League of United Latin Am. Citizens v. Wilson,*
    131 F.3d 1297 (9th Cir. 1997) ............................................................................6

*Lincoln Property Co. v. Roche,*
    546 U.S. 81 (2005) ..............................................................................................8

*Lockyer v. Mirant Corp.,*
    398 F.3d 1098 (9th Cir. 2005) ............................................................................4

*Michigan v. Bay Mills Indian Cmty.,*
    572 U.S. 782 (2014) ............................................................................................7

*Seufert v. Merck Sharp & Dohme Corp.,*
    2016 WL 9503735 (S.D. Cal. Mar. 9, 2016) ......................................................6

PLAINTIFF'S OPPOSITION TO
MOTION FOR RELIEF FROM DEADLINES
(3:22-cv-05325 DGE)

Brennan Legal, PLLC
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

*Sw. Ctr. for Biological Diversity v. Babbitt,*
  150 F.3d 1152 (9th Cir. 1998)..............................................................10

*W. Flagler Assocs. v. Haaland,*
  573 F. Supp. 3d 260 (D.D.C. 2021)..........................................8, 9, 11

*Washington v. Daley,*
  173 F.3d 1158 (9th Cir. 1999)..............................................................10

**STATUTES**

25 U.S.C. § 2701..................................................................................2

25 U.S.C. § 2710(d)(1)..........................................................................2

25 U.S.C. § 2710(d)(1)(C)......................................................................9

25 U.S.C. § 2710(d)(3)(B)......................................................................2

42 U.S.C. § 1983..................................................................................3

RCW 9.46.220-.222..............................................................................3

RCW 9.46.0269....................................................................................3

RCW 9.46.0364....................................................................................3

**REGULATIONS**

86 Fed. Reg. 51,373 (Sept. 15, 2021).......................................................3

**RULES**

Fed. R. Civ. P. 19(a)(1)(A)....................................................................9

Fed. R. Civ. P. 19(a)(1)(B)(i)................................................................9

**OTHER AUTHORITIES**

WIGA, *Washington Indian Gaming Association Statement on Maverick Gaming's Federal
  Lawsuit Seeking to Undermine Washington's State's System of Tribal Gaming* (Jan. 11,
  2022), https://tinyurl.com/5y598e3c .................................................3, 5

WIGA, *Members*, https://tinyurl.com/ycx89sde .......................................3, 5

iii

PLAINTIFF'S OPPOSITION TO
MOTION FOR RELIEF FROM DEADLINES
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

## INTRODUCTION

The Shoalwater Bay Indian Tribe ("Tribe") has had notice of Maverick's challenge to the State of Washington's tribal class III gaming monopoly since Maverick filed its original complaint in the U.S. District Court for the District of Columbia in January 2022.  Yet the Tribe did not take any steps to intervene in that court during the four months it remained pending there.  This case was transferred to this Court in early May 2022, and still the Tribe took no steps to intervene.  The parties, determining that factual discovery would be unnecessary, agreed to a schedule for the briefing of dispositive motions in late June 2022, which this Court entered in a scheduling order.  The Tribe still took no action to intervene, nor did it express any indication that it wished to participate in the parties' litigation of dispositive issues in this matter.

Instead, the Tribe waited nearly seven months, and then filed a motion to intervene for the limited purpose of moving to dismiss for failure to join an indispensable party a mere *nine days* before Maverick's motion for summary judgment is due under the negotiated briefing schedule.  The Tribe also moved this Court to discard this agreed-upon briefing schedule and order the existing parties to put their claims and defenses aside while the Court gives priority to the meritless arguments that the Tribe wants to be considered immediately.

These circumstances provide no basis to stay the current briefing schedule.  *First*, a stay of the briefing schedule would prejudice Maverick by throwing the negotiated schedule into disarray at the eleventh hour, unsettling Maverick's expectations, giving the defendants an unfair extension to respond to Maverick's motion for summary judgment, and delaying the adjudication of Maverick's claims in this litigation.

*Second*, in contrast to the prejudice that a stay would impose on Maverick, the Tribe can demonstrate no hardship if the schedule remains in effect.  Maverick has not sued the Tribe, it does not seek or require any relief against the Tribe, and the Tribe is not even bound by the briefing schedule, so it will not be required to do *anything* if the schedule remains in effect.

*Finally*, the Tribe's proposed motion to dismiss does not raise threshold questions of jurisdiction.  Instead, it raises the meritless argument that the Tribe is a required party under Rule

PLAINTIFF'S OPPOSITION TO
MOTION FOR RELIEF FROM DEADLINES
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

19 of the Federal Rules of Civil Procedure, and that the suit should not proceed in equity and good conscience in the Tribe's absence.  As Maverick will demonstrate more fully in its opposition to the Tribe's intervention motion, the Tribe is neither a required party under Rule 19, nor is there any obstacle to this suit proceeding.  Indeed, this argument has been squarely rejected by numerous courts.  The Tribe's belated proposed motion to dismiss provides no basis for this Court to discard the scheduling order that was carefully negotiated and agreed to by the existing parties.

### BACKGROUND

Maverick owns and operates 18 cardrooms in the State of Washington and owns casinos in Colorado and Nevada that offer a wide variety of class III casino games, such as roulette, craps, sports betting, and dealer-assisted electronic table games.  Dkt. #66, ¶ 1.  Maverick wishes to expand its gaming offerings in Washington to include the kinds of casino games it offers at its Colorado and Nevada casinos.  *Id.*  But Maverick cannot do so because, pursuant to state-tribal gaming compacts approved by the U.S. Secretary of the Interior, Washington permits only federally recognized Indian tribes in the State to offer these types of games and makes it a crime for anyone else to offer them.  *Id.* ¶¶ 1–3.

Washington's state-tribal compacts were entered into pursuant to the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701 *et seq.*, which prescribes the conditions under which gaming may be conducted on Indian lands.  IGRA permits Indian tribes to offer class III gaming on Indian lands only if three conditions are met: (1) the gaming must be authorized by a federally approved tribal ordinance; (2) the Indian lands must be "located in a State that permits such gaming for any purpose by any person, organization, or entity"; and (3) the gaming must be "conducted in conformance with a Tribal-State compact entered into by the Indian tribe and the State … that is in effect."  25 U.S.C. § 2710(d)(1)(A)–(C).  A state-tribal compact takes effect only after it has been approved by the Secretary of the Interior.  *Id.* § 2710(d)(3)(B).

Beginning in the early 1990s, the State of Washington entered into gaming compacts with all 29 Indian tribes in the state that authorize them to offer a wide range of class III games, such as craps, roulette, and dealer-assisted electronic table games, and these compacts were approved

2

PLAINTIFF'S OPPOSITION TO
MOTION FOR RELIEF FROM DEADLINES
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

by the Secretary of the Interior.  Dkt. #66, ¶¶ 66–73.  Meanwhile, Washington makes it a *crime* for any non-tribal entity to offer the class III games it permits the Tribes to offer.  RCW 9.46.220–.222, 9.46.0269; Dkt. #66, ¶¶ 57–66.

In 2020, Washington enacted a law permitting Indian tribes—and *only* Indian tribes—to offer sports betting in the State.  RCW 9.46.0364.  It remains a crime for anyone else to offer sports betting in the State.  *See* RCW 9.46.220–.222.  Pursuant to the new law, the State of Washington and several Indian tribes (including the Shoalwater Bay Tribe) have executed compact amendments permitting the tribes to offer sports betting, which the Secretary of the Interior has approved.  *See, e.g.*, 86 Fed. Reg. 51,373, 51,373 (Sept. 15, 2021) (notice of approval of Shoalwater Bay Tribe's sports-betting compact amendment).

On January 11, 2022, Maverick filed an action in the U.S. District Court for the District of Columbia challenging the Secretary of the Interior's approval of the sports-betting compact amendments under the Administrative Procedure Act ("APA") because the amendments violate IGRA, the Constitution's guarantee of equal protection, and the Constitution's anti-commandeering doctrine.  Dkt. #1, ¶¶ 161–73.  Maverick also challenged under 42 U.S.C. § 1983 various Washington State officials' execution and administration of the State's gaming compacts and criminal gaming prohibitions.  *Id.* ¶¶ 174–203.

That very same day, the Washington Indian Gaming Association—of which the Shoalwater Bay Tribe is a member and has a seat on its board of directors, *see* WIGA, *Members*, https://tinyurl.com/ycx89sde—issued a press release expressing its opposition to Maverick's lawsuit and stating that it "will be reviewing their complaint more carefully, but Washington State's tribes stand united in opposing any attempt to undermine the Indian Gaming Regulatory Act, tribal compacts, and what the tribes have worked so hard to build."  WIGA, *Washington Indian Gaming Association Statement on Maverick Gaming's Federal Lawsuit Seeking to Undermine Washington's State's System of Tribal Gaming* (Jan. 11, 2022), https://tinyurl.com/5y598e3c.

PLAINTIFF'S OPPOSITION TO
MOTION FOR RELIEF FROM DEADLINES
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

In February 2022, the Washington State defendants moved to transfer the case to this district, Dkt. #30-1, and the court granted that motion in April 2022.  The transfer was completed on May 9, 2022.  Dkt. #47.  In June 2022, the parties, having concluded that factual discovery was not necessary in this case, stipulated to a briefing schedule for dispositive motions, Dkt. #60, which this court entered via order, Dkt. #63.  Pursuant to this schedule, Maverick filed its first amended complaint in early July, and its motion for summary judgment is due on August 12, 2022. Dkt. #66; Dkt. #63, at 2.  The Tribe filed its motions to intervene for the limited purpose of filing a motion to dismiss and for a stay of the current briefing schedule pending resolution of those motions on August 3, 2022, nine days before Maverick's motion for summary judgment is due. Dkts. #68–69.

## ARGUMENT

There is no basis to grant the Tribe's last-minute motion to stay the parties' negotiated briefing schedule pending resolution of its motion to intervene and proposed motion to dismiss. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).  If there "is even a fair possibility" that a stay "will work damage to some one else," then the movant for a stay "must make out a clear case of hardship or inequity in being required to go forward."  *Id.* at 255.

As the Ninth Circuit has explained, the competing interests a court must weigh in deciding whether to stay proceedings are (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th

4

PLAINTIFF'S OPPOSITION TO
MOTION FOR RELIEF FROM DEADLINES
(3:22-cv-05325 DGE)

Brennan Legal, PLLC
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

Cir. 1962)).  Each of these factors weighs against staying the briefing schedule that has been in effect since June 2022.

## I.   Staying The Agreed-Upon Briefing Schedule Would Prejudice Maverick.

The Tribe claims that its request to delay proceedings would not prejudice Maverick because it does not seek an indefinite stay but a stay pending resolution of its motion to intervene, and, if that motion is granted, its proposed motion to dismiss.  Dkt. #69, at 7.  This is plainly incorrect.  Maverick carefully negotiated with the defendants a schedule for the briefing of dispositive motions to promptly resolve its claims in June 2022, which this Court entered in a scheduling order.  Dkt. #63.  The Tribe almost certainly had notice of this lawsuit shortly after Maverick filed its complaint on January 11, 2022, given that it is a member of—and has a seat on the board of directors of—the Washington Indian Gaming Association, which expressed its opposition to this lawsuit on the same day that Maverick filed its original complaint.  WIGA, *Members*, https://tinyurl.com/ycx89sde;  WIGA, *Washington Indian Gaming Association Statement on Maverick Gaming's Federal Lawsuit Seeking to Undermine Washington's State's System of Tribal Gaming* (Jan. 11, 2022), https://tinyurl.com/5y598e3c.  Yet, without offering any reason for its seven-month delay, the Tribe waited until just *nine days* before Maverick's motion for summary judgment is due to file its belated motions to intervene and stay the parties' negotiated briefing schedule that this Court entered in a scheduling order.

Granting the Tribe's request for a stay would throw the parties' negotiated briefing schedule into disarray and upset Maverick's settled expectations for the briefing of dispositive motions in this case.  Worse, because the noting date for the Tribe's motion for a stay is *the same day* that Maverick's motion for summary judgment is due, *compare* Dkt. #63, at 2, *with* Dkt. #69, entering a stay at that juncture would have the highly inequitable effect of giving the defendants significant additional time to prepare their dispositive motions and responses to Maverick's already-filed motion for summary judgment.

The Tribe's requested disruption to the briefing schedule, if granted, would therefore prejudice Maverick.  *Eastman Chem. Co. v. Nestle Waters Mgmt. & Tech.*, 2014 WL 1316772, at

PLAINTIFF'S OPPOSITION TO
MOTION FOR RELIEF FROM DEADLINES
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

*7 (S.D.N.Y. Apr. 1, 2014) (affirming finding that a "tardy effort" that would "have thrown the briefing schedule into disarray … constituted prejudice"); *see also Kalbers v. U.S. Dep't of Justice*, 22 F.4th 816, 826 (9th Cir. 2021) (concluding that an intervenor would not cause prejudicial delay because it "offered to comply with the existing summary judgment briefing schedule").

As the Ninth Circuit has emphasized:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citation omitted). This Court should not reward the Tribe's delay by allowing it—before this Court even decides whether to grant its motion to intervene in this action—to disrupt the parties' agreed-upon briefing schedule and give the defendants extra time to prepare their responses to Maverick's motion for summary judgment.

Further, delay of the adjudication of Maverick's claims would prejudice Maverick because it will continue to suffer competitive injury every day that its customers or potential customers patronize tribal casinos rather than its cardrooms because of the much broader types of gaming that Washington permits Indian tribes—and only Indian tribes—to offer. Dkt. #66, ¶¶ 141–63. This circuit recognizes that "additional delay" or the "prolonging [of] litigation" is a form of prejudice. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303–04 (9th Cir. 1997); *Seufert v. Merck Sharp & Dohme Corp.*, 2016 WL 9503735, at *3 (S.D. Cal. Mar. 9, 2016) ("Plaintiffs likewise have an interest in swiftly litigating their claims" and "[a] stay would undoubtedly jeopardize the parties' interests in prompt adjudication."). Indeed, in similar circumstances, the D.C. Circuit affirmed a finding that the "need to accept briefing on the Tribe's Rule 19 motion, hear argument, and rule on the motion … would cause prejudicial delay." *Amador Cnty. v. U.S. Dep't of the Interior*, 772 F.3d 901, 906 (D.C. Cir. 2014).

PLAINTIFF'S OPPOSITION TO
MOTION FOR RELIEF FROM DEADLINES
(3:22-cv-05325 DGE)

Brennan Legal, PLLC
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

1    Because a stay would disrupt the parties' briefing schedule, inequitably extend the time for

2    defendants to file a response to Maverick's summary-judgment motion, and further delay the

3    adjudication of Maverick's claims and redress of its injuries, granting the motion would prejudice

4    Maverick.

5    **II.    The Shoalwater Bay Tribe Cannot Demonstrate A Compelling Showing Of Hardship
     If The Agreed-Upon Briefing Schedule Is Maintained.**

6          Because Maverick would be prejudiced by a stay, the Tribe "must make out a clear case of

7    hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.  It cannot, and the

8    Tribe's motion for a stay should be denied for that reason alone.  First of all, permitting the parties'

9    briefing schedule to proceed as agreed and as ordered by this Court, Dkt. #63, would not require

10   the Tribe to do anything.  Maverick did not sue the Tribe, and it is not a party to this action or to

11   the stipulated schedule for the briefing of dispositive motions.  Allowing the existing parties'

12   schedule to continue as planned would impose *no* hardship or inequity on the Tribe.

13         The Tribe suggests that allowing the briefing schedule to proceed would be an

14   "infringement on tribal sovereign immunity [that] constitutes irreparable harm in that it invades

15   tribal self-government."  *See* Dkt. #69, at 3–4.  But allowing the briefing schedule to proceed

16   without delay would not infringe the Tribe's sovereign immunity in any way.  Tribal sovereign

17   immunity is the "common-law immunity from suit traditionally enjoyed by sovereign powers."

18   *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 788 (2014) (internal quotation marks omitted).

19   Maverick did not sue the Tribe, and allowing the parties' briefing schedule to proceed would not

20   result in the exercise of this Court's jurisdiction over the Tribe.  The Tribe cites the Ninth Circuit's

21   decision in *Burlington Northern and Santa Fe Railway Co. v. Vaughn*, but that case held only that

22   officials of an Indian tribe *who had been sued* could immediately appeal an order denying a

23   sovereign-immunity claim under the collateral-order doctrine.  509 F.3d 1085, 1089–91 (9th Cir.

24   2007).

25         Nor would the denial of a stay infringe on tribal self-government.  Contrary to the Tribes'

26   claim that "Maverick has made clear that the Washington Tribes are the true target of its suit,"

7

PLAINTIFF'S OPPOSITION TO
MOTION FOR RELIEF FROM DEADLINES
(3:22-cv-05325 DGE)

Brennan Legal, PLLC
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

Dkt. #69, at 1, Maverick does not seek any form of relief against the Tribes.  Rather, Maverick seeks an order vacating the Secretary of the Interior's approvals of compacts and enjoining the State defendants from enforcing the compacts and Washington's criminal gaming prohibitions on the ground that those actions violate *federal law*.  Dkt. #66, ¶ 207.  Those requests for relief, if granted, will not harm the Tribe's right to govern itself.

### III.   A Stay Would Not Further Judicial Economy.

The Tribe asserts that a stay pending resolution of supposed "questions of immunity and jurisdiction" would be in the interest of "[p]rudent case management."  Dkt. #69, at 3, 6.  The Tribe is mistaken.  Rather than simplifying the issues and resolving any questions that would aid this Court's adjudication of the named parties' claims and defenses, the Tribe's proposed motion to dismiss seeks to inject meritless issues into this case that would needlessly complicate this matter.

First of all, despite the Tribe's repeated statement that its proposed Rule 19 objection raises a jurisdictional issue, the indispensable-party rule codified by Rule 19 is not a jurisdictional rule; rather, it is a traditional rule of equity, as Rule 19(b) makes clear in its statement that an action that does not join a required party may proceed "in equity and good conscience."  *Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005) (Rule 19 "address[es] party joinder, not federal-court subject-matter jurisdiction").[1]

Nor is the Tribe's sovereign immunity a threshold issue in this case because Maverick did not sue the Tribe or any tribal officers.  Indeed, the Tribe's authorities involved *named defendants* raising immunity from suit as a defense.  *See, e.g.*, *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("[B]ecause '[t]he entitlement is an *immunity from suit* rather than a mere defense to liability,' we repeatedly have stressed the importance of resolving immunity questions at the earliest possible

---

[1]  Indeed, one of the authorities cited by the Tribe makes this very point: "The issue of indispensability under Rule 19 is not a jurisdictional question."  *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1149 (10th Cir. 2011) (internal quotation marks omitted); *see also* Dkt. #69, at 5 n.2 (citing *Crowe*).

8

PLAINTIFF'S OPPOSITION TO
MOTION FOR RELIEF FROM DEADLINES
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

stage in litigation." (second alteration in original) (citation omitted)).  Again, because Maverick did not sue the Tribe, its sovereign immunity from suit is not before the Court and cannot be the threshold issue the Tribe makes it out to be.  *See W. Flagler Assocs. v. Haaland*, 573 F. Supp. 3d 260, 270 (D.D.C. 2021) (holding that a similar challenge to a state-tribal compact did not infringe on sovereign immunity where the tribe was not a party and the plaintiff sought a holding that "the *federal* government erred in applying *federal* law").

The Tribe is not asserting sovereign immunity as a shield but as a sword.  Specifically, the Tribe seeks to claim that it is an indispensable party under Rule 19 who cannot be joined due to its sovereign immunity and that therefore a suit to which it is not a party must be dismissed.  This meritless argument provides no basis to stay the current briefing schedule.  To obtain dismissal of Maverick's suit under Rule 19, the  Tribe would have to show that (1) it is a "required party" under Rule 19(a); and (2) the action should not proceed "in equity and good conscience" in light of the Rule 19(b) factors.  The Tribe cannot make either showing.  Indeed, courts routinely reject this very argument in analogous IGRA challenges.  *See, e.g.*, *Knox v. U.S. Dep't of Interior*, 759 F. Supp. 2d 1223, 1235–37 (D. Idaho 2010) (holding that Indian tribes are not required parties under Rule 19(a) in challenge to IGRA gaming compacts to which they were parties); *W. Flagler Assocs.*, 573 F. Supp. 3d at 269–72 (holding that Indian tribe was not indispensable party under Rule 19(b) in challenge to IGRA gaming compact to which it was a party).

First, the Tribe is not a required party under Rule 19(a).  Its presence as a party is not required to accord complete relief to Maverick.  *See* Fed. R. Civ. P. 19(a)(1)(A).  This Court could fully redress Maverick's injuries by simply enjoining the State defendants from enforcing against Maverick Washington's criminal class III gaming prohibitions, allowing Maverick to offer the full range of games the Tribes currently offer without having any effect on the Tribes' existing gaming operations.  Alternatively, this Court could create parity by leveling down and declaring the compacts and compact amendments void and enjoining the State defendants from enforcing them, which would render the compacts not "in effect" under IGRA, such that *IGRA*—not an order of

PLAINTIFF'S OPPOSITION TO
MOTION FOR RELIEF FROM DEADLINES
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

1  this Court—would prohibit the Tribes from offering the class III games Maverick cannot offer.

2  *See* 25 U.S.C. § 2710(d)(1)(C).

3          In addition, while the Tribe has an interest in this action, it cannot be a required party under

4  Rule 19(a) because the federal defendants adequately represent the Tribe's interests, *see* Fed. R.

5  Civ. P. 19(a)(1)(B)(i).  In light of the federal government's "trust responsibility" to Indian tribes,

6  "Tribes are not necessary parties" when the federal government is already a party because "[t]he

7  United States can adequately represent an Indian tribe unless there exists a conflict of interest

8  between the United States and the tribe." *Washington v. Daley*, 173 F.3d 1158, 1167–68 (9th Cir.

9  1999) (internal quotation marks omitted).  In the context of Rule 19, it is not enough for an Indian

10  tribe to point out conflicts that are not "at issue" in the present suit or to speculate that the federal

11  government's "potentially inconsistent responsibilities" might result in some as-yet-undetermined

12  conflict with the Tribe.  *Daley*, 173 F.3d at 1168 (internal quotation marks omitted).  The Tribe

13  must "demonstrate how such a conflict might actually arise in the context of this case." *Id.*; *see*

14  *also Sw. Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1154 (9th Cir. 1998).

15          The Tribe has not shown how such an actual conflict of interest with the federal defendants

16  would arise, stating only that its interests and those of the United States might diverge *after* this

17  Court renders judgment in Maverick's favor because the federal government may then "take

18  enforcement action to stop the Tribe's gaming," Dkt. #68, at 12; Dkt. #68-1, at 21; and noting that

19  the federal government has a "'broad obligation' to serve many people, which may conflict with"

20  its obligations to the Tribe.  Dkt. #68-1, at 22–23.[2]  But such allegations are insufficient to show

21  that the Tribe is a required party under Rule 19(a); to be a required party, the Tribe must show a

22  conflict that "might actually arise *in the context of this case*." *Daley*, 173 F.3d at 1168 (emphasis

23  added).

24

25  ────────────────

[2] The Tribe also claims that the federal defendants do not adequately represent it because they have
26  not made its Rule 19 arguments, Dkt. #68, at 10; Dkt. #68-1, at 22, but the Ninth Circuit has
expressly rejected that "circular" argument. *Sw. Ctr. for Biological Diversity*, 150 F.3d at 1154.

10

PLAINTIFF'S OPPOSITION TO
MOTION FOR RELIEF FROM DEADLINES
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

The Tribe *also* cannot satisfy the Rule 19(b) factors.  Rule 19(b) directs a court to consider (1) the extent to which a judgment rendered in the party's absence might prejudice it; (2) the extent to which prejudice could be lessened or avoided; (3) whether a judgment rendered in the party's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.  Fed. R. Civ. P. 19(b).

Here, the Tribe's absence will not prejudice it because both the Secretary of the Interior and Washington State officials are defending the challenged compacts and compact amendments and share its position that they are consistent with federal law.  *See W. Flagler Assocs.*, 573 F. Supp. 3d at 270–71.  Because the Tribe would not be prejudiced, there is no need to consider how prejudice could be minimized.  *See id.* at 271.  Maverick does not seek any relief against the Tribe, and a judgment against the federal and state defendants would fully redress its injuries.  *See id.* at 271–72.  Finally, and most importantly, dismissing Maverick's challenge to Washington's state-tribal compacts for failure to join an immune tribe would deny Maverick *any* remedy because any challenge to the approval and administration of Washington's gaming compacts would have to be dismissed for failure to join an immune tribe.  *See id.* at 272.  The Tribe will not be able to show that this suit should not proceed in equity and good conscience because of its absence.

The Tribe's proposed motion to dismiss would not simplify the issues before this Court or aid in the resolution of the dispute between the existing parties.  Rather, the Tribe seeks to inject meritless issues into this case and litigate arguments that have been soundly rejected by numerous federal courts.  There is no basis for a stay of the agreed-upon briefing schedule.

## **CONCLUSION**

This Court should deny the Tribe's Motion for Relief from Summary Judgment Deadlines.

11

PLAINTIFF'S OPPOSITION TO
MOTION FOR RELIEF FROM DEADLINES
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

DATED August 10, 2022.

**BRENNAN LEGAL, PLLC**


By: *s/ Thomas M. Brennan*
Thomas M. Brennan, WSBA No. 30662
P.O. Box 1384
144 Railroad Ave. S., Suite 308
Edmonds, WA  98020
Phone: (425) 967-3550
Email: tom@brennanlegalpllc.com


**GIBSON, DUNN & CRUTCHER LLP**

By: *s/ Theodore B. Olson*
By: *s/ Matthew D. McGill*
By: *s/ Lochlan F. Shelfer*
Theodore B. Olson, D.C. Bar No. 367456
Matthew D. McGill, D.C. Bar No. 481430
Lochlan F. Shelfer, D.C. Bar No. 1029799
1050 Connecticut Avenue, N.W., Suite 900
Washington, D.C.  20036-5303
Phone: (202) 955-8668
Email: tolson@gibsondunn.com
Email: mmcgill@gibsondunn.com
Email: lshelfer@gibsondunn.com

*Attorneys for Plaintiff Maverick Gaming LLC*

12

PLAINTIFF'S OPPOSITION TO
MOTION FOR RELIEF FROM DEADLINES
(3:22-cv-05325 DGE)

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which sends notification of the filing to all counsel of record.

DATED August 10, 2022.

/s/ Thomas M. Brennan
Thomas M. Brennan

13

PLAINTIFF'S OPPOSITION TO
MOTION FOR RELIEF FROM DEADLINES
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550