1
2
3
4
5
6                                                      The Honorable David G. Estudillo
7
8                     **UNITED STATES DISTRICT COURT**
                      **WESTERN DISTRICT OF WASHINGTON**
9                                   **AT TACOMA**

10   MAVERICK GAMING LLC.                     NO. 3:22-cv-05325-DGE

11                     Plaintiff,             STATE DEFENDANTS' JOINDER
                                              IN SHOALWATER BAY TRIBE'S
12        v.                                  MOTION FOR RELIEF FROM
                                              SUMMARY JUDGMENT
13   UNITED STATES OF AMERICA, et al.,        DEADLINES

14                     Defendants.            NOTED ON MOTION CALENDAR:
                                              **August 12, 2022**
15

16                     **I.      INTRODUCTION**

17        The State Defendants join the Shoalwater Bay Tribe's Motion for Relief from Summary

18   Judgment Deadlines (Dkt. #69), which seeks to suspend briefing on the merits pending the

19   resolution of the Tribe's Fed. R. Civ. P. 12(b)(7)/Fed. R. Civ. P. 19 (Rule 19) motion to dismiss

20   (and its related motion for limited intervention) (Dkt. #68). The Rule 19 motion presents a

21   threshold question—"whether an action could fairly proceed" in the Tribe's absence—that must

22   be resolved before reaching the merits. *Dine Citizens Against Ruining Our Env't v. Bureau of*

23   *Indian Affs.*, 932 F.3d 843, 857 (9th Cir. 2019). The requested suspension of deadlines would

24   conserve the parties' and the Court's resources without prejudicing any party. There is no good

25   reason to proceed with potentially-futile briefing on the merits when the Rule 19 motion may

26   dispose of the entire case.

## II.    BACKGROUND

On May 9, 2022, this case was transferred from the U.S. District Court for the District of Columbia. Dkt. #48. On June 28, 2022, the Court granted the parties' stipulated motion for a briefing schedule on cross-dispositive motions, which the parties anticipated would resolve the case on its merits without the need for factual discovery. Dkt. #63. Under that stipulated briefing schedule, Plaintiff Maverick Gaming LLC's dispositive motion is currently due on August 12, 2022; Defendants' combined cross-dispositive motions and responses are due on September 12, 2022; and all briefing on those motions would be completed by November 2, 2022. *Id.* at 2–3.

On August 3, 2022, the Shoalwater Bay Tribe moved to intervene for the limited purpose of moving to dismiss this case under Rule 19, on the grounds that the Tribe is a necessary and indispensable party and cannot be joined due to its sovereign immunity. Dkt. #68. If granted, the Tribe's Rule 19 motion would dispose of this case in its entirety. *See id.* The Tribe also asks the Court to postpone the current summary judgment briefing deadlines pending the resolution of its Rule 19 motion. Dkt. #69. In light of these developments, the State Defendants agree that a postponement of the summary judgment deadlines is warranted.

## III.    ARGUMENT

Under Fed. R. Civ. P. 6(b)(1), the Court may extend deadlines "for good cause," and Fed. R. Civ. P. 16(b)(4) likewise provides that a scheduling order may be modified "for good cause and with the judge's consent." Where, as here, a motion for relief from a deadline is filed before such deadline has passed, no further showing is required. *See* Fed. R. Civ. P. 6(b)(1). And the "good cause" standard is easily satisfied. There is no good reason to proceed with potentially-futile briefing on the merits when the Tribe's Rule 19 motion may dispose of the entire case.

Whether a party is indispensable under Rule 19, such that the action cannot proceed without its participation, is a threshold question that must be resolved before the Court reaches the merits. *See* Fed. R. Civ. P. 19(b) (court must determine whether "the action should proceed");

STATE DEFENDANTS' JOINDER IN
SHOALWATER BAY TRIBE'S MOTION
FOR RELIEF FROM SUMMARY
JUDGMENT DEADLINES --
No. 3:22-cv-05325-DGE

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

*Dine Citizens*, 932 F.3d at 861 (affirming dismissal of action under Rule 19 where Indian Tribe was a required party to an action, but not joinable because of sovereign immunity). Even if the case is not dismissed in full, the Tribe's Rule 19 motion may clarify or narrow the issues before the Court, and may circumscribe the relief that Maverick may seek in the Tribe's absence. *Cf. Makah Indian Tribe v. Verity*, 910 F.2d 555, 561 (9th Cir. 1990) (holding that absent Tribes were necessary and indispensable parties as to retroactive claims but not as to prospective procedural claims). Courts in this district have postponed proceedings in similar circumstances, to allow for resolution of a potentially dispositive issue. *See, e.g.*, *Rabang v. Kelly*, No. C17-0088-JCC, 2017 WL 4811538, at *4 (W.D. Wash. Oct. 25, 2017) (staying case, including motion for summary judgment, where pending tribal election could affect court's jurisdiction); *Volcan Grp., Inc. v. T-Mobile USA, Inc.*, No. C10-711 RSM, 2011 WL 6141000, at *4 (W.D. Wash. Dec. 9, 2011) (staying all proceedings other than those related to a potentially dispositive spoliation motion).

Postponing the summary judgment deadlines will not prejudice Maverick. Even if briefing on the merits of Maverick's claims were to proceed concurrently with briefing on the Tribe's Rule 19 motion, the Court would still have to consider and decide the threshold Rule 19 question first. Moreover, the parties have achieved considerable efficiency by agreeing to resolve this case on the papers, without taking factual discovery or trying issues of fact—which more than makes up for any delay caused by temporarily suspending the summary judgment briefing deadlines. The harm caused by adhering to the current schedule, on the other hand, is appreciable: now that a Rule 19 motion is pending and may dispose of the entire case, proceeding with briefing on the merits would be wasteful and unnecessary for both the parties[1] and the Court.

---

[1] Even if Maverick elects to file its initial dispositive motion by August 12, 2022, there is still good cause to postpone the remainder of the dispositive motions briefing schedule.

STATE DEFENDANTS' JOINDER IN
SHOALWATER BAY TRIBE'S MOTION
FOR RELIEF FROM SUMMARY
JUDGMENT DEADLINES --
No. 3:22-cv-05325-DGE

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1    Though the State Defendants previously stipulated to the current summary judgment

2    deadlines, the Rule 19 motion is a game-changer. In light of this development, the Tribe's

3    requested change to the case schedule is a sensible approach.

4                              **IV.    CONCLUSION**

5        The State Defendants ask the Court to grant the Shoalwater Bay Tribe's Motion for Relief

6    from Summary Judgment Deadlines.

7        DATED this 10th day of August 2022.

8                                    ROBERT W. FERGUSON
9                                    Attorney General of Washington

10                                   *s/ Kristin Beneski*
                                     KRISTIN BENESKI, WSBA No. 45478
11                                   First Assistant Attorney General
                                     BRIAN H. ROWE, WSBA No. 56817
12                                   WILLIAM MCGINTY, WSBA No. 41868
                                     Assistant Attorneys General
13                                   800 Fifth Avenue, Suite 2000
                                     Seattle, WA 98104-3188
14                                   (206) 464-7744
15                                   kristin.beneski@atg.wa.gov
                                     brian.rowe@atg.wa.gov
16                                   william.mcginty@atg.wa.gov

17                                   TERA HEINTZ, WSBA No. 54921
18                                   Deputy Solicitor General
                                     1125 Washington Street SE
19                                   Olympia, WA 98504-0100
                                     (360) 753-6200
20                                   tera.heintz@atg.wa.gov

21                                   *Attorneys for State Defendants*
22

23

24

25

26

STATE DEFENDANTS' JOINDER IN                    4                 ATTORNEY GENERAL OF WASHINGTON
SHOALWATER BAY TRIBE'S MOTION                                          Complex Litigation Division
FOR RELIEF FROM SUMMARY                                                800 Fifth Avenue, Suite 2000
JUDGMENT DEADLINES --                                                       Seattle, WA 98104
No. 3:22-cv-05325-DGE                                                        (206) 464-7744

1

**DECLARATION OF SERVICE**

2       I hereby declare that on this day I caused the foregoing document to be electronically

3   filed with the Clerk of the Court using the Court's CM/ECF System which will serve a copy of

4   this document upon all counsel of record.

5

6   Theodore B. Olson, DCBA No. 367456
    Matthew D. McGill, DCBA No. 481430

7   Lochlan F. Shelfer, DCBA No. 1029799
    Gibson, Dunn & Cruther LLP

8   1050 Connecticut Avenue, N.W.
    Washington, D.C. 20036

9   (202) 955 – 8668
    tolson@gibsondunn.com

10  mmcgill@gibsondunn.com
    lshelfer@gibsondunn.com

11

12  Thomas M. Brennan, WSBA No. 30662
    Brennan Legal, PLLC

13  P.O. Box 1384
    144 Railroad Ave S., Suite 308

14  Edmonds, WA 98020
    (425) 967-3550

15  tom@brennanlegalpllc.com

16

17  Daron T. Carreiro, DCBA No. 983088
    Rebecca M. Ross, AZBA No. 028041

18  United States Department of Justice
    Environment and Natural Resources Division

19  P.O. Box 7611
    Ben Franklin Station

20  Washington, D.C. 20044-7611
    (202) 305-1117

21  daron.carreiro@usdoj.gov
    rebecca.ross@usdoj.gov

22

23       DATED this 10th day of August 2022, at Seattle, Washington.

24

25                                  *s/ Brian H. Rowe*
                                    BRIAN H. ROWE, WSBA No. 56817

26                                  Assistant Attorney General

STATE DEFENDANTS' JOINDER IN                5              ATTORNEY GENERAL OF WASHINGTON
SHOALWATER BAY TRIBE'S MOTION                                    Complex Litigation Division
FOR RELIEF FROM SUMMARY                                         800 Fifth Avenue, Suite 2000
JUDGMENT DEADLINES --                                                Seattle, WA 98104
No. 3:22-cv-05325-DGE                                                (206) 464-7744