**HONORABLE DAVID G. ESTUDILLO**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAVERICK GAMING LLC,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Case No.: 22-cv-05325-DGE

**SHOALWATER BAY TRIBE'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM SUMMARY JUDGMENT DEADLINES**

**Note on Motion Calendar: August 12, 2022**

**ORAL ARGUMENT REQUESTED**

## TABLE OF CONTENTS

A. The Tribe's Motion for Relief is timely. ..............................................................................1

B. Maverick's alleged prejudice is self-imposed and does not tip the balance of equities that support suspending the Summary Judgment Deadlines. ............................................................2

C. Conclusion ..........................................................................................................................6

i

Reply in Support of Motion for Relief
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8. Sedona, AZ 86336
Tel: (425) 802-5369

# TABLE OF AUTHORITIES

**Cases**

*Amador Cnty. v. U.S. Dep't of the Interior*, 772 F.3d 901 (D.C. Cir. 2014) ................................... 5

*Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843 (9th Cir. 2019) 6

*Eastman Chem. Co. v. Nestle Waters Mgmt. & Tech.*, 2014 WL 1316772 (S.D.N.Y. Apr. 1, 2014) ................................................................................................................................. 4

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997) ........................... 4

*Seufert v. Merck Sharp & Dohme Corp.*, 2016 WL 9503735 (S.D. Cal. Mar. 9, 2016) ................. 4

*Sw. Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152 (9th Cir. 1998) ................................. 6

*Washington v. Daley*, 173 F.3d 1158 (9th Cir. 1999) .................................................................... 6

**Rules**

Local Rule 7(d)(2)(A) ..................................................................................................................... 1

Local Rule 7(i) ................................................................................................................................ 3

ii

Reply in Support of Motion for Relief
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8. Sedona, AZ 86336
Tel: (425) 802-5369

Specially-appearing Proposed Intervenor, the Shoalwater Bay Indian Tribe of the Shoalwater Bay Indian Reservation ("Tribe") submits this Reply in support of its Motion for Relief from Summary Judgment Deadlines (Dkt. 69) ("Motion for Relief") pursuant to Local Rule 7(d)(2)(A), for an Order for relief from the current deadlines set for the filing and briefing of dispositive motions in this matter (items 4 through 7 of this Court's Order of June 28, 2022) (Dkt. 63 at 2-3) (hereafter referred to as "Summary Judgment Deadlines").

In response to the Tribe's Motion for Relief, Plaintiff Maverick Gaming LLC ("Maverick") submits an "opposition" to the Tribe's Motion for Relief (Dkt. 71), and the State Defendants submit a "joinder" to the Tribe's Motion for Relief (Dkt. 72). Maverick's contention that the Tribe's Motion for Relief is untimely is wrong because the Tribe filed a few weeks after Maverick filed its First Amended Complaint (Dkt. 66) ("FAC") and after months of delay resulting from Maverick's own decision to sue the State Defendants in the wrong forum and then seeking to dismiss them after the State pointed out the defect. Maverick's contention that the requested relief from deadlines will prejudice Maverick has no merit. Maverick's responses to the Tribe's Rule 24 Motion and [Proposed] Rule 19 Motion are irrelevant to the scheduling issues presented here, are incorrect and do not provide a basis for moving forward with the Summary Judgment Deadlines.

**A. The Tribe's Motion for Relief is timely.**

The Tribe filed its Rule 24 Motion within four weeks of Maverick's filing of its FAC Maverick contends that the Tribe should have sought intervention and stay of proceedings when this action was filed in January. However, Maverick caused delay and confusion by its own gamesmanship in suing the State Defendants in the wrong court and then seeking to dismiss them

1

Reply in Support of Motion for Relief
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8. Sedona, AZ 86336
Tel: (425) 802-5369

apparently in an effort to remain in its preferred forum in Washington, DC. Faced with the reality that filing in the District of Columbia would result in dismissal of its claims against the State Defendants for lack of jurisdiction (See, State Defendants' Motion to Transfer Venue, Dkt. 30-1 at 5-9), on March 10, 2022 Maverick sought leave to amend its initial complaint (Dkt. 35) to remove the State Defendants as named parties in a poorly veiled attempt to remain in Maverick's preferred forum. That failed effort led to Maverick's withdrawal of its motion to amend on May 19, 2022 (Dkt. 58) after this case was transferred to this Court, and announcing that it intended to file a revised first amended complaint different from the one proposed in the District of Columbia. The Tribe's motions, filed a few weeks after Maverick filed its FAC are timely as the Tribe could not have known the content of the FAC until Maverick filed it. Moreover, the filing of the FAC would have mooted any motion to dismiss the initial Complaint. The Tribe's Motion for Relief, therefore, is timely.

### B. Maverick's alleged prejudice is self-imposed and does not tip the balance of equities that support suspending the Summary Judgment Deadlines.

Maverick does not directly dispute the authorities in the Tribe's Motion for Relief (Dkt. 69 at 3-6) that it is prudent to suspend deadlines in litigation where sovereign immunity is at issue and could result in the dismissal of the litigation. Rather, Maverick asserts that it is prejudiced if the relief is granted because "entering a stay at that juncture would have the highly inequitable effect of giving the defendants significant additional time to prepare their dispositive motions and responses to Maverick's already-filed motion for summary judgment" (Dkt. 71 at 5). Maverick was given the opportunity to avoid that circumstance, and rejected it. On Friday, July 29, 2022 the Tribe's counsel informed Maverick's counsel, both by phone and by email, that the Tribe intended to file the Rule 24 Motion and to seek a temporary stay of the proceedings pending a ruling on that

2

Reply in Support of Motion for Relief  
Case No.: 22-cv-05325-DGE

Scott D. Crowell  
Crowell Law Office-Tribal Advocacy Group  
1487 W. State Route 89A, Suite 8. Sedona, AZ 86336  
Tel: (425) 802-5369

motion. *See* Declaration of Scott Crowell in Support of Motion for Relief from Summary Judgment Deadlines, filed simultaneously herewith at ¶ 4. In a phone conversation later that day, Maverick's counsel informed the Tribe's counsel that it would oppose all motions. *Id.* at ¶5. The subsequent Monday the Tribe's counsel sent an email clarifying that the Tribe would seek relief from the Summary Judgment Deadlines. In the email the Tribe specifically noted:

> This approach, however, creates a potential situation wherein Maverick will have filed its motion for summary judgment and the briefing schedule thereafter is stayed pending resolution of the Tribe's motion. Accordingly, we ask you to consider/reconsider the Tribe's motion for relief from deadlines. Under the circumstances, we believe a telephonic motion with the Court today or tomorrow pursuant to Local Rule 7(i) is appropriate and allows such a situation to be avoided.

*Id.* at ¶6. Maverick's counsel quickly responded rejecting the proposed telephonic hearing. *Id.* at ¶7. This Court's Local Rule 7(i) providing for immediate telephonic access to the Court is intended to address precisely this type of circumstance wherein the Tribe's Motion for Relief is otherwise noted on the same date the Maverick is to file its Summary Judgment Motion. Maverick manufactures its own alleged prejudice by rejecting the opportunity to avoid the situation for which it now complains. Any prejudice to Maverick is a result its own choice.

Maverick quibbles "the Tribe's proposed motion to dismiss does not raise threshold questions of jurisdiction. Instead, it raises the meritless argument that the Tribe is a required party under Rule 19 . . . ." (Dkt. 71 at 1-2 and 8-9). Maverick's perceived distinction does not change the argument: Because the Tribe is a required party and the Court lacks ***jurisdiction*** over the Tribe due to its immunity from unconsented suit, the case cannot in equity and good conscience proceed in its absence. Whether dismissal under Rule 19 is labeled "jurisdiction" or "equity" is irrelevant; the effect is the same: the case will be dismissed in its entirety. It would waste the Court's and the parties' resources to require merits briefing simultaneously with briefing on the Tribe's Rule 19

3

Reply in Support of Motion for Relief
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8. Sedona, AZ 86336
Tel: (425) 802-5369

Motion when resolution of the latter could result in the former becoming moot and unnecessary. Similarly, Maverick attempts to distinguish some of the cited cases by noting that tribes therein were named parties asserting sovereign immunity, rather than proposed intervenors asserting sovereign immunity (Dkt. 71 at 8-9). The gravamen of the cited case law is that a dismissal based on the immunity of a named or required party should be considered and resolved before proceeding on the merits of the plaintiffs' claims.

Maverick alleges prejudice because it "would throw the parties' negotiated briefing schedule into disarray and upset Maverick's settled expectations for the briefing of dispositive motions in this case" (Dkt. 71 at 5). Such hyperbole does not reflect the reality that the Tribe is simply seeking a short suspension of the Summary Judgment Deadlines to permit resolution in an orderly manner a motion to dismiss, already on file (Dkt. 68-1), which if granted, would avoid the need for the parties and this Court to devote further resources to cross-motions for summary judgment. Maverick cites *Eastman Chem. Co. v. Nestle Waters Mgmt. & Tech.*, 2014 WL 1316772, at *7 (S.D.N.Y. Apr. 1, 2014), but it is inapposite as there, the disarray would have "forced Eastman both to embark upon a substantial new discovery initiative and to develop new factual and legal theories in opposition to the new counterclaim." No such prejudice would occur here because there is no proposed counterclaim or prospect of new facts resulting from the requested relief.

Maverick further alleges prejudice because the delay will result in lost profits to Maverick (Dkt. 71 at 6). This presumes Maverick's claims have merit, and they do not. Furthermore, the case should be managed in an orderly manner to ensure the Court reaches the correct result and avoid a rush to judgment. Maverick cites three cases for the proposition that "the prolonging of litigation is a form of prejudice," *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297

4

Reply in Support of Motion for Relief
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8. Sedona, AZ 86336
Tel: (425) 802-5369

(9th Cir. 1997), *Seufert v. Merck Sharp & Dohme Corp.*, 2016 WL 9503735 (S.D. Cal. Mar. 9, 2016) and *Amador Cnty. v. U.S. Dep't of the Interior*, 772 F.3d 901 (D.C. Cir. 2014). All three are inapposite. In *Wilson,* the court had already heard and granted motions for preliminary injunctive relief, allowed four different parties to intervene, heard and denied motions to dismiss, provisionally certified a class action, and a pending motion for summary judgment had already been fully briefed and oral argument thereon had already occurred, and nine months of discovery had already occurred. 131 F.3d at 1303. In *Seufort,* the movant sought an indefinite stay pending an appeal in litigation wherein the parties had already engaged in two years of extensive discovery. 2016 WL 9503735 at *3. In *Amador County*, the proposed intervenor had knowingly waited for six years before seeking limited intervention. 772 F.3d at 905. These cases merely reinforce that the court should assess timeliness and prejudice based on the particularized circumstances of the case before it.

Maverick repeatedly asserts that the Tribe will not be prejudiced if the requested relief is denied because the Tribe is not required to do anything, and Maverick is not seeking any relief against the Tribe (Dkt. 71 at 7-8). But this misstates basic realities and offers false narrative. The plain fact is Maverick seeks a ruling that the Tribe's compact is void and illegal, which would cripple the Tribe's economy and ability to continue its current governmental operations and provide governmental services. Moreover, as noted, Dkt. 69 at 2, 6-7, proceeding with merits briefing before the Court rules on the Tribe's Rule 19 Motion would deny the Tribe, and other Washington Tribes, the opportunity to decide whether to waive immunity and seek to intervene on the merits before merits briefing is complete should the Court deny the Tribe's Rule 19 motion.

5

Reply in Support of Motion for Relief
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8. Sedona, AZ 86336
Tel: (425) 802-5369

Maverick's opposition includes non-germane attacks on the Tribe's Rule 24 and [Proposed] Rule 19 Motion (Dkt. 71 at 9-11), which are wrong[1] and simply underscore the need to grant the instant Motion for Relief. The Tribe will respond to the arguments in the more appropriate context of briefing those motions.

### C. Conclusion

Maverick's opposition obfuscates the straightforward purpose of relieving the parties of the summary judgment deadlines: the Court should first address the issues in the Tribe's motions for limited intervention and to dismiss. If this Court grants the motion to dismiss, the briefing on the merits will have been moot and an unnecessary waste of the Court's and parties' limited resources.

Dated: August 12, 2022                          Respectfully submitted,

                                                           s/ *Scott D. Crowell*
                                                           SCOTT CROWELL (WSBA No. 18868)
                                                           CROWELL LAW OFFICE-TRIBAL ADVOCACY GROUP

---

[1] For example, Maverick contends that the United States adequately represents the Tribe's interests because of the trust responsibility, relying on *Washington v. Daley*, 173 F.3d 1158, 1167–68 (9th Cir. 1999) and *Sw. Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1154 (9th Cir. 1998). Dkt. #71 at 10. However, as discussed in the Tribe's Rule 19 motion, Dkt. #68-1 at 17-18, 20-22, *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843, 855 (9th Cir. 2019), controls, and there the Ninth Circuit expressly distinguished *Southwest Center* for reasons that make *Daley* inapposite as well:

> This case is unlike *Southwest*, because while Federal Defendants have an interest in defending their own analyses that formed the basis of the approvals at issue, here they do not share an interest in the outcome of the approvals—the continued operation of the Mine and Power Plant. And no party in Southwest had explained how the tribe's "sovereignty would be implicated."

*Dine Citizens*., 932 F.3d at 855. Maverick's arguments diminishing the impacts on the Tribe of this case and denial of the requested relief further evidence its effort to improperly "circumvent the barrier of sovereign immunity by merely substituting" other parties or officials "in lieu of the Indian tribe." *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist*., 276 F.3d 1150, 1160 (9th Cir. 2002). However, sovereign immunity protects a tribe's ability to "govern [its] reservation," and suits that indirectly attack a Tribe's "ability to negotiate contracts" go to the heart of that core sovereign right. *Id.* at 1157.

Reply in Support of Motion for Relief                                         Scott D. Crowell
Case No.: 22-cv-05325-DGE                                   Crowell Law Office-Tribal Advocacy Group
                                                                 1487 W. State Route 89A, Suite 8. Sedona, AZ 86336
                                                                                  Tel: (425) 802-5369

| | |
|---|---|
| 1 | 1487 W. State Route 89A, Suite 8 |
| 2 | Sedona, AZ 86336<br>Telephone: (425) 802-5369 |
| 3 | Fax: (509) 290-6953<br>Email: scottcrowell@hotmail.com |
| 4 | |
| 5 | LAEL ECHO-HAWK (WSBA No.<br>MThirtySix, PLLC |
| 6 | 700 Pennsylvania Avenue SE<br>The Yard – 2nd Floor |
| 7 | Washington, D.C. 20003<br>Telephone: (206) 271-0106 |
| 8 | Email: Lael@MThirtySixPLLC.com |
| 9 | |
| 10 | *Attorneys for Proposed Limited Interventor Shoalwater Bay Indian Tribe* |

7

Reply in Support of Motion for Relief
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8. Sedona, AZ 86336
Tel: (425) 802-5369

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2022, I filed the foregoing Reply in Support of Motion for Relief from Summary Judgment Deadlines with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record in this matter.

DATED: August 12, 2022

s/*Scott D. Crowell*
SCOTT CROWELL (WSBA No. 18868)
CROWELL LAW OFFICE-TRIBAL ADVOCACY GROUP
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Telephone: (425) 802-5369
Fax: (509) 290-6953
Email: scottcrowell@hotmail.com

8

Reply in Support of Motion for Relief
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8. Sedona, AZ 86336
Tel: (425) 802-5369