1

2

3

4

5

6

7

8

9

THE HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MAVERICK GAMING LLC,

        Plaintiff,

   v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

No. 22-cv-05325 DGE

**PLAINTIFF'S OPPOSITION TO
SHOALWATER BAY TRIBE'S MOTION
FOR LIMITED INTERVENTION**

NOTED ON MOTION CALENDAR:  August,
19, 2022

PLAINTIFF'S OPPOSITION TO
MOTION FOR LIMITED INTERVENTION
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

BACKGROUND ....................................................................................................... 1

ARGUMENT ............................................................................................................ 2

I.     This Court Should Deny The Tribe's Motion For Limited Intervention Because It Is Not An Indispensable Party ................................................. 3

     A.     The Tribe Is Not A "Required Party." ...................................... 4

     B.     This Action Should Proceed In The Tribe's Absence ............... 8

II.     The Tribe's Intervention Motion Is Untimely ...................................... 9

III.     The Tribe Is Adequately Represented By The Federal And State Defendants ....................................................................................... 11

CONCLUSION ....................................................................................................... 12

i

PLAINTIFF'S OPPOSITION TO
MOTION FOR LIMITED INTERVENTION
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

# TABLE OF AUTHORITIES

**CASES**

*Amador Cnty. v. U.S. Dep't of the Interior*,
    772 F.3d 901 (D.C. Cir. 2014) ........................................................10

*Arakaki v. Cayetano*,
    324 F.3d 1078 (9th Cir. 2003) ....................................................11, 12

*Cassidy v. United States*,
    875 F. Supp. 1438 (E.D. Wash. 1994) ...............................................4

*Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*,
    471 F. Supp. 2d 295 (W.D.N.Y. 2007) ..............................................4

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*,
    647 F.3d 893 (9th Cir. 2011) ...........................................................10

*City of Sault Ste. Marie v. Andrus*,
    458 F. Supp. 465 (D.D.C. 1978) ........................................................5

*De Csepel v. Republic of Hungary*,
    27 F.4th 736 (D.C. Cir. 2022) ...........................................................7

*Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*,
    932 F.3d 843 (9th Cir. 2019) .........................................................6, 7

*Gensetix, Inc. v. Bd. of Regents of Univ. of Tex. Sys.*,
    966 F.3d 1316 (Fed. Cir. 2020).........................................................6

*Issa v. Sch. Dist. of Lancaster*,
    847 F.3d 121 (3d Cir. 2017)..............................................................6

*Kickapoo Tribe of Indians of Kickapoo Rsrv. in Kan. v. Babbitt*,
    43 F.3d 1491 (D.C. Cir. 1995) ..........................................................6

*Knox v. U.S. Dep't of Interior*,
    759 F. Supp. 2d 1223 (D. Idaho 2010) ..............................................5

*League of United Latin Am. Citizens v. Wilson*,
    131 F.3d 1297 (9th Cir. 1997) ..................................................3, 9, 11

*McDonald v. Means*,
    309 F.3d 530 (9th Cir. 2002) ...........................................................12

*NAACP v. New York*,
    413 U.S. 345 (1973)...........................................................................9

ii

PLAINTIFF'S OPPOSITION TO
MOTION FOR LIMITED INTERVENTION
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

*Perry v. Proposition 8 Official Proponents,*
    587 F.3d 947 (9th Cir. 2009) ................................................................3

*Ramah Navajo Sch. Bd., Inc. v. Babbitt*
    87 F.3d 1338 (D.C. Cir. 1996) ..............................................................4

*Sac & Fox Nation of Mo. v. Norton,*
    240 F.3d 1250 (10th Cir. 2001) .............................................................4

*Seminole Nation of Okla. v. Norton,*
    206 F.R.D. 1 (D.D.C. 2001)................................................................12

*Smith v. Marsh,*
    194 F.3d 1045 (9th Cir. 1999) ........................................................10, 11

*Sw. Ctr. for Biological Diversity v. Babbitt,*
    150 F.3d 1152 (9th Cir. 1998) ...........................................................5, 7

*United States v. Alisal Water Corp.,*
    370 F.3d 915 (9th Cir. 2004) ....................................................3, 10, 11

*United States v. Alpine Land & Reservoir Co.,*
    431 F.2d 763 (9th Cir. 1970) ..............................................................12

*Victim Rights L. Ctr. v. Rosenfelt,*
    988 F.3d 556 (1st Cir. 2021) ..............................................................12

*Washington v. Daley,*
    173 F.3d 1158 (9th Cir. 1999) .......................................................4, 5, 12

*West Flagler Associates v. Haaland,*
    573 F. Supp. 3d 260 (D.D.C. 2021) .............................................3, 4, 5, 8, 9

*Wichita & Affiliated Tribes of Okla. v. Hodel,*
    788 F.2d 765 (D.C. Cir. 1986) ............................................................7

**STATUTES**

25 U.S.C. § 2710(d)(1)(C) ....................................................................8

42 U.S.C. § 1983 ...........................................................................2

RCW 9.46.220–.222 .........................................................................1

RCW 9.46.0269(1)...........................................................................1

**REGULATIONS**

86 Fed. Reg. 51,373 (Sept. 15, 2021) ........................................................1

PLAINTIFF'S OPPOSITION TO
MOTION FOR LIMITED INTERVENTION
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

**RULES**

Fed. R. Civ. P. 19(a)(1)(B)(i)...................................................................................4

Fed. R. Civ. P. 24(a)(2)...........................................................................................3

Fed. R. Civ. P. 24(b)(1)(B)......................................................................................3

Fed. R. Civ. P. 24(b)(3)...........................................................................................3

**OTHER AUTHORITIES**

WIGA, *Members*, https://tinyurl.com/ycx89sde......................................................2, 11

WIGA, *Washington Indian Gaming Association Statement on Maverick Gaming's Federal Lawsuit Seeking to Undermine Washington's State's System of Tribal Gaming* (Jan. 11, 2022), https://tinyurl.com/5y598e3c...............................................2, 7, 11

iv

PLAINTIFF'S OPPOSITION TO
MOTION FOR LIMITED INTERVENTION
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

# INTRODUCTION

The Shoalwater Bay Tribe wishes to intervene in the midst of dispositive briefing in this matter to raise an argument that has been repeatedly rejected by federal courts.  It argues that this action must be dismissed under Federal Rule of Civil Procedure 19 because the Tribe is an indispensable party that cannot be joined due to its sovereign immunity.  But as federal courts have consistently held, tribes are not required parties under Rule 19(a) in a challenge to tribal-State compacts under the Indian Gaming Regulatory Act ("IGRA") because the federal defendants adequately represent their interests.  Moreover, courts have also consistently held that, even if a tribe *were* a required party, an action of this sort should, in equity and good conscience, proceed in its absence under Rule 19(b).  Because the Tribe seeks intervention solely to file a meritless motion, its motion to intervene should be denied.  The Tribe's motion to intervene should also be denied on the independent ground that it is untimely.

# BACKGROUND

Maverick, the owner and operator of 18 cardrooms in the State of Washington, wishes to expand its gaming offerings to include games such as roulette, craps, sports betting, and dealer-assisted electronic table games, but Maverick cannot do so because Washington permits only federally recognized Indian tribes to offer these types of games and makes it a crime for anyone else to offer them.  Dkt. # 66, ¶¶ 1–3.

The State of Washington has entered into gaming compacts with all 29 Indian tribes in the state that authorize them to offer a wide range of class III games, such as craps and roulette, and these compacts were approved by the Secretary of the Interior, rendering them effective under IGRA.  Dkt. # 66, ¶¶ 66–73.  But it is a crime for any non-tribal entity to offer those class III games.  RCW 9.46.220–.222, 9.46.0269(1); Dkt. # 66, ¶¶ 57–66.  The State of Washington and several Indian tribes (including the Tribe) have also executed compact amendments permitting the tribes—and only the tribes—to offer sports betting, which the Secretary of the Interior has approved.  *See, e.g.*, 86 Fed. Reg. 51,373, 51,373 (Sept. 15, 2021).

On January 11, 2022, Maverick filed this action challenging the Secretary of the Interior's

1

PLAINTIFF'S OPPOSITION TO
MOTION FOR LIMITED INTERVENTION
(3:22-cv-05325 DGE)

approval of the sports-betting compact amendments under the Administrative Procedure Act ("APA") because the amendments violate IGRA, the Constitution's guarantee of equal protection, and the Constitution's anti-commandeering doctrine.  Dkt. # 1, ¶¶ 161–73.  Maverick also challenged under 42 U.S.C. § 1983 various Washington State officials' execution and administration of the State's gaming compacts and criminal gaming prohibitions because they violate IGRA, equal protection, and the anticommandeering doctrine.  *Id.* ¶¶ 174–203.

That same day, the Washington Indian Gaming Association, of which the Tribe is a member and has a seat on its board of directors, *see* WIGA, *Members*, https://tinyurl.com/ycx89sde, stated that it opposed the litigation. WIGA, *Washington Indian Gaming Association Statement on Maverick Gaming's Federal Lawsuit Seeking to Undermine Washington's State's System of Tribal Gaming* (Jan. 11, 2022), https://tinyurl.com/5y598e3c.

In June 2022, the parties, having concluded that factual discovery was unnecessary, stipulated to a briefing schedule for dispositive motions, Dkt. # 60, which this court entered via order, Dkt. #63.  Pursuant to this schedule, Maverick filed its first amended complaint in early July, and its motion for summary judgment on August 12, 2022.  Dkt. ## 66, 75.  The Tribe filed its motion for limited intervention on August 3, 2022, nine days before Maverick's motion for summary judgment was due.  Dkt. # 68.

## **ARGUMENT**

The Tribe moved to intervene for one purpose: to move to dismiss the action under Rule 19 for failure to join it as an indispensable party.  Dkt. # 68, at 1.  Because the Tribe's proposed motion is meritless—the Tribe is not an indispensable party—this Court may deny the Tribe's motion to intervene on that basis alone without considering the Rule 24 intervention factors.  But even if this Court were to consider the Rule 24 factors, the Tribe cannot show that intervention is warranted.  To intervene as of right, the Tribe must show four things:

> (1) the application must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the transaction that is the subject of the litigation; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the parties … .

2

PLAINTIFF'S OPPOSITION TO
MOTION FOR LIMITED INTERVENTION
(3:22-cv-05325 DGE)

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997); *see* Fed. R. Civ. P. 24(a)(2).  To be entitled to permissive intervention, the Tribe must show "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common."  *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009); *see* Fed. R. Civ. P. 24(b)(1)(B).  The court must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights" and "may also consider other factors in the exercise of its discretion, including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties.'"  *Proposition 8 Official Proponents*, 587 F.3d at 955 (quoting Fed. R. Civ. P. 24(b)(3)).  "The party seeking to intervene bears the burden of showing that *all* the requirements for intervention have been met."  *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).  Because the Tribe's motion to intervene is untimely and because the Tribe's interests are already adequately represented by the named defendants in this case, the Tribe is not entitled to intervene either as of right or permissively.

## I.   This Court Should Deny The Tribe's Motion For Limited Intervention Because It Is Not An Indispensable Party.

The Tribe seeks to intervene for a single purpose: "moving to dismiss under Rules 12(b)(7) and 19." Dkt. # 68, at 1.  The Tribe intends to argue that this action cannot proceed because it is an indispensable party that cannot be joined due to its sovereign immunity.  *Id.* at 4.  But federal courts presented with this argument in the context of a challenge to state-tribal IGRA gaming compacts have consistently rejected it.  The Tribe is not a "required party" under Rule 19(a) because the federal defendants adequately represent its interests, and, even if it were required, this action should proceed in equity and good conscience in its absence under Rule 19(b).

To conserve judicial resources, this Court may deny the Tribe's motion for limited intervention on the ground that it is not an indispensable party under Rule 19, just as the District Court for the District of Columbia did when presented with a similar motion in the analogous case *West Flagler Associates v. Haaland*, 573 F. Supp. 3d 260 (D.D.C. 2021).  "[T]o conserve judicial

3

resources," the court "exercise[d] its discretion to decide whether the Tribe is a required and indispensable party before resolving its motion to intervene." *Id.* at 269–70.  The court determined that the Tribe's proposed motion to dismiss would not succeed because it was not an indispensable party, which "resolve[d] the Tribe's motion to intervene."  *Id.* at 272.  Specifically, the court concluded that, "[b]ecause the Tribe moved to intervene solely to move for dismissal, because the Tribe seeks dismissal on the sole ground that it is indispensable, and because the Tribe is not indispensable, the Tribe's motion for limited intervention is denied as moot."  *Id.*

This analysis is fully applicable here.  Because the Tribe has moved to intervene solely to move to dismiss this action on the ground that it is an indispensable party, and because it is *not* an indispensable party, this court should deny its motion for limited intervention.  To obtain dismissal of Maverick's suit under Rule 19, the Tribe would have to show that (1) it is a "required party" under Rule 19(a); and (2) the action should not proceed "in equity and good conscience" in light of the Rule 19(b) factors.  The Tribe cannot make either showing.

A.      **The Tribe Is Not A "Required Party."**

The Tribe claims that is a required party under Rule 19(a) because it has an interest relating to the subject of this action and is so situated that disposition of this action in its absence would as a practical matter impair or impede its ability to protect that interest.  Dkt. # 68-1, at 13–14; *see* Fed. R. Civ. P. 19(a)(1)(B)(i).  But as courts routinely hold, in light of the federal government's "trust responsibility" to Indian tribes, "Tribes are not necessary parties" when the federal government is already a party because "[t]he United States can adequately represent an Indian tribe unless there exists a conflict of interest between the United States and the tribe."  *Washington v. Daley*, 173 F.3d 1158, 1167–68 (9th Cir. 1999) (internal quotation marks omitted); *see also Sac & Fox Nation of Mo. v. Norton*, 240 F.3d 1250, 1259 (10th Cir. 2001); *Ramah Navajo Sch. Bd., Inc. v. Babbitt¸* 87 F.3d 1338, 1351 (D.C. Cir. 1996); *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 315 (W.D.N.Y. 2007) (Department of Interior's interests in "Indian self-government, including tribal self-sufficiency and economic development … make[] it uniquely qualified to represent a tribe's interests"); *Cassidy v. United States*, 875 F. Supp. 1438,

4

PLAINTIFF'S OPPOSITION TO
MOTION FOR LIMITED INTERVENTION
(3:22-cv-05325 DGE)

Brennan Legal, PLLC
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

1445 (E.D. Wash. 1994); *City of Sault Ste. Marie v. Andrus*, 458 F. Supp. 465, 473 (D.D.C. 1978).

Accordingly, federal courts have uniformly held that the federal government adequately represents an Indian tribe when it "share[s] the Tribe's position … that [a] Compact is consistent with [federal law]." *W. Flagler Assocs.*, 573 F. Supp. 3d at 270–71.  As a court in this Circuit has recognized, even if "a decision striking down the Compacts at issue would have a substantial and serious financial impact on the Tribe[]," it is not a "necessary part[y] under Rule 19(a) if [its] interests are adequately protected by the Secretary" of the Interior.  *Knox v. U.S. Dep't of Interior*, 759 F. Supp. 2d 1223, 1235–36 (D. Idaho 2010).  Because the Secretary of the Interior had approved the challenged compact amendments in *Knox*, he had "every incentive to zealously defend" their legality, so the Tribes were not necessary parties.  *Id.* at 1236–37.

Further, the federal government has repeatedly taken the position that Indian tribes are not required parties in challenges of this nature because "the Federal Defendants adequately represent the Tribes' interest in seeing [a compact] approval upheld."  Federal Defendants' Response to Seminole Tribe of Florida's Motion to Dismiss 9, *W. Flagler Assocs.*, 2021 WL 8344054 (D.D.C. Oct. 26, 2021); Dkt. # 43-1, at 7–17 (making similar argument in *MGM Global Resorts Development v. U.S. Dep't of the Interior*, No. 19-cv-2377-RC (D.D.C.)).  As the federal government explained, finding a Tribe to be a necessary party in a challenge to governmental action would "undermine important public rights crafted by Congress," such as the right to "judicial review of agency action."  2021 WL 8344054, at 8; Dkt. # 43-1, at 21–22 (same).

To show that the federal government will not adequately represent its interests, it is not enough for the Tribe to point out conflicts that are not "at issue" in the present suit or speculate that the federal government's "potentially inconsistent responsibilities" might result in some undetermined conflict with the Tribe.  *Daley*, 173 F.3d at 1168.  The Tribe must "demonstrate how such a conflict might actually arise *in the context of this case*."  *Id.* (emphasis added); *Sw. Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1154 (9th Cir. 1998).

The Tribe has not done so.  In support of its contention that its interests conflict with those of the federal defendants in this action, the Tribe heavily relies on the Ninth Circuit's decision in

5

PLAINTIFF'S OPPOSITION TO
MOTION FOR LIMITED INTERVENTION
(3:22-cv-05325 DGE)

Brennan Legal, PLLC
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

*Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*, 932 F.3d 843 (9th Cir. 2019). Dkt. # 68, at 11; Dkt. # 68-1, at 20–22. *Dine Citizens* involved a suit claiming that federal defendants' environmental analyses—which were prerequisites to the reauthorization of mining by a tribally owned mine—were insufficient under the Endangered Species Act and the National Environmental Policy Act. 932 F.3d at 850. The Ninth Circuit concluded that the federal defendants could not adequately represent the tribal mine owner because, while they had "an interest in defending their own [environmental] analyses that formed the basis of the approvals at issue," their "overriding interest … must be in complying with environmental laws such as NEPA and the ESA," not the approval of continued mining operations. *Id.* at 855. Because the interests of the tribal mine owner and the federal defendants were not aligned, there was a substantial risk that the federal defendants' position would conflict with the tribal entity's interest in continued mining operations. Indeed, the Federal Circuit has recognized that *Dine* involved a situation where the federal defendants' interests were not "identical to the absent sovereign's interest." *Gensetix, Inc. v. Bd. of Regents of Univ. of Tex. Sys.*, 966 F.3d 1316, 1327 n.9 (Fed. Cir. 2020).

Here, in contrast, the interests of the federal defendants and the Tribe are perfectly aligned. Both believe that the compacts do "not violate the Indian Gaming Regulatory Act" or "any other provision of Federal law" and should continue in effect. *See, e.g.*, Dkt. # 67-9, at 1. The only distinction between its interests and those of the United States that the Tribe can conceive of is that, if this Court renders judgment in Maverick's favor, then *after* the litigation, the federal government may "take enforcement action to stop the Tribe's gaming." Dkt. # 68, at 11–12  But the only relevant question is whether the Tribes' and the federal defendants' positions are aligned *in the litigation*. If this Court concludes that the compacts violate federal law, any interest the Tribe might have in continuing to conduct gaming in violation of federal law is not an interest that justifies deeming the Tribe a required party. *See Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 143 (3d Cir. 2017) (a party has "'no interest in continuing practices' that violate" the law).[1]

---

[1] The Tribe also relies on the D.C. Circuit's decision in *Kickapoo Tribe of Indians of Kickapoo Reservation in Kansas v. Babbitt*, 43 F.3d 1491 (D.C. Cir. 1995). Dkt. # 68, at 9; Dkt. # 68-1, at

6

PLAINTIFF'S OPPOSITION TO
MOTION FOR LIMITED INTERVENTION
(3:22-cv-05325 DGE)

Brennan Legal, PLLC
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

Furthermore, because "tribal … conservation organizations" were among the parties that had challenged the federal decisions reauthorizing coal mining at a tribally owned mine, *Dine*, 932 F.3d at 847, there were tribal interests on both sides of the litigation in *Dine*.  Where the "allegiance the government owes to the tribes as trustee[] is necessarily split among … competing tribes," it cannot represent them all, so its representation is inadequate.  *Wichita & Affiliated Tribes of Okla. v. Hodel*, 788 F.2d 765, 775 (D.C. Cir. 1986).  Here, however, the tribes "stand united in opposing" Maverick's challenge.  WIGA, *Washington Indian Gaming Association Statement on Maverick Gaming's Federal Lawsuit Seeking to Undermine Washington's State's System of Tribal Gaming* (Jan. 11, 2022), https://tinyurl.com/5y598e3c.  So there is no barrier to the federal defendants' ability to adequately represent these united interests.

The Tribe also claims that the federal defendants do not adequately represent it because they have not made the Tribe's Rule 19 arguments.  Dkt. # 68, at 10; Dkt. # 68-1, at 22.  The Ninth Circuit has emphatically rejected this "circular" argument:  It "would preclude the United States from opposing frivolous motions to dismiss out of fear that its opposition would render it an inadequate representative" and "would also create a serious risk that non-parties clothed with sovereign immunity, such as [an Indian tribe], whose interests in the underlying merits are adequately represented could defeat meritorious suits simply because the existing parties representing their interest opposed their motion to dismiss."  *Sw. Ctr. for Biological Diversity*, 150 F.3d at 1154.  Because the Tribe cannot show an actual conflict with the federal defendants that is likely to arise in the litigation of this case, it is not a required party under Rule 19(a).

The Tribe also attempts to claim "required party" status by asserting that this Court would not be able to accord complete relief in its absence because it would not be bound by its judgment.  Dkt. # 68-1, at 14–15.  This alternative arguments fares no better and has consistently been rejected

---

13.  But as the D.C. Circuit later made clear, "[t]he problem in *Kickapoo*" was that "the interests of the remaining defendants were misaligned with those of the absent sovereign."  *De Csepel v. Republic of Hungary*, 27 F.4th 736, 750 (D.C. Cir. 2022).  Here, the interests of the federal defendants and the Tribe are in perfect alignment: both believe that the challenged compacts and compact approvals should be upheld.

7

PLAINTIFF'S OPPOSITION TO
MOTION FOR LIMITED INTERVENTION
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

by courts.  The Tribe would not have to be bound by a judgment of this Court for Maverick to obtain complete relief.  This Court could redress Maverick's injuries by simply enjoining the State defendants from enforcing against Maverick Washington's criminal prohibitions against the forms of class III gaming that it permits Indian tribes in the State to offer.  That would allow Maverick to offer the full range of games the tribes currently offer and compete on an equal playing field without having any effect on the tribes' existing gaming operations.  Alternatively, if this Court decided to create parity by leveling down instead of leveling up, an order declaring the compacts and compact amendments void and enjoining the State defendants from enforcing them would render the compacts not "in effect" under IGRA.  *See* 25 U.S.C. § 2710(d)(1)(C).  It would be *IGRA and the Constitution*—not this Court's judgment—that would prohibit the Tribes from offering the class III games that Washington forbids Maverick from offering.

### B.     This Action Should Proceed In The Tribe's Absence.

Even if this Court were to conclude that the Tribe is a required party, that still would not justify dismissal because the Tribe cannot satisfy the Rule 19(b) factors.  Rule 19(b) directs a court to consider (1) the extent to which a judgment rendered in the party's absence might prejudice it; (2) the extent to which prejudice could be lessened or avoided; (3) whether a judgment rendered in the party's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.  Fed. R. Civ. P. 19(b).

The District Court for the District of Columbia recently applied these factors to a tribe's motion to intervene in a similar challenge to an IGRA gaming compact.  The court explained that "the Tribe's absence is not prejudicial because both the Secretary and the State of Florida have defended the Compact on its merits" and "share the Tribe's position on the key issue in this case— *i.e.*, that the Compact is consistent with" federal law.  *W. Flagler Assocs.*, 573 F. Supp. 3d at 270– 71.  The court found the second factor irrelevant because "[t]he ability to minimize prejudice … bears on indispensability only when there is prejudice to be minimized."  *Id.* at 271.  Third, there was no possibility that failure to join the Tribe would render the judgment inadequate because "obtaining relief against the Secretary would fully redress their injury."  *Id.*  Finally, and most

8

importantly, dismissing a challenge to a state-tribal compact for failure to join an immune tribe would deprive plaintiffs of any remedy: "[H]olding that the Tribe is indispensable in this case, where the Tribe has made no particularized showing of prejudice, would require treating tribes as indispensable in *every* case that challenges the Secretary's approval of a gaming compact.  And under that rule, those approvals will *never* be subject to judicial review because the nonjoinder of a tribe will *always* require dismissal." *Id.* at 272.  It would be highly inequitable to adopt a rule that would make agency action approving state-tribal compacts—no matter how flagrantly such a compact might violate federal law—completely unreviewable.

So too here.  The Tribe would not be prejudiced by a decision rendered in its absence because both the state and federal defendants are zealously defending the legality of the compacts.  Because the Tribe would not be prejudiced, there is no need to consider how prejudice could be minimized.  Maverick does not seek any relief against the Tribe and a judgment against the federal and state defendants would fully redress its injuries.  And dismissing this suit for nonjoinder of an immune tribe would deny Maverick *any* remedy for its injuries.  The nonjoinder of the Tribe should not prevent this suit from proceeding.  Because the Tribe is plainly neither a required nor indispensable party under Rule 19, this Court should deny its motion for limited intervention.

## II.   The Tribe's Intervention Motion Is Untimely.

"Whether intervention be claimed of right or as permissive, … the application must be 'timely.'" *NAACP v. New York*, 413 U.S. 345, 365 (1973).  In evaluating the timeliness of a motion to intervene, this court "consider[s] three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *League of United Latin Am. Citizens*, 131 F.3d at 1302 (internal quotation marks omitted).  Each of these factors demonstrates that the Tribe's motion to intervene is untimely.

The Tribe asserts that it moved to intervene "at the earliest possible stage of the proceeding." Dkt. # 68, at 6.  But Maverick filed its original complaint on *January 11, 2022*, Dkt. # 1, and the Tribe waited to file its motion to intervene until shortly before Maverick's motion for summary judgment was due under this Court's scheduling order, Dkts. ## 63, 68.  A party that

9

PLAINTIFF'S OPPOSITION TO
MOTION FOR LIMITED INTERVENTION
(3:22-cv-05325 DGE)

Brennan Legal, PLLC
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

moves to intervene when a motion for summary judgment is scheduled for the next week comes "at an advanced stage of the litigation" and may be denied for coming "too late in the proceedings." *Alisal Water Corp.*, 370 F.3d at 921–22. Maverick's complaint "presents questions of law that appear to be resolvable through dispositive motions (e.g., motions to dismiss or for summary judgment) without the need for factual discovery." Dkt. # 63, at 2. Because the motions submitted pursuant to the current briefing schedule will likely resolve this case, the Tribe's motion to intervene on the eve of dispositive briefing comes too late in the case.[2]

The Tribe's belated intervention would also prejudice the existing parties. A "traditional feature[] of a timely motion" is that it "would not cause disruption or delay in the proceedings." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). The existing parties entered a carefully negotiated schedule for the briefing of dispositive motions. Dkt. # 63. Allowing the Tribe to intervene at this stage would throw this schedule into disarray and upset Maverick's settled expectations for the briefing of dispositive motions in this case. Further, delay of the adjudication of Maverick's claims would prejudice Maverick by delaying the adjudication of its rights and allowing it to continue to suffer competitive injury. Dkt. # 66, ¶¶ 141–63. When a proposed intervenor seeks to "inject new issues and matters"—such as the Tribe's Rule 19 arguments, that would "expand[] the scope of the litigation and caus[e] delay"— that "undue delay" prejudices the existing parties. *Smith v. Marsh*, 194 F.3d 1045, 1051 (9th Cir. 1999); *see also Amador Cnty. v. U.S. Dep't of the Interior*, 772 F.3d 901, 906 (D.C. Cir. 2014) (the "need to accept briefing on the Tribe's Rule 19 motion, hear argument, and rule on the motion … would cause prejudicial delay"). Allowing the Tribe to inject new issues into this case would prejudice Maverick by delaying the adjudication of its rights in this action.

Finally, the Tribe's failure to explain the reason for its lengthy delay in moving to intervene

---

[2] The Tribe cites cases holding that motions to intervene were timely filed years into the litigation. Dkt. # 68, at 6. But timeliness must be determined in light of the circumstances of the particular case. Unlike the cases on which the Tribe relies, this case will not involve factual discovery and will likely be resolved after the dispositive motions in this case are fully briefed in November 2022, so the Tribe's reliance on cases with more prolonged proceedings is misplaced.

10

PLAINTIFF'S OPPOSITION TO
MOTION FOR LIMITED INTERVENTION
(3:22-cv-05325 DGE)

Brennan Legal, PLLC
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

weighs against a finding of timeliness.  "A party must intervene when he knows or has reason to know that his interests might be adversely affected by the outcome of litigation."  *Alisal Water Corp.*, 370 F.3d at 923 (internal quotation marks omitted).  The Tribe had reason to know (and very likely *did know*) that its interests might be affected by this litigation when Maverick filed its original complaint in January 2022.  The Tribe is a member of—and has a seat on the board of directors of—the Washington Indian Gaming Association, which expressed its opposition to this lawsuit on the same day that Maverick filed its original complaint in January 2022.  WIGA, *Members*, https://tinyurl.com/ycx89sde; WIGA, *Washington Indian Gaming Association Statement on Maverick Gaming's Federal Lawsuit Seeking to Undermine Washington's State's System of Tribal Gaming* (Jan. 11, 2022), https://tinyurl.com/5y598e3c.  But the Tribe waited until just nine days before Maverick's motion for summary judgment was due to seek intervention, "offer[ing] no adequate explanation for [its] failure to seek intervention at an earlier point in the proceedings."  *Smith*, 194 F.3d at 1052; *see also League of United Latin Am. Citizens*, 131 F.3d at 1304 ("Even more damaging" to the timeliness of an intervention is a proposed intervenor's "failure adequately to explain … the *reason* for its delay.").

Because the Tribe moved to intervene at a late stage of these proceedings, its intervention would prejudice Maverick, and the Tribe has offered no good reason for its delay, its motion to intervene should be denied as untimely.

## III.  The Tribe Is Adequately Represented By The Federal And State Defendants.

This Court should also deny the Tribe's motion to intervene because its interests in the legality of its gaming compact are adequately represented by the federal and state defendants in this action.  "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises," and "[i]f the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation."  *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).  When parties have the "same ultimate objective, differences in litigation strategy do not normally justify intervention."  *Id.*  Further, "[t]here is also an assumption of adequacy when the

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

government is acting on behalf of a constituency that it represents," which can be defeated only by a "very compelling showing to the contrary." *Id.* Moreover, when a "movant seeks to intervene as a defendant alongside a government entity" whose actions have been challenged, there is a "presumption that the government will defend adequately its action" that can be rebutted only by a "strong affirmative showing that the [government] is not fairly representing the applicants' interests." *Victim Rights L. Ctr. v. Rosenfelt*, 988 F.3d 556, 561 (1st Cir. 2021).

The Tribe cannot make the compelling showing needed to rebut the multiple, overlapping presumptions that it is adequately represented. It shares the same objective as the existing defendants: the dismissal of Maverick's challenges to the actions of the federal and state defendants authorizing and enforcing Washington's tribal class III gaming monopoly. Further, as stated above, *see supra* at 4–5, the federal defendants' "trust responsibility" to Indian tribes makes them proper representatives of the Tribe absent a clear conflict of interest in this case. *See Daley*, 173 F.3d at 1167. And because Maverick is challenging the actions of state and federal governmental actors, there is a strong presumption that the defendants will adequately defend those actions. Accordingly, federal courts routinely deny motions to intervene brought by Indian tribes on the ground that the tribe is adequately represented. *McDonald v. Means*, 309 F.3d 530, 541 (9th Cir. 2002); *United States v. Alpine Land & Reservoir Co.*, 431 F.2d 763, 765 (9th Cir. 1970); *Seminole Nation of Okla. v. Norton*, 206 F.R.D. 1, 9–10 (D.D.C. 2001).

The Tribe claims that it is inadequately represented because the existing defendants will not make its Rule 19 arguments, Dkt. # 68, at 10–11, an assertion that the Ninth Circuit has emphatically rejected. It also claims that its interests may diverge from those of the federal government *after* this litigation concludes if this Court enters judgment against the federal government, Dkt. # 68, at 11–12, but this does not show that the federal government's representation is inadequate *in this action*. In sum, the Tribe does not come close to making the compelling showing of inadequacy required under these circumstances.

## **CONCLUSION**

This Court should deny the Tribe's Motion for Limited Intervention.

12

PLAINTIFF'S OPPOSITION TO
MOTION FOR LIMITED INTERVENTION
(3:22-cv-05325 DGE)

**Brennan Legal, PLLC**
P.O. Box 1384
144 Railroad Ave. S., Ste. 308
Edmonds, WA  98020
(425) 967-3550

1    DATED August 15, 2022.

2                                BRENNAN LEGAL, PLLC

3

4                                By: *s/ Thomas M. Brennan*

5                                Thomas M. Brennan, WSBA No. 30662
                                 P.O. Box 1384
6                                144 Railroad Ave. S., Suite 308
                                 Edmonds, WA  98020
7                                Phone: (425) 967-3550
                                 Email: tom@brennanlegalpllc.com
8

9                                **GIBSON, DUNN & CRUTCHER LLP**

10                               By: *s/ Theodore B. Olson*
                                 By: *s/ Matthew D. McGill*
11                               By: *s/ Lochlan F. Shelfer*
12                               Theodore B. Olson, D.C. Bar No. 367456
                                 Matthew D. McGill, D.C. Bar No. 481430
13                               Lochlan F. Shelfer, D.C. Bar No. 1029799
                                 1050 Connecticut Avenue, N.W., Suite 900
14                               Washington, D.C.  20036-5303
                                 Phone: (202) 955-8668
15                               Email: tolson@gibsondunn.com
                                 Email: mmcgill@gibsondunn.com
16                               Email: lshelfer@gibsondunn.com

17                               *Attorneys for Plaintiff Maverick Gaming LLC*

18

19

20

21

22

23

24

25

26

13

PLAINTIFF'S OPPOSITION TO
MOTION FOR LIMITED INTERVENTION
(3:22-cv-05325 DGE)

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on this date I caused the foregoing document to be electronically filed

3  with the Clerk of the Court using the CM/ECF system which sends notification of the filing to all

4  counsel of record.

5        DATED August 15, 2022.

6                                              /s/ Thomas M. Brennan
                                               Thomas M. Brennan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                        14
PLAINTIFF'S OPPOSITION TO                              **Brennan Legal, PLLC**
MOTION FOR LIMITED INTERVENTION                         P.O. Box 1384
(3:22-cv-05325 DGE)                                  144 Railroad Ave. S., Ste. 308
                                                        Edmonds, WA  98020
                                                         (425) 967-3550