**HONORABLE DAVID G. ESTUDILLO**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

MAVERICK GAMING LLC,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Case No.: 22-cv-05325-DGE

**SHOALWATER BAY TRIBE'S REPLY IN SUPPORT OF MOTION FOR LIMITED INTERVENTION**

**Note on Motion Calendar: August 19, 2022**

<u>**ORAL ARGUMENT REQUESTED**</u>

Reply in Support of Motion For Limited Intervention
Case No. 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

# TABLE OF CONTENTS

1  The Tribe is not Adequately Represented by the Federal Defendants and State Defendants. ................................................................................................................1

2.  The Tribe's Rule 24 Motion is Timely. ................................................................................6

i

Reply in Support of Motion for Limited Intervention  
Case No.: 22-cv-05325-DGE

Scott D. Crowell  
Crowell Law Office-Tribal Advocacy Group  
1487 W. State Route 89A, Suite 8, Sedona, AZ 86336  
Tel: (425) 802-5369

# TABLE OF AUTHORITIES

**Cases**

*Backcountry Against Dumps v. United States*,
  (9th Cir. Dkt. 21-55869) ("*BAD Appeal*")........................................................................4

*California v. Cabazon Band*,
  107 S. Ct. 1087 (1987) .....................................................................................................5

*Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*,
  932 F.3d 843 (9th Cir. 2019)...............................................................................2, 3, 5, 6

*Jamul Action Comm. v. Simermeyer*,
  974 F.3d 984 (9th Cir. 2020).............................................................................................5

*Knox v. U.S. Dep't of Interior*,
  759 F. Supp. 2d 1223 (D. Idaho 2010) .............................................................................3

*No Casino in Plymouth v. Nat'l Indian Gaming Comm'n*,
  2022 WL 1489498 (E.D. Cal. 2022) .................................................................................4

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
  442 F.3d 741 (9th Cir. 2006).............................................................................................3

*Southwest Center for Biological Diversity v. Babbitt*,
  150 F.3d 1152 (9th Cir. 1998).......................................................................................2, 3

*United States v. Spokane Tribe*,
  139 F.3d 1297 (9th Cir. 1998)...........................................................................................5

*Washington v. Daley*,
  173 F.3d 1158 (9th Cir. 1999).......................................................................................2, 3

*West Flagler Associates v. Haaland*,
  573 F. Supp. 3d 260 (D.D.C. 2021)..................................................................................4

**Statutes**

25 U.S.C. 2702(1).................................................................................................................6

Reply in Support of Motion for Limited Intervention  
Case No.: 22-cv-05325-DGE

Scott D. Crowell  
Crowell Law Office-Tribal Advocacy Group  
1487 W. State Route 89A, Suite 8, Sedona, AZ 86336  
Tel: (425) 802-5369

Indian Gaming Regulatory Act 25 U.S.C. §§ 2701 et seq. ("IGRA") ........................................5, 6

**Rules**

Fed. R. Evid. 201..............................................................................................................................3

Local Rule 7(e)(3) ............................................................................................................................1

Local Rule 7(e)(2) ............................................................................................................................1

iii

Reply in Support of Motion for Limited Intervention  
Case No.: 22-cv-05325-DGE

Scott D. Crowell  
Crowell Law Office-Tribal Advocacy Group  
1487 W. State Route 89A, Suite 8, Sedona, AZ 86336  
Tel: (425) 802-5369

Specially appearing proposed-limited-intervenor, the Shoalwater Bay Indian Tribe of the Shoalwater Bay Indian Reservation ("Tribe") submits this reply in support of its Rule 24 Motion (Dkt. 68). Plaintiff Maverick Gaming LLC ("Maverick") opposes (Dkt. 78). The various named Federal officials (collectively "Federal Defendants") do not oppose. The various named officials of the State of Washington ("State Defendants") consent to permissive intervention and do not oppose intervention as of right.

Notably, although Maverick purports to be responding to the Tribe's Rule 24 Motion, its argument leapfrogs Rule 24 and instead argues that the Court should deny limited intervention because the Tribe's [Proposed] Rule 19 Motion should be denied, (Dkt. 78 at 3-4). This gambit is procedurally improper because it denies the Court full briefing from *all* parties (and other Washington Tribes may seek to participate as *amici*) on the merits of the [Proposed] Rule 19 Motion, which is not yet pending. This gambit also unfairly limits the Tribe's own reply to the merits of the [Proposed] Rule 19 Motion. *Compare* Local Rule 7(e)(2) (allowing six pages to reply to the Rule 24 Motion) *with* Local Rule 7(e)(3) (allowing twelve pages to reply to the Rule 19 Motion). Maverick makes no effort to show why limited intervention should be denied except to assert, wrongly, that the Tribe's Rule 24 Motion is untimely.

**1. The Tribe is not Adequately Represented by the Federal and State Defendants**

Maverick argues that the Federal Defendants can adequately represent the Tribe's interests.[1] Maverick's arguments ignore the governing standard in the Ninth Circuit. The Tribe's Rule 24 Motion (Dkt. 68 at 10-12) and [Proposed] Rule 19 Motion (Dkt. 68-1 at 18-23), explain

---

[1] Although Maverick proffers that both the Federal and State Defendants can adequately represent the Tribe, Maverick never explains how the State Defendants can do so.

1

Reply in Support of Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8, Sedona, AZ 86336
Tel: (425) 802-5369

that *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*, 932 F.3d 843 (9th Cir. 2019), is the controlling precedent in the Ninth Circuit regarding Rule 19 where the absent required party is a sovereign Indian Tribe that is immune from the claims in the case. Namely, on the specific inquiry of the ability of the Federal Defendants to adequately represent the interest of the absent Tribe, while Federal Defendants "have an interest in defending their own analyses," they "do not share an interest in the *outcome* of the approvals" due to the absent tribe's sovereign interest in the operations subject to federal approval. 932 F.3d. at 855.

The Tribe provides extensive unrefuted detail in its [Proposed] Rule 19 Motion that *Dine Citizens* compels the conclusions that the Federal and State Defendants do <u>not</u> provide adequate representation – there is recent historic pre-compact tension between the Tribe and the Federal and State Defendants such that their interests clearly are not aligned if Maverick achieves its intended *outcome* in this litigation.

Maverick attempts to evade *Dine Citizens* by advancing five principal contentions. All fail.

First Maverick tries to bury *Dine Citizens* under older appellate cases from the Ninth Circuit, issued more than twenty years ago: *Southwest Center for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1154 (9th Cir. 1998) (private parties challenge federal approval of dam improvements allegedly in violation of ESA); and *Washington v. Daley*, 173 F.3d 1158, 1167–68 (9th Cir. 1999) (commercial fishing challenge to tribal allocations of certain coastal fisheries). The Ninth Circuit expressly distinguished *Southwest* in *Dine Citizens*:

> This case is unlike *Southwest*, because while Federal Defendants have an interest in defending their own analyses that formed the basis of the approvals at issue, here they do not share an interest in the outcome of the approvals—the continued operation of the Mine and Power Plant. And no party in *Southwest* had explained how the tribe's "sovereignty would be implicated.

2

Reply in Support of Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8, Sedona, AZ 86336
Tel: (425) 802-5369

*Dine Citizens*., 932 F.3d at 855. And *Daley* is no more on point than *Southwest*, because it did not address whether the parties share an interest in the outcome with the absent tribe or how tribal sovereignty could be implicated by the relief the plaintiffs sought therein.

Second, Maverick keeps digging, citing another a pre-*Dine Citizens* decision, *Knox v. U.S. Dep't of Interior*, 759 F. Supp. 2d 1223, 1235–36 (D. Idaho 2010). The plaintiffs in *Knox* sued the United States to invalidate its approval of compact amendments agreed to by the Idaho Tribes. Therein, the United States sought dismissal on Rule 19 grounds.  Notably, the plaintiff's in *Knox* dismissed their lawsuit by stipulation while the United State's motion for reconsideration was pending, which motion was supported by declarations of Shoshone Bannock tribal officials, and by an amicus brief submitted by the Shoshone Bannock Tribes, specifically informing the Court of an analogous situation wherein the compacts at issue resolved years of tension between the Shoshone Bannock Tribes and both the State and United States for the Tribes' previous operation of class III gaming without a compact. [2] Hence, *Knox* never addressed whether the parties shared an interest in the outcome with the absent tribe.

Third, Maverick asserts "the federal government has repeatedly taken the position that Indian tribes are not required parties in challenges of this nature" (Dkt. 78 at 5).  That is mistaken. Indeed, it was the federal government that sought dismissal pursuant to Rule 19 in *Knox*. Moreover, Maverick points only to litigation *outside of the Ninth Circuit*.  Inside the Ninth Circuit,

---

[2] The Docket sheet in *Knox v. U.S. Dep't of Interior,* case no. 4:09-cv-00162 (D. Idaho) and pleadings and orders referenced in the above discussion are attached to the Declaration of Scott Crowell in Support of the Tribe's Motion for Limited Intervention ("Crowell Declaration") as Exs. 3(A-E). The Tribe requests that the Court take judicial notice of the briefs filed in other cases and attached to the Crowell Declaration. *See* Fed. R. Evid. 201; *Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record").

3

Reply in Support of Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8, Sedona, AZ 86336
Tel: (425) 802-5369

the United States recognizes that *Diné Citizens* is the controlling precedent. In another case concerning Rule 19 currently on appeal to the Ninth Circuit, the United States explained:

> Federal Defendants acknowledged below that dismissal was compelled by this Court's recent decision in *Diné Citizens.* In that case, this Court held that an Administrative Procedure Act (APA) challenge to final action of a federal agency was properly dismissed under (Rule) 19 where an absent tribal entity had a legally protected interest in the subject of the challenge and could not be joined due to sovereign immunity. Here, the district court faithfully applied *Diné Citizens*' holdings and concluded that dismissal of this suit was likewise appropriate.
>
> Although Federal Defendants continue to adhere to the position that the United States is generally the only required party in litigation challenging final agency action, this case is materially indistinguishable from *Diné Citizens*. Accordingly, and consistent with its position below, the United States maintains that affirmance is compelled by circuit precedent.

Federal Appellees' Answering Brief[3], *Backcountry Against Dumps v. United States*, (9th Cir. Dkt. 21-55869) ("*BAD Appeal*"). *See also No Casino in Plymouth v. Nat'l Indian Gaming Comm'n*, 2022 WL 1489498 at *9-10 (E.D. Cal. 2022) (Federal Defendants did not oppose Ione Tribe's Rule 24 motion). And although Plaintiff relies heavily on the district court decision in *West Flagler Associates v. Haaland*, 573 F. Supp. 3d 260 (D.D.C. 2021), which is now on appeal[4] (D.C. Cir. Dkts. 21-52 65 & 22-5022), in that case the Federal Defendants did oppose the Seminole Tribe's Rule 24 motion. The correct history is that the United States has at times has been the movant, and other times joined or not opposed, and at times opposed, Rule 19 motions regarding absent and immune Indian Tribes depending on the circumstances and the law of the Circuit. Here, in contrast to *West Flagler*, the Federal Defendants do not oppose the Tribe's Rule 24 Motion.

---

[3] Attached to the Crowell Declaration as Ex. 2.
[4] *See* Brief of Appellant Seminole Tribe of Florida attached to Crowell Declaration as Ex. 1.

Reply in Support of Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8, Sedona, AZ 86336
Tel: (425) 802-5369

Fourth, Maverick finally attempts to distinguish *Dine Citizens*, contending that "the interests of the federal defendants and the Tribe are perfectly aligned" (Dkt. 78 at 6). Maverick fails to address the Tribe's analysis that the federal and state interests differ from the Tribes (Dkt 68 at 8-12)[5]. Specifically, Maverick asserts that the possibility of the State or United States taking enforcement action against the Tribe if Maverick prevails would only exist "after" the litigation is resolved rather than "in the litigation" (Dkt. 78 at 6). That analysis defies *Dine Citizens*, in which the United States and the absent tribe held the same position on the validity of the federal government's approval action during the litigation, and in which the Ninth Circuit expressly looked at whether the United States and tribe shared an interest in the "outcome" of the litigation. *See also Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 987 (9th Cir. 2020) (describing *Dine Citizens* as a case where "[federal] obligations to follow relevant environmental laws were in tension with tribal interests"). It is also folly – the conflict could well become critical "in the litigation" if the Court grants Maverick's request to find that the Tribe's Compact is "void" or to enjoin the Federal and State Defendants from the "continued administration" of the Compact (Dkt 65 at ¶¶ 207(1) and (2)). In that instance, the Tribe would contend that the State and federal government should take no action against the Tribes' gaming activities because the Indian Gaming Regulatory Act 25 U.S.C. §§ 2701 et seq. ("IGRA") cannot be interpreted in a manner that deprives the Tribes of their sovereign right to offer gaming activities as affirmed in *California v. Cabazon Band*, 107 S. Ct. 1087 (1987). *See United States v. Spokane Tribe*, 139 F.3d 1297, 1302 (9th Cir. 1998) (parties and courts will need to resolve issues regarding viable remedies to protect tribal interests if a compact cannot be reached). Given the historic tension between the Tribe and the

---

[5] *See also* Brief of Appellant Seminole Tribe of Florida attached to Crowell Declaration as Ex. 1 at 24-26.

5

Reply in Support of Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8, Sedona, AZ 86336
Tel: (425) 802-5369

Federal and State Defendants, there is no assurance that the Federal and State Defendants will agree with the Tribe, and are likely to take an opposite position. Maverick suggests it would be "IGRA and the Constitution - not this Court's judgment that would prohibit" the Tribe from operating (Dkt. 78 at 8). But that question would be squarely before this Court "in this litigation" if it were to declare the Compacts to be void. Moreover, *this Court's* judgment could result in divergence while this case is on appeal. *See Dine Citizens*, 932 F.3d at 855.

Last, Maverick makes the disingenuous assertion that the Court could fashion its relief to avoid directly invalidating the Tribe's Compact by simply enjoining the State from seeking enforcement action against Maverick (Dkt. 78 at 8). But such relief would require a Court ruling on the validity of the compacts, in a decision that would bind the United States. The Tribe would then be subject to significant risk of enforcement action against the Tribe's gaming operation. No amount of sophistry can avoid the reality that any of the relief sought by Maverick has the very real effect of crippling the Tribe's gaming operations and the Tribe's and IGRA's goals of self-governance and self-sufficiency. 25 U.S.C. 2702(1).

## 2. The Tribe's Rule 24 Motion is Timely.

Maverick repeats those arguments made in its opposition (Dkt. 71) to the Tribe's Motion for Relief from Summary Judgment (Dkt. 69), that none of the Tribe's motions are timely. That argument fails for the reasons explained in the Tribe's Reply in Support of Motion for Relief from Summary Judgment Deadlines (Dkt. 73).

The Tribe's Motion for Limited Intervention should be granted.

Respectfully submitted this 19th day of August, 2022.

                                                Respectfully submitted,

6

Reply in Support of Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8, Sedona, AZ 86336
Tel: (425) 802-5369

*s/ Scott Crowell*
SCOTT CROWELL (WSBA No. 18868)
CROWELL LAW OFFICES-TRIBAL ADVOCACY GROUP
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Telephone: (425) 802-5369
Fax: (509) 290-6953
Email: scottcrowell@hotmail.com

LAEL ECHO-HAWK (WSBA No.
MThirtySix, PLLC
700 Pennsylvania Avenue SE
The Yard – 2nd Floor
Washington, D.C. 20003
Telephone: (206) 271-0106
Email: Lael@MThirtySixPLLC.com

*Attorneys for Proposed Limited Intervenor Shoalwater Bay Indian Tribe*

7

Reply in Support of Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8, Sedona, AZ 86336
Tel: (425) 802-5369

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2022, I filed the foregoing REPLY IN SUPPORT OF MOTION FOR LIMITED INTERVENTION with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record in this matter.

DATED: August 19, 2022

*s/ Scott Crowell*
SCOTT CROWELL (WSBA No. 18868)
CROWELL LAW OFFICES-TRIBAL ADVOCACY GROUP
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Telephone: (425) 802-5369
Fax: (509) 290-6953
Email: scottcrowell@hotmail.com

8

Reply in Support of Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8, Sedona, AZ 86336
Tel: (425) 802-5369