# EXHIBIT "3(D)"

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WENDY KNOX and RICHARD DOTSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, KENNETH LEE SALAZAR, Secretary of the Interior,<br><br>    Defendants. | Case No. 4:09-CV-162-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it (1) a motion to reconsider or, in the alternative, a motion for summary judgment, filed by the Secretary and (2) a motion to compel discovery filed by the plaintiffs. The motions are fully briefed and at issue. For the reasons set forth below, the Court will grant the plaintiffs' motion, allow a limited period of discovery on certain issues, and deny the Secretary's motion without prejudice to the Secretary's right to re-file the motion after the discovery period.

## ANALYSIS

The Secretary's motion seeks reconsideration, or summary judgment, based on new evidence that the Secretary alleges shows that plaintiffs have no standing and that their claims are barred by the statute of limitations. The plaintiffs respond by opposing

**Memorandum Decision and Order - 1**

both arguments and requesting more discovery on those issues. To resolve these matters, the Court must first review the plaintiffs' allegations.

**The Complaint**

Plaintiffs Wendy Know and Richard Dotson challenge the Secretary's decision to approve gaming compacts between Idaho and several tribes. This approval, plaintiffs assert, authorized the Tribes to install slot machines at the Fort Hall casino. *See Amended Complaint, Dkt. 4* at ¶ 28.

Knox and Dotson allege that they both became "compulsive gamblers" after the Fort Hall Casino installed slot machines. Knox and Dotson gamble "almost exclusively" at Fort Hall Casino "because of its close proximity to their respective residences, compared to the next nearest casino gambling establishments located hundreds of miles away." *Id*. Of all the different types of gambling available at the Fort Hall Casino, Knox and Dotson played only the slot machines. *Id*. They allege that "[b]ecause of the slot machines at the Fort Hall Casino, [they] both developed clinical and devastating addictions to gambling at the Fort Hall Casino." *Id*.

Knox estimates her slot machine losses at Fort Hall Casino at about $50,000.00, and Dotson estimates his slot machine losses at Fort Hall Casino at about $30,000.00. *Id*. They also incurred additional debt they otherwise would not have incurred and "were subjected to intrusive and humiliating collection efforts, stress, anxiety and marital and family strife, and tremendous emotional distress." *Id*. Dotson lost his house and job, and

was convicted of the crime of forgery in order to obtain gambling funds. *Id.* Both plaintiffs continue to receive treatment for their destructive gambling addictions through Gambler's Anonymous. *Id.* Dotson has also obtained counseling from a private licensed counselor for his gambling addiction. *Id.*

The plaintiffs allege that "[i]f the defendants had originally acted in accordance with [Indian Gaming Regulatory Act] and the Johnson Act, the slot machines would not have been installed at Fort Hall Casino, or would have been removed therefrom, and neither Plaintiff would have suffered the harm set forth above." *Id.* They allege that if the Court declares that the slot machines violate the law, "Fort Hall Casino will be forced to remove its slot machines, and such gambling would be much less readily available to Plaintiffs, dramatically speeding and increasing their recovery from gambling addiction and preventing or minimizing further harm to the Plaintiffs of the kind set forth above. *Id.*

**Court's Earlier Decision Denying Motions to Dismiss**

The Secretary filed a motion to dismiss alleging, among other things, that plaintiffs lacked standing. The Court disagreed, finding that plaintiffs had sufficiently alleged a specific injury caused by the Secretary that would be redressed by a favorable decision. *See Memorandum Decision (Dkt. 46)*.

In pursuing this standing challenge, the Secretary argued that a favorable decision would not redress plaintiffs' injuries because gambling was so widely available that

**Memorandum Decision and Order - 3**

removing video gaming machines from the Fort Hall Casino would not ultimately cure plaintiffs' gambling addiction – they would just gamble elsewhere. The Court rejected this argument, finding that plaintiffs alleged that they gamble "almost exclusively" at Fort Hall Casino and played "only" the video gaming machines. *See Amended Complaint, Dkt. 4* at ¶ 28. All inferences must be granted in favor of the plaintiffs, *Bernhardt,* 279 F.3d at 867, and one reasonable inference is that plaintiffs' gambling addiction is tied directly and exclusively to the Tribes' video gaming machines. Referring to an earlier discussion of Ninth Circuit authority, the Court stated that "plaintiffs need not demonstrate that there is a 'guarantee' that their injuries will be addressed by a favorable decision, but need only show that it is 'likely' as opposed to 'merely speculative' that a favorable decision will redress their injury." The Court found that plaintiffs' allegations were sufficient under that standard.

The Secretary had also argued that plaintiffs' action is untimely. The applicable statute of limitations is set forth in 28 U.S.C. § 2401 and is six years. The Secretary argued that its approval of the four compacts was originally granted in 2000, and that this action was time-barred because it was not filed until 9 years later in 2009. In its earlier decision, the Court disagreed. The Court reasoned that the four compacts challenged by plaintiffs did not authorize video gaming – the type of gaming challenged by plaintiffs – in 2000. Thus, plaintiffs had no injury – or right to sue – in 2000, and the limitations period could not have started at that time. *See Acri v. International Ass'n of Machinists &*

**Memorandum Decision and Order - 4**

*Aerospace Workers*, 781 F.2d 1393, 1396 (9th Cir. 1986) (holding that "[u]nder federal law a cause of action accrues when the plaintiff is aware of the wrong and can successfully bring a cause of action"). The video gaming challenged here was not approved until January 8, 2003. It was not until sometime after 2004 – at a point after the Secretary approved the northern tribes' amendments, the Tribes started video gaming under their most-favored-nation provision, and the plaintiffs became addicted – that the limitations period started running under *Acri*. This action, filed in 2009, was therefore timely.

**The Secretary's Current Arguments**

The Secretary now argues that new evidence requires reconsideration of the Court's earlier decision, or, in the alternative, requires summary judgment for the Secretary. The Secretary has submitted declarations showing that video gaming has been conducted at the Fort Hall Casino since 1992. *See Small Declaration (Dkt. 51-5)* at ¶ 10. The Secretary also points to new evidence that Knox had been gambling at the Fort Hall Casino since 1998. *See Boyer Declaration (Dkt. 51-4)*, at exhibit B. The Secretary infers from this that Knox must have been addicted to the video game gambling by the time it was officially approved in January of 2003. That means, according to the Secretary, that this action filed in April of 2009, was filed more than 6 years after Knox's addiction had arisen and at least her claim is time-barred.

**Memorandum Decision and Order - 5**

The flaw in this argument is that plaintiffs have had no opportunity to conduct discovery on this issue. To adopt the Secretary's argument, the Court would have to construe facts in a light unfavorable to Knox, make a broad inference that she was addicted by 2003, and deny her the opportunity to develop a full factual record on the issue. That would be manifestly unfair. Knox has made a motion to allow limited discovery to which she is entitled. The Court will therefore reject the Secretary's argument on this issue, allow limited discovery, and allow the Secretary to raise the argument again after the discovery is completed.

The Secretary also argues that the controversy has become moot because new evidence shows that both Knox and Dotson have been excluded from the Fort Hall Casino and thus cannot be further injured by acting out on their gambling addiction. Knox self-excluded herself from the Fort Hall Casino in 2008. *See Boyer Declaration (Dkt. 51-4) at* ¶ 7; Ex. B-F. Dotson was excluded by letter dated January 4, 2011, and he does not contest that he did not appeal this exclusion. *Id*. at ¶¶ 10-12; Ex. G. In their amicus brief, the Tribes assert their "demonstrated ability to detect and remove excluded individuals from [Tribal] gaming facilities." *See Amicus Brief (Dkt. 73) at p. 18.* They assert that Knox and Dotson are well-known to their security personnel and will be kept out of the Casino.

However, the evidence also shows that after the date of the exclusion letter, Dotson entered the casino on three occasions in early 2011, gambling substantial amounts

**Memorandum Decision and Order - 6**

of money. *See Dotson Declaration (Dkt. 60-1)* at ¶¶ 3, 4, 11. He states he will continue to do so. *Id.* Dotson also states that even if excluded, he will have a friend gamble with his money and distribute any winnings to him. *Id.* Knox has also gambled at the Fort Hall Casino since her self-exclusion. *See Boyer Declaration (Dkt. 51-4)* at ¶ 9, p. 11.

The Secretary responds that Dotson's Declaration shows that "he will presumably go to any lengths to gamble, without regard to location, convenience, or legality." *See Reply Brief (Dkt. 64)* at p. 5. This means, according to the Secretary, that a favorable decision here will not redress Dotson's injuries.

Once again, the Secretary is asking the Court to make broad inferences unfavorable to the plaintiffs who have not had a full opportunity to develop a factual record. The present record is unclear on the impact of the exclusion of Knox and Dotson from the Casino since both have gambled there since their exclusions. The willingness of Dotson to gamble anywhere on whatever games are available will require inferences from facts, and the present record is too sparse to permit such inferences by the Court as a matter of law. For all these reasons, the Court will again reject the Secretary's argument, allow limited discovery on standing and statue of limitations issues, and permit the Secretary to raise these issues again after discovery.

The plaintiffs motion to conduct discovery also sought discovery on matters beyond these standing and statute of limitation issues, such as the matters considered by the Secretary when it approval tribal compacts. The Court finds that the discovery focus

**Memorandum Decision and Order - 7**

at this time should be limited to the standing and statute of limitation issues. Accordingly, the Court will deny the portion of plaintiffs' motion seeking broader discovery without prejudice to plaintiffs' right to re-raise that motion after the standing and statute of limitation issues are resolved.

In their amicus brief, the Tribes seek reconsideration of the Court's ruling that the Secretary adequately represents their interests. The Court will not take these issues up at this time.

**Conclusion**

While the limited discovery into standing and statute of limitation issues may have no impact on the Secretary's motion to dismiss, there is also the possibility that it will change the focus of the motion or preclude it altogether. The Court will certainly need new briefing to explain the new discovery. Accordingly, the Court will deny the Secretary's motion at this time without prejudice to the right of the Secretary to re-file the motion after the discovery has been completed.

Similarly, the Court will deny that portion of plaintiffs' motion for discovery seeking discovery on issues outside the standing and statute of limitation issues. Again, the denial is without prejudice to the plaintiffs' right to re-file that portion of the motion after these issues are resolved.

**ORDER**

In accordance with the Memorandum Decision set forth above,

**Memorandum Decision and Order - 8**

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel discovery (docket no. 72) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks discovery on standing and statute of limitations issues to be conducted and completed within 45 days from the date of this decision. It is denied in all other respects, without prejudice to the rights of the plaintiffs to re-file the motion after resolution of these issues.

IT IS FURTHER ORDERED, that the motion for reconsideration and for summary judgment (docket no. 51) is DENIED without prejudice to the right of the Secretary to re-file the motion after the discovery is completed as set forth above.

DATED: **September 22, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge