UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAVERICK GAMING LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>　　　　　　　Defendants. | CASE NO. 3:22-cv-05325-DGE<br><br>ORDER GRANTING MOTION FOR RELIEF FROM SUMMARY JUDGMENT DEADLINES |

**I　　INTRODUCTION**

This matter comes before the Court on Intervenor Shoalwater Bay Tribe's Motion for Relief from Summary Judgment Deadlines.  (Dkt. No. 69.)  Shoalwater Bay Tribe ("the Tribe") simultaneously filed a Motion for Limited Intervention (Dkt. No. 68) and proposed Motion to Dismiss.  (Dkt. No. 68-1.)  In its Motion for Relief from Summary Judgment Deadlines, the Tribe asks the Court to suspend the current briefing schedule (Dkt. No. 63) until the Court has ruled on the Tribe's Motion for Limited Intervention, and if granted, the Tribe's Motion to

Dismiss. (Dkt. No. 69 at 12.) The Washington State Defendants ("State Defendants")[1] join the Tribe's motion to temporarily suspend the summary judgment deadlines. (Dkt. No. 72.) However, Plaintiff Maverick Gaming LLC ("Maverick") opposes the Tribe's motion. (Dkt. No. 71.) Having reviewed the motion, the responses, and the relevant portions of the record, the Court GRANTS the Tribe and State Defendants' motion.[2]

## II   BACKGROUND

This litigation concerns compacts between twenty-nine federally recognized tribes ("Washington Tribes") and the state of Washington entered under the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §§ 2701-2721, and the Revised Code of Washington § 9.46.360 ("the Compacts"). (Dkt. No. 66 at 3.) The Compacts permit Washington Tribes to offer most forms of "casino-style gaming (known as 'class III' gaming under the IGRA)," most of which are legally prohibited for other non-tribal entities. (*Id.*) Recent amendments to several of these Compacts ("the Compact Amendments") also allow multiple Washington Tribes to offer sports betting at their casinos, although it remains illegal for other casinos throughout the state. (*Id.*)

On January 11, 2022, Maverick filed a Complaint against the United States as well as associated federal and Washington state officials, alleging the Compacts and Compact Amendments create a "gaming monopoly," in violation of the IGRA, the Constitution's guarantee of equal protection, and the Constitution's anti-commandeering doctrine. (*See* Dkt. Nos. 1 at 22–28; 71 at 7.) Maverick initiated the lawsuit in the United States District Court for

---

[1] On August 10, 2022, Defendants Steve Conway, Robert Ferguson, Tina Griffin, Jeff Holy, Jay Inslee, Shelley Kloba, Sarah Lawson, Alicia Levy, Julia Patterson, Kristine Reeves, Bud Sizemore, and Brandon Vick ("State Defendants") filed a Notice of Joinder in which they stated their intention to join the Tribe's Motion for Relief from Summary Judgment Deadlines. (Dkt. No. 72.)

[2] The Tribe requests oral argument on this matter. (Dkt. No. 73 at 1.) The Court believes the Tribe's motion can be determined without oral argument. *See* LCR 7(b)(4).

ORDER GRANTING MOTION FOR RELIEF FROM SUMMARY JUDGMENT DEADLINES - 2

the District of Columbia; however, on April 28, 2022, the court transferred the action to the Western District of Washington.  Once transferred, this Court issued an order about initial scheduling dates.  (Dkt. No. 57.)

On June 21, 2022, the parties submitted a stipulated motion, asking the Court to vacate its initial order and instead impose a briefing schedule on dispositive cross-motions.  (Dkt. No. 60 at 1.)  The parties agreed factual discovery was unnecessary.  (*Id.*)  The Court granted the motion and adopted the deadlines agreed to by the parties.  (Dkt. No. 63.)  In accordance with the new briefing schedule, Maverick filed an unopposed First Amended Complaint on July 1, 2022.  (*See* Dkt. Nos. 64; 66.)

On July 29, 2022, the Tribe informed Maverick it would move to intervene and dismiss the action based on the Tribe's sovereign immunity.  The Tribe informed Maverick it would seek relief from the briefing schedule deadlines and request a stay pending the Court's ruling on its motions.  (Dkt. Nos. 73 at 5–6; 74 at 2.)  Maverick relayed its intent to oppose all three motions.  (Dkt. No. 74 at 2.)  The Tribe again contacted Maverick on August 1, 2022, asking Maverick to reconsider its opposition to the Tribe's motion for relief from deadlines given that its Motion for Summary Judgment was due August 12, 2022, the same day the Tribe's motion was ripe for consideration.  (Dkt. Nos. 73 at 6; 74 at 2.)  The Tribe proposed a telephonic conference with the Court under Local Civil Rule 7(i), to stay the case before August 12, 2022.  (Dkt. No. 74 at 2.)  Maverick rejected the Tribe's proposed telephonic conference and continued to oppose a stay.  (*Id.*)

### III     DISCUSSION

**A.  Legal Standards for Modifying Case Deadlines**

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, "[a] district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  In exercising its discretion to stay a pending proceeding, the Court must consider the following competing interests: (1) "possible damage which may result from the granting of a stay," (2) "hardship or inequity which a party may suffer in being required to go forward," and (3) "orderly course of justice measured in terms of the simplifying or complicating of issues[.]" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109–10 (9th Cir. 2005) (internal citations omitted).

Moreover, a district court may modify the case schedule and enlarge deadlines for good cause.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expire.").

**B.  Motion for Relief from Summary Judgment Deadlines**

The Tribe asks the Court to suspend the Summary Judgment Deadlines, set forth in the Court's Order of June 28, 2022, until the Court has deliberated and ruled on the Tribe's Motion for Limited Intervention (Dkt. No. 68), and if the Motion for Limited Intervention is granted, the Tribe's Motion to Dismiss (Dkt. No. 68-1). (Dkt. No. 69 at 12.)  In short, the Tribe argues it is an indispensable party that cannot be joined because of sovereign immunity, and therefore, the

ORDER GRANTING MOTION FOR RELIEF FROM SUMMARY JUDGMENT DEADLINES - 4

case should be dismissed under Federal Rules of Civil Procedure 12(b)(7) and 19. (Dkt. No. 69 at 7.)

### 1. Maverick Fails to show Undue Prejudice

Maverick argues it will suffer prejudice if the Court disrupts the agreed-upon briefing schedule and "Maverick's settled expectations."[3] (Dkt. No. 71 at 9.) Specifically, Maverick identifies two sources of prejudice: (1) Defendants will have longer to prepare their dispositive motions given Maverick has already filed its Motion for Summary Judgment and (2) extending the suit will prolong Maverick's alleged competitive injury caused by the Compacts. (*Id.* at 9–10.)

These arguments are unavailing. As the Tribe rightly points out, Maverick could have avoided the prejudice of which it now complains by stipulating to the Tribe's motion or participating in a telephonic conference with the Court. (Dkt. No. 73 at 6.) Had Maverick done so, it need not have filed its Motion for Summary Judgment on August 12, 2022. Maverick cannot now claim a circumstance it permitted to occur has caused undue prejudice. Maverick's argument that delay will prolong its competitive injury assumes its allegations are meritorious,

---

[3] One of Maverick's primary arguments is the Tribe's Motion for Limited Intervention is untimely. Federal Rule of Civil Procedure 24 requires an intervention motion to be timely. *See* Fed. R. Civ. P. 24(a), (b). Indeed, under permissive intervention, "the court must consider whether the intervention will unduly delay . . . the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). In this Order, the Court does not decide whether the Tribe's Motion for Limited Intervention fulfills the timeliness requirement. Yet Maverick fails to establish in its opposition to the Tribe's Motion for Relief from Summary Judgment Deadlines that the Tribe's intervention motion is so untimely to not warrant a stay of proceedings to give the matter full consideration. As the Tribe asserts, its Motion for Limited Intervention was made around one month after Maverick filed its First Amended Complaint. Further, the case cited by Maverick in support of its timeliness argument presents a substantially greater delay. (*See* Dkt. No. 71 at 9–10) (citing *Eastman Chem. Co. v. Nestle Waters Mgmt. & Tech.*, 2014 WL 1316772, at *7 (S.D.N.Y. Apr. 1, 2014)). In *Eastman*, the court denied the defendants request to amend its answer to add a third counterclaim because it would require substantial new factual discovery. The circumstances are not analogous to this case.

which is yet to be determined. Although the Court acknowledges the parties' interest in swiftly resolving litigation (*see* Dkt. No. 71 at 10 (collecting cases)), the proposed stay will not indefinitely postpone the proceedings. Since the parties agree this case does not require factual discovery, the litigation is unlikely to stretch beyond comparable matters.

        2.  <u>Hardship or Inequity Faced by the Tribe</u>

Related to the second consideration—the hardship or inequity the Tribe would suffer if compelled to move forward—Maverick argues the Tribe would face no adverse consequence given that its suit does not seek relief from the Tribe. (*See* Dkt. No. 71 at 12.) But, even if the Tribe is not currently a named defendant, it may be affected by the outcome given this suit could nullify the Washington Tribe's Compacts. Maverick concedes this interest although it contests the Tribe qualifies as an indispensable party. (*Id.* at 14.) Despite its status as a party, the Tribe seeks the opportunity to decide whether to waive sovereign immunity and intervene should the Court deny its motion to dismiss. (Dkt. No. 73 at 8.) This opportunity may be denied if forced to proceed according to the briefing schedule. On balance, the hardship faced by the Tribe if compelled to move forward outweighs the potential prejudice to Maverick if the deadlines are stayed.

        3.  <u>A Stay Permits Orderly Consideration of the Issues</u>

As for the third factor, whether the Tribe is an indispensable party and entitled to sovereign immunity is a threshold inquiry that should be addressed before the parties' summary judgment motions to conserve judicial and litigant resources. *See, e.g.*, *Dine Citizens Against Ruining Our Env't et al. v. United States Bureau of Indian Affairs et al.*, 3:16-cv-08077-SPL (D. Ariz. Oct. 28, 2019) (Dkt. No. 49 at 2) (staying case scheduling deadlines pending resolution of the Navajo Transitional Energy Company LLC's motion to dismiss).

Maverick argues the Tribe's Motion for Limited Intervention and Motion to Dismiss do not present threshold issues because they are not jurisdictional—the question whether the Tribe is an indispensable party under Rule 19 is a matter of equity. However, whether equity demands granting the Tribe's intervention is an issue that should be considered fully before making any decisions on the merits of the underlying litigation. Moreover, notwithstanding the equity versus jurisdictional distinction, the Tribe's Motion to Dismiss invokes tribal sovereign immunity and district courts have stayed discovery and further proceedings where immunity is raised. *See Zabeti v. Arkin*, 2014 WL 1764358, at *3 (D. Nev. 2014) (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)).

Maverick contends orderly consideration is not served by a stay because the Tribe raises meritless issues; specifically, the Tribe does not satisfy the standard required for an indispensable party. (Dkt. No. 71 at 13–15.) The Court does not find Maverick's arguments on the merits of the Tribe's Motion to Dismiss compelling at this point, given the Court has yet to consider the full briefing and decide the Tribe's motions. By modifying the agreed-upon briefing schedule, the Court avoids engaging in piecemeal consideration of these issues. The Court therefore finds good cause to modify the briefing schedule set forth in its June 28, 2022 Order (Dkt. No. 63).

### IV    CONCLUSION

Accordingly, and having considered Intervenor Shoalwater Bay Tribe's motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Shoalwater Bay Tribe's Motion for Relief from Summary Judgment Deadlines (Dkt. No. 69) is GRANTED.

1. The briefing schedule (Dkt. No. 63) is STAYED.

2. The parties shall meet and confer to set deadlines for dispositive motions and submit a joint motion to the Court no later than 10 days after the Court's decision on the Tribe's Motion for Limited Intervention.

Dated this 22nd day of August, 2022.

_____
David G. Estudillo
United States District Judge