UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAVERICK GAMING LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 3:22-cv-05325-DGE<br><br>ORDER GRANTING SHOALWATER BAY TRIBE'S MOTION FOR LIMITED INTERVENTION |

**I      INTRODUCTION**

This matter comes before the Court on Shoalwater Bay Tribe's Motion for Limited Intervention.[1]  (Dkt. No. 68.)  Shoalwater Bay Tribe ("the Tribe") seeks to intervene in this action for the limited purpose of moving to dismiss under Federal Rules of Civil Procedure 12(b)(7) and 19.  (*Id.* at 7.)  Plaintiff Maverick Gaming LLC ("Maverick") opposes the Tribe's motion.  (Dkt. No. 78.)  Having reviewed the motion, the responses, and the relevant portions of

---

[1] The Tribe requests oral argument on this matter.  The Court believes the Tribe's motion can be determined without oral argument.  *See* LCR 7(b)(4).

ORDER GRANTING SHOALWATER BAY TRIBE'S MOTION FOR LIMITED INTERVENTION - 1

the record, the Court GRANTS the Tribe's motion and directs the Tribe to file its motion to dismiss no later than September 30, 2022.

## II    BACKGROUND

This litigation concerns compacts between twenty-nine federally recognized tribes ("Washington Tribes") and the state of Washington entered under the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §§ 2701-2721, and the Revised Code of Washington § 9.46.360 ("the Compacts"). (Dkt. No. 66 at 3.) The Compacts permit Washington Tribes to offer most forms of "casino-style gaming (known as 'class III' gaming under the IGRA)," most of which are legally prohibited for other non-tribal entities. (*Id.*) Recent amendments to several of these Compacts ("the Compact Amendments") also allow multiple Washington Tribes to offer sports betting at their casinos, although it remains illegal for other casinos throughout the state. (*Id.*)

On January 11, 2022, Maverick sued the United States as well as associated federal and Washington state officials under the Administrative Procedures Act and 42 U.S.C. § 1983. (*See* Dkt. No. 1 at 34–40.) Maverick alleged the Compacts and Compact Amendments create a "gaming monopoly," in violation of the IGRA, the Constitution's guarantee of equal protection, and the Constitution's anti-commandeering doctrine. (*See id.* at 22–28.) Maverick filed its Complaint with the United States District Court for the District of Columbia; however, on April 28, 2022, the court transferred the case to the Western District of Washington. (Dkt. No. 47.) Once transferred, the parties stipulated to a briefing schedule on dispositive cross-motions having agreed factual discovery was unnecessary. (Dkt. No. 63.) In accordance with the stipulated briefing schedule, Maverick filed an unopposed First Amended Complaint on July 1, 2022. (*See* Dkt. Nos. 64, 66.) On August 3, 2022, the Tribe moved to suspend the briefing schedule and intervene for the limited purpose of filing a motion to dismiss. (Dkt. Nos. 68, 69.)

The Court suspended the briefing schedule (Dkt. No. 81) and now considers the Tribe's motion to intervene. The Tribe seeks permissive intervention under Federal Rule of Civil Procedure 24(b), or alternatively, intervention as a matter of right under Federal Rule of Civil Procedure 24(a).[2] (Dkt. No. 68 at 7.) The Federal Defendants take no position on the Tribe's Motion to Intervene and the State Defendants consent to permissive intervention under Rule 24(b) but take no position on the Tribe's intervention under Rule 24(a). (Dkt. No. 68 at 7.)

### III   DISCUSSION

**A. Permissive Intervention**

Federal Rule of Civil Procedure 24(b) provides for permissive intervention "where the applicant for intervention shows. . . the motion is timely [and] the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 403 (9th Cir. 2002) (internal quotations omitted).[3] Because the Tribe timely moved to intervene and its defense that it is an immune, indispensable party has questions of fact in common with the pending suit, the Court grants permissive intervention for the limited purpose of the Tribe filing its Motion to Dismiss (Dkt. No. 68-1.)

1. <u>Timeliness</u>

"Timeliness is determined by the totality of the circumstances facing would-be intervenors, with a focus on three primary factors: '(1) the stage of the proceeding at which an

---

[2] Because the Court finds the Tribe satisfies the requirements for permissive intervention under Federal Rule of Civil Procedure 24(b), it does not consider whether the Tribe is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a).

[3] Permissive intervention to litigate a claim on the merits requires an independent ground for jurisdiction. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). However, because the Tribe is not seeking to litigate Plaintiff's claims on the merits, independent jurisdiction is not required in this case. *See id.* Plaintiff makes no argument involving independent jurisdiction. (*See generally* Dkt. No. 78.)

applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016). Timeliness is measured from "when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

The Tribe's motion to intervene comes at an early stage of these proceedings because the Court has yet to substantively engage with the issues of the case. *See League of United Latin American Citizen v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997) (holding "the fact that the district court has substantively—and substantially—engaged the issues in this case [by ruling on a preliminary injunction, class certification, a motion to dismiss, and partial summary judgment] weighs heavily against allowing intervention[.]").  Although Plaintiff filed its Complaint on January 11, 2022, procedural issues delayed the case from moving forward.  Specifically, Defendants challenged Plaintiff's selected venue and the case was transferred to the Western District of Washington on May 9, 2022 (Dkt. No. 47), several months after Plaintiff initiated the case.   This Court set a new briefing schedule on June 28, 2022.  (Dkt. No. 63.)  As a result, the Court has not considered dispositive motions, nor has it considered motions going to the merits of this case.

Plaintiff argues the Tribe's intervention is untimely because it moved nine days before Plaintiff's summary judgment deadline, even though the Tribe should have known its interests would be affected when the suit first commenced in January.  (Dkt. No. 78 at 15–16) (citing *United States v. Alisal Water Corp.*, 370 F.3d 915, 921–22 (9th Cir. 2004)).  In *Alisal*, an entity sought intervention four years into the litigation to "contest a possible award of damages" when partial summary judgment and a one-day bench trial was set for the following week.  370 F.3d at

1    921–22.  This litigation, on the other hand, is relatively new and the Tribe seeks intervention to

2    determine whether the case should be dismissed under Federal Rules of Civil Procedure 19 and

3    12(b)(7), an issue which logically should be decided before delving into the merits of Plaintiff's

4    claims.  Additionally, as discussed in the Court's order suspending the dispositive briefing

5    schedule, Plaintiff need not have moved for summary judgment on August 12, 2022, because it

6    could have stipulated to a continuance or participated in a scheduling conference as requested by

7    the Tribe.  (*See* Dkt. No. 81 at 5.)  Therefore, the fact that Plaintiff moved for summary judgment

8    before the Court suspended the briefing schedule does not alter the Court's analysis.

9            Plaintiff also fails to establish prejudice.  Plaintiff argues "[a]llowing the Tribe to inject

10   new issues into this case would prejudice [Plaintiff] by delaying the adjudication of its rights in

11   this action."  (Dkt. No. 78 at 15) (citing *Smith v. Marsh*, 194 F.3d 1045, 1051 9th Cir. 1999).  In

12   *Smith*, the court held the plaintiffs would be prejudiced by allowing intervenors to inject new

13   issues into the litigation after "many substantive and procedural issues had already been settled."

14   194 F.3d at 1051.  This case is clearly distinguishable as it is in early stages of litigation, and

15   thus, delay alone does not unduly prejudice Plaintiff.

16           Finally, Plaintiff argues, "the Tribe's failure to explain the reason for its lengthy delay in

17   moving to intervene weighs against a finding of timeliness."  (Dkt. No. 78 at 15–16.)  However,

18   the Tribe explained it moved to intervene one month after Plaintiff filed its Amended Complaint

19   because "the Tribe could not have known the content of the [Amended Complaint] until

20   [Plaintiff] filed it" and "the filing of the [Amended Complaint] would have mooted any motion

21   to dismiss the initial Complaint."  (Dkt. No. 73 at 5.)  The Court finds the Tribe's rational

22   reasonable and its motion to intervene timely.

23

24

### 2. Common Facts and Law

The existence of a common question of fact is liberally construed. *See Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108–09 (9th Cir. 2002) *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2022). Common questions of fact clearly exist in this case given that the Tribe argues it is an indispensable party to litigation that implicates its interests in gaming compacts with the State of Washington to which it is a party. Moreover, Plaintiff does not rebut the Tribe's assertions that its motion to dismiss shares common questions of law and fact to Plaintiff's claims. (*See generally* Dkt. No. 78.)

### 3. Other Factors

Because the Tribe has established the requirements for permissive intervention, the Court may allow intervention if it so chooses. "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Where an intervenor has met the explicit requirements under Rule 24(b), "the court may also consider other factors in the exercise of its discretion, including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties.'" *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

As discussed, Plaintiff fails to show intervention will cause undue prejudice or delay. *See supra* Part III.A.1. Instead, Plaintiff argues intervention should be denied because the Tribe's motion to dismiss is without merit. Plaintiff contends, "[b]ecause the Tribe has moved to intervene solely to move to dismiss this action on the ground that it is an indispensable party, and because it is not an indispensable party, this court should deny its motion for limited

intervention" to conserve judicial resources.  (Dkt. No. 78 at 8–9) (citing *West Flagler Associates v. Haaland*, 573 F. Supp. 3d 260 (D.D.C. 2021)).  Plaintiff's argument is unavailing because it does not provide Ninth Circuit authority supporting its contention that the Court should skip over the Tribe's motion to intervene and deny its motion to dismiss without full briefing.  Therefore, the Court will allow intervention and consider the Tribe's motion to dismiss on the merits.

Plaintiff further argues the Court should deny intervention because the Tribe's interests are adequately represented by federal and state Defendants.  Intervention as a matter of right under Rule 24(a) requires a proposed intervenor's interests be inadequately represented by existing parties.  Fed. R. Civ. P. 24(a)(2).  However, inadequate representation is not required under Rule 24(b); instead, a court *may* consider whether a proposed intervenor's interests are adequately represented in deciding whether to grant permissive intervention.  *See Perry*, 587 F.3d at 955.  Because the Court will consider whether the Tribe's interests are adequately represented by the existing Defendants in its analysis of the motion to dismiss under Rule 19, it chooses not to do so here.  *See Dine Citizens Against Ruining Our Environment v. Bureau of Indian Affairs*, 932 F.3d 843, 853–54 (9th Cir. 2019) (holding the federal government did not adequately represent a Navajo Nation corporation in an environmental suit under the Administrative Procedures Act for the purposes of Rule 19).  Hence, the Court finds no compelling reason to deny the Tribe limited intervention in this case.

### IV   CONCLUSION

Accordingly, and having considered Shoalwater Bay's motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Shoalwater Bay's Motion to Intervene is GRANTED.

1. Shoalwater Bay Tribe shall file its Motion to Dismiss (Dkt. No.68-1) no later than October 3, 2022.

2. Pursuant to Local Civil Rule 7(d)(3), Plaintiff and Defendants shall submit their responses by October 24, 2022 and Shoalwater Bay Tribe shall submit its reply by October 28, 2022.

3. The briefing schedule (Dkt. No. 63) remains STAYED.  The Court amends its prior order (Dkt. No. 81 at 8) and does not require the parties to meet and confer to set deadlines for dispositive motions for submission 10 days after the Court's order on the Tribe's Motion for Limited Intervention.  The Court orders the parties to meet and confer to set deadlines for dispositive motions and submit a joint motion to the Court no later than 10 days after the Court's decision on the Tribe's Motion to Dismiss.

Dated this 29th day of September, 2022.

David G. Estudillo
United States District Judge