THE HONORABLE DAVID G. ESTUDILLO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

MAVERICK GAMING LLC,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

**Case No. 3:22-CV-05325-DGE**

**Federal Defendants' Response to Shoalwater Bay Indian Tribe's Motion to Dismiss**

Federal Defendants the United States of America et al. ("Federal Defendants") hereby respond to the Shoalwater Bay Indian Tribe of the Shoalwater Bay Indian Reservation's ("Tribe") motion to dismiss (ECF No. 85).

## INTRODUCTION

In this suit, Maverick Gaming LLC ("Plaintiff") asks the Court, *inter alia*, to declare that the Secretary of the Interior's ("Secretary") approval, pursuant to the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701-21 ("IGRA"), of eighteen (18) amendments to tribal-state gaming compacts entered into by eighteen federally recognized Indian tribes and the State of Washington ("State"), violates IGRA, other federal statutes, and the United States Constitution, and further asks the Court to declare as "void" such amendments so as to render them not in effect.  ECF 66

-1-

Federal Defendants' Response to
Shoalwater Bay Indian Tribe's
Motion to Dismiss

(3:22-CV-5325-DGE)

U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 616-3148

at 40-41.[1]  Relevant here, Plaintiff's suit includes a challenge to the September 10, 2021 approval of the tribal-state gaming compact amendment entered into between the Tribe and the State.  *See* ECF No. 67-9.

On August 3, 2022, the Tribe moved for limited intervention in this case, ECF No. 68, for the purpose of seeking dismissal of this suit in its entirety pursuant to Fed. R. Civ. P. 19 ("Rule 19").  On September 29, 2022, the Court granted the motion, ECF No. 84, and the Tribe subsequently filed its motion to dismiss on October 3, 2022, ECF No. 85.  The general position of the United States is that in most contexts it is the only required and indispensable party in litigation challenging final agency action under the Administrative Procedure Act, 5 U.S.C. § 704 ("APA").  The United States, however, acknowledges that the Ninth Circuit's opinion in *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843 (2019), *cert denied*, 141 S. Ct. 161 (2020) ("*Dine Citizens*"), controls in this case and supports dismissal pursuant to Rule 19.  *See also Klamath Irrigation Dist. v. U.S. Bureau of Reclamation*, 48 F. 4th 934, (9th Cir. 2022) ("*Klamath*"); *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984 (9th Cir. 2020), *cert denied*, 142 S. Ct. 83 (2021) ("*Jamul Action Comm.*").

## BACKGROUND

IGRA "creates a framework for regulating gaming activity on Indian lands."  *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 785 (2014).  In enacting IGRA, Congress sought to establish a system that would balance the competing interests of two sovereigns: tribal and state governments.  On the one hand, IGRA aims "to provide a statutory basis for the operation of gaming by Indian tribes as a means of promoting tribal economic development, self-sufficiency,

---

[1] Plaintiff's First Amended Complaint, including the Prayer for Relief, refers to the Tribe's and other Indian tribes' "compacts."  *See, e.g.*, ECF No. 66 at 3; *id.* at 40.  Federal Defendants contend that Plaintiff is not entitled to any relief whatsoever in this suit.  Further, to the extent Plaintiff challenges compacts or compact amendments that were approved more than six years ago, those claims are barred by the applicable statute of limitations.  *See, e.g.*, *Wind River Mining Corp. v. United States*, 946 F.2d 710 (9th Cir. 1991).  Federal Defendants reserve the right to raise all affirmative defenses, including statute of limitations, in subsequent briefing should the Court proceed to the merits in this case.

-2-

Federal Defendants' Response to
Shoalwater Bay Indian Tribe's
Motion to Dismiss

(3:22-CV-5325-DGE)

U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 616-3148

and strong tribal governments." 25 U.S.C. § 2702(1); *Confederated Tribes of the Grand Ronde Cmty. of Or. v. Jewell*, 830 F.3d 552, 557 (D.C. Cir. 2016) ("[T]he whole point of the IGRA is to 'provide a statutory basis for the operation of gaming by Indian tribes as means of promoting tribal economic development, self-sufficiency, and strong tribal governments.'") (quoting *Diamond Game Enters., Inc. v. Reno*, 230 F.3d 365, 366-67 (D.C. Cir. 2000)). On the other hand, the statute contemplates a regulatory and supervisory role for the states and the federal government to prevent the infiltration of "organized crime and other corrupting influences." 25 U.S.C. § 2702(2).

IGRA divides gaming into three classes. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 48 (1996). The third of these—Class III gaming—is implicated here and includes "casino games" such as blackjack, roulette and slot machines. *See Bay Mills Indian Cmty.*, 572 U.S. at 785. Class III gaming can occur on Indian lands only if "conducted in conformance with" an approved tribal-state compact "entered into by the Indian tribe and the State," 25 U.S.C. § 2710(d)(1)(C), or pursuant to procedures issued by the Secretary, *id.* at § 2710(d)(7). "The rationale for the compact system is that 'there is no adequate Federal regulatory system in place for Class III gaming, nor do tribes have such systems for the regulation of Class III gaming currently in place,' and thus 'a logical choice is to make use of existing State regulatory systems' through a negotiated compact." *Pueblo of Santa Ana v. Kelly*, 104 F.3d 1546, 1549 (10th Cir. 1997) (quoting S. Rep. No. 100-446, at 13-14, reprinted in 1988 U.S.C.C.A.N. 3071, 3083-84).

IGRA provides no role for the federal government in the compact negotiation process between tribes and states. The Secretary's authority is limited to approving or, for limited reasons, disapproving a compact entered into between a state and a tribe. 25 U.S.C. § 2710(d)(8)(A)-(B). Congress also directed, however, that "[i]f the Secretary does not approve or disapprove a compact . . . before the date that is 45 days after the date on which the compact is submitted to the Secretary for approval, the compact shall be considered to have been approved by the Secretary, but only to the extent the compact is consistent with the provisions of [IGRA]."

-3-

Federal Defendants' Response to
Shoalwater Bay Indian Tribe's
Motion to Dismiss

(3:22-CV-5325-DGE)

U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 616-3148

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Id.* § 2710(d)(8)(C).  Compacts approved by the Secretary, or deemed approved by operation of IGRA when the Secretary does not act, become effective after the Secretary publishes notice in the Federal Register.  *See id.* § 2710(d)(3)(B), (d)(8)(D).

Relevant here, the Tribe submitted to the Secretary the fully executed Third Amendment to the Tribal State Compact for Class III Gaming Between the Shoalwater Bay Indian Tribe and the State of Washington ("Compact Amendment"), which Interior received on August 24, 2021. ECF No. 67-6.  The receipt of this submission triggered the Secretary's 45-day review period under IGRA, in which the Secretary could either approve, disapprove, or take no action on the Compact Amendment.  On September 10, 2021, before the expiration of the 45-day review period, the Secretary's delegee, Assistant Secretary–Indian Affairs Bryan Newland, approved the Compact Amendment.  ECF No. 67-9.  Notice of this approval was published in the Federal Register on September 15, 2021.  ECF No. 67-10.

On October 3, 2022, the Tribe moved to dismiss this case.  ECF No. 85.  Citing to *Dine Citizens*, *Jamul Action Comm.*, *Klamath*, and other authority, the Tribe argues it is a required party under Rule 19(a), ECF No. 85 at 22-24, that cannot be joined due to its sovereign immunity, *id.* at 24-25.  The Tribe further argues that the Court should not proceed in its absence under Rule 19(b), and thus this suit should be dismissed in its entirety.  *Id.* at 25-33.  Among other factors, the Tribe points to Plaintiff's effort to use this suit as a means to "void" not only the Compact Amendment, but the entirety of the Tribe's tribal-state compact, to prevent the Tribe from offering any gaming at all.  *Id.* at 22-24.  The Tribe states that Plaintiff's "sweeping" request for relief "would cripple the Tribe's economy, jeopardize government services, and deprive the Tribe of its compact rights."  *Id.* at 25.  The Tribe further contends that "[a]ny relief in Maverick's favor thrusts the Tribe into uncharted legal waters that threaten to terminate its sovereign rights and to destroy the tribal economy."  *Id.* at 25-26.

-4-

Federal Defendants' Response to
Shoalwater Bay Indian Tribe's
Motion to Dismiss

(3:22-CV-5325-DGE)

U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 616-3148

## THE NINTH CIRCUIT'S *DINE CITIZENS* OPINION

In *Dine Citizens*, plaintiff Dine Citizens Against Ruining Our Environment brought claims under the APA challenging Interior's approval of lease amendments, based on alleged violations of the National Environmental Policy Act and the Endangered Species Act. *Dine Citizens*, 932 F.3d at 847. The Plaintiffs challenged, *inter alia*, the Bureau of Indian Affairs' approval of a lease amendment the Navajo Nation had entered into governing coal-mining operations on the Navajo Reservation.

The Navajo Transitional Energy Company, a corporation wholly owned by the Navajo Nation that owned the mine in question, moved to dismiss the action under Rule 19 and Fed. R. Civ. P. 12(b)(7), arguing "that it was a required party but that it could not be joined due to tribal sovereign immunity, and that the lawsuit could not proceed without it." *Id.* at 847-48. The federal government opposed the motion, taking the position that the United States is generally the only required and indispensable defendant in such APA challenges. *Id.* at 850. However, the district court disagreed and granted the motion, concluding that (1) "the 'relief Plaintiffs seek could directly affect the Navajo Nation . . . by disrupting its "interests in [its] lease agreements and the ability to obtain the bargained-for royalties and jobs;"'" and (2) the United States did not adequately represent Navajo's interests due to Navajo's greater interests in the outcome of the litigation and potential divergence of interest between the Navajo and the United States. *Id.*

Dine Citizens appealed, and the federal government filed an *amicus* brief in which it again took the position that the United States is generally the only indispensable defendant in such APA litigation. *Id.* at 858 n.8. On July 29, 2019, the Ninth Circuit affirmed the district court, rejecting the federal government's argument that the United States is generally the only required and indispensable defendant in such APA challenges to federal agency action. *Id.* at 858-61.

-5-

Federal Defendants' Response to
Shoalwater Bay Indian Tribe's
Motion to Dismiss

(3:22-CV-5325-DGE)

U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 616-3148

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES' STATEMENT OF POSITION

The Ninth Circuit's ruling in *Dine Citizens* is controlling authority in this case under the current state of the law in the Ninth Circuit and therefore supports the granting of the Tribe's motion to dismiss. *See United States v. Gomez-Lopez*, 62 F.3d 304, 306 (9th Cir. 1995); *see also Klamath*, 48 F.4th at 943-48 (Indian tribes required parties and case could not proceed in their absence); *Jamul Action Comm.*, 974 F.3d at 996-98 (Indian tribe required and indispensable party in suit challenging "the trust status of its land and . . . its status as a federally recognized tribe"); *Deschutes River All. v. Portland Gen. Elec. Co.*, 1 F.4th 1153, 1163 (9th Cir. 2021) (holding that, under Rule 19, "[t]he Tribe's sovereign immunity requires dismissal of this suit, in which [plaintiff] challenges the operation of a large hydroelectric project co-owned and co-operated by the Tribe, and located partly on the Tribe's reservation").

This challenge has the potential to impair the Tribe's sovereign interest in protecting its "sovereign rights" and its "tribal economy." ECF No. 85 at 25-26. And under *Dine Citizens* and other Ninth Circuit precedent, the Tribe appears to satisfy the other criteria for granting dismissal under Rule 19. *See Klamath*, 48 F.4th at 943-48; *Jamul Action Comm.*, 974 F.3d at 996-98; *Dine Citizens*, 932 F.3d at 855-56. The United States therefore does not dispute that the Tribe's motion to dismiss, ECF No. 85, should be granted under the current state of the law in the Ninth Circuit. For the reasons stated in the government's *amicus* brief filed in *Dine Citizens*, the United States disagrees with the ruling in *Dine Citizens* and reserves the right to assert in future proceedings that the United States is generally the only required and indispensable defendant in APA litigation challenging federal agency action.

DATED: October 24, 2022.

Respectfully submitted,
TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

-6-

Federal Defendants' Response to
Shoalwater Bay Indian Tribe's
Motion to Dismiss

(3:22-CV-5325-DGE)

U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 616-3148

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JODY H. SCHWARZ
Senior Attorney
U.S. Department of the Interior
Office of the Solicitor
Division of Indian Affairs

/s/ *Rebecca M. Ross*
HILLARY K. HOFFMAN, Trial Attorney
REBECCA M. ROSS, Senior Attorney
Indian Resources Section
Environment and Natural Resources Division
United States Department of Justice

*Attorneys for the United States*

-7-

Federal Defendants' Response to
Shoalwater Bay Indian Tribe's
Motion to Dismiss

(3:22-CV-5325-DGE)

U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 616-3148

**CERTIFICATE OF SERVICE**

I, Rebecca M. Ross, hereby certify that on October 24, 2022, I caused the foregoing FEDERAL DEFENDANTS' RESPONSE TO SHOALWATER BAY INDIAN TRIBE'S MOTION TO DISMISS to be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/  *Rebecca M. Ross*
REBECCA M. ROSS, Senior Attorney
Indian Resources Section
Environment and Natural Resources Division
United States Department of Justice

Federal Defendants' Response to
Shoalwater Bay Indian Tribe's
Motion to Dismiss

(3:22-CV-5325-DGE)

U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 616-3148