The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAVERICK GAMING, LLC.<br><br>                Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                Defendants. | NO. 3:22-cv-05325-DGE<br><br>STATE DEFENDANTS'<br>RESPONSE IN SUPPORT OF<br>SHOALWATER BAY TRIBE'S<br>MOTION TO DISMISS |

## I.  INTRODUCTION

The State Defendants agree with the Shoalwater Bay Tribe that controlling Ninth Circuit precedent requires dismissal of this action under Federal Rules of Civil Procedure 12(b)(7) and 19. *See Klamath Irrigation Dist. v. U.S. Bureau of Reclamation*, 48 F.4th 934, 948 (9th Cir. 2022); *Diné Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843, 861 (9th Cir. 2019). The Tribe's Motion to Dismiss should be granted.

## II.  BACKGROUND

Plaintiff Maverick Gaming, LLC challenges gaming compacts between Washington State and 29 Indian Tribes, which they entered in accordance with the Indian Gaming Regulatory Act (IGRA) and Washington law. *See generally* Dkt. #66 (First Amended Complaint, hereinafter "FAC"). The compacts provide a negotiated resolution to gambling disputes between Indian

STATE DEFENDANTS' RESPONSE IN
SUPPORT OF SHOALWATER BAY
TRIBE'S MOTION TO DISMISS
-- No. 3:22-cv-05325-DGE

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1 | Tribes, Washington State, and the federal government, an account of which the Shoalwater Bay
2 | Tribe provides in its motion. *See* Dkt. #85 (Mot.) at 5–6. In accordance with the compacts, Indian
3 | Tribes located in Washington State conduct certain permitted gambling activities on their
4 | sovereign land for profit. *See, e.g.*, Dkt. #67-6, AR 103–130 (describing amendments to the
5 | Shoalwater Bay Indian Tribe Gaming Compact permitting sports wagering). Each compact was
6 | evaluated by the U.S. Department of the Interior and found compliant with federal law. *See, e.g.*,
7 | Dkt. #67-9, AR 139-142 (letter from Bryan Newland, Assistant Secretary, approving of
8 | Shoalwater Bay Tribe compact amendments). Maverick seeks a Court order invalidating all 29
9 | compacts and the state laws that authorize them, and declaring that continued gaming in
10 | conformity with the compacts violates federal law. FAC ¶ 207. Maverick's prayer for relief
11 | specifically seeks a declaration "that the Tribes' class III gaming activities violate IGRA, 15
12 | U.S.C. § 1175, 18 U.S.C. § 1955, and 18 U.S.C. § 1166." *Id.* ¶ 207(4).

This action was originally brought in the U.S. District Court for the District of Columbia. Dkt. #1. The State Defendants objected to personal jurisdiction in that venue and sought transfer to this Court. Dkt. ##30, 30-1. In an attempt to avoid transfer of venue, Maverick moved to amend its complaint to drop the State Defendants from the action. *See* Dkt. ##35, 37 at 3–5. The State Defendants objected to the proposed amendment because litigating this action in their absence would prejudice them, and because Maverick's proposed amended complaint would have to be dismissed under Rule 19 and was therefore futile. Dkt. #41. The D.C. court, finding that it lacked personal jurisdiction over the State Defendants, transferred venue to this Court.

This Court then granted the Shoalwater Bay Tribe permission to intervene for the limited purpose of bringing a motion to dismiss under Rules 12(b)(7) and 19. Dkt. #84. The Tribe filed its motion to dismiss on October 3, 2022. Dkt. #85. The State Defendants agree with the Tribe that Ninth Circuit precedent requires dismissal pursuant to Rules 12(b)(7) and 19.

STATE DEFENDANTS' RESPONSE IN
SUPPORT OF SHOALWATER BAY
TRIBE'S MOTION TO DISMISS
-- No. 3:22-cv-05325-DGE

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

## III. ARGUMENT

This Court should dismiss Maverick's complaint under Rules 12(b)(7) and 19 because the Shoalwater Bay Tribe is a necessary party that cannot be joined to this litigation, and this case cannot justly proceed in its absence. As explained in the Tribe's motion, Rule 19 sets out a three-step process to determine if dismissal is appropriate for failure to join a party. Mot. at 11–12. The Court must determine, first, if a party is "necessary" or "required" under Rule 19(a); second, whether the party may feasibly be joined to the action; and third, if the party cannot feasibly be joined, "whether, in equity and good conscience, the action should proceed among the existing parties or be dismissed." *Id.*

### A. The Shoalwater Bay Tribe Is a Necessary Party

At the first step, a party is necessary under Rule 19(a) where it "claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party]'s absence may . . . as a practical matter impair or impede the [party]'s ability to protect that interest[.]" Fed. R. Civ. P. 19(a)(1)(B).[1] That standard is met here.

First, Maverick's requests for a declaration that the Tribe's compact with the State is invalid, FAC ¶ 207(1), and that the Tribe's gaming activities violate federal law, FAC ¶ 207(4), directly implicate the Tribe's interests. Mot. at 13–14; *see also* Dkt. #87-1 (Amicus Br.) at 9–10. Courts have repeatedly concluded that, where a plaintiff's success on the merits would impact an absent Tribe's proprietary or legal interests—including interests related to an IGRA compact—the Tribe is a necessary party under Rule 19(a). *See Diné Citizens*, 932 F.3d at 853 (finding Navajo Nation had legally protectable interests at stake in litigation where ruling on the merits "may have retroactive effects on approvals already granted for mining operations" to the Tribe); *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1023 (9th Cir. 2002) (holding that Tribe was a necessary party in litigation concerning the validity of gaming compacts under the

---

[1] Rule 19(a)(1)(B) is sufficient to establish necessary party status, and at this time, the State takes no position on the alternative basis under Rule 19(a)(1)(A).

STATE DEFENDANTS' RESPONSE IN
SUPPORT OF SHOALWATER BAY
TRIBE'S MOTION TO DISMISS
-- No. 3:22-cv-05325-DGE

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

IGRA); *Kescoli v. Babbitt*, 101 F.3d 1304, 1309–10 (9th Cir. 1996) (holding that Tribes were necessary parties to lawsuit affecting conditions under which tribal contractor could conduct coal mining, which in turn "could affect the amount of royalties received by [the Tribes] and employment opportunities for their members"). Here, the Shoalwater Bay Tribe validly claims legal, sovereign, proprietary, and economic-development interests in being able to continue its gaming operations pursuant to its compact with the State. Mot. at 13–14.

Second, as the Tribe argues, no current party to the litigation adequately represents the Tribe's interests. Mot. at 18–23; *see Klamath Irrigation Dist.*, 48 F.4th at 944 (party is not necessary under Rule 19(a)(1)(B) where its interests will be "adequately represented by existing parties to the suit"). The Ninth Circuit has consistently held that governmental parties interested in fulfilling their legal obligations or defending their official actions cannot adequately represent a Tribe's proprietary, economic, or sovereign interests. *Klamath Irrigation Dist.*, 48 F.4th at 944–45 (federal government's interest "differs in a meaningful sense from [the tribe's] sovereign interest . . . . The Tribes' primary interest is in ensuring the continued fulfillment of their reserved water and fishing rights, while [the Bureau of] Reclamation's primary interest is in defending its Amended Proposed Action taken pursuant to the ESA and APA."); *Diné Citizens*, 932 F.3d at 855 ("[W]hile Federal Defendants have an interest in defending their own analyses that formed the basis of the approvals at issue, here they do not share an interest in the *outcome* of the approvals . . . ."); *White v. Univ. of Cal.*, 765 F.3d 1010, 1027 (9th Cir. 2014) (Tribe and State not aligned on issue of repatriation of aboriginal remains); *Manygoats v. Kleppe*, 558 F.2d 556, 558 (9th Cir. 1977) (tribal and federal interests not aligned where Tribe had practical interest in the continued operation of a mine, while federal government had broader interests, including obligations under environmental laws). And the State, for its part, "owes no trust duty to the tribes." *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1023 n.5 (9th Cir. 2002) ("the State and the tribes have often been adversaries in disputes over gaming").

STATE DEFENDANTS' RESPONSE IN SUPPORT OF SHOALWATER BAY TRIBE'S MOTION TO DISMISS -- No. 3:22-cv-05325-DGE

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

Here, no other party shares the Shoalwater Bay Tribe's sovereign, proprietary, and economic interests in operating its own gaming business on its sovereign land. *See Friends of Amador Cnty. v. Salazar*, 554 Fed. App'x. 562, 564–65 (9th Cir. Jan. 29, 2014) (unpublished) (upholding determination that federal government could not represent Tribe's interests in challenge to IGRA gaming compacts). The Tribe is a necessary party here.

**B.     The Shoalwater Bay Tribe Cannot be Joined Due to Its Sovereign Immunity**

At the second step, the Shoalwater Bay Tribe is protected by sovereign immunity, and may not be sued without its consent. *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Ok.*, 498 U.S. 505, 509 (1991). Under controlling Circuit law, the Tribe's sovereignty is dispositive and requires dismissal under Rule 19.

In the Ninth Circuit, where a party is necessary under Rule 19(a), but cannot be joined due to tribal sovereign immunity, a "wall of circuit authority" dictates dismissal under Rule 19(b). *Diné Citizens*, 932 F.3d at 857. Although courts generally apply a four-factor balancing test, *see* Mot. at 11–12, "[t]he balancing of equitable factors under Rule 19(b) almost always favors dismissal when a tribe cannot be joined due to tribal sovereign immunity." *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 998 (9th Cir. 2020); *see also Skokomish Indian Tribe v. Goldmark*, 994 F. Supp. 2d 1168, 1192 (W.D. Wash. 2014) ("[W]hen a necessary party is immune from suit, 'there is very little room for balancing of other factors.'") (quoting *Wichita & Affiliated Tribes of Ok. v. Hodel*, 788 F.2d 765, 777 n.13 (D.C. Cir. 1986)). The Ninth Circuit has observed that "there is a 'wall of circuit authority' in favor of dismissing actions in which a necessary party cannot be joined due to tribal sovereign immunity—'virtually all the cases to consider the question appear to dismiss under Rule 19, regardless of whether [an alternate] remedy is available, if the absent parties are Indian tribes invested with sovereign immunity.'" *Diné Citizens*, 932 F.3d at 857 (quoting *White*, 765 F.3d at 1028). This Ninth Circuit precedent dictates dismissal. *See Klamath Irrigation Dist.*, 48 F.4th at 948; *Diné Citizens*, 932 F.3d at 857.

STATE DEFENDANTS' RESPONSE IN
SUPPORT OF SHOALWATER BAY
TRIBE'S MOTION TO DISMISS
-- No. 3:22-cv-05325-DGE

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

## IV. CONCLUSION

The State Defendants agree with the Shoalwater Bay Tribe that Ninth Circuit precedent requires dismissal of this action under Rule 19.

DATED this 24th day of October, 2022.

>ROBERT W. FERGUSON
>Attorney General of Washington
>
>*s/ Kristin Beneski*
>KRISTIN BENESKI, WSBA No. 45478
>First Assistant Attorney General
>BRIAN H. ROWE, WSBA No. 56817
>WILLIAM MCGINTY, WSBA No. 41868
>Assistant Attorneys General
>800 Fifth Avenue, Suite 2000
>Seattle, WA 98104-3188
>(206) 464-7744
>kristin.beneski@atg.wa.gov
>brian.rowe@atg.wa.gov
>william.mcginty@atg.wa.gov
>
>TERA HEINTZ, WSBA No. 54921
>Deputy Solicitor General
>1125 Washington Street SE
>Olympia, WA 98504-0100
>(360) 753-6200
>tera.heintz@atg.wa.gov
>
>*Attorneys for State Defendants*

STATE DEFENDANTS' RESPONSE IN SUPPORT OF SHOALWATER BAY TRIBE'S MOTION TO DISMISS -- No. 3:22-cv-05325-DGE

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

# DECLARATION OF SERVICE

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will serve a copy of this document upon all counsel of record.

| | |
|---|---|
| Theodore B. Olson, DCBA No. 367456<br>Matthew D. McGill, DCBA No. 481430<br>Lochlan F. Shelfer, DCBA No. 1029799<br>Gibson, Dunn & Cruther LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 955 – 8668<br>tolson@gibsondunn.com<br>mmcgill@gibsondunn.com<br>lshelfer@gibsondunn.com<br>*Attorneys for Plaintiff* | Scott Crowell, WSBA No. 18868<br>Crowell Law Offices<br>Tribal Advocacy Group<br>1487 W. State Route 89A, Suite 8<br>Sedona, AZ 86336<br>(425) 802-5369<br>scottcrowell@hotmail.com<br>*Attorney for Shoalwater Bay Tribe* |
| Thomas M. Brennan, WSBA No. 30662<br>Brennan Legal, PLLC<br>P.O. Box 1384<br>144 Railroad Ave S., Suite 308<br>Edmonds, WA 98020<br>(425) 967-3550<br>tom@brennanlegalpllc.com<br>*Attorney for Plaintiff* | Timothy Woolsey, WSBA No. 33208<br>Suquamish Tribe<br>Office of the Tribal Attorney<br>P.O. Box 498<br>Suquamish, WA 98392<br>(360) 394-8493<br>twoolsey@suquamish.nsn.us |
| Daron T. Carreiro, DCBA No. 983088<br>Rebecca M. Ross, AZBA No. 028041<br>United States Department of Justice<br>Environment and Natural Resources Division<br>P.O. Box 7611<br>Ben Franklin Station<br>Washington, D.C. 20044-7611<br>(202) 305-1117<br>daron.carreiro@usdoj.gov<br>rebecca.ross@usdoj.gov<br>*Attorneys for United States of America, U.S. Dept. of the Interior, U.S. Secretary of the Interior Deb Haaland, and U.S. Assistant Secretary of the Interior for Indian Affairs Bryan Newland* | Keith M. Harper, DCBA No. 451956<br>Leonard R. Powell, DCBA No. 1048832<br>Jenner & Block, LLP<br>1099 New York Avenue, Suite 900<br>Washington, DC 20001<br>(202) 639-6000<br>kharper@jenner.com<br>leonardpowell@jenner.com<br>cc: docketing@jenner.com<br>*Attorneys for Suquamish Tribe* |

STATE DEFENDANTS' RESPONSE IN
SUPPORT OF SHOALWATER BAY
TRIBE'S MOTION TO DISMISS
-- No. 3:22-cv-05325-DGE

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

DATED this 24th day of October 2022, at Seattle, Washington.

*s/ Kristin Beneski*
KRISTIN BENESKI, WSBA No. 45478
First Assistant Attorney General

STATE DEFENDANTS' RESPONSE IN
SUPPORT OF SHOALWATER BAY
TRIBE'S MOTION TO DISMISS
-- No. 3:22-cv-05325-DGE

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744